**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PEGASYSTEMS INC., ALAN TREFLER, and KENNETH STILLWELL, <br><br> Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.:  1:22-cv-578-LMB-IDD |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

**Page**

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................................2

ARGUMENT.........................................................................................................................4

I.    THE ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF
      MASSACHUSETTS.....................................................................................................5

II.   THE CONVENIENCE OF THE PARTIES AND WITNESSES AND THE
      INTERESTS OF JUSTICE WEIGH IN FAVOR OF TRANSFER ..................................7

      A.    Plaintiff's Choice of Forum is Entitled to Minimal Deference..............................7

      B.    Massachusetts is the More Convenient Forum for the Parties................................8

      C.    The Relevant Witnesses Are Located in Massachusetts.........................................9

      D.    The Interests of Justice Favor Transfer to Massachusetts ....................................10

III.  CONCLUSION...........................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Agilent Techs., Inc. v. Micromuse, Inc.*,
316 F. Supp. 2d 322 (E.D. Va. 2004) ...............................................................................4

*Bascom Research., LLC v. Facebook, Inc.*,
2012 WL 12918407 (E.D. Va. Dec. 11, 2012) .............................................................9, 10

*Better Angels Society, Inc. v. Institute for American Values, Inc.*,
2019 WL 8756865 (E.D. Va. Apr. 5, 2019) .....................................................................5, 9

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
137 S. Ct. 1773 (2017)........................................................................................................6

*Byerson v. Equifax Information Services, LLC*,
467 F. Supp. 2d 627 (E.D. Va. 2006) ..........................................................................10, 11

*City of North Miami Beach Police Officers' & Firefighters' Retirement Plan v.
National General Holdings Corp.*,
2019 WL 7900030 (C.D. Cal. Nov. 19, 2019).....................................................................9

*City of Pontiac General Employees Retirement System v. Dell Inc.*,
2015 WL 12659925 (S.D.N.Y. Apr. 30, 2015)...................................................................11

*City of Pontiac General Employees Retirement System v. Stryker Corp.*,
2010 WL 2035130 (S.D.N.Y. May 20, 2010) .....................................................................8

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)............................................................................................................6

*Doshi v. General Cable Corp.*,
2014 WL 12774226 (S.D.N.Y. Feb. 5, 2014)................................................................5, 12

*Erickson v. Corinthian Colleges, Inc.*,
2013 WL 5493162 (S.D.N.Y. Oct. 1, 2013)......................................................................11

*Finkel v. Subaru of America, Inc.*,
2006 WL 2786811 (E.D. Va. Sept. 26, 2006)....................................................................12

*Gallagher v. Ocular Therapeutix, Inc.*,
2017 WL 4882487 (D.N.J. Oct. 27, 2017)...................................................................11, 12

*Guadalupe v. American Campus Communities Services, Inc.*,
2016 WL 11535823 (E.D. Va. Aug. 12, 2016)....................................................................7

*Huang v. Sonus Networks, Inc.*,
    2016 WL 1090436 (D.N.J. Mar. 21, 2016)...............................................................5, 8, 12

*In re Bear Stearns Mortgage Pass-Through Certificates Litig.*,
    1:08-cv-08093-LTS (S.D.N.Y) ...............................................................................8

*In re Emergent BioSolutions Inc. Securities Litigation*,
    8:21-cv-00955-PWG (D. Md.)................................................................................8

*In re Hanger Orthopedic Group, Inc. Securities Litigation*,
    418 F. Supp. 2d 164 (E.D.N.Y. 2006) ..................................................................11

*In re Nematron Corp. Securities Litigation*,
    30 F. Supp. 2d 397 (S.D.N.Y. 1998)....................................................................11

*In re Yahoo! Inc.*,
    2008 WL 707405 (C.D. Cal. Mar. 10, 2008)..................................................11, 12

*Job Haines Home for the Aged v. Young*,
    936 F. Supp. 223 (D.N.J. 1996).............................................................................7

*Jones v. Walgreen Co.*,
    463 F. Supp. 2d 267 (D. Conn. 2006)....................................................................8

*King v. Corelogic Credco, LLC*
    2018 WL 2977393 (E.D. Va. June 13, 2018) ............................................7, 11, 12

*Koh v. Microtek International, Inc.*,
    250 F. Supp. 2d. 627 (E.D. Va. 2003) ...................................................................6

*Moore v. Sirounian*,
    2020 WL 5791090 (E.D. Va. July 20, 2020)...........................................5, 10, 12

*Osborne v. Employee Benefits Administration Board of Kraft Heinz*,
    2020 WL 1808270 (W.D. Pa. Apr. 9, 2020)...........................................................8

*Pragmatus AV, LLC v. Facebook, Inc.*,
    769 F. Supp. 2d 991 (E.D. Va. 2011) .......................................................9, 10, 12

*Realson v. University Medical Pharmaceuticals Corp.*,
    2010 WL 1838911 (D.S.C. May 6, 2010)............................................................11

*Stolz v. Barker*,
    466 F. Supp. 24 (M.D.N.C. 1978) .......................................................................12

*ThroughPuter, Inc. v. Microsoft Corp.*,
    2022 WL 874319 (E.D. Va. Mar. 23, 2022)........................................................12

iii

*Wasson v. LogMeIn, Inc.*,
    2018 WL 6016283 (C.D. Cal. Nov. 2, 2018).............................................................. *passim*

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C. § 78aa(a)..............................................................................................................6

15 U.S.C. § 78u-4 ............................................................................................................4, 7

28 U.S.C. § 1391(b) .............................................................................................................6

28 U.S.C. § 1404(a) .....................................................................................................1, 4, 13

Defendants Pegasystems Inc. ("Pegasystems" or the "Company"), Alan Trefler, and Kenneth Stillwell (together, "Individual Defendants," and, together with Pegasystems, "Defendants") respectfully move that the Court, pursuant to 28 U.S.C. § 1404(a), transfer this federal securities class action (the "Action") to the U.S. District Court for the District of Massachusetts where Pegasystems is incorporated and has its headquarters and where the Individual Defendants reside and work. The case, brought by Plaintiff City of Fort Lauderdale [Florida] Police and Firefighters' Retirement System ("Plaintiff"), has no meaningful connection to this District. None of the Parties is located in this District. The conduct at issue concerns statements or omissions allegedly made by Defendants—all of whom are based in Massachusetts—in certain annual and quarterly reports prepared in and issued from the District of Massachusetts. And all relevant witnesses and evidence are located in the District of Massachusetts.

The only purported relationship between Plaintiff's claims and this District is a trade secret lawsuit against Pegasystems Inc. (the "Appian Litigation") that Plaintiff asserts Defendants were obligated to disclose before February 2022 and that was tried in state court in Virginia. But the fact that the plaintiff in the Appian Litigation is located and brought the lawsuit here is irrelevant to this case; this case is not brought by Appian but rather by a citizen of Florida, and this case concerns Defendants' disclosures to investors and the underlying decisions regarding such disclosures, none of which took place here. Because the convenience of the parties and witnesses and the interests of justice favor transfer and far outweigh any tangential connection this Action may have to this District, Defendants respectfully request that the Court enter an order transferring this case to the District of Massachusetts, where Pegasystems is headquartered, the Individual Defendants reside and work, the alleged misrepresentations or omissions were made, the

-1-

underlying decisions regarding such disclosures were made, and the relevant evidence and witnesses are located.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Pegasystems is a software company that was incorporated in Massachusetts in 1983. Declaration of Efstathios A. Kouninis (hereinafter "Kouninis Decl.") ¶ 3[1]; Compl. ¶ 16.  The Company develops, markets, licenses, hosts, and supports enterprise software that helps organizations simplify business complexity, including a low-code platform for artificial-intelligence decisioning and workflow automation that has applications in customer relationship management and business process management.  Kouninis Decl. ¶ 4.  Pegasystems' corporate headquarters is in Cambridge, Massachusetts.  *Id.* ¶ 3.  Its other primary corporate workplace is in Waltham, Massachusetts.  *Id.*  Defendant Alan Trefler is Pegasystems' Founder, Chairman, and Chief Executive Officer.  Compl. ¶ 17.  Defendant Ken Stillwell is Pegasystems' Chief Operating Officer and Chief Financial Officer.  *Id.* ¶ 18.  Both Mr. Trefler and Mr. Stillwell reside in Massachusetts and work out of Pegasystems' corporate headquarters in Cambridge, Massachusetts.  Kouninis Decl. ¶¶ 7–8; Compl. ¶¶ 17–18.[2]

Massachusetts is also the state where the greatest number of Pegasystems' corporate officers and U.S.-based employees work.  Kouninis Decl. ¶ 5.  Approximately two-thirds of Pegasystems' Section 16 officers in the United States are based in Massachusetts, and none is based in this District.  *Id.* ¶ 5.  Approximately 903 of the 2,386 employees of Pegasystems and its

---

[1] The Declaration of Efstathios A. Kouninis, the Company's Vice President of Finance and Chief Accounting Officer, In Support of Defendants' Motion to Transfer Venue is being filed contemporaneously.

[2] As a result of the COVID-19 pandemic, Pegasystems adopted a flexible work-from-home policy and employees, including those relevant to the issues in this Action, also worked from their homes, located in Massachusetts and New Hampshire.  None were or are residents of or located in this District.

subsidiaries in the U.S. are located in Massachusetts (far more than any other state). *Id.* Only about 4 percent are located in this District. *Id.* ¶ 6.[3] Pegasystems prepares and issues its annual and quarterly SEC filings at its headquarters in Cambridge, Massachusetts. *Id*. ¶ 9. Pegasystems' internal controls over financial reporting and disclosure controls have always been designed, reviewed, and evaluated by personnel based out of Pegasystems' Massachusetts or New Hampshire offices. *Id.* ¶ 10. No one who designed, reviewed, or evaluated Pegasystems' internal controls over financial reporting or disclosure controls works or resides in this District. *Id*. The disclosure and certification committees with governance responsibilities for Pegasystems' public disclosures are also based in Cambridge, Massachusetts and are principally comprised of Pegasystems officers located in Cambridge, Massachusetts. *Id.* ¶ 11. No one who served on the disclosure and certification committees with governance responsibilities for Pegasystems' public disclosures works or resides in Virginia. *Id*. Moreover, Pegasystems' outside auditors, Deloitte, who are responsible for auditing Pegasystems' annual financial reports and its internal controls over financial reporting, are based in Boston, Massachusetts. *Id.* ¶ 12. And the substantial majority of discussions between Pegasystems and Deloitte concerning Pegasystems' litigation disclosures for the 2020 and 2021 SEC Form 10-K also occurred in Massachusetts and principally involved individuals based in Massachusetts. *Id.* ¶ 13.

On May 19, 2022, Plaintiff—a public pension fund located in Florida that apparently provides retirement benefits to police officers and firefighters of the City of Fort Lauderdale, Florida—filed this nationwide putative class action on behalf of all persons and entities that purchased Pegasystems common stock between May 29, 2020 and May 9, 2022. Compl. ¶¶ 1, 15.

---

[3] The Virginia office opened in 2019 and supports the Company's government business and operations. Kouninis Decl. ¶ 6.

The Complaint asserts two federal causes of action: (1) violation of Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act"); and (2) control person liability under Section 20(a) of the Exchange Act. *Id.* ¶¶ 57–70. The fundamental claim asserted in the Complaint is that certain statements in Pegasystems' 2020 and 2021 annual reports on SEC Form 10-K and its first quarterly report of 2022 on SEC Form 10-Q were materially false or misleading because Pegasystems first allegedly misrepresented or failed to disclose conduct that was the subject of the Appian Litigation, and then, once the Appian Litigation was disclosed in February 2022, allegedly failed to disclose the potential impact of the litigation on the Company. *Id.* ¶¶ 23–24, 26–29. The Complaint does not and could not allege that the challenged statements were made from Virginia or that any discussions or other conduct related to issuing these statements occurred in Virginia.

The only connection Plaintiff purports to allege to this District is that the Appian Litigation was tried in the Circuit Court for Fairfax County, Virginia—where the plaintiff *in that litigation* is headquartered. *Id.* ¶ 16. Pegasystems' one office in Virginia does not play any role with respect to Pegasystems' SEC filings or internal controls. *Id.* ¶ 15.

The Court has not yet had occasion to issue any rulings in this Action. There are no pending motions for appointment of lead plaintiff, which are not due until late July. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

### ARGUMENT

Under 28 U.S.C. § 1404(a), "in considering whether to transfer venue, a district court must make two inquiries: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 324–25 (E.D. Va. 2004) (citation omitted). Both inquiries strongly support transfer here. The Action could have been

brought in the District of Massachusetts, where Pegasystems is incorporated and headquartered and where both Individual Defendants reside and work. As a result, the District of Massachusetts is more convenient for both the parties and witnesses, the location of the relevant evidence, and the more appropriate forum considering interests of justice. On the other hand, this Action is a class action, it has no meaningful connection to the Eastern District of Virginia, and Plaintiff does not even reside here, so Plaintiff's choice of forum is entitled to minimal deference. Because these reasons weigh so heavily in favor of transfer, this Court should follow the legion of courts around the country that have transferred securities class actions like this one to the defendant company's home state *See, e.g.*, *Doshi v. Gen. Cable Corp.*, 2014 WL 12774226, at *3 (S.D.N.Y. Feb. 5, 2014) ("transfer of a securities-fraud action to the district where the issuer is headquartered . . . [is] routine as a practical matter"); *Huang v. Sonus Networks, Inc.*, 2016 WL 1090436, at *3 (D.N.J. Mar. 21, 2016) (granting transfer of securities class action because "all the operative facts . . . occurred in [the transferee venue], where the alleged fraudulent statements were made"); *see also* *Better Angels Soc'y, Inc. v. Inst. for Am. Values, Inc.*, 2019 WL 8756865, at *2 (E.D. Va. Apr. 5, 2019) (Brinkema, J.) (granting transfer because neither party had a presence in the District and defendant's principal place of business was located in transferee district, which "undoubtedly . . . ha[d] an interest in ensuring that companies operating within its jurisdiction respect" federal law). This Court should do the same.

## I.    THE ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MASSACHUSETTS

This Action could have been brought in the District of Massachusetts because venue is proper in the District of Massachusetts, and Defendants are all subject to personal jurisdiction in the District of Massachusetts. *See Moore v. Sirounian*, 2020 WL 5791090, at *3 (E.D. Va. July

20, 2020) (Brinkema, J.) (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d. 627, 630 (E.D. Va. 2003)).

*First*, venue is proper in the District of Massachusetts because all Defendants reside in Massachusetts.  *See* Kouninis Decl. ¶¶ 3, 7–8; 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"); 15 U.S.C. § 78aa(a)  ("Any suit or action to enforce any liability or duty created by [the Exchange Act] or rules and regulations thereunder, . . . may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business[.]").   Venue is also proper in the District of Massachusetts because "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Massachusetts, *see* 28 U.S.C. § 1391(b)(2), and an act or transaction purportedly constituting the violation occurred in the District of Massachusetts, *see* 15 U.S.C. § 78aa(a) (specific venue provision for Exchange Act claims, providing for venue in "the district wherein any act or transaction constituting the violation occurred").

*Second*, Pegasystems is subject to personal jurisdiction in the District of Massachusetts because it is incorporated in Massachusetts and maintains its principal place of business in Massachusetts.  *See* Kouninis Decl. ¶ 3; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  The Individual Defendants are subject to personal jurisdiction in the District of Massachusetts because they reside in Massachusetts.  *See* Kouninis Decl. ¶¶ 7–8; *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).

II.    **THE CONVENIENCE OF THE PARTIES AND WITNESSES AND THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF TRANSFER**

A.    **Plaintiff's Choice of Forum is Entitled to Minimal Deference**

As an initial matter, Plaintiff's choice of forum is entitled to minimal deference given that Plaintiff, an entity located in Florida, "lacks citizenship or any connection to the forum." *Guadalupe v. Am. Campus Cmtys. Servs., Inc.*, 2016 WL 11535823, at *5 (E.D. Va. Aug. 12, 2016) ("[t]he Court has considered Plaintiff's choice of forum, and has determined it is due significantly less deference given Plaintiff's lack of citizenship or any other connection to" forum).

Plaintiff's choice of forum is also entitled to minimal deference because the Action is a putative class action. *See King v. Corelogic Credco, LLC*, at *4 (E.D. Va. June 13, 2018) (explaining that, in class action suit, plaintiff's choice of forum is given less weight because "there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class'[s] claim"); *see also Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228–30 (D.N.J. 1996) (transferring putative securities class action in part because "weight of authority holds that in class actions and derivative law suits the class representative's choice of forum is entitled to lessened deference") (collecting cases).   And because multiple plaintiffs and law firms from around the country typically seek appointment as lead plaintiff under the Private Securities Litigation Reform Act after the initial case is filed, the original plaintiff's choice of venue is properly given minimal deference.  *See* 15 U.S.C. § 78u-4(a)(3); *King*, 2018 WL 2977393, at *7.  Courts adjudicating putative securities class actions routinely reject an original plaintiff's choice of forum in favor of transferring the case to the defendant company's home forum.  *See, e.g.*, *Wasson v. LogMeIn, Inc.*, 2018 WL 6016283, at *4 (C.D. Cal. Nov. 2, 2018) (granting transfer and recognizing that district in which defendant company is headquartered is "optimal venue" for shareholder class action) (internal quotations

omitted); *Huang*, 2016 WL 1090436, at *2, *4 (granting transfer and noting plaintiffs' choice of forum in securities class action is "substantially less important") (internal quotations omitted).

Moreover, the Court need not wait to decide this motion until the appointment of a lead plaintiff; courts routinely transfer putative securities class actions prior to appointing the lead plaintiff. *See, e.g.*, *Wasson*, 2018 WL 6016283, at *4 (granting motion to transfer before appointment of lead plaintiff); *City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*, 2010 WL 2035130, at *10–13 (S.D.N.Y. May 20, 2010) (same); *Osborne v. Emp. Benefits Admin. Bd. of Kraft Heinz*, 2020 WL 1808270, *14 (W.D. Pa. Apr. 9, 2020) (same); *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 279 (D. Conn. 2006) (same).

### B.    Massachusetts is the More Convenient Forum for the Parties

The District of Massachusetts is the decidedly more convenient forum for the parties. Pegasystems is incorporated in Massachusetts and maintains its corporate headquarters in Cambridge, Massachusetts. Compl. ¶ 16; *see also* Kouninis Decl. ¶ 3. The Individual Defendants both reside in Massachusetts and work out of Pegasystems' corporate headquarters in Cambridge, Massachusetts. *See* Kouninis Decl. ¶¶ 7–8. Plaintiff is based in Fort Lauderdale, Florida and appears to have no ties to Virginia.[4] Given the location of the parties, transferring the case to the District of Massachusetts would significantly reduce the burden, cost, and travel time required for Defendants, while imposing no additional burden on Plaintiff.[5]

---

[4] The only address listed on Plaintiff's website is an office in Fort Lauderdale, Florida. *See City of Fort Lauderdale: Police and Firefighters' Retirement System* ("Contact Us"), http://ftlaudpfpension.com/contact-us/ (Accessed July 1, 2022).

[5] Litigating this Action in the District of Massachusetts should not impose any additional burden for the Plaintiff. Plaintiff has litigated securities class actions across the country in states other than Florida. *See, e.g., In re Emergent BioSolutions Inc. Sec. Litig.*, 8:21-cv-00955-PWG (D. Md.); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 1:08-cv-08093-LTS (S.D.N.Y).

In such circumstances—where the convenience to three parties from a transfer would significantly outweigh the inconvenience to the plaintiff—courts in this district and elsewhere frequently find that this factor weighs in favor of transfer, particularly where the case is a securities class action. *See Better Angels Soc'y*, 2019 WL 8756865, at *2 (Brinkema, J.) (granting transfer where parties had no presence to forum and relevant evidence and witnesses were located in proposed transferee forum); *Bascom Rsch., LLC v. Facebook, Inc.*, 2012 WL 12918407, at *2 (E.D. Va. Dec. 11, 2012) (Brinkema, J.) (finding that convenience of parties "weigh[ed] strongly in favor of transfer" to the district where defendant was headquartered, and plaintiff's reasons for staying in Virginia were "vague" and "unsupported by specific evidence"); *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995–96 (E.D. Va. 2011) (Brinkema, J.) (granting transfer because defendants were located in transferee district, and plaintiff had only one Virginia-based employee who "might participate in the litigation"); *see also City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.*, 2019 WL 7900030, at *2 (C.D. Cal. Nov. 19, 2019) (noting that "weighty consideration" is given to location of the defendants in securities class actions) (quotations omitted). Here, the convenience to all three Defendants significantly outweighs any inconvenience that Plaintiff might encounter.

## C.    The Relevant Witnesses Are Located in Massachusetts

Convenience and access to witnesses also weigh strongly in favor of transfer to the District of Massachusetts.

The statements Plaintiff challenges in the Complaint were all prepared and made by Defendants in Massachusetts. Specifically, Plaintiff alleges that Defendants made a series of misstatements in Pegasystems' SEC Forms 10-K and 10-Q between 2020 and 2022. *See* Compl. ¶¶ 23–28. At all relevant times, these Forms were prepared and issued from Pegasystems'

headquarters in Cambridge, Massachusetts, or by employees working remotely in Massachusetts or New Hampshire. *See* Kouninis Decl. ¶ 9. Pegasystems' internal controls over financial reporting and disclosure were also designed, reviewed, and evaluated by personnel in Cambridge, Massachusetts, who reported to the Company's Chief Accounting Officer. *Id*. ¶ 10. At all relevant times, the Chief Accounting Officer worked from either Pegasystems' Massachusetts office or from New Hampshire, whether that was from Pegasystems' New Hampshire office or his own home office. *Id*. To the extent the testimony of Pegasystems' auditor could be relevant to disclosure issues, the relevant Deloitte personnel are also in Massachusetts. *Id*. ¶ 12. And Mr. Kouninis, the Company's Vice President of Finance and Chief Accounting Officer, has also identified six individuals who are likely to be most knowledgeable concerning the relevant facts and allegations. *See id*. ¶ 14. All of these individuals are based in Massachusetts. *Id*.

Given the locus of the alleged misconduct and the location of the likely witnesses, the convenience of witnesses factor weighs strongly in favor of transfer to the District of Massachusetts. *See Pragmatus AV*, 769 F. Supp. 2d at 996 (Brinkema, J.) (granting transfer where defendants "identified numerous potential witnesses and source of evidence" in transferee district while plaintiff had "not identified a single non-party witness in or near" original district); *Moore*, 2020 WL 5791090, at *4–5 (Brinkema, J.) (granting transfer where majority of relevant witnesses likely resided in transferee district); *Bascom Rsch.*, 2012 WL 12918407, at *2 (Brinkema, J.) (granting motion to transfer where vast majority of non-party witnesses resided in transferee district, and plaintiff had not identified any non-party witnesses located in original district).

### D. The Interests of Justice Favor Transfer to Massachusetts

Finally, the interests of justice favor transfer. *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006). This inquiry "encompasses public interest factors aimed at

systemic integrity and fairness." *Id*. (internal quotations omitted); *see also King*, 2018 WL 2977393, at *7 (same). When assessing fairness, the Court considers any interest in having local controversies decided at home and docket congestion. *See Byerson*, 467 F. Supp. 2d at 636.[6] Each of these considerations weighs in favor of transfer.

*First*, as discussed *supra*, the statements at issue in this case were made from Pegasystems' headquarters in Massachusetts. *See supra* Section II.C; Kouninis Decl. ¶¶ 9–12. In a securities fraud case, the alleged misrepresentation or omission occurs "in the district where they are transmitted or withheld, not where they are received." *In re Yahoo! Inc.*, 2008 WL 707405, at *8 (C.D. Cal. Mar. 10, 2008) (quoting *In re Nematron Corp. Secs. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998)); *Gallagher v. Ocular Therapeutix, Inc.*, 2017 WL 4882487, at *3 (D.N.J. Oct. 27, 2017) ("Securities fraud claims arise in the district from which the misrepresentations and omissions originated."); *see also Wasson*, 2018 WL 6016283, at *3 (same); *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, 2015 WL 12659925, at *6 (S.D.N.Y. Apr. 30, 2015) (same) (quoting *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006)); *Erickson v. Corinthian Colls., Inc.*, 2013 WL 5493162, at *6 (S.D.N.Y. Oct. 1, 2013) (same). Thus, the "heart of the controversy" is in the District of Massachusetts. *King*, 2018 WL 2977393, at *8. For that reason, courts routinely transfer securities class actions to the district where the defendant corporation maintains its principal place of business. *See, e.g.*, *Realson v. Univ. Med. Pharms. Corp.*, 2010 WL 1838911, at *4 (D.S.C. May 6, 2010) (holding "Defendant being a resident" of the proposed transferee venue "coupled [with] this being a purported nationwide class

---

[6] When relevant, courts may also consider knowledge of applicable law. *See Byerson*, 467 F. Supp. 2d at 636. However, this factor is neutral here as both this District and the District of Massachusetts have extensive experience applying the federal securities laws under which this Action is brought. *See id.* (observing that knowledge of applicable law is not a factor to be considered when action arises under federal law).

action, weigh in favor of transfer"); *Gallagher*, 2017 WL 4882487, at \*4 (transferring securities class action to place where defendant corporation was located); *Huang*, 2016 WL 1090436, at \*3 (same); *Doshi*, 2014 WL 12774226, at \*3 (same); *In re Yahoo! Inc.*, 2008 WL 707405, at \*8 (same); *see also King*, 2018 WL 2977393, at \*8 ("Courts are traditionally willing to transfer cases to the districts in which the events giving rise to the suits occurred." (quoting *Finkel v. Subaru of Am., Inc.*, 2006 WL 2786811, at \*5 (E.D. Va. Sept. 26, 2006))).

The fact that the Appian Litigation was tried in state court here does not alter this result and is incidental to the analysis. *See Wasson*, 2018 WL 6016283, at \*3 (transferring case because "[t]his suit is based on alleged misstatements which were prepared, certified, and signed in Boston. While Plaintiff claims that [Defendant's] 'acquisition and integration of the GoTo Business, which is located in this District, played a role in rendering the Form 10-Ks false,' that does not change the fact that the operative events relevant to Plaintiff's case occurred in Boston.").

*Second*, docket conditions support transfer. Courts consider a variety of factors when assessing docket conditions, including number of filings per judgeship, recent trends in pending cases, and time to disposition of cases. *See ThroughPuter, Inc. v. Microsoft Corp.*, 2022 WL 874319, at \*14 (E.D. Va. Mar. 23, 2022) (considering time and percentage increase in pending cases over previous year); *Stolz v. Barker*, 466 F. Supp. 24, 29 (M.D.N.C. 1978) (considering time and number of pending cases per judgeship).[7] Data available from the Administrative Office of

---

[7] Although courts also consider the relative time to disposition in assessing docket conditions, as this Court has repeatedly recognized, the interests of justice are not served when a plaintiff with no connection to this District seeks to take advantage of the time to disposition in this District. *See Moore*, 2020 WL 5791090, at \*5 (Brinkema, J.) ("This Court cannot stand as a willing repository for cases which have no real nexus to this district. The 'rocket docket' certainly attracts plaintiffs, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner."); *Pragmatus AV*, 769 F. Supp. 2d at 997 (Brinkema, J.) ("When a plaintiff with no significant ties to the Eastern District of Virginia chooses to litigate in the district primarily because it is known as the 'rocket docket,' the interest of justice 'is not served.'").

the United States Courts shows that, although comparable, current caseloads are lighter in the District of Massachusetts.  During the twelve-month period ending March 31, 2022, there were 2,360 civil cases filed in the District of Massachusetts and 2,955 filed in the Eastern District of Virginia.[8]  Per judgeship, this amounted to 182 civil actions filed in the District of Massachusetts and 269 filed in the Eastern District of Virginia.[9]

## III.    CONCLUSION

For the forgoing reasons, Defendants respectfully request that, pursuant to 28 U.S.C. § 1404(a), the Court enter an Order transferring this Action to the United States District Court for the District of Massachusetts.

---

[8] *See* Administrative Office of the U.S. Courts, *Federal Judicial Caseload Statistics: Table C-1—U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending March 31, 2022 (2022)*, https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2022/03/31 (Accessed July 1, 2022).

[9]    *See* Administrative Office of the U.S. Courts, *U.S. District Courts: Federal Court Management Statistics–Profiles* (Mar. 31, 2022), https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0331.2022.pdf (Accessed July 1, 2022).

Dated:   July 6, 2022
         Boston, MA

Respectfully submitted,

WILMER CUTLER PICKERING
    HALE AND DORR LLP

By: */s/ Catherine Carroll*
Catherine Carroll (VSB No. 50939)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6072
Fax: (202) 663 6363
catherine.carroll@wilmerhale.com

Daniel W. Halston (*pro hac vice* pending)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
daniel.halston@wilmerhale.com

*Attorneys for Defendants Pegasystems Inc.,
Alan Trefler, and Kenneth Stillwell*

-14-