# EXHIBIT C

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>      v.<br><br>PEGASYSTEMS INC., ALAN TREFLER, and KENNETH STILLWELL,<br><br>          Defendants. | Case No. 1:22-cv-578-LMB-IDD |

**JOINT DECLARATION OF NATACHA THOMAS AND KRISTIN O'BRIEN
IN SUPPORT OF THE MOTION OF BOSTON RETIREMENT SYSTEM AND
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
<u>THEIR SELECTION OF COUNSEL</u>**

We, Natacha Thomas and Kristin O'Brien, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of Boston Retirement System ("Boston") and New York City District Council of Carpenters Pension Fund ("NYC Carpenters") for: (i) appointment as Lead Plaintiff in the above-captioned securities class action against Pegasystems Inc. ("Pegasystems" or the "Company") and certain of the Company's current senior executives (collectively, "Defendants"); and (ii) approval of  Boston and NYC Carpenters' selection of Labaton Sucharow LLP  ("Labaton Sucharow") and Bernstein Litowtiz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the proposed Class.  We are informed of and understand the requirements and duties of the Lead Plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel, and overseeing the prosecution of the action.  We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are respectively associated.

2.      I, Natacha Thomas, am the General Counsel of Boston and am authorized to make this Joint Declaration on its behalf.  Boston is a governmental defined benefit plan that provides retirement benefits to employees (and their beneficiaries) of the City of Boston, Boston Planning & Development Agency, Boston Housing Authority, Boston Public Health Commission and Boston Water & Sewer Commission.  As reflected in its certification, Boston purchased a significant number of shares of Pegasystems common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.

3.      Boston is a sophisticated institutional investor that understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead

Plaintiff.  Boston's understanding of the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in other securities class actions.  Indeed, serving as lead plaintiff, Boston has recovered more than $500 million for investors.  Specifically, Boston served as lead plaintiff, along with two other institutional investors, in *In re Fannie Mae 2008 Securities Litigation*, No. 1:08-cv-7831 (S.D.N.Y.), and recovered $170 million for investors, with Labaton Sucharow serving as co-lead counsel.  Boston also served as lead plaintiff, along with four other institutional investors, in *In re Novo Nordisk Securities Litigation*, No. 3:17-cv-209 (D.N.J.), and recovered $100 million for investors, with Bernstein Litowitz serving as co-lead counsel.  In addition, Boston served as lead plaintiff, along with two other institutional investors, in *Rubin v. MF Global, Ltd.*, No. 1:08-cv-2233 (S.D.N.Y.), and recovered $90 million for investors.

4.    I, Kristin O'Brien, am the Executive Director of NYC Carpenters and am authorized to make this Joint Declaration on its behalf.  Based in New York, New York, NYC Carpenters is a pension fund that provides (or will provide) retirement benefits to over 30,000 working and retired carpenters and their families.  As reflected in its certification, NYC Carpenters purchased a significant number of shares of Pegasystems common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.

5.    NYC Carpenters is a sophisticated institutional investor that understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff.  NYC Carpenters' understanding of the PSLRA's requirements is informed by, among other things, its experience serving as lead plaintiff in another securities class action.  Specifically, NYC Carpenters currently serves as lead plaintiff in *In re SolarWinds*

*Corporation Securities Litigation*, No. 1:21-cv-138 (W.D. Tex.), with Bernstein Litowitz serving as lead counsel.

6.     Boston and NYC Carpenters are each strongly motivated to recover the losses that they and the Class incurred as a result of Defendants' alleged violations of the federal securities laws, and believe the alleged misconduct at the heart of this case raises significant public policy concerns for the integrity of the public markets and the interests of the institutional investor community more broadly.  Boston's and NYC Carpenters' primary goal in seeking to serve as Lead Plaintiff in this case is to maximize the recovery for the Class from all culpable parties. Accordingly, we believe that this case should be prosecuted by sophisticated institutional investors, like Boston and NYC Carpenters, that have a significant financial interest in the claims against Defendants to ensure that the claims are litigated vigorously, efficiently, and in the best interests of the Class, in accordance with their duties under the PSLRA.

7.     Boston and NYC Carpenters each followed their own deliberative process to determine whether to pursue a leadership position in this case.  Specifically, Boston's decision to seek appointment as Lead Plaintiff was undertaken following full consideration of the merits of Boston's and other Pegasystems investors' claims.  Similarly, in connection with its decision to seek a leadership role in this action, NYC Carpenters followed its established protocol for considering securities litigation matters, including careful consideration and approval by NYC Carpenters' Trustees.

8.     As part of the deliberative processes described above, Boston and NYC Carpenters each independently determined to seek joint appointment as Lead Plaintiff.  In exploring whether to pursue a leadership position in this case, Boston and NYC Carpenters each considered whether there would be an opportunity to work with other sophisticated institutional investors in seeking

3

Lead Plaintiff appointment, and whether doing so would be in each of their respective interests and in the best interest of the Class.  In this case, Boston and NYC Carpenters each determined that their joint leadership of this action would benefit the Class because they are like-minded institutional investors that share a commitment to prosecuting the interests of the Class and seeking accountability from all culpable parties.  Further, Boston and NYC Carpenters understand that the PSLRA permits lead plaintiff groups that function separate and apart from their lawyers and that are able to oversee and direct the litigation in the best interests of the Class.  Based on Boston's prior experience successfully serving as part of lead plaintiff groups, Boston has seen firsthand how such partnerships can benefit the leadership of securities class actions by allowing institutions to work collaboratively to oversee the prosecution of an action, share resources, and provide input on case strategy and prosecution.  Boston and NYC Carpenters intend to prosecute this action in a similarly collaborative manner.

9.      Boston's prior experiences working with other institutional investors in PSLRA actions also demonstrate that a small, cohesive group of sophisticated fiduciaries informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one.  In all such cases, Boston is not aware of any instance of disagreement between group members that could not be resolved through discussion and collaboration among the members of the group.  Accordingly, in the unlikely event that any such disputes arise, we plan to engage in thorough discussion with each other and our counsel to come to a resolution.

10.      For these reasons, among others, Boston and NYC Carpenters each determined that they could maximize the Class's recovery by pooling their respective resources and experience and jointly seeking appointment as Lead Plaintiff.  The decision to jointly move together as Lead

Plaintiff also follows from Boston's and NYC Carpenters' roles as fiduciaries and their shared goals and interests in protecting and maximizing pension fund assets.

11.     Prior to seeking appointment as Lead Plaintiff, representatives of Boston and NYC Carpenters convened a conference call to discuss the funds' leadership of this litigation and commitment to jointly prosecuting this action.  During the conference call, representatives of Boston and NYC Carpenters discussed, among other things: the facts and the merits of the claims; the strategy for the prosecution of this litigation; the experience of our respective institutions in prosecuting shareholder litigations; and our interest in serving together as Lead Plaintiff.  Boston and NYC Carpenters believe that by working together here, they will, among other things, ensure that all of the Class's claims are efficiently and zealously prosecuted through their oversight of their proposed Lead Counsel, Labaton and Bernstein Litowitz.

12.     Moreover, Boston and NYC Carpenters are each highly motivated to recover the substantial losses incurred by our respective funds and intend to share their perspectives, experiences, and resources to direct this litigation.  To this end, representatives of Boston and NYC Carpenters have discussed with each other the importance of joint decision-making and maintaining frequent communication that will enable each of them to confer, with or without their respective counsel, via telephone and/or email on short notice to ensure that they are able to make timely decisions.

13.     Boston and NYC Carpenters also understand that it is the Lead Plaintiff's obligation under the PSLRA to select qualified counsel to represent the Class, and to supervise Lead Counsel's prosecution of the case to ensure that the action is prosecuted without unreasonable cost or duplication of effort.  Boston and NYC Carpenters decided to seek joint Lead Plaintiff appointment, in part, because of their shared desire to ensure that this action is prosecuted in an

economical matter. As Lead Plaintiff, they will ensure that Lead Counsel acts pursuant to their mandate. Through their oversight of counsel, Boston and NYC Carpenters each believe that Labaton Sucharow and Bernstein Litowitz will prosecute this action in a cost-effective manner and in the best interests of all Class members.

14. Boston and NYC Carpenters are familiar with the experience, resources, and success of both Labaton Sucharow and Bernstein Litowitz, and they are aware that they are accomplished law firms with established records of obtaining significant recoveries from defendants in securities fraud class actions like this case. Boston and NYC Carpenters each believe that Labaton Sucharow's and Bernstein Litowitz's demonstrated histories of effectively litigating complex class action lawsuits provides further comfort that proposed Lead Counsel is well-qualified to represent the Class and will vigorously prosecute this action in a cost-effective manner and in the best interests of all Class members.

15. Boston and NYC Carpenters are also aware that Labaton Sucharow and Bernstein Litowitz have successfully prosecuted securities class actions together. Not only are Labaton Sucharow and Bernstein Litowitz each well-qualified and experienced law firms in their own right, but they have a successful track record of working together cooperatively as co-lead counsel. For instance, Labaton Sucharow and Bernstein Litowitz served as co-lead counsel in *In re Schering-Plough Corporation/ENHANCE Securities Litigation*, No. 2:08-cv-397 (D.N.J.), and achieved a recovery of $473 million for investors; *Eastwood Enterprises LLC v. Farha*, No. 8:07-cv-1940 (M.D. Fla.), and achieved a recovery of $200 million for investors; and *In re SCANA Corporation Securities Litigation*, No. 3:17-cv-2616 (D.S.C.), and achieved a recovery of $192.5 million for

6

investors.  We believe that Labaton Sucharow and Bernstein Litowitz have the experience and ability to work together cooperatively and in a cost-effective manner in this litigation.

16.    Boston and NYC Carpenters are committed to satisfying the fiduciary obligations that they will assume if appointed Lead Plaintiff, including conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations and hearings as needed, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, Boston and NYC Carpenters will ensure and hereby reaffirm that the securities class action against Pegasystems will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Boston are true to the best of my knowledge.

Executed this 18th day of July, 2022.

Natacha Thomas
General Counsel
*On behalf of Boston Retirement System*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to NYC Carpenters are true to the best of my knowledge.

Executed this 18th day of July, 2022.

_____
Kristin O'Brien
Executive Director
*On behalf of New York City District Council of Carpenters Pension Fund*