**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No.:  1:22-cv-578 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PEGASYSTEMS INC., ALAN TREFLER, and KENNETH STILLWELL, | ) ) ) | |
| Defendants, | ) ) ) | |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' UNOPPOSED
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Defendants Pegasystems Inc. ("Pegasystems"), Alan Trefler, and Kenneth Stillwell (collectively "Defendants") respectfully request that the Court grant their Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion to Transfer") (Dkt. 10) for the reasons stated in this Reply and in their Memorandum In Support Of Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Supporting Memorandum" or "Mem.") (Dkt. 11), and as unopposed.

*First*, as detailed in Defendants' Supporting Memorandum, the convenience of the parties and witnesses and the interests of justice favor transfer of this Action to the District of Massachusetts.  Massachusetts is where this Action could have been brought, where Defendant Pegasystems' corporate headquarters is located, where the conduct at issue occurred, and where all relevant witnesses and evidence can be found.  Mem. at 8–13.  Neither the original named plaintiff nor any of the lead plaintiff movants have any connection to this District, and one lead

-1-

plaintiff movant—Boston Retirement System—is located in Massachusetts. This Action has no meaningful connection to this District.

*Second*, Defendants' Motion to Transfer is unopposed. Central Pennsylvania Pension and Retirement Funds,[1] which reports the largest estimated losses among the four lead plaintiff movants and considers itself the "presumptive lead plaintiff,"[2] affirmatively stated that it does not oppose the Motion to Transfer. Dkt. 30. None of the other lead plaintiff movants has opposed the Motion to Transfer. Named plaintiff City of Fort Lauderdale Police and Firefighters' Retirement System, which has not sought appointment as lead plaintiff, also does not oppose the Motion to Transfer. Dkt. 28 at 2. It simply "propose[d]" that the Court wait to decide the Motion to Transfer until it has appointed a lead plaintiff and "affords that person or entity an opportunity to respond to the motion." *Id.* at 1. But each of the lead plaintiff movants has already had the opportunity to respond to the Motion to Transfer, and the only one that did stated that it does not oppose transfer.[3] In such circumstances, courts routinely grant motions to transfer securities class actions. *See, e.g.*, Order at 1–2, *Harper v. 2U, Inc.*, No. 19-cv-7390 (S.D.N.Y. Nov. 26, 2019) (ECF No. 64) (transferring securities class action before appointing lead plaintiff where lead plaintiff movants did not oppose transfer). The Court should do the same here.

---

[1] Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund.

[2] Defendants do not take a position on the pending motions for appointment of lead plaintiff.

[3] Another lead plaintiff movant has deferred to Central Pennsylvania Pension and Retirement Funds. Lead plaintiff movant General Retirement System of the City of Detroit reviewed the competing lead plaintiff applications, agreed the Central Pennsylvania Pension and Retirement Funds is the presumptive lead plaintiff, and confirmed it does not oppose Central Pennsylvania Pension and Retirement Funds' appointment as such. Dkt. 29 at 2. As noted, Central Pennsylvania Pension and Retirement Funds does not oppose transfer of this Action to the District of Massachusetts. Dkt. 30.

*Finally*, the Court need not wait until after the appointment of a lead plaintiff to grant the Motion to Transfer. Courts routinely transfer securities class actions before the appointment of a lead plaintiff, leaving the adjudication of motions for appointment of lead plaintiff to the transferee court where the case will proceed. *See, e.g.*, *Wasson v. LogMeIn, Inc.*, 2018 WL 6016283, at *1, *4 (C.D. Cal. Nov. 2, 2018) (transferring securities class action before appointment of lead plaintiff and collecting cases); Order at 10, *Garity v. Tetraphase Pharms., Inc.*, No. 1:18-cv-06797 (ALC) (S.D.N.Y. May 30, 2019) (ECF No. 26) (transferring securities class action and "leav[ing] the determination as to the appointment of the lead plaintiff and lead counsel" to transferee court); Order at 3–4, 8, *Gallagher v. Ocular Therapeutix, Inc.*, No. 2:17-cv-05011-SDW-LDW (D.N.J. Oct. 27, 2017) (ECF No. 36) (similar); *Herman v. W. Union Co.*, 2017 WL 5643145, at *3 & n.3 (C.D. Cal. Mar. 30, 2017) (similar); *Doshi v. Gen. Cable Corp.*, 2014 WL 12774226, at *1, *3–4 (S.D.N.Y. Feb. 5, 2014) (similar). Granting a motion to transfer before adjudicating lead plaintiff motions also promotes judicial efficiency. And although the original plaintiff "propose[d]" that the Court defer its ruling on the Motion to Transfer until after the appointment of the lead plaintiff (Dkt. 28 at 1), that plaintiff is not even seeking appointment as lead plaintiff, the presumptive lead plaintiff does not object to transfer (Dkt. 30), and the selection of lead plaintiff would not impact the Motion to Transfer because none of the lead plaintiff movants has a connection to this District.

For the forgoing reasons, Defendants respectfully request that, pursuant to 28 U.S.C. § 1404(a), the Court enter Defendants' proposed Order (Dkt. 10-1) transferring this Action to the United States District Court for the District of Massachusetts.

Dated:     July 25, 2022                    Respectfully submitted,
           Boston, MA
                                            WILMER CUTLER PICKERING
                                               HALE AND DORR LLP

                                            By: */s/ Catherine Carroll*
                                            Catherine Carroll (VSB No. 50939)
                                            Wilmer Cutler Pickering Hale and Dorr LLP
                                            1875 Pennsylvania Avenue NW
                                            Washington, DC 20006
                                            Tel: (202) 663-6072
                                            Fax: (202) 663 6363
                                            catherine.carroll@wilmerhale.com

                                            Daniel W. Halston (admitted *pro hac vice*)
                                            Wilmer Cutler Pickering Hale and Dorr LLP
                                            60 State Street
                                            Boston, MA 02109
                                            Tel: (617) 526-6000
                                            Fax: (617) 526-5000
                                            daniel.halston@wilmerhale.com

                                            *Attorneys for Defendants Pegasystems Inc.,*
                                            *Alan Trefler, and Kenneth Stillwell*