UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:22-cv-11220-PGL THE PENSION AND RETIREMENT FUNDS' MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| PEGASYSTEMS INC., et al.,, | ) ) | |
| Defendants. | ) ) ) | |

4855-1276-5484.v1

## I.    PRELIMINARY STATEMENT

On July 18, 2022, four competing motions were filed by putative class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Central Pennsylvania Teamsters Pension Fund - Defined Benefit Fund, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund (the "Pension and Retirement Funds") (ECF 15); (2) Boston Retirement System and New York City District Council of Carpenters Pension Fund (ECF 18); (3) General Retirement System of the City of Detroit (ECF 19); and (4) DeKalb County Pension Fund (ECF 25).[1]

On July 27, 2022, the above-captioned action was transferred to this District from the Eastern District of Virginia.  *See* ECF 32.

Pursuant to the PSLRA, the Pension and Retirement Funds are the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B).  Indeed, the Pension and Retirement Funds possess the largest financial interest in the relief sought by the class, and also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  The Pension and Retirement Funds have also selected counsel experienced in prosecuting securities class actions, Robbins Geller Rudman & Dowd LLP.

By contrast, none of the competing movants satisfy the PSLRA's requirements because they did not suffer the largest loss, nor can they rebut the presumption in the Pension and Retirement Funds' favor.  Accordingly, because the competing movants cannot trigger the presumption and cannot rebut it, the Pension and Retirement Funds are entitled to the PSLRA's "most adequate

---

[1]    On July 20, 2022, General Retirement System of the City of Detroit filed a notice of non-opposition to the Pension and Retirement Funds' motion, acknowledging that the Pension and Retirement Funds "are presumptively the most adequate Lead Plaintiff with the 'largest financial interest in the relief sought by the class' as required by the PSLRA."  ECF 29 at 1-2 (citation omitted).

4855-1276-5484.v1

plaintiff" presumption and should be appointed as Lead Plaintiff and their choice of Lead Counsel should be approved.  The competing motions should be denied.

## II.    ARGUMENT

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  "This presumption may be rebutted with ***proof*** by a member of the purported class that the person identified as the most adequate plaintiff either will not fairly and adequately represent the class or is subject to unique defenses."  *Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*, 52 F. Supp. 3d 337, 340 (D. Mass. 2014) (emphasis added) (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)).

As demonstrated herein, the Pension and Retirement Funds are the presumptively "most adequate plaintiff" because they are the movant that has the largest financial interest and also satisfy the requirements of Rule 23.

### A.    The Competing Movants Cannot Trigger the PSLRA "Most Adequate Plaintiff" Presumption

"The PSLRA does not provide any method for determining the 'largest financial interest.'" *Leech v. Brooks Automation, Inc.*, 2006 WL 3690736, at *2 (D. Mass. Dec. 13, 2006) (citation omitted).  "To determine the largest financial interest, '[m]any courts . . . have considered "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate

losses suffered during the class period."'" *Bowers v. Tesaro Inc.*, 2018 WL 2089358, at \*1 (D. Mass. May 4, 2018) (citation omitted).  Importantly, "[a]pproximate loss is generally considered 'the most important factor.'" *Id.* (citation omitted).

Under any of these factors, including the most important factor (loss), the Pension and Retirement Funds suffered the greatest financial interest in the relief sought by the class:

| MOVANT | SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | LOSS SUFFERED |
|---|---|---|---|---|
| Pension and Retirement Funds | 55,551 | 43,307 | $5,710,799.85 | $3,468,231.21 |
| Boston Retirement System and New York City District Council of Carpenters Pension Fund | 31,837 | 28,322 | $3,723,260.06 | $2,298,028.23 |
| General Retirement System of the City of Detroit | 6,981 | 6,859 | $918,108.91 | $565,997.25 |
| DeKalb County Pension Fund | 4,245 | 0 | $171,112.98 | $171,112.98 |

Pursuant to the PSLRA's sequential process, having identified the Pension and Retirement Funds as the movant with the largest financial interest, the Court proceeds by assessing whether the Pension and Retirement Funds "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff . . . .  Those findings need only be 'preliminary.'" *Local No. 8*, 52 F. Supp. 3d at 341 (citation omitted).  The Pension and Retirement Funds satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.  *See* ECF 16 at 4-6.

The Pension and Retirement Funds meet Rule 23's typicality requirement because their claims "arise from the same course of events and involve the same legal theory as to the claims of the rest of the class," namely, they: (1) purchased Pegasystems Inc. stock during the Class Period;

4855-1276-5484.v1

(2) purchased Pegasystems securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. *Local No. 8*, 52 F. Supp. 3d at 341; ECF 16 at 4-6. Likewise, the Pension and Retirement Funds meet Rule 23's adequacy requirement because their interests are clearly aligned with the interests of the other members of the class. *Id.* Indeed, the Pension and Retirement Funds – as sophisticated institutional investors – are the preferred lead plaintiff candidate pursuant to the PSLRA. *Leech*, 2006 WL 3690736, at *3 ("courts have recognized that the PSLRA favors the selection of large institutional investors as lead plaintiff"). The Pension and Retirement Funds have also submitted a Joint Declaration demonstrating their ability and willingness to efficiently and effectively prosecute this action and oversee counsel, thus demonstrating that they will protect the interests of the class. *See* ECF 17-4. Thus, the Pension and Retirement Funds have triggered the PSLRA's "most adequate plaintiff" presumption.

To rebut the strong presumption in favor of appointing the Pension and Retirement Funds as lead plaintiff, the PSLRA requires "proof" that the Pension and Retirement Funds "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render it incapable of adequately representing the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).[2] Here, the competing movants cannot offer any such proof. Accordingly, the Court should grant the Pension and Retirement Funds' lead plaintiff motion and deny the competing motions.

## III.   CONCLUSION

None of the competing movants possess the largest financial interest. Nor can any competing movant prove that the Pension and Retirement Funds are either inadequate or subject to unique

---

[2] If any of the remaining competing movants oppose the Pension and Retirement Funds' motion, the Pension and Retirement Funds respectfully reserves the right to seek leave of Court to reply to any arguments raised.

defenses.  Consequently, none of the competing movants can trigger the PSLRA's most adequate

plaintiff presumption.  As such, each of the competing motions should be denied.

DATED:  August 1, 2022

Respectfully submitted,

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109

*s/ Theodore M. Hess-Mahan*
THEODORE M. HESS-MAHAN

110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
TRICIA L. MCCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically
to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non-registered participants on August 1, 2022.

**s/ Theodore M. Hess-Mahan**
THEODORE M. HESS-MAHAN

4855-1276-5484.v1