**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**PEGASYSTEMS INC., ALAN TREFLER, and KENNETH STILLWELL,**<br><br>**Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>**Civ. Action No.**<br>**1:22-cv-11220-PGL** |

## ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL

**LEVENSON, U.S.M.J.**

Before the Court is the motion of Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund ("the Funds"), seeking appointment as lead plaintiff in connection with this securities class action. Docket No. 15. Also before the Court are lead plaintiff motions filed by Boston Retirement System and New York City District Council of Carpenters Pension Fund (Docket No. 18), General Retirement System of the City of Detroit (Docket No. 19), and DeKalb County Pension Fund (Docket No. 25), which were effectively rendered moot when each of those entities filed notices of non-opposition to the Funds' motion. Docket Nos. 29, 35, 38. For the reasons outlined below, the court will allow the Funds' motion and deny the motions of the other prospective lead plaintiffs.

**BACKGROUND**

In this action, stockholders who purchased shares in Defendant Pegasystems Inc. allege that they were defrauded by virtue of misrepresentations and/or fraudulent omissions of material adverse information about that company.  They seek to sue on behalf of a class of shareholders who purchased shares in the company during the period of the alleged concealment.

On May 19, 2022, complainant City of Fort Lauderdale Police and Firefighters' Retirement System published a notice in a global news service advising potential class members of the lawsuit.  *See* Docket No. 17-1.  This notice satisfied the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104–67, 109 Stat. 737 (codified in scattered sections of 15 U.S.C.), as it summarized the claims of the class action and identified the purported class period of May 29, 2020 through May 9, 2022.  *See* 15 U.S.C. § 78u-4(a)(3)(A).

Four putative class members[1] filed timely motions to be appointed as lead plaintiff and proposing selection of their respective attorneys as class counsel.  Docket Nos. 15, 18, 19, 25. However, three of these four prospective lead plaintiffs subsequently filed notices of non-opposition to the motion filed by the Funds.  Docket Nos. 29, 35, 38.

---

[1]      Some of the parties seeking appointment as lead plaintiff are composed of multiple entities, acting in concert.  This approach is consistent with the PSLRA's purpose of ensuring that lead plaintiffs will have a meaningful stake in the litigation and will be representative of the putative class. Decisions by other judges in this district lend support to the notion that multiple institutional investors acting in concert may properly serve as lead plaintiffs in securities class actions.  *See, e.g.*, *Arkansas Tchr. Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 620 (D. Mass. 2016) (appointing a group of three municipal retirement funds as lead plaintiffs); *see also In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 43 (D. Mass. 2001) (explaining that the PSLRA responded to congressional desire "to increase the likelihood that institutional investors will serve as lead plaintiffs").

## STANDARD UNDER PSLRA

Although the Funds' lead plaintiff motion is effectively unopposed, the proposed class-based relief in this case may potentially sweep broadly and the court is required to scrutinize any proposed lead plaintiff under the standards of the PSLRA.  The PSLRA requires the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Specifically, the PLSRA provides a rebuttable presumption that a class member who satisfies the following three criteria will be the "most adequate plaintiff": (1) filing the complaint or [pertinent here] filing a timely motion for appointment; (2) having the largest financial stake; and (3) satisfying the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption is subject to rebuttal "only upon proof" submitted by other purported class members.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## DISCUSSION

The Court finds that the Funds meet the requirements identified in the PSLRA for an appropriate lead plaintiff.

The Funds filed their motion for appointment as lead plaintiff on July 18, 2022, less than 60 days after the May 19, 2022 notice of pendency.  The motion was therefore timely under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Based upon their representations, the Funds appear to claim the largest financial losses.  The other contenders for lead plaintiff acknowledge as much in their non-opposition filings.  *See* Docket No. 29 at 2; Docket No. 35 at 1; Docket No. 38 at 2.

The Funds also appear to satisfy the applicable typicality and adequacy requirements of Fed. R. Civ. P. 23.[2]  The Funds appear typically situated; they represent that they, like the others in the claimed class, purchased shares of Pegasystems during the period of alleged misrepresentations and/or omissions of material adverse information.  *See In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001) (finding typicality where a class member's claims "arise from the same events or course of conduct and involve the same legal theory as do the claims of the rest of the class").  As for adequate and fair representation, the Funds have disclaimed any conflict with other class members and have selected a law firm that is well-versed in securities class actions.  *See id.* (finding adequacy where plaintiffs "have common interests and an absence of conflict with the class members and . . . the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation").

Nor is there anything in the record to suggest that the Funds are acting as "professional plaintiffs" warranting special scrutiny under the PSLRA.  They represent that they have collectively served as lead plaintiffs in a total of four securities class actions in the last three years.[3]  The PSLRA sets a presumptive limit at five such outings.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(vi).

---

[2]    Although Fed. R. Civ. P. 23 enumerates four prerequisites for a class action, for purposes of assessing the adequacy of a proposed lead plaintiff, the focus is on typicality and adequacy.  *See Arkansas Tchr. Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) ("At this stage, the [proposed lead plaintiff] need only make a prima facie showing of typicality and adequacy.").

[3]    As set forth in their submissions, Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan and Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987 together served as representative parties in two federal securities class actions in the past three-year period, *Alagappan v. Baidu, Inc.*, No. 1:20-cv-03794 (E.D.N.Y.) and *Allison v. Oak Street Health, Inc.*, No. 1:22-cv-00149 (N.D. Ill.), while Construction Industry Laborers Pension Fund served as representative party in two other cases, *In re Grand Canyon Education, Inc., Sec. Litig.*, No. 1:20-cv-00639 (D. Del.) and *Burbige v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II*, No. 1:21-cv-04349 (N.D. Ill.).  *See* Docket No. 17-2.

Accordingly, the Funds meet the presumption of "most adequate plaintiff" under the PSLRA and no other plaintiff has rebutted that presumption. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Court also approves the Funds' selection of Robbins Geller Rudman & Dowd LLP as class counsel. The PSLRA provides that the lead plaintiff shall select class counsel subject to the Court's approval. *See* 15 U.S.C. § 78u–4(a)(3)(B)(v); *see also In re Lernout*, 138 F. Supp. 2d at 46–47 ("While the Court should not be a rubber stamp, it should give the lead plaintiff['s] choice some weight."). The Funds have noted, without contradiction, that Robbins Geller Rudman & Dowd LLP has significant experience representing plaintiffs in securities class actions.

## **CONCLUSION**

The motion to appoint the Funds as lead plaintiff and to approve their selection of Robbins Geller Rudman & Dowd LLP as class counsel (Docket No. 15) is **ALLOWED**. The competing lead plaintiff motions (Docket Nos. 18, 19, 25) are **DENIED**.


SO ORDERED,

August 9, 2022

/s/ Paul G. Levenson
PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE