# Exhibit 22

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

APPIAN CORPORATION,

    Plaintiff,

 vs.      Case No.

        2020-07216

PEGASYSTEMS, INC. and

YOUYONG ZOU,

    Defendants.


     Trial - Day 24


  BEFORE THE HONORABLE RICHARD GARDINER

    Monday, May 3, 2022

     9:30 a.m.

REPORTED BY:  AMANDA GORRONO, CLR
CLR NO. 052005-01
JOB NO. 210307

Direct - Platt (Bookbinder)

DIRECT EXAMINATION

BY MR. BOOKBINDER:

Q.   Good afternoon, Mr. Platt.  If you could just state your name for the record.

A.   Good afternoon.  My name is Simon David John Platt.

Q.   Where do you live, Mr. Platt?

A.   I live in Aiken, South Carolina.

Q.   Have you been retained to offer an expert opinion in this case?

A.   Yes, I have.

Q.   What were you asked to offer an opinion about?

A.   I was asked to offer an opinion about the unjust enrichment that -- to Pega in this matter.

Q.   And -- and what assumption about liability are you making as a basis for that opinion?

A.   As a basis of my opinion, I'm required to assume that, that there is liability and that my assessment is of the unjust enrichment earned by Pega as a

Page 7460

Direct - Platt (Bookbinder)

result.

Q.   And just to be clear, when you say "there is liability," what does that mean in the context of misappropriation of trade secrets?

A.   What that means is I've assumed that the alleged theft of trade secrets has occurred and those trade secrets have been used.

Q.   So we'll get to that opinion in a bit, but let's first talk about your background.

And do you have some slides that you've prepared to assist in your testimony?

A.   I do.

Q.   Okay.

MR. BOOKBINDER:  May we show those slides?  And maybe it would be easier just to pull them up first for counsel to make sure there is no objection and then publish them to the jury.

So if we could go to the second

          Cross - Platt (Bapna)

    answered.

            THE COURT:  Sustained.

    Sustained.  Let's move on.

BY MR. BAPNA:

    Q.    All right.  Mr. Platt, under your analysis as to the product improvement theory, Appian would get $0 in damages from Pega because Pega has already spent all of the money it earned, right?

    A.    Pega has incurred costs greater than the revenue it's achieved, correct.

    Q.    Now, your opinion as to the product improvement theory is that Pega should be able to take the ill-gotten revenue from its use of Appian's trade secrets, spend all of it on whatever it wishes, and then turn around and say that it has no profits to give back to Appian, correct?

    A.    No.  That's not -- that is not what I'm saying.  I'm saying -- I'm saying if the assumption is that all of the revenue is the result of platform improvements from stolen trade secrets, in

Cross - Platt (Bapna)

order to calculate the unjust enrichment, one has to deduct all of the actual incurred costs which went to achieving those sales.

Q.    Mr. Platt, if Pega used some of the revenue it earned to buy a yacht for Mr. Trefler and billed it as a marketing expense or a general and administrative expense, under your analysis, Pega should be able to deduct the cost of that yacht in calculating the damages it owes to Appian, right?

A.    If, in fact, there was such a transaction in those $7 billion of costs, then, yes, that's part of my analysis. However, Pega is a public company and if there are -- if there are transactions involving senior executives of public companies, generally those are required to go through different approvals rather than -- I think the implication of your question is some sort of frivolous spending.

MR. BAPNA:  Your Honor, I'm