# Exhibit 31

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

|  |  |  |
|---|---|---|
| APPIAN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2020-07216 |
| | ) | |
| PEGASYSTEMS INC. & YOUYONG ZOU, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT PEGASYSTEMS' DEMURRER, PLEA IN BAR, AND MOTION FOR BILL OF PARTICULARS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Pegasystems Inc. ("Pegasystems"), by counsel, files this Demurrer and Plea In Bar requesting dismissal of the First Amended Complaint ("Am. Compl.") of Appian Corporation ("Appian"). In the alternative, pursuant to Rule 3:9(b)(ii), Pegasystems moves this Court to Order Appian to file a Bill of Particulars as to certain allegations of the Amended Complaint. In support of this Demurrer, Plea, and Motion, Pegasystems states as follows:

1.     Appian filed its Original Complaint on May 29, 2020 ("Orig. Compl.").

2.     Appian was granted leave to file, and its First Amended Complaint was filed, on November 4, 2021.

3.     Appian and Pegasystems are competitors in the market for Business Process Management software. Am. Compl. ¶¶ 1, 18.

4.     Appian alleges that "beginning in 2012, and possibly earlier," Pegasystems "with the assistance of [Mr. Youyong] Zou" obtained "non-public" information about the capabilities and shortcomings of Appian's product. *Id.* ¶¶ 26, 39. Appian alleges that Mr. Zou "had access

- 1 -

Appian's computer or computer network was *with* authority.  Even if this use was for an alleged improper purpose, Appian has failed to allege a VCCA violation based on Pegasystems' and Mr. Zou's conduct.  *See Van Buren v. United States*, 141 S. Ct. 1648 (2021); *Volt Power, LLC v. Butts*, 2021 U.S. Dist. LEXIS 160586 (E.D.N.C. Aug. 24, 2021); *Southeastern Wholesale Corp. v. Cox Communs. Hapton Roads, LLC*, 2013 U.S. Dist. LEXIS 69264, at *21-22 (E.D. Va. May 14, 2013).

13.     **Count III:**  Count III of Appian's First Amended Complaint fails to state a cause of action for tortious interference with business expectancy.  To state a claim for tortious interference, a plaintiff must adequately plead that (1) it had a contract expectancy; (2) the defendant knew of the expectancy; (3) the defendant intentionally interfered with the expectancy; (4) the defendant used improper means or methods to interfere with the expectancy; and (5) the plaintiff suffered a loss as a result of the defendant's disruption of the expectancy.  *See JPMCCM 2010-C1 Aquia Office LLC v. Mosaic Aquia Owner, LLC*, 101 Va. Cir. 34, 39 (Stafford Jan. 15, 2019) (citing *Preferred Sys. Sols., Inc. v. GP Consulting, LLC*, 284 Va. 382, 403 (2012)).  Nonspecific allegations of loss without pointing to "a single concrete business contract" fail to state a claim for tortious interference with business expectancy.  *Id.* at 40 (sustaining demurrer and dismissing with prejudice).  *See also Vivera Pharm., Inc. v. Gannett Co.*, 2021 Va. Cir. LEXIS 54, at *13 (Fairfax Mar. 26, 2021).

14.     Appian's First Amended Complaint removes Appian's prior allegation that Pegasystems interfered with a specific prospective customer relationship (that it later identified in a discovery response, but which it now concedes is time-barred[1]).  It substitutes a claim for interference with multiple, unspecified business opportunities, all of which are alleged to have

---

[1] *See* Nov. 1, 2021 Plaintiff Appian Corporation's Pre-Plea In Bar Trial Memorandum Of Law And Response To Defendants' Pre-Trial Memorandum Of Law ("Appian Pre-Trial Br."), at 20.

occurred after May 29, 2015. *Compare* Orig. Compl. ¶¶ 37, 79-82 *with* Am. Compl. ¶¶ 37, 70-73, 75. The Amended Complaint alleges only the general elements of tortious interference and "utterly fails to identify any specific prospective business relationships with which the defendants knowingly interfered." *Tysons Toyota, Inc. v. Commonwealth Life Ins.*, 20 Va. Cir. 399, 403 (Fairfax 1990) (sustaining demurrer). The Amended Complaint also fails to identify any particular instance where, absent Pegasystems' alleged interference, Appian had anything more than a mere possibility of future economic benefit. As a result, Appian has failed to state a claim for tortious interference with business expectancy. *See Commercial Bus. Sys. v. Halifax Corp.*, 253 Va. 292, 301 (1997); *Williams v. Reynolds*, 2006 U.S. Dist. LEXIS 79178, at *17 (W.D. Va. Oct 31, 2006).

15.     Count III should also be dismissed because it is preempted by the Virginia Uniform Trade Secrets Act (VUTSA). The VUTSA expressly provides that it "displaces conflicting tort, restitutionary, and other law of this Commonwealth providing civil remedies for misappropriation of a trade secret." Va. Code Ann. § 59.1-341. Appian's amended tortious interference with business expectancy claim is based entirely on the alleged misappropriation of trade secrets. *See, e.g.*, Am. Compl. ¶ 72; Nov. 4, 2021 Hr'g Tr. at 36:18-37:1 ("there are no unique damages that we were seeking through this tortious interference claim, and that is because, through our misappropriation claim, we were already seeking all the same damages relating to all of these deals that they tortiously interfered with"); 37:1-3 ("They're just different causes of action getting at the same business that they took from us based on the theft of trade secrets."); 70:8-15 ("It's just a subset, because under misappropriation, we are saying they stole our trade secrets; therefore, we lost all this business, including all of these expectancies and contracts that were interfered with. Under tortious interference, we're just referring to a subset of

those same contracts, the post-2015 ones."). Accordingly, Count III is preempted by the VUTSA and should be dismissed. *NSW Corp. v. Ferguson*, 49 Va. Cir. 456, 457 (Roanoke 1999); *S&S Computers & Design, Inc. v. Paycom Billing Servs.*, 2001 U.S. Dist. LEXIS 25874, at *8-9 (W.D. Va. April 5, 2001).

16.     **Count IV:**  A statutory business conspiracy claim under Va. Code. Ann. §§ 18.2-499-500 requires proof, by clear and convincing evidence, of (i) a combination of two or more persons for the purpose of willfully and maliciously injuring Appian in its reputation, trade, or business; and (ii) resulting damage.  Va. Code Ann. § 18.2-499(A); *Allen Realty Corp. v. Holbert*, 227 Va. 441, 449 (1984).  Count IV of Appian's Amended Complaint alleges that "Pegasystems with other parties, or Pegasystems and Zou" combined to injure Appian in its business.  Am. Compl. ¶ 77.  The only "other parties" referenced in Appian's Amended Complaint are Pegasystems' own employees.  *Id.* ¶ 40.  *See also id.* at ¶ 77 (noting that "Pegasystems, or Pegasystems and Zou, acted intentionally, purposefully and without lawful justification" but identifying no other co-conspirator).  Thus, to the extent Count IV of Appian's First Amended Complaint is based on the alleged 2019 conduct involving Pegasystems and its own employees, Count IV fails to state a claim for statutory business conspiracy.  Under the doctrine of intracorporate immunity, "a conspiracy cannot occur between persons such as principal and agent who are not legally separate persons."  *Foster v. Wintergreen Real Estate Co.*, 81 Va. Cir. 353, 360 (Nelson 2010).  As such, a conspiracy between Pegasystems and its own employees, as alleged by Appian in its First Amended Complaint, is a "legal impossibility".  *Little Professor Book Co. v. Reston N. Point Vill. Ltd. Pshp.*, 41 Va. Cir. 73, 79 (Fairfax 1996) (citing *Charles E. Brauer Co. v. NationsBank of Va., N.A.,* 251 Va. 28, 36 (1996)).

17.     Additionally, to the extent Appian's amended statutory business conspiracy is

based on an alleged breach of Mr. Zou's alleged "contractual and legal duties to maintain the secrecy of Appian's alleged trade secrets and the confidentiality of Appian's confidential information," the only basis for the conspiracy alleged by Appian is contractual. Am. Compl. ¶¶ 77, 23-24. A conspiracy claim cannot, as a matter of law, be predicated on a mere breach of contract. *See Station # 2, LLC v. Lynch*, 280 Va. 166, 175 (2010); *Schur v. Sprenkle*, 84 Va. Cir. 418, 423 (Richmond Apr. 11, 2012). Thus, Appian has failed to state a claim for conspiracy based on any alleged breach of Mr. Zou's contractual obligations.[2]

18.     **Count V:** Count V of Appian's First Amended Complaint is directed solely to conduct by Pegasystems and Mr. Zou. Am. Compl. ¶¶ 83-86. However, to the extent Count V is based on the alleged 2019 conduct as well (*see id.* ¶ 82), or on a breach of Mr. Zou's alleged contractual obligations, Count V fails to state a cause of action for the same reasons as stated for Count IV above. *See supra* ¶¶ 16-17.

**PLEA IN BAR AS TO COUNTS I-V**

19.     **Count I:** Appian's amended misappropriation of trade secrets claim under the VUTSA is time-barred. "An action for misappropriation shall be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. For the purposes of this section, a continuing misappropriation constitutes a single claim." Va. Code Ann. § 59.1-340.

20.     The earliest date of the statute of limitations for the First Amended Complaint is three years before the filing of the First Amended Complaint – November 4, 2018[3]. Even if the

---

[2] As explained below (*see infra* ¶¶ 37-39), any conspiracy claim involving Mr. Zou is also time-barred.

[3] Appian's amended misappropriation claim introduces an entirely different cause of action based on different conduct performed by different actors at different times five years after the last events that involved Mr. Zou. Thus, under Virginia law, the claim is accorded a different

Pegasystems' possession of Appian's alleged trade secrets beginning at least by 2014, Appian knew enough then to bring a trade secret misappropriation action.  Appian also had the means, and was obligated "in the exercise of reasonable diligence," to investigate further at that time and at all other times prior to November 4, 2018 (or May 29, 2017).

30.    Appian's First Amended Complaint also asserts as a basis for its misappropriation claim that Pegasystems misappropriated Appian's alleged trade secrets in 2019 "through [Pegasystems'] own employees accessing Appian's software and its network under false identities and by hiding their affiliation with Pegasystems."   Am. Compl. ¶ 40.   This misappropriation is affirmatively alleged to have occurred in 2019.  Viewed (as it should be) as a separate trade secret misappropriation, it is not time-barred.   However, to the extent this misappropriation conduct is alleged, and found to be, part of a continuing misappropriation with the alleged conduct by Pegasystems and Mr. Zou from 2012-2014, Appian's entire trade secret misappropriation claim (including its claim relating to 2019 events) is barred by the statute of limitations.  *See* Va. Code Ann. § 59.1-340; *Thousand Oaks Barrel Co., LLC v. Deep S. Barrels LLC*, 241 F. Supp. 3d 708, 723 (E.D. Va. 2017); *Informatics Appl'ns Grp., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 417 (E.D. Va. 2011); UTSA § 6 & cmt. ("This Act rejects a continuing wrong approach to the statute of limitation").

31.    **Count II:**  Appian's amended claim for violation of the VCCA is barred, in part, by the statute of limitations.  A claim for violation of the VCCA must be brought "before the earlier of (i) five years after the last act in the course of conduct constituting a violation of the Computer Crimes Act or (ii) two years after the plaintiff discovers or reasonably should have discovered the last act in the course of conduct constituting a violation of the Computer Crimes Act."  Va. Code Ann. § 8.01-40.1.

- 11 -

89.    Enter judgment in Pegasystems' favor on each cause of action set forth above in these Counterclaims;

90.    Award to Pegasystems damages caused by Appian's unlawful conduct in an amount to be proven at trial, including Pegasystems' lost profits and/or Appian's ill-gotten gains;

91.    Award to Pegasystems double, treble, and/or punitive damages as permitted by applicable law;

92.    Enjoin Appian, and its officers, agents, and employees, and other persons who are in active concert or participation with them, from disclosing, possessing, or using any Pegasystems confidential information and/or trade secrets;

93.    Enter an order directing Appian to return to Pegasystems any and all Pegasystems confidential information and/or trade secrets in its possession, custody, or control;

94.    Award Pegasystems its costs of this action and attorney fees as permitted by applicable law including Va. Code § 59.1-338.1 and/or Mass. Gen. Law c. 93 § 42C;

95.    Grant Pegasystems prejudgment and post-judgment interest; and

96.    Award any other remedy and/or relief that the Court deems just and equitable in the circumstances.

**JURY DEMAND**

Pegasystems demands a trial by jury of all issues so triable.

Dated: November 29, 2021                    Respectfully submitted,

                                            PEGASYSTEMS INC.

                                            By: _____
                                                                    Counsel

                                            Douglas R. Kay, VSB No. 35468
                                            OFFIT KURMAN, P.C.
                                            8000 Towers Crescent Drive, Suite 1500

Tysons Corner, Virginia 22182
Telephone: 703.745.1800
Facsimile 703.745.1835
dkay@offitkurman.com

Robert S. Frank, Jr.
Anita M. C. Spieth
Adam Bookbinder
Sophie F. Wang
Jennie D. Wilusz
Marina Pullerits
Jasmine Etesse
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
t 617-248-4031
f 617-502-4031
rsf@choate.com
aspieth@choate.com
abookbinder@choate.com
swang@choate.com
jwilusz@choate.com
mpullerits@choate.com
jetesse@choate.com
*Admitted Pro Hac Vice*

*Counsel for Defendant Pegasystems Inc.*