**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No.:  1:22-cv-11220-WGY |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PEGASYSTEMS INC., ALAN TREFLER, and KENNETH STILLWELL, | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' ANSWER TO LEAD PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants Pegasystems Inc. ("Pega"), Alan Trefler, and Kenneth Stillwell ("Individual Defendants," and together with Pegasystems, "Defendants"), hereby answer Lead Plaintiffs' Consolidated Amended Complaint, dated October 18, 2022 (Dkt. No. 61) ("Complaint").  In responding to the Complaint, Defendants do not admit to the relevance of any of Plaintiffs' allegations or that they bear the burden of proving any of the defenses set forth below.  Defendants reserve the right to supplement and/or amend their Answer and any affirmative or other defenses set forth herein.

Except as expressly admitted herein, Defendants deny each and every allegation of fact and conclusion of law set forth in the Complaint and in every respect deny liability, deny that they engaged in any improper conduct, and deny that Plaintiffs are entitled to relief.  To the extent Defendants respond that a document speaks for itself, such an assertion shall not be deemed to be an admission that the Complaint accurately characterizes or quotes from the document, nor that the contents of any such document are accurate or complete.

1

**RESPONSE TO THE ALLEGATIONS IN THE COMPLAINT**

Subject to the foregoing, Defendants answer the Complaint as follows:

The first unnumbered introductory paragraph in the Complaint is a summary of the purported basis for Plaintiffs' allegations to which no response is required. To the extent a further response is required, Defendants deny the allegations contained therein.

In addition, no response is required to the bolded headings and titles in the Complaint,[1] which consist of Plaintiffs' characterizations of this action. To the extent a further response is required, Defendants deny the allegations contained therein.

1. Paragraph 1[2] contains a description of the nature of the action to which no response is required. To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2 except as admitted below. To the extent Paragraph 2 describes Plaintiffs' subjective views regarding the competitiveness of any industry in which Pega may compete, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Defendants admit that Pega sells a low-code development platform.

3. Defendants deny the allegations in Paragraph 3 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the lawsuit that Appian filed against Pega on May 29, 2020, in the Circuit Court of Fairfax County, Virginia (the "Virginia Litigation"), which is pending appeal. Defendant Stillwell denies the allegations in

_____

[1] The unnumbered headings and titles in the Complaint appear on pages 1, 9-10, 19, 23, 27, 33-34, 36-39, 45, 49, 53, 57-60, 67, 71, 77, 80, 81, 83, 85, 89, 90, 92. 94, 96, and 97.

[2] All references to numbered paragraphs (e.g., "Paragraph 1," "Paragraph 2," etc.) refer to the numbered paragraphs of the Complaint.

Paragraph 3 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants admit that Appian filed the Virginia Litigation against Pega on May 29, 2020.

4.     Defendants deny the allegations in Paragraph 4 and Footnote 1 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 4 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 4 purports to describe Zou's employment history, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Defendants Trefler and Stillwell deny the allegations in Paragraph 4 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Footnote 1 purports to explain Plaintiffs' approach to referencing documents in the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 4 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 4 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required. Pega admits that Pega entered into a general contract

3

with Kforce, Inc. ("Kforce") to provide services related to the placement of contract workers with Pega. Pega further admits that Kforce introduced Mr. Zou to John Petronio, and that Mr. Petronio was then employed at Pega.

5.    Defendants deny the allegations in Paragraph 5 and Footnote 2 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 5 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 5 and Footnote 2 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Paragraph 5 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required. To the extent Paragraph 5 and Footnote 2 purport to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Pega admits that Pega entered into a general contract with Kforce for services related to the placement of contract workers with Pega, and that Pega made payments to Kforce pursuant to that contract. Pega further admits that Mr. Zou provided consulting services to Pega between 2012 and 2014.

6.    Defendants deny the allegations in Paragraph 6 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in

Paragraph 6 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 6 contains allegations regarding actions or statements by unidentified Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Pega admits that Mr. Zou intermittently provided consulting services to Pega between 2012 and 2014 and, as part of that engagement, provided video clips of himself using Appian's platform to certain Pega employees, and met with certain Pega employees.

7.      Defendants deny the allegations in Paragraph 7. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 7 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 7 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 7 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 7 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

8.      Defendants deny the allegations in Paragraph 8. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending

5

appeal. Defendant Stillwell denies the allegations in Paragraph 8 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 7 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 8 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 8 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

9.     Defendants deny the allegations in Paragraph 9. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 9 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 9 contains allegations regarding actions or statements by unidentified Pega employees about which Defendants do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 9 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 9

otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

10.    Defendants deny the allegations in Paragraph 10.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 10 contains allegations regarding events about which Defendant Stillwell does not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, Defendant Stillwell states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.  To the extent Paragraph 10 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 10 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

11.    Defendants deny the allegations in Paragraph 11 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 11 purports to describe the receipt of information by Appian, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 11 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.  Defendants admit that Appian filed the Virginia Litigation against Pega on May 29, 2020.

12.    Defendants deny the allegations in Paragraph 12.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 12 purports to quote or characterize documents from the Virginia

Litigation that speak for themselves, no response is required.  Paragraph 12 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

13.    Defendants deny the allegations in Paragraph 13.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 13 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

14.    Defendants deny the allegations in Paragraph 14.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.   To the extent Paragraph 14 refers to unidentified statements made by Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 14 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

15.    Defendants deny the allegations in Paragraph 15 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 14 refers to unidentified statements made by Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 15 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.  Defendants admit that Appian filed the Virginia Litigation against Pega on May 29, 2020.

16.    Defendants deny the allegations in Paragraph 16.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 16 purports to incorporate the allegations set forth in Paragraphs 120-196, Defendants incorporate their responses to Paragraphs 120-196 herein.  To the extent Paragraph 16 purports to quote or characterize GAAP provisions and regulations that speak for themselves, no response is required.  Paragraph 16 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

17.    Defendants deny the allegations in Paragraph 17.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 17 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 17 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

18.    Defendants deny the allegations in Paragraph 18 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 18 purports to quote or characterize documents from the Virginia Litigation, SEC filings, and statutes that speak for themselves, no response is required.  Defendants admit that Pega filed its Form 10-K for fiscal year 2021 with the U.S. Securities and Exchange Commission ("SEC") on February 16, 2022, five days after Appian's complaint in the Virginia Litigation was amended to assert over $3 billion in damages.  Defendants further admit that Pega's FY 2021 Form 10-K is the first SEC filing by Pega that discussed the Virginia Litigation.

19.     Defendants deny the allegations in Paragraph 19.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 19 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 19 purports to quote or characterize transcripts from the Virginia Litigation and SEC filings that speak for themselves, no response is required.  Paragraph 19 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions or characterizations of the claims in this action to which no response is required.

20.     Defendants deny the allegations in Paragraph 20.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 20 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 20 refers to unidentified exhibits and testimony from the Virginia Litigation, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 20 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is

required.  Paragraph 20 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

21.    Defendants deny the allegations in Paragraph 21 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 21 contains allegations regarding speculative interest calculations, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Defendants admit that the jury in the Virginia Litigation rendered a verdict against Pega on May 9, 2022 for claims under the VUTSA, which has since been appealed, and awarded damages of $2,036,860,045 against Pega and of $5,000 against Mr. Zou.

22.    Defendants deny the allegations in Paragraph 22 and Footnote 3 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 22 and Footnote 3 purport to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 22 otherwise states legal conclusions to which no response is required.  Defendants admit that the jury in the Virginia Litigation rendered a verdict against Pega on May 9, 2022 for claims under the VCCA and assessed Pega $1 in damages on that claim. Defendants further admit that the verdict on the VUTSA claim, which has since been appealed, included a finding that Pega acted willfully and maliciously.

23.    Defendants deny the allegations in Paragraph 23.  To the extent Paragraph 23 characterizes and describes the percentage of a stock drop without alleging the values used to calculate the percentage drop, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.

11

To the extent Paragraph 23 refers to statements by unidentified analysts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.

24.    Defendants deny the allegations in Paragraph 24 and Footnote 4.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 24 characterizes and describes the percentage of a stock drop without alleging the values used to calculate the percentage drop, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 24 refers to statements by unidentified analysts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 24 and Footnote 4 refer to unidentified statements by Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 24 purports to quote or characterize unidentified documents that speak for themselves, no response is required.

25.    Defendants deny the allegations in Paragraph 25 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 25 characterizes and describes the percentage of a stock drop without alleging the values used to calculate the percentage drop, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 25 refers to statements by unidentified analysts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations,

and therefore deny them.  To the extent Paragraph 25 purports to quote or characterize SEC filings that speak for themselves, no response is required.  Paragraph 25 otherwise states legal conclusions to which no response is required. Defendants admit that Pega filed a Form 8-K with the SEC on September 16, 2022.

26.    Defendants deny the allegations in Paragraph 26.  Paragraph 26 otherwise states legal conclusions or contains a description of the nature of the action to which no response is required.

27.    Defendants deny the allegations in Paragraph 27.  Paragraph 27 otherwise states legal conclusions to which no response is required.

28.    Defendants deny the allegations in Paragraph 28 except as admitted below. Paragraph 28 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.  Defendants admit that Pega's corporate headquarters is located in Massachusetts.

29.    Defendants deny the allegations in Paragraph 29.  To the extent Paragraph 29 purports to describe Plaintiffs' alleged purchase of Pega stock or any other damages allegedly incurred by Plaintiffs, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 29 purports to quote or characterize documents filed on the Court's docket that speak for themselves, no response is required.

30.    Defendants deny the allegations in Paragraph 30 except as admitted below. Defendants admit that Pega was incorporated in Massachusetts in 1983, that it maintains its corporate headquarters in Cambridge, Massachusetts, and that it traded on the NASDAQ under the ticker symbol "PEGA" between June 16, 2020 and May 9, 2022.

31.     Defendants deny the allegations in Paragraph 31 except as admitted below.  To the extent Paragraph 31 describes Plaintiffs' subjective beliefs about Defendant Trefler's wealth or holdings, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Defendants admit that Defendant Trefler has served as Pega's CEO and Chairman since 1983.  Defendants further admit that Defendant Trefler beneficially owned approximately 48.5% of Pega's outstanding common shares as of December 31, 2022, and that Defendant Trefler beneficially owned approximately 49-50% of Pega's outstanding common shares between June 16, 2020 and May 9, 2022.

32.     Defendants deny the allegations in Paragraph 32 and Footnote 5 except as admitted below.  To the extent Footnote 5 purports to explain Plaintiffs' approach to referencing Defendants Trefler and Stillwell in the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Defendants admit the allegations in Paragraph 32, excluding Footnote 5.

33.     Defendants deny the allegations in Paragraph 33 except as admitted below.  To the extent Paragraph 33 describes Plaintiffs' subjective views regarding any industry in which Pega may compete, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 33 refers to unspecified statements by Pega and analysts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Defendants admit that Pega sells a low-code development platform.

34.     Defendants deny the allegations in Paragraph 34.  To the extent Paragraph 34 refers to unidentified statements by Pega, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.

35.     Defendants deny the allegations in Paragraph 35.  To the extent Paragraph 35 purports to describe or characterize specific aspects of Appian's business, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 35 purports to quote or characterize unspecified documents that speak for themselves, no response is required.  Paragraph 35 otherwise states legal conclusions to which no response is required.

36.     Defendants deny the allegations in Paragraph 36.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 36 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 36 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

37.     Defendants deny the allegations in Paragraph 37.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 37 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Paragraph 37 otherwise states legal conclusions to which no response is required.

38.      Defendants deny the allegations in Paragraph 38. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 38 purports to describe measures taken by Appian, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 38 otherwise states legal conclusions to which no response is required.

39.      Defendants deny the allegations in Paragraph 39. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 39 purports to incorporate the allegations set forth in Paragraphs 64-65, Defendants incorporate their responses to Paragraphs 64-65 herein. Defendant Stillwell denies the allegations in Paragraph 39 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 39 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 39 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 39 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

40.      Defendants deny the allegations in Paragraph 40. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending

16

appeal. To the extent Paragraph 40 refers to unidentified statements by Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.

41. Defendants deny the allegations in Paragraph 41 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 41 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 41 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 41 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 41 otherwise states legal conclusions to which no response is required. Pega admits that Pega entered into a general contract with Kforce for services related to the placement of contract workers with Pega.

42. Defendants deny the allegations in Paragraph 42 and Footnote 6 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 42 and Footnote 6 to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to

form a belief as to the truth or falsity of those allegations.  Defendants Trefler and Stillwell deny the allegations in Paragraph 42 and Footnote 6 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 42 purports to describe Mr. Zou's employment history, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 42 and Footnote 6 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Pega admits that Kforce introduced Mr. Zou to John Petronio, who was then employed at Pega.

43.     Defendants deny the allegations in Paragraph 43 and Footnote 7 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 43 and Footnote 7 to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 43 and Footnote 7 contain allegations regarding purported actions or statements by Mr. Zou about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, Defendants Trefler and Stillwell state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 43 and Footnote 7 purport to quote or characterize documents from the Virginia Litigation that speak for themselves, no

18

response is required. Paragraph 43 otherwise states legal conclusions to which no response is required. Pega admits that Mr. Zou intermittently provided consulting services to Pega between 2012 and 2014 and, as part of that engagement, provided video clips of himself using Appian's platform to certain Pega employees, and met with certain Pega employees.

44.    Defendants deny the allegations in Paragraph 44 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 44 purports to incorporate the allegations set forth in Paragraphs 61-63, Defendants incorporate their responses to Paragraphs 61-63 herein. Defendant Stillwell denies the allegations in Paragraph 44 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 44 refers to meetings at which Defendants Trefler and Stillwell were not present, but about which certain information was disclosed during the Virginia Litigation, Defendants Trefler and Stillwell state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 44 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Pega and Defendant Trefler admit that Mr. Zou visited Pega's corporate headquarters, and that he met with certain Pega employees.

45.    Defendants deny the allegations in Paragraph 45. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 45 and Footnote 8 to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those

allegations.  Defendants Trefler and Stillwell deny the allegations in Paragraph 45 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 45 and Footnote 8 purport to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 45 otherwise states legal conclusions to which no response is required.

46.    Defendants deny the allegations in Paragraph 46, Footnote 9, and Footnote 10 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 46, Footnote 9, and Footnote 10 to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 46, Footnote 9, and Footnote 10 contain allegations regarding alleged events about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, Defendants Trefler and Stillwell state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 46 and Footnote 10 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Pega admits that, as part of Mr. Zou's consulting engagement with Pega, he provided video clips of himself using Appian's platform to certain Pega employees.

47.    Defendants deny the allegations in Paragraph 47, Footnote 11, and Footnote 12 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 47, Footnote 11, and Footnote 12 to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Defendants Trefler and Stillwell deny the allegations in Paragraph 47 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 47, Footnote 11, and Footnote 12 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Pega and Defendant Trefler admit that Pega had materials for competing against Appian.

48.    Defendants deny the allegations in Paragraph 48.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 48 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

49.    Defendants deny the allegations in Paragraph 49 and Footnote 13.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 49 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but

21

about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 49 and Footnote 13 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 49 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

50.    Defendants deny the allegations in Paragraph 50.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 50 refers to unidentified statements or documents, Defendants state that they were without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.

51.    Defendants deny the allegations in Paragraph 51, Footnote 14, Footnote 15, and Footnote 16 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 51 purports to incorporate the allegations set forth in Paragraphs 60, 66, and 107-112, Defendants incorporate their responses to Paragraphs 60, 66, and 107-112 herein.  Defendant Stillwell denies the allegations in Paragraph 51, Footnote 14, Footnote 15, and Footnote 16 to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Defendants Trefler and Stillwell deny the allegations in Paragraph 51, Footnote 14, Footnote 15, and Footnote 16 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia

Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 51, Footnote 14, Footnote 15, and Footnote 16 purport to quote or characterize transcripts  from the Virginia Litigation that speak for themselves, no response is required.  Defendants admit that Pega was awarded a 2020 U.S. Census contract.

52.    Defendants deny the allegations in Paragraph 52.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 52 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Defendants Trefler and Stillwell deny the allegations in Paragraph 52 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 52 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 52 otherwise states legal conclusions to which no response is required.

53.    Defendants deny the allegations in Paragraph 53, Footnote 17, and Footnote 18. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 53 purports to incorporate the allegations set forth in Paragraph 65, Defendants incorporate their responses to Paragraph 65 herein.  Defendant Stillwell denies the allegations in Paragraph 53, Footnote 17, and Footnote 18

23

to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 53, Footnote 17, and Footnote 18 purport to describe the knowledge or opinions of Mr. Akgonul, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Defendants Trefler and Stillwell deny the allegations in Paragraph 53, Footnote 17, and Footnote 18 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 53, Footnote 17, and Footnote 18 purport to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 53 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions  to which no response is required.

54.    Defendants deny the allegations in Paragraph 54.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 54 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 54 contains allegations regarding purported actions or statements by unidentified Pega employees about which Defendants do not have independent knowledge, but about which information was disclosed during the Virginia Litigation, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those

24

allegations, and therefore deny them. To the extent Paragraph 54 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

55. Defendants deny the allegations in Paragraph 55. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 55 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 55 purports to describe unidentified actions by unidentified Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.

56. Defendants deny the allegations in Paragraph. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 56 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 56 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 56 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 56 otherwise states legal conclusions to which no response is required.

25

57.    Defendants deny the allegations in Paragraph 57 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 57 purports to incorporate the allegations set forth in Paragraph 66, Defendants incorporate their responses to Paragraph 66 herein. Defendant Stillwell denies the allegations in Paragraph 57 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 57 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 57 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Pega and Defendant Trefler admit that Defendant Trefler received materials containing limited information attributed to Mr. Zou. Pega and Defendant Trefler admit that Pega won a Rabobank contract.

58.    Defendants deny the allegations in Paragraph 58 and Footnote 19. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 58 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 58 purports to describe or characterize meetings that Defendants Trefler and Stillwell did not participate in, Defendants Trefler and Stillwell state that

they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Defendants Trefler and Stillwell deny the allegations in Paragraph 58 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 58 and Footnote 19 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

59.     Defendants deny the allegations in Paragraph 59 and Footnote 20. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 59 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 59 and Footnote 20 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 59 refers to unidentified communications between certain Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 59 otherwise states legal conclusions to which no response is required.

60.    Defendants deny the allegations in Paragraph 60 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 60 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Defendants Trefler and Stillwell deny the allegations in Paragraph 60 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 60 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 60 otherwise states legal conclusions to which no response is required.  Defendants admit that in 2020 Leon Trefler was a Senior Vice President, Global Customer Success and, as of February 2022, Chief of Clients and Markets, and that he is Defendant Trefler's brother.

61.    Defendants deny the allegations in Paragraph 61 and Footnote 21 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 61 and Footnote 21 to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Defendants Trefler and Stillwell deny the allegations in Paragraph 61 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and

Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 61 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Pega and Defendant Trefler admit that, at the time of his termination from Pega in 2015, John Petronio was a Director of Product Marketing.  Pega and Defendant Trefler further admit that, as of 2015, Mr. Schuerman managed employees who performed competitive intelligence.

62.    Defendants deny the allegations in Paragraph 62, Footnote 22, and Footnote 23 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 62 and Footnote 22 to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Defendants Trefler and Stillwell deny the allegations in Paragraph 62 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 62 and Footnote 23 purport to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Pega and Defendant Trefler admit that, for some period of time, Mr. Petronio reported to Mr. Kim.  Pega admits that Mr. Petronio worked to retain Mr. Zou.

63.    Defendants deny the allegations in Paragraph 63 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the

Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 63 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  Defendants Trefler and Stillwell deny the allegations in Paragraph 63 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 63 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Pega admits that Mr. Petronio shared certain materials from Mr. Zou within Pega.

64.    Defendants deny the allegations in Paragraph 64 and Footnote 24 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 64 and Footnote 24 to the extent they contain allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 64 and Footnote 24 refer to unidentified communications between certain Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Defendants Trefler and Stillwell deny the allegations in Paragraph 64 and Footnote 24 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was

30

disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 64 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 64 otherwise states legal conclusions to which no response is required. Pega and Defendant Trefler admit that, beginning in or around January 2020, Mr. Baril was a Director, Office of the CTO at Pega, and that he reported to Mr. Schuerman. Pega further admits that Mr. Baril attended an in-person meeting with Mr. Zou.

65. Defendants deny the allegations in Paragraph 65 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 65 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 65 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 65 purports to quote or characterize internal Pega documents at issue in the Virginia Litigation that speak for themselves, no response is required. Pega admits that Mr. Baril wrote a competitive intelligence memorandum about Appian in 2014.

66. Defendants deny the allegations in Paragraph 66. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendant Stillwell denies the allegations in Paragraph 66 to the extent it contains

31

allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 66 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 66 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 66 otherwise states legal conclusions to which no response is required.

67.     Defendants deny the allegations in Paragraph 67. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 67 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Defendants Trefler and Stillwell deny the allegations in Paragraph 67 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 67 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 67 otherwise states legal conclusions to which no response is required.

68.     Defendants deny the allegations in Paragraph 68.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 68 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 68 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 68 purports to describe the knowledge or opinions of Leon Trefler, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 68 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.

69.     Defendants deny the allegations in Paragraph 69.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 69 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 69 describes Plaintiffs' subjective views regarding Pega's competitive intelligence

efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 69 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.

70. Defendants deny the allegations in Paragraph 70. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 70 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 70 refers to unidentified communications between certain Pega employees, including unidentified communications of Mr. Baril, Mr. Schuerman, and Leon Trefler, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 70 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

71. Defendants deny the allegations in Paragraph 71. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 71 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 71 describes Plaintiffs' subjective views regarding Pega's competitive intelligence

efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 71 refers to unidentified communications between certain Pega employees, including unidentified communications of Mr. Baril and Defendant Trefler, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 71 refers to specific communications to which Defendant Stillwell was not a party, Defendant Stillwell states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them. To the extent Paragraph 71 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

72.   Defendants deny the allegations in Paragraph 72. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 72 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 72 refers to unidentified communications between certain Pega employees, including unidentified communication of Mr. Baril, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 72 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.

73.     Defendants deny the allegations in Paragraph 73.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 73 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 73 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.

74.     Defendants deny the allegations in Paragraph 74.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 74 purports to incorporate the allegations set forth in Paragraph 83, Defendants incorporate their responses to Paragraph 83 herein.  Defendants Trefler and Stillwell deny the allegations in Paragraph 74 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 74 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

75.     Defendants deny the allegations in Paragraph 75.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 75 describes Plaintiffs' subjective views regarding Pega's

competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Defendants Trefler and Stillwell deny the allegations in Paragraph 75 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 75 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 75 otherwise states legal conclusions to which no response is required.

76.     Defendants deny the allegations in Paragraph 76. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 76 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 76 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.

77.     Defendants deny the allegations in Paragraph 77. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 77 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about

which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 77 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.

78.    Defendants deny the allegations in Paragraph 78 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 78 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 78 purports to describe or characterize meetings that Defendant Stillwell did not participate in, Defendant Stillwell states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them. To the extent Paragraph 78 purports to describe or characterize meetings without alleging their date, time, or location, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Pega and Defendant Trefler admit that Defendant Trefler met with Mr. Baril in late 2019.

79.    Defendants deny the allegations in Paragraph 79 and Footnote 25. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 79 and Footnote 25 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent

knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 79 and Footnote 25 purport to incorporate the allegations set forth in Paragraphs 81-99 and 148-161, Defendants incorporate their responses to Paragraphs 81-99 and 148-161 herein. To the extent Paragraph 79 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 79 and Footnote 25 purport to quote or characterize transcripts and statements from Pega's Code of Conduct that speak for themselves, no response is required. Paragraph 79 and Footnote 25 otherwise state legal conclusions to which no response is required.

80. Defendants deny the allegations in Paragraph 80 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 80 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 80 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 80 purports to describe the knowledge or opinions of Mr. Schuerman, Defendants Trefler and Stillwell state that they are without knowledge or information

sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 80 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 80 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 80 otherwise states legal conclusions to which no response is required. Pega admits that certain employees obtained access to Appian's widely available free trials.

81.     Defendants deny the allegations in Paragraph 81. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Paragraph 81 otherwise states legal conclusions to which no response is required.

82.     Defendants deny the allegations in Paragraph 82. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Paragraph 82 otherwise states legal conclusions to which no response is required. Defendants Trefler and Stillwell deny the allegations in Paragraph 82 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 82 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 82 purports to quote or characterize transcripts from the Virginia

Litigation that speak for themselves, no response is required.  Paragraph 82 otherwise states legal conclusions to which no response is required.

83.     Defendants deny the allegations in Paragraph 83.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 83 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 83 refers to unidentified communications between certain Pega employees, including unidentified communications of Mr. Baril, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 83 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 83 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 83 otherwise states legal conclusions to which no response is required.

84.     Defendants deny the allegations in Paragraph 84.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 84 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which

certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 84 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 84 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

85.     Defendants deny the allegations in Paragraph 85. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 85 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 85 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 85 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

86.     Defendants deny the allegations in Paragraph 86. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 86 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about

which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 86 refers to unidentified communications between certain Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 86 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 86 otherwise states legal conclusions to which no response is required.

87.    Defendants deny the allegations in Paragraph 87 and Footnote 26 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Paragraph 87 otherwise states legal conclusions to which no response is required. Defendants admit that approximately 29% of Pega's employees were based in India as of January 31, 2021 and as of January 31, 2022.

88.    Defendants deny the allegations in Paragraph 88. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 88 purports to incorporate the allegations set forth in Paragraph 89, Defendants incorporate their responses to Paragraph 89 herein. Defendants Trefler and Stillwell deny the allegations in Paragraph 88 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 88 refers to unidentified communications between unidentified Pega employees, Defendants state that they are without

knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 88 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

89.    Defendants deny the allegations in Paragraph 89 and Footnote 27.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 89 and Footnote 27 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.   To the extent Paragraph 89 and Footnote 27 refer to unidentified communications between certain Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 89 and Footnote 27 purport to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

90.    Defendants deny the allegations in Paragraph 90.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Paragraph 90 otherwise states legal conclusions to which no response is required.

91.    Defendants deny the allegations in Paragraph 91.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 91 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about

44

which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 91 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

92.   Defendants deny the allegations in Paragraph 92. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 92 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 92 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

93.   Defendants deny the allegations in Paragraph 93 and Footnote 28 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 93 and Footnote 28 purport to incorporate the allegations set forth in Paragraphs 88–89 and 213, Defendants incorporate their responses to Paragraphs 88–89 and 213 herein. Defendants Trefler and Stillwell deny the allegations in Paragraph 93 and Footnote 28 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or

45

information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 93 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.  Defendants admit that Pega released its Version 8.4 on February 25, 2020.

94.    Defendants deny the allegations in Paragraph 94.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 94 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 94 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 94 otherwise states legal conclusions to which no response is required.

95.    Defendants deny the allegations in Paragraph 95.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 95 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 95 contains allegations regarding purported actions or statements by unidentified Pega employees without alleging who they were, what they did, or when they did it, Defendants state

that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 95 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

96. Defendants deny the allegations in Paragraph 96. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 96 refers to unspecified testimony of Mr. Potluri, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 96 describes the knowledge or opinions of unidentified Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 96 otherwise states legal conclusions to which no response is required.

97. Defendants deny the allegations in Paragraph 97. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 97 refers to unspecified "evidence" and unspecified "employees," Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 97 contains allegations regarding actions or statements by unidentified Pega employees about which Defendants do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 97 otherwise states legal conclusions to which no response is required.

98.     Defendants deny the allegations in Paragraph 98.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 98 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 98 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 98 otherwise states legal conclusions to which no response is required.

99.     Defendants deny the allegations in Paragraph 99.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 99 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 99 otherwise states legal conclusions to which no response is required.

100.     Defendants deny the allegations in Paragraph 100.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 100 refers to unidentified communications between unidentified Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 100 otherwise states legal conclusions to which no response is required.

101.     Defendants deny the allegations in Paragraph 101.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending

appeal. Defendant Stillwell denies the allegations in Paragraph 101 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 101 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 101 refers to unidentified communications between unidentified certain Pega employees Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 101 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 101 otherwise states legal conclusions to which no response is required.

102. Defendants deny the allegations in Paragraph 102 and Footnote 29 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 102 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 102 purports to describe or characterize meetings that Defendants Trefler and Stillwell did not participate in, Defendants Trefler and

Stillwell state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 102 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 102 refers to unidentified communications between unidentified Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 102 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 102 otherwise states legal conclusions to which no response is required. Defendants admit that Pega has at times maintained applications for employee use, including Sales Hub and Box.

103.    Defendants deny the allegations in Paragraph 103.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 103 refers to unidentified communications between unidentified Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 103 otherwise states legal conclusions to which no response is required.

104.    Defendants deny the allegations in Paragraph 104 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 104 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent

knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 104 purports to incorporate the allegations set forth in Paragraphs 83-86, Defendants incorporate their responses to Paragraphs 83-86 herein. To the extent Paragraph 104 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 104 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Defendants admit that Pega provided compensation to certain employees for completing management-based objectives, one of which related to presenting research on competing platforms.

105. Defendants deny the allegations in Paragraph 105. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Paragraph 105 otherwise states legal conclusions to which no response is required. To the extent Paragraph 105 describes the receipt of information by Appian from two unidentified persons, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.

106. Defendants deny the allegations in Paragraph 106 and Footnote 30. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 106 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without

knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 106 and Footnote 30 describe the receipt of information by Appian and actions taken by Mr. Petronio, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 106 and Footnote 30 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

107.    Defendants deny the allegations in Paragraph 107 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 107 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 107 refers to unidentified persons, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 107 describes the receipt of information by Appian, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 107 purports to describe the knowledge, opinions, or actions of Mr. Bearden after his termination by Pega, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Defendant Stillwell denies the allegations in Paragraph 107 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or

information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 107 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 107 otherwise states legal conclusions to which no response is required. Defendants admit that Pega employed Mr. Bearden for approximately 12 years, and that he was terminated in 2020. Defendants further admit that at certain times Mr. Bearden interacted with Mr. Petronio and Mr. Baril.

108. Defendants deny the allegations in Paragraph 108. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 108 purports to describe the knowledge, opinions, or actions of Mr. Bearden after his termination by Pega, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 108 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 108 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 108 otherwise states legal conclusions to which no response is required.

109. Defendants deny the allegations in Paragraph 109 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 109 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 109

53

purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Pega admits that Mr. Bearden sent Pega, at Pega's request, documents that Bearden claimed to have located on a thumb drive following his termination from Pega.

110.    Defendants deny the allegations in Paragraph 110.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 110 purports to describe the knowledge or opinions of Mr. Bearden, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 110 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

111.    Defendants deny the allegations in Paragraph 111.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 111 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

112.    Defendants deny the allegations in Paragraph 112.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 112 purports to describe the knowledge, opinions, or actions of Mr. Bearden after his termination by Pega, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 112 refers to unspecified communications involving unspecified Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 112 purports to quote or characterize transcripts from the Virginia

Litigation that speak for themselves, no response is required. Paragraph 112 otherwise states legal conclusions to which no response is required.

113. Defendants deny the allegations in Paragraph 113 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 113 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Defendants admit that Appian filed the Virginia Litigation against Pega and Mr. Zou on May 29, 2020.

114. Defendants deny the allegations in Paragraph 114 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 114 purports to quote or characterize SEC filings that speak for themselves, no response is required. Paragraph 114 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required. Defendants admit that Pega filed its Form 10-K for fiscal year 2021 with the SEC on February 16, 2022, five days after Appian's complaint was amended to assert over $3 billion in damages. Defendants further admit that Pega's FY 2021 Form 10-K is the first SEC filing by Pega that specifically discussed the Virginia Litigation.

115. Defendants deny the allegations in Paragraph 115 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 115 purports to quote or characterize SEC filings that speak for themselves, no response is required. Paragraph 115 otherwise states legal conclusions or characterizations of the claims in this action to which no

55

response is required.  Defendants admit that Pega filed its Q1 2022 Form 10-Q with the SEC on April 28, 2022.

116.    Defendants admit the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 117 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 117 otherwise states legal conclusions to which no response is required. Defendants admit that the jury in the Virginia Litigation returned a unanimous verdict in favor of Appian on May 9, 2022, which has since been appealed, and awarded damages of $2,036,860,045 against Pega and $5,000 against Mr. Zou.

118.    Defendants deny the allegations in Paragraph 118 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 118 refers to unidentified statements by Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 118 purports to describe or characterize meetings or calls that Defendant Trefler did not participate in, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them. To the extent Paragraph 118 purports to quote or characterize SEC filings and transcripts of analyst calls that speak for themselves, no response is required.  Defendants admit that Defendant Stillwell participated in a May 18, 2022 analyst call with Needham & Company, LLC, and in a May 23, 2022 analyst call with JPMorgan Chase.

119.    Defendants deny the allegations in Paragraph 119 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 119 purports to quote or characterize SEC filings that speak for themselves, no response is required.  Defendants admit that the court in the Virginia Litigation entered judgment against Mr. Zou for $5,000, plus interest. Defendants further admit that Pega filed a Form 8-K with the SEC on September 16, 2022.

120.    Defendants deny the allegations in Paragraph 120.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 120 purports to incorporate the allegations set forth in Paragraphs 121-161, Defendants incorporate their responses to Paragraphs 121-161 herein.  To the extent Paragraph 120 refers to unidentified statements by Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 120 purports to quote or characterize unidentified documents that speak for themselves, no response is required.  Paragraph 120 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

121.    Defendants deny the allegations in Paragraph 121 except as admitted below.  To the extent Paragraph 121 purports to quote or characterize documents that speak for themselves, no response is required.  To the extent Paragraph 121 contains allegations regarding events about which Defendant Trefler does not have independent knowledge, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.  Defendants admit that Pega and Defendant Stillwell

participated in a conference call with investors and analysts as part of the NASDAQ 42nd London Investor Conference on June 16, 2020.

122. Defendants deny the allegations in Paragraph 122. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 122 purports to incorporate the allegations set forth in Paragraph 51, Defendants incorporate their responses to Paragraph 51 herein. To the extent Paragraph 122 purports to quote or characterize documents that speak for themselves, no response is required. To the extent Paragraph 122 contains allegations regarding events about which Defendant Trefler does not have independent knowledge, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

123. Defendants deny the allegations in Paragraph 123 except as admitted below. To the extent Paragraph 123 purports to quote or characterize transcripts of earnings calls that speak for themselves, no response is required. Defendants admit that Pega held its Q2 2020 earnings call on July 28, 2020.

124. Defendants deny the allegations in Paragraph 124. To the extent Paragraph 124 purports to quote or characterize transcripts of earnings calls that speak for themselves, no response is required.

125. Defendants deny the allegations in Paragraph 125 except as admitted below. To the extent Paragraph 125 contains allegations regarding events about which Defendant Trefler does not have independent knowledge, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them. To the extent Paragraph 125 purports to quote or characterize transcripts of the 40th

Annual Canaccord Genuity Growth Conference that speak for themselves, no response is required. Defendants admit that Pega and Defendant Stillwell participated in the 40th Annual Canaccord Genuity Growth Conference on August 13, 2020.

126. Defendants deny the allegations in Paragraph 126 except as admitted below. To the extent Paragraph 126 contains allegations regarding events about which Defendant Trefler does not have independent knowledge, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them. To the extent Paragraph 126 purports to quote or characterize transcripts of the Barclays Global Technology, Media, and Telecommunications Conference that speak for themselves, no response is required. Defendants admit that Pega participated in the Barclays Global Technology, Media, and Telecommunications Conference on December 10, 2020.

127. Defendants deny the allegations in Paragraph 127. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 127 contains allegations regarding events about which Defendant Trefler does not have independent knowledge, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them. To the extent Paragraph 127 purports to quote or characterize transcripts of the Barclays Global Technology, Media, and Telecommunications Conference that speak for themselves, no response is required. Paragraph 127 otherwise states legal conclusions to which no response is required.

128. Defendants deny the allegations in Paragraph 128. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 128 purports to quote or characterize SEC filings that speak for

themselves, no response is required.    Paragraph 128 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

129.    Defendants deny the allegations in Paragraph 129 except as admitted below.   To the extent Paragraph 129 purports to quote or characterize SEC filings that speak for themselves, no response is required.   Defendants admit that Pega filed its Form 10-K for fiscal year 2020 on February 17, 2021.

130.    Defendants deny the allegations in Paragraph 130.   Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.   To the extent Paragraph 130 purports to quote or characterize SEC filings that speak for themselves, no response is required.   Paragraph 130 otherwise states legal conclusions to which no response is required.

131.    Defendants deny the allegations in Paragraph 131 and Footnote 31 except as admitted below.   To the extent Paragraph 131 alleges that Mr. Stafford reported to Mr. Trefler without alleging a specific time period, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.   To the extent Paragraph 131 contains allegations regarding events about which Defendant Trefler does not have independent knowledge, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.   To the extent Paragraph 131 purports to quote or characterize transcripts of the Jeffries Software Conference that speak for themselves, no response is required.   Defendants admit that Pega and Defendant Stillwell participated in a conference call as part of the Jefferies Software Conference on September 15, 2021, and that Hayden Stafford joined Pega on June 1, 2020.

132.    Defendants deny the allegations in Paragraph 132.  To the extent Paragraph 132 contains allegations regarding events about which Defendant Trefler does not have independent knowledge, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.  To the extent Paragraph 132 purports to quote or characterize transcripts of the Jeffries Software Conference that speak for themselves, no response is required.

133.    Defendants deny the allegations in Paragraph 133.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 133 purports to incorporate the allegations set forth in Paragraphs 33-119, 121-132, 151, 179, 181, 197-222, Defendants incorporate their responses to Paragraphs 33-119, 121-132, 151, 179, 181, 197-222.  Paragraph 133 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

134.    Defendants admit the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 135 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 135 otherwise states legal conclusions to which no response is required. Defendants admit that Appian filed the Virginia Litigation against Pega on May 29, 2020.

136.    Defendants deny the allegations in Paragraph 136.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 136 purports to quote or characterize SEC filings that speak for

themselves, no response is required. Paragraph 136 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

137.    Defendants deny the allegations in Paragraph 137 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 137 purports to incorporate the allegations set forth in Paragraph 136, Defendants incorporate their responses to Paragraph 136 herein. To the extent Paragraph 137 purports to quote or characterize SEC filings that speak for themselves, no response is required. Paragraph 137 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required. Defendants admit that Pega filed its Form 10-K for fiscal year 2019 with the SEC on February 12, 2020.

138.    Defendants admit the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 139 purports to incorporate the allegations set forth in Paragraphs 17, 113, and 178, Defendants incorporate their responses to Paragraphs 17, 113, and 178 herein. Paragraph 139 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required. To the extent Paragraph 139 purports to quote or characterize SEC filings that speak for themselves, no response is required.

140.    Defendants admit the allegations in Paragraph 140.

141.    Defendants deny the allegations in Paragraph 141. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 141 purports to incorporate the allegations set forth in Paragraphs 17, 113, and 178, Defendants incorporate their responses to Paragraphs 17, 113, and 178 herein.

To the extent Paragraph 141 purports to quote or characterize SEC filings and documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 141 otherwise states legal conclusions to which no response is required.

142.     Defendants deny the allegations in Paragraph 142.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 142 purports to quote or characterize SEC filings that speak for themselves, no response is required.  Paragraph 142 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

143.     Defendants deny the allegations in Paragraph 143.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 143 purports to incorporate the allegations set forth in Paragraphs 33-104, 136, 137, 142, 149, and 162-234, Defendants incorporate their responses to Paragraphs 33-104, 136, 137, 142, 149, and 162-234 herein.  To the extent Paragraph 143 purports to quote or characterize unidentified documents that speak for themselves, no response is required.  Paragraph 143 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

144.     Defendants deny the allegations in Paragraph 144.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 144 purports to incorporate the allegations set forth in Paragraphs 162-196, Defendants incorporate their responses to Paragraphs 162-196 herein.  To the extent Paragraph 144 purports to quote or characterize SEC filings that speak for themselves, no response is required.  Paragraph 144 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

145. Defendants deny the allegations in Paragraph 145 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 145 purports to quote or characterize SEC filings that speak for themselves, no response is required. Paragraph 145 otherwise states legal conclusions to which no response is required. Defendants admit that Pega filed its Form 10-K for fiscal year 2021 with the SEC on February 16, 2022, and that Defendants Trefler and Stillwell signed the 2021 Form 10-K. Defendants further admit that Pega's FY 2021 Form 10-K is the first SEC filing by Pega that discussed the Virginia Litigation.

146. Defendants deny the allegations in Paragraph 146 except as admitted below. To the extent Paragraph 146 purports to quote or characterize SEC filings that speak for themselves, no response is required. Defendants admit that Pega filed its Q1 2022 Form 10-Q with the SEC on April 28, 2022, and that Defendant Stillwell signed the Q1 2022 Form 10-Q.

147. Defendants deny the allegations in Paragraph 147. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 147 purports to incorporate the allegations set forth in Paragraphs 12, 33-104, 145-146, 179-181, 197-222, and 240, Defendants incorporate their responses to Paragraphs 12, 33-104, 145-146, 179-181, 197-222, and 240 herein. To the extent Paragraph 147 purports to quote or characterize unidentified documents that speak for themselves, no response is required. Paragraph 147 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

148. Defendants deny the allegations in Paragraph 148. To the extent Paragraph 148 purports to quote or characterize SEC filings that speak for themselves, no response is required.

149.    Defendants deny the allegations in Paragraph 149 except as admitted below.  To the extent Paragraph 149 purports to quote or characterize Pega's website and SEC filings that speak for themselves, no response is required.  Defendants admit that Pega's Code of Conduct was publicly available on Pega's website from June 16, 2020 through May 9, 2022.

150.    Defendants deny the allegations in Paragraph 150.  Defendants dispute Plaintiffs' the Virginia Litigation, which is pending appeal.  To the extent Paragraph 150 purports to quote or characterize Pega's Code of Conduct that speaks for itself, no response is required.  Paragraph 150 otherwise states legal conclusions to which no response is required.

151.    Defendants deny the allegations in Paragraph 151.  To the extent Paragraph 151 purports to quote or characterize statements from Pega's Code of Conduct that speak for themselves, no response is required.

152.    Defendants deny the allegations in Paragraph 152.  To the extent Paragraph 152 purports to quote or characterize statements from Pega's Code of Conduct that speak for themselves, no response is required.

153.    Defendants deny the allegations in Paragraph 153.  To the extent Paragraph 153 purports to quote or characterize statements from Pega's Code of Conduct that speak for themselves, no response is required.

154.    Defendants deny the allegations in Paragraph 154.  To the extent Paragraph 154 purports to quote or characterize statements from Pega's Code of Conduct that speak for themselves, no response is required.

155.    Defendants deny the allegations in Paragraph 155.  To the extent Paragraph 155 purports to quote or characterize statements from Pega's Code of Conduct that speak for themselves, no response is required.

156.    Defendants deny the allegations in Paragraph 156.  To the extent Paragraph 156 purports to quote or characterize statements from Pega's Code of Conduct that speak for themselves, no response is required.

157.    Defendants deny the allegations in Paragraph 157.  To the extent Paragraph 157 purports to quote or characterize statements from Pega's Code of Conduct that speak for themselves, no response is required.

158.    Defendants deny the allegations in Paragraph 158.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 158 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 158 purports to incorporate the allegations set forth in Paragraphs 10, 33-119, 148-157, 197-222, 231, Defendants incorporate their responses to Paragraphs 10, 33-119, 148-157, 197-222, 231 herein.  To the extent Paragraph 158 purports to quote or characterize unspecified documents that speak for themselves, no response is required.  Paragraph 158 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

159.    Defendants deny the allegations in Paragraph 159.  To the extent Paragraph 159 purports to quote or characterize SEC filings that speak for themselves, no response is required.

160.    Defendants deny the allegations in Paragraph 160 except as admitted below.  To the extent Paragraph 160 purports to quote or characterize SEC filings that speak for themselves, no response is required.  Defendants admit that Defendants Trefler and Stillwell executed SOX certifications on Forms 10-K and 10-Q issued between June 16, 2020 and May 9, 2022.

161.    Defendants deny the allegations in Paragraph 161.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 161 purports to incorporate the allegations set forth in Paragraphs 33-119, 128, 130, 134-149, Defendants incorporate their responses to Paragraphs 33-119, 128, 130, 134-149 herein.  Paragraph 161 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

162.    Defendants deny the allegations in Paragraph 162, Footnote 42, and Footnote 33. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 162, Footnote 32, and Footnote 33 purport to quote or characterize, SEC filings, GAAP provisions, or regulations that speak for themselves, no response is required.  Paragraph 162, Footnote 32, and Footnote 33 otherwise state legal conclusions or characterizations of the claims in this action to which no response is required.

163.    Defendants deny the allegations in Paragraph 163 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 2163 refers to unspecified allegations referenced earlier in the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 163 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 163 otherwise states legal conclusions to which no response is required.  Defendants admit that Appian filed the Virginia Litigation against Pega on May 29, 2020.

164.    Defendants deny the allegations in Paragraph 164.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 164 purports to incorporate the allegations set forth in Paragraphs 13, 175-177, 185, and 223-224, Defendants incorporate their responses to Paragraphs 13, 175-177, 185, and 223-224 herein.  To the extent Paragraph 164 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 164 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

165.    Defendants deny the allegations in Paragraph 165 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 165 describes Plaintiffs' subjective views regarding Pega's competitive intelligence efforts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 165 purports to incorporate the allegations set forth in Paragraphs 18, 114, 145, and 169, Defendants incorporate their responses to Paragraphs 18, 114, 145, and 169 herein.  To the extent Paragraph 165 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 165 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.  Defendants admit that Pega filed its Form 10-K for fiscal year 2021 on February 16, 2022.  Defendants further admit that Pega's FY 2021 Form 10-K is the first SEC filing by Pega that specifically discussed the Virginia Litigation.

166.    Defendants deny the allegations in Paragraph 166 except as admitted below.  To the extent Paragraph 166 purports to quote or characterize SEC filings, GAAP provisions, or

regulations that speak for themselves, no response is required.  Paragraph 166 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required. Defendants admit that Pega's FY 2021 Form 10-K is the first SEC filing by Pega that specifically discussed the Virginia Litigation.

167.    Defendants deny the allegations in Paragraph 167.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 167 purports to quote or characterize SEC filings or regulations that speak for themselves, no response is required.  Paragraph 167 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

168.    Defendants deny the allegations in Paragraph 168.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 168 purports to quote or characterize regulations that speak for themselves, no response is required.  Paragraph 168 otherwise states legal conclusions to which no response is required.

169.    Defendants deny the allegations in Paragraph 169 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 169 purports to quote or characterize SEC filings that speak for themselves, no response is required.  Paragraph 169 otherwise states legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the remaining allegations in Paragraph 169.  Defendants admit that Pega filed its Form 10-K for fiscal year 2021 on February 16, 2022.  Defendants further admit that Pega's FY 2021 Form 10-K is the first SEC filing by Pega that specifically discussed the Virginia Litigation.

170.    Defendants deny the allegations in Paragraph 170.  Paragraph 170 otherwise states characterizations of the claims in this action to which no response is required.

171.    Defendants deny the allegations in Paragraph 171.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 171 purports to quote or characterize SEC filings that speak for themselves, no response is required.  Paragraph 171 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

172.    Defendants deny the allegations in Paragraph 172.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 172 purports to quote or characterize SEC filings and documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 172 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

173.    Defendants deny the allegations in Paragraph 173.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Paragraph 173 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

174.    Defendants deny the allegations in Paragraph 174.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 174 purports to quote or characterize regulations or unspecified documents that speak for themselves, no response is required.  Paragraph 174 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

175.    Defendants deny the allegations in Paragraph 175, Footnote 34, and Footnote 35. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 174, Footnote 34, and Footnote 35 purport to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 175 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

176.    Defendants deny the allegations in Paragraph 176.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 176 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

177.    Defendants deny the allegations in Paragraph 177.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 177 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 177 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

178.    Defendants deny the allegations in Paragraph 178.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 178 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 178 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

179.    Defendants deny the allegations in Paragraph 179.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 179 purports to quote or characterize unspecified statements or documents that speak for themselves, no response is required.

180.    Defendants deny the allegations in Paragraph 180, Footnote 36, and Footnote 37. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 180, Footnote 36, and Footnote 37 purport to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.

181.    Defendants deny the allegations in Paragraph 181 and Footnote 38.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 181 and Footnote 38 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 181 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

182.    Defendants deny the allegations in Paragraph 182 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Paragraph 182 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required. Defendants admit that closing arguments in the Virginia Litigation occurred on May 5, 2022. Defendants further admit that the jury in the Virginia Litigation returned a verdict in favor of Appian, which has since been appealed, and awarded Appian damages of $2,036,860,045 against Pega.

183.    Defendants deny the allegations in Paragraph 183.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.   To the extent Paragraph 183 purports to describe unspecified documents or data, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 183 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

184.    Defendants deny the allegations in Paragraph 184.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 184 purports to incorporate the allegations set forth in Paragraphs 7, 51-52, 57, 60, 66, 85, 101, and 107, Defendants incorporate their responses to Paragraphs 7, 51-52, 57, 60, 66, 85, 101, and 107 herein.  To the extent Paragraph 184 refers to unidentified communications between unidentified Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 184 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Defendants Trefler and Stillwell deny the allegations in Paragraph 184 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of

those allegations. To the extent Paragraph 184 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

185. Defendants deny the allegations in Paragraph 185. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 185 purports to incorporate the allegations set forth in Paragraph 176, Defendants incorporate their responses to Paragraph 176 herein. To the extent Paragraph 185 purports to quote or characterize statutes or regulations that speak for themselves, no response is required. Paragraph 185 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

186. Defendants deny the allegations in Paragraph 186 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 186 purports to incorporate the allegations set forth in Paragraphs 25 and 119, Defendants incorporate their responses to Paragraph 25 and 119 herein. To the extent Paragraph 186 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 186 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required. Defendants admit that Appian filed a motion to recover attorneys' fees and costs in the Virginia Litigation on June 8, 2022, that the court granted that motion in part on September 15, 2022, and that the ruling on that motion has since been appealed.

187. Defendants deny the allegations in Paragraph 187. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending

appeal. Paragraph 187 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

188. Defendants deny the allegations in Paragraph 188 and Footnote 39. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 188 refers to unidentified statements by the SEC, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 188 and Footnote 39 purport to quote or characterize SEC filings, regulations, and GAAP provisions that speak for themselves, no response is required. Paragraph 188 and Footnote 39 otherwise state legal conclusions or characterizations of the claims in this action to which no response is required.

189. Defendants deny the allegations in Paragraph 189. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 189 purports to quote or characterize GAAP provisions that speak for themselves, no response is required. Paragraph 189 otherwise states legal conclusions to which no response is required.

190. Defendants deny the allegations in Paragraph 190. To the extent Paragraph 190 purports to quote or characterize GAAP provisions that speak for themselves, no response is required. Paragraph 190 otherwise states legal conclusions to which no response is required.

191. Defendants deny the allegations in Paragraph 191. To the extent Paragraph 191 purports to quote or characterize GAAP provisions that speak for themselves, no response is required. Paragraph 191 otherwise states legal conclusions to which no response is required.

192. Defendants deny the allegations in Paragraph 192. To the extent Paragraph 192 purports to quote or characterize GAAP provisions that speak for themselves, no response is required. Paragraph 192 otherwise states legal conclusions to which no response is required.

193. Defendants deny the allegations in Paragraph 193. To the extent Paragraph 193 purports to quote or characterize GAAP provisions that speak for themselves, no response is required. Paragraph 193 otherwise states legal conclusions to which no response is required.

194. Defendants deny the allegations in Paragraph 194. To the extent Paragraph 194 purports to quote or characterize GAAP provisions that speak for themselves, no response is required. Paragraph 194 otherwise states legal conclusions to which no response is required.

195. Defendants deny the allegations in Paragraph 195. To the extent Paragraph 195 purports to quote or characterize GAAP provisions that speak for themselves, no response is required. Paragraph 195 otherwise states legal conclusions to which no response is required.

196. Defendants deny the allegations in Paragraph 196 and Footnote 40. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 196 and Footnote 40 purports to incorporate the allegations set forth in Paragraphs 5, 9-10, 117, 33-104, 113, 175-183, 197-215, and 217, Defendants incorporate their responses to Paragraphs 5, 9-10, 117, 33-104, 113, 175-183, 197-215, and 217 herein. To the extent Paragraph 196 and Footnote 40 purport to quote or characterize documents or GAAP provisions that speak for themselves, no response is required. Paragraph 196 and Footnote 40 otherwise state legal conclusions or characterizations of the claims in this action to which no response is required.

197. Defendants deny the allegations in Paragraph 197. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending

appeal.  Defendant Stillwell denies the allegations in Paragraph 197 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Paragraph 197 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

198.   Defendants deny the allegations in Paragraph 198.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 198 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 198 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 198 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  To the extent Paragraph 198 purports to incorporate the allegations set forth in Paragraphs 4, 5, 41, and 54, Defendants incorporate their responses to Paragraphs 4, 5, 41, and 54.

199.   Defendants deny the allegations in Paragraph 199.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendant Stillwell denies the allegations in Paragraph 199 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without

knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 199 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 199 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required. To the extent Paragraph 199 purports to incorporate the allegations set forth in Paragraph 54, Defendants incorporate their response to Paragraph 54.

200. Defendants deny the allegations in Paragraph 200. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 200 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 200 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

201. Defendants deny the allegations in Paragraph 201 and Footnote 41. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 201 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but

about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 201 and Footnote 41 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

202.    Defendants deny the allegations in Paragraph 202 and Footnote 42. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 202 purports to incorporate the allegations set forth in Paragraphs 124-125, Defendants incorporate their responses to Paragraphs 124-125 herein. Defendants Trefler and Stillwell deny the allegations in Paragraph 202 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 202 and Footnote 42 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 202 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

203.    Defendants deny the allegations in Paragraph 203. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 203 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or

information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 203 purports to incorporate the allegations set forth in Paragraphs 81-99, Defendants incorporate their responses to Paragraphs 81-99.  To the extent Paragraph 203 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 203 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

204.    Defendants deny the allegations in Paragraph 204, Footnote 43, and Footnote 44. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 204 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 204, Footnote 43, and Footnote 44 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 204 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

205.    Defendants deny the allegations in Paragraph 205.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 205 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 205 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

206. Defendants deny the allegations in Paragraph 206. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 206 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 206 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 206 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

207. Defendants deny the allegations in Paragraph 207. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 207 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 207 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 207 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

208. Defendants deny the allegations in Paragraph 208. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending

appeal. To the extent Paragraph 208 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

209. Defendants deny the allegations in Paragraph 209. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 209 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

210. Defendants deny the allegations in Paragraph 210. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 210 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

211. Defendants deny the allegations in Paragraph 211. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 211 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

212. Defendants deny the allegations in Paragraph 212. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Paragraph 212 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

213. Defendants deny the allegations in Paragraph 213. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 213 purports to incorporate the allegations set forth in Paragraphs 88, 89, and 93, Defendants incorporate their responses to Paragraphs 88, 89, and 93. Defendants Trefler and Stillwell deny the allegations in Paragraph 213 to the extent it contains allegations

82

regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 213 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 213 otherwise states legal conclusions to which no response is required.

214. Defendants deny the allegations in Paragraph 214. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 214 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Paragraph 214 otherwise states legal conclusions to which no response is required. To the extent Paragraph 214 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

215. Defendants deny the allegations in Paragraph 215 and Footnote 45. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 215 and Footnote 45 to the extent they contain allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as

they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 215 and Footnote 45 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 215 otherwise states legal conclusions to which no response is required.

216. Defendants deny the allegations in Paragraph 216. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 216 purports to incorporate the allegations set forth in Paragraphs 33-119, Defendants incorporate their responses to Paragraphs 33-119. To the extent Paragraph 216 refers to unidentified statements by Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 216 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

217. Defendants deny the allegations in Paragraph 217. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 217 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 217 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 217 otherwise states legal conclusions to which no response is required.

218. Defendants deny the allegations in Paragraph 218 and Footnote 46. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 218 purports to incorporate the allegations set forth in Paragraph 79, Defendants incorporate their response to Paragraph 79. Defendants Trefler and Stillwell deny the allegations in Paragraph 218 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 218 and Footnote 46 purport to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.

219. Defendants deny the allegations in Paragraph 219. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 219 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 219 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

220. Defendants deny the allegations in Paragraph 220. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Defendants Trefler and Stillwell deny the allegations in Paragraph 220 to the extent it

contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 220 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 220 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

221. Defendants deny the allegations in Paragraph 221 and Footnote 47. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 221 refers to unidentified statements by unidentified Pega employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 221 and Footnote 47 purport to quote or characterize documents, statutes, and dictionaries that speak for themselves, no response is required. Paragraph 221 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

222. Defendants deny the allegations in Paragraph 222. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 222 describes the subjective conclusions of the jury, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 222 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no

response is required.  Paragraph 222 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

223.    Defendants deny the allegations in Paragraph 223.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Paragraph 223 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

224.    Defendants deny the allegations in Paragraph 224.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 224 refers to Appian's subjective intent, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 224 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.

225.    Defendants deny the allegations in Paragraph 225.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 225 purports to incorporate the allegations set forth in Paragraphs 33-104 and 179-180, Defendants incorporate their responses to Paragraphs 33-104 and 179-180.  To the extent Paragraph 225 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 225 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

226.    Defendants deny the allegations in Paragraph 226.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending

appeal. Paragraph 226 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

227.    Defendants deny the allegations in Paragraph 227. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Paragraph 227 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

228.    Defendants deny the allegations in Paragraph 228. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 228 purports to quote or characterize unspecified documents or communications that speak for themselves, no response is required.

229.    Defendants deny the allegations in Paragraph 229. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. Paragraph 229 otherwise states legal conclusions to which no response is required.

230.    Defendants deny the allegations in Paragraph 230. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 230 refers to the knowledge of investors, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 230 otherwise states legal conclusions to which no response is required.

231.    Defendants deny the allegations in Paragraph 231. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 231 purports to incorporate the allegations set forth in Paragraphs 4-5, 41-42, 46, 85-86, and 104, Defendants incorporate their responses to Paragraphs 4-5, 41-42,

46, 85-86, and 104 herein. Defendant Stillwell denies the allegations in Paragraph 231 to the extent it contains allegations regarding events occurring before he joined Pega in 2016 as he is therefore without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Defendants Trefler and Stillwell deny the allegations in Paragraph 231 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 231 refers to specific communications to which Defendant Trefler was not a party, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them. To the extent Footnote 48 purports to describe an action by IBM that Defendants were not party to, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 231 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required. Paragraph 231 otherwise states legal conclusions to which no response is required.

232. Defendants deny the allegations in Paragraph 232. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 232 refers to unspecified employees, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 232 refers to specific communications to which Defendant Stillwell was not a party, Defendant Stillwell states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those

allegations, and therefore denies them. Defendants Trefler and Stillwell deny the allegations in Paragraph 232 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 232 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required. Paragraph 232 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

233. Defendants deny the allegations in 233. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 233 purports to incorporate the allegations set forth in Paragraphs 88, 93, and 96, Defendants incorporate their responses to Paragraphs 88, 93, and 96 herein. Defendants Trefler and Stillwell deny the allegations in Paragraph 233 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 233 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 233 purports to quote or characterize transcripts from the Virginia

Litigation that speak for themselves, no response is required.  Paragraph 233 otherwise states legal conclusions to which no response is required.

234.  Defendants deny the allegations in Paragraph 234.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Paragraph 234 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

235.  Defendants deny the allegations in Paragraph 235.  To the extent Paragraph 235 describes Plaintiffs' subjective views regarding the market in which Appian competes, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 235 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

236.  Defendants deny the allegations in Paragraph 236.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.   To the extent Paragraph 236 describes Plaintiffs' subjective views regarding the competitiveness of any industry in which Pega may compete, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.   To the extent Paragraph 236 refers to specific communications to which Defendants Stillwell and Trefler were not parties, Defendants Stillwell and Trefler state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Defendants Trefler and Stillwell deny the allegations in Paragraph 236 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the

91

Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. To the extent Paragraph 236 purports to quote or characterize transcripts and documents from the Virginia Litigation that speak for themselves, no response is required.

237. Defendants deny the allegations in Paragraph 237. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal. To the extent Paragraph 237 contains allegations regarding events that Defendant Trefler did not attend, Defendant Trefler states that he is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them. To the extent Paragraph 237 purports to quote or characterize transcripts of conferences that speak for themselves, no response is required.

238. Defendants deny the allegations in Paragraph 238. To the extent Paragraph 238 purports to describe the knowledge or opinions of Appian, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 238 purports to quote or characterize transcripts of conference and forums that speak for themselves, no response is required.

239. Defendants deny the allegations in Paragraph 239. To the extent Paragraph 239 purports to describe the knowledge or opinions of analysts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 239 purports to quote or characterize unidentified analyst reports that speak for themselves, no response is required.

240. Defendants deny the allegations in Paragraph 240. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending

appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 240 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 240 describes Plaintiffs' subjective views regarding competition between Pega and Appian, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 240 purports to quote or characterize documents from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 240 otherwise states Plaintiffs' characterizations of the Virginia Litigation and legal conclusions to which no response is required.

241.    Defendants deny the allegations in Paragraph 241 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  Defendants Trefler and Stillwell deny the allegations in Paragraph 241 to the extent it contains allegations regarding purported actions or statements by certain Pega employees about which Defendants Trefler and Stillwell do not have independent knowledge, but about which certain information was disclosed during the Virginia Litigation, as they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.  To the extent Paragraph 241 describes Plaintiffs' subjective views regarding competition between Pega and Appian, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 241 purports to quote or characterize transcripts from the Virginia Litigation that speak for themselves, no response is required.  Paragraph 241 otherwise

93

states legal conclusions to which no response is required.  Defendants admit that Pega and Appian competed over certain customers and deals.

242.    Defendants deny the allegations in Paragraph 242.  To the extent Paragraph 242 purports to describe Plaintiffs' alleged purchase of Pega stock or any other damages allegedly incurred by Plaintiffs and other unidentified investors, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 242 refers to unidentified allegations, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 242 describes Plaintiffs' subjective views regarding the size of a stock drop, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 242 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

243.    Defendants deny the allegations in Paragraph 243 and Footnote 49 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 243 purports to incorporate the allegations set forth in Paragraphs 19, 114, and 145, Defendants incorporate their responses to Paragraphs 19, 114, and 145.  To the extent Paragraph 243 and Footnote 49 characterize and describe the percentage of a stock drop without alleging the values used to calculate percentage drop, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 243 purports to quote or characterize SEC filings and unidentified statements that speak for themselves, no response is required.  Paragraph 243 otherwise states legal

94

conclusions to which no response is required.  Defendants admit that Pega filed its Form 10-K for fiscal year 2021 with the SEC on February 16, 2022, five days after Appian's complaint was amended to allege over $3 billion in damages.

244.    Defendants deny the allegations in Paragraph 244, Footnote 50, and Footnote 51 except as admitted below.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 244 and Footnote 51 characterize and describe the percentage of a stock drop without alleging the values used to calculate the percentage drop, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 244 and Footnote 50 purport to quote or characterize SEC filings that speak for themselves, no response is required.  Defendants admit that Pega filed a Form 8-K with the SEC on May 9, 2022.  Defendants further admit that Appian filed a motion to recover attorneys' fees and costs in the Virginia Litigation on June 8, 2022, that the court granted that motion in part on September 15, 2022, and that the ruling on that motion has since been appealed.

245.    Defendants deny the allegations in Paragraph 245.  To the extent Paragraph 245 describes Plaintiffs' subjective views regarding the size of a stock drop, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 245 describes unidentified statements by unidentified analysts, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 245 purports to quote or characterize documents and statements by analysts that speak for themselves, no response is required.

246.    Defendants deny the allegations in Paragraph 246 and Footnote 52.  To the extent Paragraph 246 purports to incorporate the allegations set forth Footnote 4, Defendants incorporate their response to Footnote 4.  To the extent Paragraph 246 purports to quote or characterize documents and statements by analysts that speak for themselves, no response is required.

247.    Defendants deny the allegations in Paragraph 247 except as admitted below. Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 247 purports to quote or characterize SEC filings that speak for themselves, no response is required.  Defendants admit that Pega filed a Form 8-K with the SEC on September 16, 2022.

248.    Defendants deny the allegations in Paragraph 248 and Footnote 53.  Defendants dispute Plaintiffs' mischaracterizations of and subjective views concerning the Virginia Litigation, which is pending appeal.  To the extent Paragraph 248 describes the knowledge and opinions of analysts and investors, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 248 and Footnote 53 characterize and describe the percentage of a stock drop without alleging the values used to calculate the percentage drop, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 248 purports to quote or characterize statements by analysts that speak for themselves, no response is required.  Paragraph 248 otherwise states legal conclusions to which no response is required.

249.    Defendants deny the allegations in Paragraph 249.  To the extent Paragraph 249 describes Plaintiffs' subjective views regarding the size of a stock drop, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those

allegations, and therefore deny them.  To the extent Paragraph 249 purports to describe Plaintiffs'

alleged purchase of Pega stock or any other damages allegedly incurred by Plaintiffs or other

investors, Defendants state that they are without knowledge or information sufficient to form a

belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 249

otherwise states legal conclusions or characterizations of the claims in this action to which no

response is required.

250.    Defendants deny the allegations in Paragraph 250.  Paragraph 250 otherwise states

legal conclusions or characterizations of the claims in this action to which no response is required.

251.    Defendants deny the allegations in Paragraph 251.  To the extent Paragraph 251

describes Plaintiffs' subjective characterizations of the market, Defendants state that they are

without knowledge or information sufficient to form a belief as to the truth or falsity of those

allegations, and therefore deny them.  Paragraph 251 otherwise states legal conclusions or

characterizations of the claims in this action to which no response is required.

252.    Defendants deny the allegations in Paragraph 252.  Paragraph 252 otherwise states

legal conclusions or characterizations of the claims in this action to which no response is required.

253.    Defendants deny the allegations in Paragraph 253.  Paragraph 253 otherwise states

legal conclusions or characterizations of the claims in this action to which no response is required.

254.    Defendants deny the allegations in Paragraph 254.  Paragraph 254 otherwise states

legal conclusions or characterizations of the claims in this action to which no response is required.

255.    Defendants deny the allegations in Paragraph 255.  Paragraph 255 otherwise states

legal conclusions or characterizations of the claims in this action to which no response is required.

256.    Defendants deny the allegations in Paragraph 256.  To the extent Paragraph 256

purports to describe Plaintiffs' subjective intent, Defendants state that they are without knowledge

or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 256 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

257.    Defendants deny the allegations in Paragraph 257.  Paragraph 257 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

258.    Defendants deny the allegations in Paragraph 258.  Paragraph 258 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

259.    Paragraph 259 purports to repeat and reallege each allegation to which Defendants have already provided a response, and therefore does not require a further response.  To the extent a further response is required, Defendants incorporate their responses to Paragraphs 1 through 258 herein.

260.    Defendants deny the allegations in Paragraph 260.  To the extent Paragraph 260 purports to incorporate the allegations set forth in Paragraphs 120-161, Defendants incorporate their responses to Paragraphs 120-161.  Paragraph 260 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

261.    Defendants deny the allegations in Paragraph 261.  Paragraph 261 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

262.    Defendants deny the allegations in Paragraph 262.  Paragraph 262 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

263.    Defendants deny the allegations in Paragraph 263.  Paragraph 263 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

264.    Defendants deny the allegations in Paragraph 264.  Paragraph 264 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

265. Defendants deny the allegations in Paragraph 265. To the extent Paragraph 265 purports to describe Plaintiffs' reliance, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 265 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

266. Defendants deny the allegations in Paragraph 266. To the extent Paragraph 266 purports to describe Plaintiffs' reliance, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. Paragraph 266 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

267. Defendants deny the allegations in Paragraph 267. Paragraph 267 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

268. Paragraph 268 purports to repeat and reallege each allegation to which Defendants have already provided a response, and therefore does not require a further response. To the extent a further response is required, Defendants incorporate their responses to Paragraphs 1 through 267 herein.

269. Defendants deny the allegations in Paragraph 269. Paragraph 269 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

270. Defendants deny the allegations in Paragraph 270 except as admitted below. To the extent Paragraph 270 describes Plaintiffs' subjective characterizations of the power Defendant Trefler exerted over Pega, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them. To the extent Paragraph 270 purports to quote or characterize transcripts from the Virginia

Litigation or SEC filings that speak for themselves, no response is required.  Defendants admit that Defendant Trefler founded Pega and has served as its CEO and Chairman since 1983.

271.   Defendants deny the allegations in Paragraph 271 except as admitted below.  Pega and Defendant Trefler admit that Defendant Trefler beneficially owned approximately 48.5% of Pega's outstanding common shares as of December 31, 2022, and that Defendant Trefler beneficially owned approximately 49-50% of Pega's outstanding common shares between June 16, 2020 and May 9, 2022.

272.   Defendants deny the allegations in Paragraph 272.  To the extent Paragraph 272 describes Plaintiffs' subjective characterizations of the power Defendant Trefler exerted over Pega, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 272 purports to quote or characterize SEC filings that speak for themselves, no response is required.

273.   Defendants deny the allegations in Paragraph 273.  To the extent Paragraph 273 purports to quote or characterize SEC filings that speak for themselves, no response is required.

274.   Defendants deny the allegations in Paragraph 274 except as admitted below.  To the extent Paragraph 274 describes Plaintiffs' subjective characterizations of Defendant Stillwell's role at Pega, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  To the extent Paragraph 274 purports to quote or characterize transcripts of earnings calls that speak for themselves, no response is required.  Defendants admit that Defendant Stillwell began serving as Pega's CFO and CAO in July 2016.  Defendants further admit that Defendant Stillwell was

promoted to COO in addition to his role as CFO in April 2021.  Defendants further admit that Pega held its Q3 2020 earnings call on October 28, 2020.

275.    Defendants deny the allegations in Paragraph 275.  To the extent Paragraph 275 purports to incorporate the allegations set forth in Paragraphs 120-161, Defendants incorporate their responses to Paragraphs 120-161.  To the extent Paragraph 275 purports to quote or characterize SEC filings that speak for themselves, no response is required.  To the extent Paragraph 275 refers to unidentified statements by Defendants, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 275 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

276.    Defendants deny the allegations in Paragraph 276.  Paragraph 276 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

277.    Defendants deny the allegations in Paragraph 277.  Paragraph 277 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

278.    Defendants deny the allegations in Paragraph 278.  To the extent Paragraph 278 describes the damages allegedly suffered by Plaintiffs or other investors, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore deny them.  Paragraph 278 otherwise states legal conclusions or characterizations of the claims in this action to which no response is required.

Plaintiffs' prayer for relief describes Plaintiffs' requested relief, to which no response is required.  To the extent any response is required to Plaintiffs' prayer for relief, Defendants deny the allegations contained therein.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a jury trial of all issues triable by jury under applicable law.

## AFFIRMATIVE DEFENSES

In further response to the Complaint and each claim asserted therein, and without assuming the burden of proof, persuasion, or production as to any issue where such burden is not legally assigned to them, Defendants assert the following affirmative and other defenses. By asserting such defenses, Defendants do not waive any affirmative defenses and reserve the right to assert any and all affirmative defenses that may be available as new information is learned through discovery and further investigation. No pleaded defense constitutes an admission of liability or indicates that Plaintiffs are entitled to any relief.

### First Affirmative Defense (Fraud by Hindsight)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' theory of alleged fraud is nothing more than impermissible fraud by hindsight, leveraging an unexpected and unfounded jury verdict that is currently on appeal to assert that statements made by Defendants prior to the verdict were somehow false and misleading.

### Second Defense (Failure to State a Claim)

Plaintiffs' claims are barred, in whole or in part, because the Complaint and each claim alleged therein fails to state a claim upon which relief may be granted, including insofar as the Complaint does not plead with particularity any facts giving rise to an actionable misstatement or omission, an inference of scienter, or loss causation.

### Third Defense (Failure to Plead Fraud with Particularity)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to plead fraud with sufficient particularity.

### Fourth Defense (No False Statement)

Plaintiffs' claims are barred, in whole or in part, because no false or misleading statement or omission was made by any of the Defendants nor can any false or misleading statement or omission be attributed to any of the Defendants, including insofar as the statements are challenged as false because the jury erroneously found that the features and functionality of Appian's platform are "trade secrets."

### Fifth Defense (Opinion Statements)

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged misstatements concerned genuinely held opinions, including because Defendants at all relevant times reasonably believed that the Virginia Litigation lacks merit, was barred in whole or in part by the statute of limitations, and that the features and functionality of Appian's platform  are not "trade secrets," and there are no damages.

### Sixth Defense (No Failure to Disclose)

Plaintiffs' claims are barred, in whole or in part, because Defendants did not have a duty to disclose any facts allegedly not disclosed.

<u>Seventh Defense (Lack of Materiality)</u>

Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor, including in light of the total mix of information available to investors.

<u>Eighth Defense (Safe Harbor)</u>

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements were forward-looking statements, were identified as such and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements and/or the person making the statement did not have actual knowledge that the statements were materially false or misleading or the statements were made or approved by an executive officer of Pegasystems who did not have actual knowledge that the statements were materially false or misleading.  Accordingly, such alleged misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995.

<u>Ninth Defense (Bespeaks Caution)</u>

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements were forward-looking statements and were accompanied by public statements, including but not limited to, statements in SEC filings, press releases, conference calls, analyst events, and interviews, that bespoke caution about the risks of investing in Pegasystems.

<u>Tenth Defense (Puffery)</u>

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements were mere corporate puffery and/or vague statements of optimism.

Eleventh Defense (No Scienter)

Plaintiffs' claims are barred, in whole or in part, by the Private Securities Litigation Reform Act of 1995, including insofar as the Complaint does not plead with particularity any facts giving rise to a strong inference of scienter, and no false or misleading statement or omission that was made by or that can be attributed to any of the Defendants was made with scienter.

Twelfth Defense (Compliance with Law)

Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith and in conformity with all applicable standards and state and federal statutes, including but not limited to the Securities Exchange Act of 1934, as amended the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

Thirteenth Defense (Reasonable Reliance)

Plaintiffs' claims are barred, in whole or in part, to the extent any alleged misrepresentations or omissions were based on good faith and in reasonable reliance upon information provided by advisers upon whom Defendants were entitled to rely, including, but not limited to, Pega's independent auditors.

Fourteenth Defense (No Reliance)

Plaintiffs' claims are barred, in whole or in part, and they cannot rely upon the presumption of reliance articulate in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because Plaintiffs cannot prove that they individually, or any member of the alleged Class, relied on any misstatement or omission alleged in the Complaint or that such reliance was reasonable or justifiable and because reliance may not be presumed based on the fraud on the market doctrine or on any other basis.

### Fifteenth Defense (Lack of Efficient Market)

Plaintiffs cannot rely on the presumption of reliance articulated in *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988) because Pegasystems' stock did not trade in an efficient market.

### Sixteenth Defense (Lack of Price Impact)

Plaintiffs cannot rely on the presumption of reliance articulated in *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988) because the statements Plaintiffs' challenge had no impact on the price of Pegasystems' stock.

### Seventeenth Defense (Truth on the Market)

Plaintiffs' claims are barred, in whole or in part, because the subjects of the alleged misstatements or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and members of the alleged Class.

### Eighteenth Defense (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the alleged Class assumed the risk of investment in Pegasystems' securities, including but not limited to the material facts and risks that were publicly disclosed or were otherwise available in the public domain.

### Nineteenth Defense (Loss Causation)

Plaintiffs' claims are barred in whole or in part because any declines in the market price of the Pegasystems securities purchased by Plaintiffs and members of the alleged Class were caused by factors other than Defendants' alleged conduct.

### Twentieth Defense (No Class Claims)

The alleged Class cannot be certified, including, *inter alia*, because Plaintiffs are not adequate or typical and individualized questions will predominate over common questions.

106

Twenty-First Defense (Speculative Damages)

Plaintiffs' alleged damages, if any, are speculative and thus not recoverable.

Twenty-Second Defense (Recovery of Costs)

Plaintiffs have no basis for recovery of costs and expenses, including attorneys' fees and expert fees, incurred in this Action.

Twenty-Third Defense (No Rescissory Relief)

Plaintiffs are not entitled to rescission or a rescissory measure, including, *inter alia*, because Plaintiffs' claims do not afford them any rescission or rescissory measure and they assert legal claims for damages.

Twenty-Fourth Defense (No Equitable Relief)

Plaintiffs are not entitled to any equitable or injunctive relief, including, *inter alia*, because Plaintiffs assert legal claims for damages.

Twenty-Fifth Defense (Lack of Standing)

Plaintiffs' claims are barred to the extent Plaintiffs or members of the alleged Class lack standing to pursue such claims.

**COUNTERCLAIMS**

Defendants reserve the right to raise any counterclaims or third-party claims that may become apparent through discovery and other investigation.

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Complaint with prejudice, enter judgment in favor of Defendants and against Plaintiffs, award Defendants attorneys' fees, costs, and expenses, and grant Defendants an award of such other and further relief as the Court may deem just and proper.

107

Dated:  June 30, 2023

Respectfully submitted,

FOR DEFENDANTS PEGASYSTEMS INC.,
ALAN TREFLER, AND KENNETH STILLWELL

By their counsel,

*/s/ Daniel W. Halston*
Daniel W. Halston (BBO # 548692)
Michael G. Bongiorno (BBO # 558748)
Robert Kingsley Smith (BBO # 681914)
Erika M. Schutzman (BBO # 696241)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Daniel.Halston@wilmerhale.com
Michael.Bongiorno@wilmerhale.com
Robert.Smith@wilmerhale.com
Erika.Schutzman@wilmerhale.com