UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

In re PEGASYSTEMS INC. SECURITIES
LITIGATION

_____

)   No. 1:22-cv-11220-WGY
)
)
)STIPULATED PROTECTIVE ORDER***

4864-4690-9815.v1

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, ensure that protection is afforded only to material so entitled, and protect the interests of Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund, individually and on behalf of all other persons similarly situated (collectively, the "Plaintiffs"), Defendants Pegasystems Inc. and Alan Trefler (collectively, the "Defendants"), and Third Parties (defined below), in certain confidential and proprietary information consistent with the public's right of access to the Court's records, the Parties, by their undersigned Counsel, hereby stipulate pursuant to Federal Rule of Civil Procedure 26(c) subject to approval and entry by the Court, to the following Stipulated Protective Order (the "Order").  This Order shall be effective as between the Parties prior to entry by the Court.

## I.     PROTECTIVE ORDER

### 1.     Scope

This Order shall govern all Information produced by a Producing Party (as defined below) in response to a discovery request, whether pursuant to Federal Rules of Civil Procedure 26, 30, 33, 34, 36, 45 or otherwise and whether formal or informal, in the matter *In re Pegasystems Inc. Securities Litigation*, No. 1:22-cv-11220-WGY (the "Matter"), including material produced in this Matter before the entry of this Order.

Nothing in this Order shall limit, diminish, or otherwise impact the rights that any Party had before the entry of this Order to possess or use any Documents or Information designated as Protected Information in this Matter.

- 1 -

2.     **Definitions**

(a)     Confidential Information.  "Confidential Information" means Discovery Information or tangible things that contain or reflect non-public confidential, personal, financial, proprietary, or commercially sensitive information, including but not limited to trade secrets; confidential research, development, or commercial information that would cause harm to the Producing Party if made public; and sensitive personal information such as health information, payment card numbers, financial account numbers, social security numbers, and tax identification numbers.

(b)     Counsel.  For purposes of this Order, "Counsel" shall include attorneys and firms hired to represent or charged with representing the Parties in or Third Parties to this Matter, as well as agents of those Counsel.

(c)     Disclose.  "Disclose" means show, divulge, reveal, produce, describe, or transmit, in whole or in part, either orally or in writing.

(d)     Discovery Process.   The "Discovery Process" means any request for Discovery Information in this Matter.

(e)     Document.  "Document" shall have the meaning set forth in Local Rule 26.5 and in the Federal Rules of Civil Procedure.

(f)     Discovery Information. "Discovery Information" means any communications, testimony, documents, or other information produced or designated by any Party or Third Party during the course of the Discovery Process in this Matter, or whether pursuant to the requirements of any court order, including, but not limited to, documents and electronically stored information ("ESI") as defined by the Federal Rules of Civil Procedure and federal case law, objects or things,

- 2 -

deposition testimony, responses to interrogatories, answers to requests for admission, and any copies, excerpts, descriptions, or summaries thereof.

(g) Matter. "Matter" means the litigation captioned *In re Pegasystems Inc. Securities Litigation*, No. 1:22-cv-11220-WGY in the District of Massachusetts, and any appeals taken therefrom.

(h) Parties. For purposes of this Order, the Plaintiffs and Defendants in this Matter, as well as their current officers, directors, representatives, and employees who are making decisions concerning the Matter or otherwise assisting with the Matter, including through providing testimony, are hereinafter referred to collectively as the "Parties."

(i) Producing Party. "Producing Party" means any Party or Third Party that produces the Discovery Information in this Matter.

(j) Protected Information. "Protected Information" means Discovery Information designated as Confidential in this Matter, including material designated in this Matter before the entry of this Order.

(k) Receiving Party. "Receiving Party" means a Party that received the Discovery Information in this Matter.

(l) Third Party. "Third Party" means any natural person, partnership, corporation, association, government body, government agency or other legal or government entity not named as a Party to this Matter.

3. **Designation of Confidential Information**

The designation of Discovery Information shall be performed in the following manner:

(a) A Producing Party may designate Discovery Information as Confidential by placing on or affixing to a Document containing Protected Information the phrase

- 3 -

4864-4690-9815.v1

"CONFIDENTIAL" as appropriate, on each page of the Document entitled to such designation (in such manner as will not interfere with the legibility thereof) or on the Bates stamped image slip sheet accompanying an electronic document produced in native format;

(b)     If Discovery Information cannot practically be designated Confidential for whatever reason, the Producing Party shall provide written notice of the designation of the Discovery Information to the Receiving Party at the time the Discovery Information so-designated is produced to the Receiving Party.  A Receiving Party shall not transmit information produced in accordance with this paragraph in violation of this Order and without informing any recipient of the Discovery Information of its protected nature;

(c)     For a 60-day period following the production to all Parties of Discovery Information by any Third Party in this Matter that has not been designated by that Third Party as Protected Information, the Parties shall treat such Discovery Information as Confidential Information.  Any Party may designate Discovery Information produced by another Party or Third Party in this Matter as Confidential if the Party (the "Designating Party") believes in good faith that such Discovery Information contains or reflects the Designating Party's Confidential Information, and if the Designating Party delivers written notice of such designation and re-produces (with markings affixed as appropriate) to the other Parties the Discovery Information so designated pursuant to this subsection within 60 days of the date the Designating Party receives the Discovery Information so designated or within a timeframe otherwise agreed to by the Parties following a meet and confer.  Thereafter, those portions of such Discovery Information so designated as Protected Information pursuant to this subsection shall be treated as such.  For the avoidance of doubt, the 60-day period referenced in this subparagraph shall not begin to run until all Parties have received the Discovery Information produced by another Party or Third Party in this Matter;

- 4 -

(d)      Interrogatory answers or other responses to written discovery and information contained therein shall be designated as Confidential by means of a statement at the conclusion of each answer specifying the Discovery Information that is Confidential contained therein, or by other means that clearly indicate what portion of the answer or Discovery Information is designated Confidential and by placing the legend referenced in subpart (a) above on the front of any set of interrogatory answers containing such Discovery Information;

(e)      A designation that Discovery Information is Confidential shall constitute a representation to the Court, made in good faith, that the Discovery Information so designated constitutes Confidential Information, as defined in this Order; and

(f)      If at any time before trial in this Matter, a Producing Party becomes aware that it has inadvertently produced to a Receiving Party any Confidential Information without designating it as provided in paragraphs 3(a), 3(b), 3(c), or 3(d) above, the Producing Party shall promptly give notice to the Receiving Party in writing and thereafter the Receiving Party shall treat the Discovery Information as Protected Information until the Producing Party reproduces the document(s) with the revised designation(s).  Such inadvertent disclosure alone shall not be deemed a waiver in whole or in part of the Producing Party's, or if different, the Designating Party's, claim of restriction as to the specific documents and information identified in the Producing Party's written notice.  To the extent that a Receiving Party has disclosed or used Protected Information under this Order before designation under this paragraph in a manner inconsistent with the revised designation, the Receiving Party shall notify the Producing Party and, if different, the Designating Party, of the disclosure or use in accordance with Paragraph 4 below.

4864-4690-9815.v1

4.      **Unauthorized Disclosure**

No person who is bound by this Order may disclose Protected Information to anyone other than in a manner authorized by this Order.  Any violation of the terms of this Order shall be punishable by relief the Court deems appropriate.  If Protected Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Party responsible for such disclosure must promptly notify the Producing Party and, if different, the Designating Party, of such disclosure and make reasonable efforts to retrieve such Protected Information and to prevent further unauthorized disclosure.

In the event that additional parties join or are joined as parties in this Matter, they shall not have access to Protected Information until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be bound by this Order.

5.      **Right to Challenge Designations**

If a Party seeks to challenge, in full or in part, the designation of Protected Information (the "Objecting Party"), such Objecting Party shall notify the Producing Party, and, if different from the Producing Party, the Designating Party, in writing stating with particularity the basis for its objection.  The Objecting Party and the Producing and/or Designating Party shall attempt in good faith to resolve all objections by agreement.  If any objections cannot be resolved by agreement within seven (7) business days from receipt of the objection pursuant to this paragraph, the Objecting Party may submit the issue to the Court by motion within twenty-one (21) business days from receipt of the objection pursuant to this paragraph.  The Party claiming confidential treatment retains the burden of substantiating the designations of any challenged documents and shall have fourteen (14) days to respond to any motion submitted to the Court pursuant to this paragraph.  Unless the Party claiming confidential treatment has waived the confidentiality designation by failing to file a

response to a motion to challenge confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the existing designation until the dispute is resolved by the Court.

### 6.     Use of Protected Information In Court Materials.

In the event that Protected Information is filed with the Court, such material, and any pleadings, motions, or other papers filed with the Court disclosing or reflecting any such Protected Information, shall be filed under seal pursuant to Local Rule 7.2 and the procedures of the United States District Court for the District of Massachusetts.  Consent to a motion to impound the Confidential Information shall not waive any objections to the relevance or admissibility of such material.  Notwithstanding Local Rule 7.2(c), any motion for impoundment filed in this Matter shall be filed contemporaneously with the pleadings, motions, or other papers disclosing or reflecting the Protected Information that is the subject to the motion for impoundment.  If a motion for impoundment is denied, the Producing and/or Designating Party whose Protected Information is the subject of the motion for impoundment may, within ten (10) days of the date the motion for impoundment is denied, seek further judicial intervention to preserve the confidentiality of the Protected Information that is the subject to the motion for impoundment.

### 7.     Access to Confidential Information

Confidential Information may be disclosed or made available without written consent from the Producing Party and, if different, the Designating Party, only to the following persons:

(a)     the Parties to this Matter, including any Class Representatives;

(b)     Counsel for the respective Parties in this Matter, and their attorneys, paraprofessionals, and employees working on this Matter;

- 7 -

       (c)     experts/consultants and their staff, including jury consultants, retained to assist Counsel for the Parties, provided such person has first signed the Endorsement of the Protective Order (the "Exhibit A," attached hereto), and only to the extent necessary for such expert or consultant to assist Counsel, and provided that such expert or consultant is not currently and agrees not to become an employee of, or consultant to, or to advise or discuss employment with, any competitor of Pegasystems during the pendency of this Matter;

       (d)     any witness or potential witness, and their counsel, to the extent necessary to conduct interviews or prepare for any deposition, hearing or trial in this Matter, provided any potential witness has first signed the Endorsement of the Protective Order;

       (e)     witnesses and their counsel during depositions, provided that such witnesses shall not retain a copy of documents containing Confidential Information except as necessary in connection with the witness's review of the transcript, and provided that such witness is notified that such Confidential Information is subject to this Order;

       (f)     as to any document, the author and recipients of the document containing the Confidential Information or any person indicated on the face of the document or from the document's metadata as having received a copy;

       (g)     stenographers or court reporters who record testimony taken at any time or place in the course of this Matter, or persons operating video recording equipment of and at such testimony;

       (h)     outside vendors retained by or for the Parties to assist in pretrial discovery, trial and/or hearings in this Matter, including, but not limited to, litigation support personnel, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions

4864-4690-9815.v1

or mock jury sessions, if advised by Counsel disclosing the Confidential Information to such outside vendors of the obligations herein;

(i)     the Court, Court personnel and any other person designated by the Court in this Matter in the interest of justice;

(j)     a court of competent jurisdiction in a proceeding involving a Party or Third Party made in connection with this Matter (*e.g.*, a subpoena or similar discovery request made to obtain Discovery Information for use in this Matter);

(k)     any mediator, arbitrator or other person engaged for the purpose of alternative dispute resolution, provided such person has first signed the Endorsement of the Protective Order, except where a confidentiality agreement is entered into by a mediator, arbitrator, or alternate dispute resolution provider and the Parties that addresses the disclosure and use of Confidential Information;

(l)     insurance carriers providing coverage in this matter, and counsel to such carriers; and

(m)     any person or entity who Counsel for the Producing Party, or, if different, the Designating Party, agrees, after conferring in good faith, should have access to such materials, or who, upon motion with good cause shown, the Court orders may have access.

## 8.     Good Faith

The Parties agree to designate Discovery Information as Confidential pursuant to Paragraph 3 above solely upon a good-faith belief that the Discovery Information should be so designated. The Parties agree to undertake challenges of designations only on a good-faith belief that such designation is unwarranted.

9.      **Permissible Use**

Protected Information and the substance or content thereof, including any notes, memoranda, or other similar documents relating thereto, shall be used by the Receiving Party and any other person(s) bound by this Order solely for the purpose of this Matter or any proceedings involving a Party or Third Party made in connection with this Matter, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.  Protected Information shall be maintained by the Receiving Parties under the overall supervision of their Counsel.

Counsel for the Parties shall exercise reasonable care and take appropriate measures with respect to the storage, custody, or use of Protected Information to prevent its unauthorized disclosure.  Protected Information must be used, viewed, stored, transmitted, and maintained by a Receiving Party in a manner and location that reasonably ensures access is limited to persons authorized under this Order.  Protected Information shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent that such copying, reproduction, summaries, extraction, or abstraction is reasonably necessary for the conduct of this Matter.  All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

Before disclosing any Confidential Information to any person referred to in subparagraphs 7(c), 7(k) (to the extent applicable),  or to potential witnesses referred to in subparagraph 7(d) above, counsel must provide a copy of this Order to such person, who must sign the Endorsement annexed as Exhibit A hereto.  Said Counsel shall retain each signed Endorsement.  Nothing in Paragraph 7 shall impose any limitation on the ability of a Producing Party to use or disclose its own Confidential Information.  A Producing Party shall not be required to obtain an executed Endorsement from its own current or former employees with respect to disclosure of its own Confidential Information.

Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, material, or information obtained or developed by such Party independently of the Discovery Process in this Matter, whether or not such documents, material, or information are also obtained through Discovery Process in this Matter.

### 10.    Depositions and Designations of Deposition Transcripts

During any deposition in which Protected Information is discussed, Counsel for any Party may: (a) designate, on the record, the portions of the transcript that contain Confidential Information, in which case the portions of the deposition so designated on the record shall be treated as Confidential Information and placed in a separately bound volume; or (b) designate in writing to Counsel for all Parties, within thirty (30) calendar days of delivery of the final transcript, the transcript portions which are to be treated as Confidential Information.  Unless otherwise agreed to by the Parties, all deposition transcripts will be considered as Confidential Information until the notice set forth above or until the expiration of thirty (30) calendar days from the final transcript's delivery.  The Parties may modify this procedure for any particular deposition, through agreement by all Parties on the record at such deposition, without further order of the Court. Nothing in this paragraph prevents a Producing Party or, if different, a Designating Party, from thereafter removing, or a Party from thereafter challenging, such confidentiality designations.

### 11.    Making Available for Inspection

In the event a Producing Party elects to produce documents and things for inspection, no marking need be made by the Producing Party in advance of the initial inspection.  For purposes of the initial inspection, all documents and things produced for inspection shall be considered as designated Confidential.  Thereafter, upon selection of specified documents for copying, electronic scanning or other retention by the inspecting Party, the Producing Party shall mark the copies of such

documents as may contain Protected Information with the appropriate confidentiality designation at the time the copies are produced to the inspecting Party.

12.     **Non-Termination**

All provisions of this Protective Order restricting the use of Discovery Information shall continue to be binding on the Parties and all persons who have received Discovery Information under this Protective Order, after the conclusion of this Matter, including all appeals.

After the conclusion of this Matter, including all appeals, unless the Parties agree in writing to the contrary, and within sixty (60) calendar days of written request of the Producing Party, any originals or reproductions of any Protected Information shall be returned to the Producing Party or destroyed, except that Counsel shall be entitled to retain attorney work product and, for archival purposes, electronic copies of pleadings, correspondence, transcripts, exhibits and memoranda that contain or refer to Protected Information, including a complete record of any proceedings before the Court.  Upon the written request of the Producing Party, the Receiving Party or its Counsel shall certify in writing that all such Protected Information has been returned or certify in writing that it has taken reasonable steps to destroy all such Protected Information, provided, however, that the Receiving Party is under no obligation to search emails and/or work product generated for purposes of this litigation to identify and delete all Protected Information.

After the conclusion of this Matter, including all appeals, and within sixty (60) calendar days of the written request of the Producing Party, copies of Protected Information provided by a Party to any experts or consultants should be retrieved by the Party that provided the Protected Information to the expert or consultant, or be destroyed by the expert or consultant.  Upon the written request of the Producing Party, the Receiving Party or its Counsel shall certify in writing that all such Protected Information has been returned or certify in writing that it has taken reasonable steps to destroy all

such Protected Information, provided, however, that the Receiving Party is under no obligation to search emails and/or work product generated for purposes of this litigation to identify and delete all Protected Information.

Notwithstanding the provisions of this section, neither the Parties nor their Counsel shall be required to destroy or wipe any such information that may reside on their respective electronic disaster recovery systems that are overwritten in the normal course of business.

Nothing in this section shall require a Party to return or destroy Protected Information if the Party had rights before the entry of this Order to possess or use the Protected Information.

### 13.    Third Parties

Any Third Party from whom Discovery Information is or has been sought in response to a discovery request in this Matter may obtain the protections of this Order by designating that its production of documents in this Matter is subject to the Order.

Any subpoenaing or requesting Party shall advise any Third Party from whom Discovery Information is sought in this Matter of the existence of this Order.

A Receiving Party shall provide to all other Parties any formal written responses or objections made pursuant to Fed. R. Civ. P. 45 or productions of documents that the Receiving Party receives from a Third Party in this Matter in response to a subpoena pursuant to Fed. R. Civ. P. 45, and shall make reasonable efforts to provide the formal written responses or objections made pursuant to Fed. R. Civ. P. 45 or documents to all other Parties within seven (7) days of receiving the formal written responses or objections made pursuant to Fed. R. Civ. P. 45 or documents from the Third Party.

4864-4690-9815.v1

14.     **Third Party Requests**

If a Party receiving Protected Information is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Protected Information, the Party receiving the subpoena, document demand, or request shall give written notice as soon as practicable (but in no event more than seven (7) business days after receipt of the subpoena, document demand or request) to Counsel for the Producing Party and, if different, the Designating Party, and shall, to the extent permitted by law, withhold production of the Protected Information until any dispute relating to the production of such Protected Information is resolved.

15.     **Modification Permitted**

Nothing in this Order shall prevent any Party from seeking modification by the Court of this Order.

16.     **Inadvertent Production and Clawbacks**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  In the event the Receiving Party intends to challenge the Producing Party's claim of privilege or other protection: (i) the Receiving Party shall cease the review and use of the disclosed document or information, except to the extent necessary to contest the privilege or other protection asserted; (ii) the Receiving Party and the Producing Party shall attempt to resolve any challenges in good faith prior to filing a motion with the Court; and (iii) during the pendency of such a motion, the Receiving Party may retain one copy of the disputed document or information, but shall make no further use of it, or any information derived solely from it, other than is necessary in connection with the proceedings on the motion. The

4864-4690-9815.v1

allegedly privileged material in dispute shall be treated as privileged until the parties either agree or the Court issues an order to the contrary.[1]

Inadvertent production in this Matter of any Discovery Information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection is subject to all protections afforded by Fed. R. Evid. 502 and will not be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the inadvertently produced Discovery Information, the subject matter of the inadvertently produced Discovery Information, or the right to object to the production or disclosure of the inadvertently produced Discovery Information in this Matter or in any other proceeding.  No Party may assert the mere fact of the inadvertent production in this Matter as a ground for compelling disclosure.  For the avoidance of doubt, this Order is a federal court order within the meaning of Fed. R. Evid. 502(d).

### 17.    Miscellaneous

This Order shall not enlarge or affect the proper scope of discovery in this Matter or any other litigation or legal proceeding.  Nothing contained in this Order will be construed as: (a) a waiver by a Party of its right to object to any discovery request to that Party; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

This Order shall not prevent a Party from seeking relief from, or modification of, this Order or any provisions thereof by motion to the Court on notice to the other Parties hereto.

---

[1]    Notwithstanding the provisions of this Paragraph, neither the Parties nor their Counsel shall be required to destroy or wipe any such information that may reside on their respective electronic disaster recovery systems that are overwritten in the normal course of business.  However, to the extent practicable, they shall not retrieve the allegedly privileged material from said electronic disaster recovery systems after receipt of such notice from the Producing Party of inadvertent production, and in any event shall not use the allegedly privileged material consistent with the terms of Paragraph 16 of this Order.

- 15 -

Nothing in this Order shall prevent a Producing Party from any use of its own Protected Information in its possession, custody or control.

### 18.   Jurisdiction

Each person executing the Endorsement of the Protective Order (Exhibit A) submits to the jurisdiction of the Court for the purposes of enforcement of this Order.  Jurisdiction over this Matter is to be retained by the Court after final determination for purposes of enabling any Party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

### 19.   Conflicts

Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients in this Matter and, in the course thereof, relying generally on examination of Protected Information; provided, however, that in rendering such advice and otherwise communicating with such client, Counsel shall not make specific disclosure of any Protected Information except as is consistent with this Order.

### 20.   Counterparts

This Order may be signed in counterparts, and each such counterpart shall be deemed an original.

DATED:  August 15, 2023          ROBBINS GELLER RUDMAN
                                   & DOWD LLP
                                 DEBRA J. WYMAN
                                 CHRISTOPHER D. STEWART
                                 LONNIE A. BROWNE
                                 MEGAN A. ROSSI


                                          s/ Christopher D. Stewart
                                 _____
                                 CHRISTOPHER D. STEWART

4864-4690-9815.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
cstewart@rgrdlaw.com
lbrowne@rgrdlaw.com
mrossi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SNEHEE KHANDESHI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
skhandeshi@rgrdlaw.com

Lead Counsel for Lead Plaintiffs


HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com


Liaison Counsel for Lead Plaintiffs

4864-4690-9815.v1

DATED:  August 15, 2023
      WILMER CUTLER PICKERING HALE
        AND DORR LLP
      DANIEL W. HALSTON, BBO #548692
      MICHAEL G. BONGIORNO, BBO #558748
      ROBERT KINGSLEY SMITH, BBO #681914
      ERIKA M. SCHUTZMAN, BBO #696241


                s/ Daniel W. Halston
                DANIEL W. HALSTON

      60 State Street
      Boston, MA  02109
      Telephone:  617/526-6000
      617/526-5000 (fax)
      daniel.halston@wilmerhale.com
      michael.bongiorno@wilmerhale.com
      robert.smith@wilmerhale.com
      erika.schutzman@wilmerhale.com

      Counsel for Defendants Pegasystems, Inc., Alan
      Trefler, and Kenneth Stillwell

      *    *    *


          **ORDER** **** as modified.


IT IS SO ORDERED.

DATED:  August 18, 2023       /s/ William G. Young
                THE HONORABLE WILLIAM G. YOUNG
                UNITED STATES DISTRICT JUDGE


***Nothing shall be filed in Court pursuant to this order and it shall not be cited as a ground for sealing. See Ribeiro, Gustavo, [Marked Confidential]: Negative Externalities of Discovery Secrecy (February 3, 2022). Denver Law Review, Forthcoming, Available at SSRN: https://ssrn.com/abstract=4027620 or http://dx.doi.org/10.2139/ssrn.4027620.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

In re PEGASYSTEMS INC. SECURITIES      )      No. 1:22-cv-11220-WGY
LITIGATION                             )
                                       )

**EXHIBIT A:**
**ENDORSEMENT OF THE PROTECTIVE ORDER**

The undersigned hereby certifies that he/she has received a copy of the [Proposed] Stipulated

Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the

Protective Order, that he/she understands its terms and agrees to be bound by all of the provisions

thereof, and that he/she agrees to submit to the jurisdiction of the United States District Court for the

District of Massachusetts, for the enforcement thereof, even if such enforcement proceedings occur

after termination of this Matter.  He/she understands that violation of the Protective Order is

punishable by contempt of court.


Dated: _____      _____

                                                      Signature

                                     _____

                                                   Printed Name

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 15, 2013.

s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  cstewart@rgrdlaw.com