UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re PEGASYSTEMS INC. SECURITIES LITIGATION | ) ) ) | No. 1:22-cv-11220-WGY<br><br>STIPULATION AND [PROPOSED] ORDER AMENDING JULY 24, 2023 CASE MANAGEMENT ORDER |

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule of the United States District Court for the District of Massachusetts 16.1(g), Plaintiffs and Defendants,[1] through their undersigned counsel, respectfully request the Court amend the schedule in the Stipulation and Case Management Order (ECF 93) ("Case Management Order"). The Parties respectfully submit that, in light of the current status of discovery, the Case Management Order should be amended as set forth below. The Parties state the following in support of their request:

1. On May 31, 2023, the Parties filed a Stipulation and [Proposed] Case Management Order (ECF 78), setting forth a proposed schedule for this case;

2. On July 24, 2023, the Court entered the Case Management Order, adopting the Parties' proposed schedule from May 31 with a modification to the Parties' proposed trial date (*see* Case Management Order at 1);

3. In accordance with the Case Management Order, the Parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) on June 22, 2023, and Defendants filed their Answer to Lead Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Laws on June 30, 2023 (ECF 87);

4. Document discovery commenced in June 2023. On June 2, 2023, Plaintiffs served 31 document requests on Defendants, to which Defendants served objections on July 14, 2023. On July 25, 2023, Plaintiffs served 13 additional document requests on Defendants, to which Defendants served objections on August 24, 2023;

---

[1] "Plaintiffs" refers to Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund, individually and on behalf of all other persons similarly situated. "Defendants" refers to Pegasystems Inc. ("Pegasystems") and Alan Trefler. Plaintiffs and Defendants are collectively referred to herein as the "Parties."

5. The Parties began conferring over Plaintiffs' document requests and Defendants' objections thereto on July 21, 2023. Since that date, the Parties have engaged in significant telephonic and written conferral regarding Plaintiffs' document requests and Defendants' objections to those requests, including the scope of Defendants' production in response to each request. Although the Parties have successfully resolved many disputes regarding Plaintiffs' requests, the Parties continue to disagree over what Defendants will produce in response to certain requests, and Plaintiffs anticipate that motion practice will be necessary with respect to one or more of Plaintiffs' requests;

6. Defendants have also propounded document requests on Plaintiffs. On August 10, 2023, Defendants served their first set of document requests on Plaintiffs, to which Plaintiffs served objections on September 22, 2023. The Parties began conferring over Defendants' document requests and Plaintiffs' objections to those requests on October 18, 2023;

7. The Parties also continue to meet and confer over issues regarding Defendants' search for, and production of, electronically-stored information ("ESI"). On June 29, 2023, Plaintiffs sent Defendants a draft stipulated ESI protocol, which included proposed language regarding the crafting of search terms, exchange of search terms, the provision of (and characteristics of) search term hit reports, and procedures for resolving disputes over search terms. On July 31, 2023, Defendants informed Plaintiffs that Defendants intended to propose a "discovery plan" to Plaintiffs, which Defendants stated would include a comprehensive proposal regarding search terms, search time periods, proposed custodians, and sources that are to be searched. Defendants provided their "discovery plan" on September 19, 2023, which included Defendants' proposed list of search terms and custodians for searching for potentially responsive ESI. Plaintiffs provided their proposed list of search terms and document custodians on September 22, 2023;

8. The Parties have engaged in significant telephonic and written conferral regarding their respective lists of search terms and custodians, and the Parties' conferral continues to this day. Among other things, the Parties continue to disagree over which custodians' ESI should be searched for responsive documents, and which search terms should be applied in that search. Although the Parties are working in good faith to reach an agreement on search terms and custodians, and have agreed upon a number of search terms and custodians, Plaintiffs anticipate that motion practice may be necessary to resolve certain disputes;

9. Defendants' production of responsive documents has been ongoing since June 22, 2023, with the majority of the documents having been produced since August 18, 2023. Defendants have produced approximately 50,800 documents to date;

10. Because the scope of Defendants' production in this matter has not yet been agreed to by the parties, Defendants' production of documents to date has consisted of documents previously collected and produced in discovery in the action *Appian Corporation v. Pegasystems Inc., et al.*, Civil Action No. 2020-07216 (Circuit Court of Fairfax County, Virginia) (the "Virginia Action"), including the trial exhibits from the Virginia Action (which Defendants began producing to Plaintiffs on October 10, 2023), and the exhibits to the depositions in the Virginia Action (which Defendants also began producing on October 10, 2023). Given a restrictive protective order in place in the Virginia Action, which remains on appeal, Defendants have represented that any document that does not have metadata indicating a confidentiality designation must be re-reviewed to assess whether it was designated confidential in the Virginia Action and to identify whether it merits designation as Confidential under the Stipulated Protective Order in the above-captioned matter. Further, although not obligated to do so, Defendants have taken on the burden of requesting consent from parties in the

Virginia Action who have designated documents confidential pursuant to the protective order in the Virginia Action in order to produce this material to Plaintiffs;

11. Plaintiffs' production of responsive documents has not yet begun. The parties met and conferred concerning the scope of Plaintiffs' document production beginning in late October 2023, and the scope of Plaintiffs' production in this matter has not yet been agreed to by the Parties. Plaintiffs have represented that production of documents will begin imminently and should be completed by December 15, 2023;

12. In addition to party document discovery, Plaintiffs and Defendants have also sent document subpoenas to various non-parties in this case. Plaintiffs have served 39 document subpoenas; Defendants have served 5 document subpoenas. The Parties continue to meet and confer with certain of those non-parties regarding document subpoenas, as well as receive documents produced by non-parties in response to document subpoenas;

13. Plaintiffs also anticipate motion practice may be necessary to address disputes regarding Defendants' assertions of attorney-client privilege and/or work product in this case, including Defendants' assertions of work product over information shared with Pegasystems' outside auditor, Deloitte & Touche LLP ("Deloitte"). On August 28, 2023, Deloitte produced approximately 90 redacted documents to Plaintiffs. On September 29, 2023, Defendants provided a privilege log asserting their work product over those 90 documents. On October 6, 2023, Plaintiffs requested a discovery conference with Defendants to discuss whether Defendants can assert work product over information shared with Deloitte. The parties began to meet and confer on this issue on November 6, 2023;

14. Accordingly, in light of the foregoing, and for good cause shown, the Parties respectfully request that the Court amend the deadlines in the Case Management Order as follows:

- 4 -
4874-6357-0824.v1

**PROPOSED AMENDED SCHEDULE**

| Event | Current Deadline | Proposed Amended Deadline |
|---|---|---|
| ***Class Certification***<br>Motion<br>Opposition<br>Reply | <br>December 12, 2023<br>January 26, 2024<br>February 23, 2024 | <br>January 12, 2024<br>February 28, 2024<br>March 29, 2024 |
| Completion of fact discovery (all depositions to be completed by this date; discovery requests to be served so that responses are due before this date) | March 15, 2024 | August 2, 2024 |
| Last day to seek leave to amend | March 22, 2024 | August 9, 2024 |
| ***Expert reports and depositions***<br>Opening expert reports<br>Rebuttal expert reports<br>Reply expert reports<br>Expert depositions completed | <br>March 22, 2024<br>April 19, 2024<br>May 24, 2024<br>June 7, 2024 | <br>August 30, 2024<br>September 27, 2024<br>October 25, 2024<br>November 15, 2024 |
| ***Summary Judgment and Daubert***<br>Motions<br>Oppositions<br>Replies | <br>June 21, 2024<br>July 26, 2024<br>August 30, 2024 | <br>December 20, 2024<br>January 24, 2025<br>February 28, 2025 |
| Motions *in limine* due | September 6, 2024 | March 7, 2025 |
| Pre-trial conference | Court's discretion | Court's discretion |
| Trial | October 2024 | April 2025 |

Consistent with this proposed schedule, the parties will work towards substantially completing their document productions by March 15, 2024.

**DEPOSITION LIMIT UNDER RULE 30**

15. In addition to their request to amend the schedule, pursuant to Federal Rule of Civil Procedure 30, the Parties respectfully request the Court permit each side to take up to 20 fact depositions in this case without seeking further leave of Court. This request shall not preclude a party's ability to seek leave to take more than 20 fact depositions. The requested 20 deposition limit per side does not include depositions of experts retained to provide expert reports or testimony in this case.

4874-6357-0824.v1

| | |
|---|---|
| DATED:  November 9, 2023 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>DEBRA J. WYMAN<br>CHRISTOPHER D. STEWART<br>LONNIE A. BROWNE<br>MEGAN A. ROSSI<br>NICOLE Q. GILLILAND |

        s/ Christopher D. Stewart
_____
CHRISTOPHER D. STEWART

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
cstewart@rgrdlaw.com
lbrowne@rgrdlaw.com
mrossi@rgrdlaw.com
ngilliland@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SNEHEE KHANDESHI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
skhandeshi@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

- 6 -

4874-6357-0824.v1

|  |  |
|---|---|
|  | HUTCHINGS BARSAMIAN MANDELCORN, LLP<br>THEODORE M. HESS-MAHAN, BBO #557109<br>110 Cedar Street, Suite 250<br>Wellesley Hills, MA  02481<br>Telephone:  781/431-2231<br>781/431-8726 (fax)<br>thess-mahan@hutchingsbarsamian.com<br><br>Liaison Counsel for Lead Plaintiffs |
| DATED:  November 9, 2023 | WILMER CUTLER PICKERING HALE<br>  AND DORR LLP<br>DANIEL W. HALSTON, BBO #548692<br>MICHAEL G. BONGIORNO, BBO #558748<br>ROBERT KINGSLEY SMITH, BBO #681914<br>ERIKA M. SCHUTZMAN, BBO #69624<br><br>                    s/ Daniel W. Halston                    <br>                    DANIEL W. HALSTON<br><br>60 State Street<br>Boston, MA  02109<br>Telephone:  617/526-6000<br>617/526-5000 (fax)<br>daniel.halston@wilmerhale.com<br>michael.bongiorno@wilmerhale.com<br>robert.smith@wilmerhale.com<br>erika.schutzman@wilmerhale.com<br><br>Counsel for Defendants Pegasystems, Inc. and Alan Trefler |

\*     \*     \*

**O R D E R**

IT IS SO ORDERED.

DATED: _____     _____
                                    THE HONORABLE WILLIAM G. YOUNG
                                    UNITED STATES DISTRICT JUDGE

- 7 -

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 9, 2023.

          s/ Christopher D. Stewart
          CHRISTOPHER D. STEWART

          ROBBINS GELLER RUDMAN
             & DOWD LLP
          655 West Broadway, Suite 1900
          San Diego, CA  92101-8498
          Telephone:  619/231-1058
          619/231-7423 (fax)

          Email:  cstewart@rgrdlaw.com