UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re PEGASYSTEMS INC. SECURITIES LITIGATION | ) ) ) | No. 1:22-cv-11220-WGY |

**<u>ORAL ARGUMENT REQUESTED</u>**

MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS REGARDING THE SEC'S INVESTIGATION OF PEGASYSTEMS, INC.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

    A.    Background ..................................................................................................1

    B.    Overview of the Dispute ..............................................................................3

II.   ARGUMENT .......................................................................................................6

    A.    Defendants Cannot Justify Their Refusal to Produce the Requested SEC
          Investigation Documents .............................................................................6

          1.    Documents Dated After the Complaint Are Discoverable .........................8

          2.    Defendants' Objection Regarding the Scope of the SEC's
              Investigation Is Misplaced ......................................................................10

III.  CONCLUSION ...................................................................................................11

4862-6018-0108.v4

# TABLE OF AUTHORITIES

**Page**

## CASES

*Baillargeon v. CSX Transp., Inc.*,
2022 WL 1104588 (D. Mass. Apr. 13, 2022) ........................................................10

*City of Fort Lauderdale Police & Firefighters' Ret. Sys. v. Pegasystems Inc.*,
2023 WL 4706741 (D. Mass. July 24, 2023)...................................................2, 3, 7

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*,
2014 WL 11498394 (D.N.J. Dec. 3, 2014), *modified*,
2015 WL 1969368 (D.N.J. Apr. 30, 2015) ........................................................9, 10

*Costa v. Wright Med. Tech., Inc.*,
2019 WL 108884 (D. Mass. Jan. 4, 2019) ..............................................................7

*Courter v. CytoDyn, Inc.*,
2022 WL 621535 (W.D. Wash. Mar. 3, 2022) .........................................................6

*Garner v. Amazon.com, Inc.*,
2023 WL 6038011 (W.D. Wash. Sept. 15, 2023)................................................6, 11

*In re BofI Holding, Inc. Sec. Litig.*,
2021 WL 1812822 (S.D. Cal. May 6, 2021)............................................................9

*In re New Century*,
2009 WL 9568860 (C.D. Cal. July 8, 2009)......................................................6, 10

*In re Scholastic Corp. Sec. Litig.*,
252 F.3d 63 (2d Cir. 2001)......................................................................................9

*In re Steinhardt Partners, L.P.*,
9 F.3d 230 (2d Cir. 1993).........................................................................................6

*Luna v. Marvell Tech. Grp., Ltd.*,
2017 WL 4286325 (N.D. Cal. Sept. 22, 2017) ........................................................6

*Munoz v. PHH Corp.*,
2013 WL 684388 (E.D. Cal. Feb. 22, 2013).......................................................6, 10

*Newton v. Am. Debt Servs., Inc.*,
2014 WL 2452743 (N.D. Cal. May 13, 2014) .........................................................9

*Pershing Pac. W., LLC v. MarineMax, Inc.*,
2013 WL 941617 (S.D. Cal. Mar. 11, 2013) ....................................................8, 9, 10

- ii -

**Page**

*Schneider v. Chipotle Mexican Grill, Inc.*,
    2017 WL 1101799 (N.D. Cal. Mar. 24, 2017)...........................................................................7

*Town of Westport v. Monsanto Co.*,
    2015 WL 13685105 (D. Mass. Nov. 5, 2015) ..........................................................................7

*Whitman v. State Farm Life Ins. Co.*,
    2020 WL 5526684 (W.D. Wash. Sept. 15, 2020).....................................................................7

*Zaloga v. Borough of Moosic*,
    2012 WL 1899665 (M.D. Pa. May 24, 2012)............................................................................9

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26 ...............................................................................................................................1, 9
    Rule 37 ....................................................................................................................................1

Local Rules of the United States District Court for the District of Massachusetts
    Rule 37.1 .................................................................................................................................1

4862-6018-0108.v4

Pursuant to Federal Rules of Civil Procedure 26 and 37 and Local Rule 37.1 of the United States District Court for the District of Massachusetts, Plaintiffs[1] respectfully submit this memorandum of law in support of Plaintiffs' motion to compel defendants Pegasystems, Inc. ("Pega") and Alan Trefler ("Trefler," and together with Pega, "Defendants") to produce documents regarding the U.S. Securities and Exchange Commission's (the "SEC") investigation into Pega's accounting for its litigation with Appian Corporation ("Appian").

## I.    INTRODUCTION

### A.    Background

As detailed in Lead Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Laws (ECF 61) (the "Complaint"), beginning as early as 2012, Pega's senior executives orchestrated a scheme to misappropriate Appian trade secrets and confidential information.  Complaint, §IV.A.  By means of this scheme, Pega obtained and used misappropriated information to compete against Appian and improve Pega's own products.  *Id.* On May 29, 2020, shortly after discovering Defendants' scheme, Appian sued Pega in Virginia state court (the "Virginia Action").  ¶¶3, 11-13, 53, 113.[2]

For nearly two years thereafter, Defendants concealed the Virginia Action and their illicit behavior from investors.  ¶¶14-17; Complaint, §IV.B.  When Defendants finally disclosed the

---

[1]    "Plaintiffs" refers to Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund, individually and on behalf of all other persons similarly situated.

[2]    Unless otherwise noted, all "¶__" or "¶¶__" references are to the Complaint, all exhibits referenced herein are attached to the Declaration of Christopher D. Stewart in Support of Lead Plaintiffs' Motion to Compel Defendants to Produce Documents Regarding the SEC's Investigation of Pegasystems, Inc. (the "Stewart Declaration"), filed concurrently herewith, and all emphasis is added and citations are omitted.

existence of the Virginia Action to investors on February 16, 2022, Defendants falsely assured investors that Appian's claims were "'without merit,'" that Pega had "'strong defenses to these claims,'" and that Appian's claimed damages were "'not supported.'"  ¶¶114, 145, 243.  On May 9, 2022, a Virginia jury found Pega was liable to Appian for over $2 billion for willfully and maliciously violating the Virginia Uniform Trade Secrets Act, and had violated the Virginia Computer Crimes Act.  ¶¶21-22.  The Virginia court entered final judgment against Pega on September 16, 2022, affirming the $2 billion verdict and awarding Appian $23.6 million in attorneys' fees and costs, as well as post-judgment interest of approximately $122 million annually.  ¶¶25, 119.

Plaintiffs filed the Complaint in this Court on October 18, 2022, detailing Defendants' scheme and material misstatements and omissions that followed Appian's filing of the Virginia Action.  Complaint, §V.A.  Plaintiffs also detailed Defendants' violations of SEC Regulation S-K, Item 103 ("Item 103") and Accounting Standards Codification Topic 450, *Contingencies* ("ASC 450").  *Id.*, §VI.  Plaintiffs alleged that information Defendants had previously concealed was revealed to the market in a series of partial disclosures beginning on February 16, 2022, which resulted in precipitous drops in Pega's stock price.  ¶¶242-249.

On May 17, 2023, this Court denied Defendants' motion to dismiss as to Pega and Trefler.  ECF 76.  The Court explained and expanded on its May 17 ruling in a July 24, 2023 written memorandum, upholding Plaintiffs' allegations that Defendants had made material misstatements and omissions with scienter, including regarding the Virginia Action, Pega's competitiveness in the highly-competitive business process management market, and compliance with Pega's Code of Conduct.  *City of Fort Lauderdale Police & Firefighters' Ret. Sys. v. Pegasystems Inc.*, 2023

WL 4706741, at *8-*11 (D. Mass. July 24, 2023).  The Court also upheld allegations that

Defendants' conduct violated Item 303 and ASC 450.  *Id.* at *10 n.10.

Defendants publicly announced on April 26, 2023 that the SEC was investigating Pega's

"accounting treatment of [its] . . . litigation with Appian."  Ex. 1 at 19.  In particular, Defendants

disclosed that:

> Beginning in March 2023, the U.S. Securities and Exchange Commission
> ("SEC") has requested certain information relating to, among other things, the
> accounting treatment of the Company's above-described litigation with Appian
> Corporation.  The Company is fully cooperating with the SEC's requests.

*See id.*

## B.     Overview of the Dispute

Plaintiffs served their First Request for Production of Documents (the "Requests") on June

2, 2023.  Ex. 2.  Defendants served objections to the Requests (the "Objections") on July 14, 2023.

Ex. 4.  Since July 21, 2023, the parties have engaged in several telephonic meet and confer sessions

and exchanged numerous letters concerning the Requests and Objections.[3]  Although the parties

have resolved many disputes regarding the Requests, the parties remain at impasse over Plaintiffs'

Request No. 5 which seeks:

> All documents concerning your communications with, requests by, or
> actions of, the SEC or any other governmental agency concerning Pegasystems,
> including, but not limited to, all documents concerning any request by the SEC for

---

[3]    The parties' meet and confer sessions regarding the request at issue (and other requests) have
included telephonic meet and confers on July 21 and 28, August 1, and October 2 and 5, 2023.
The parties have also exchanged written correspondence concerning the request at issue (Request
No. 5), including correspondence dated July 27, August 7, 21, and 28, September 5 and 12, and
October 27, 2023.  Exs. 5-6, 8, 10, 12, 19.  Plaintiffs confirmed impasse on Request No. 5 on
October 5, 2023, and again on October 27, 2023.  Ex. 19.  Although the length of the parties'
telephonic meet and confer calls have varied, the parties have typically set aside approximately
one hour per call.  Counsel participating in the meet and confers have generally included (without
limitation) Debra Wyman and Christopher Stewart on behalf of Plaintiffs, and Robert Smith and
Erika Schutzman on behalf of Defendants.

information relating to the Virginia Action or Appian Complaints, including the SEC's request for information as disclosed in Pegasystems' Form 10-Q filed on April 26, 2023.

Ex. 2 at 13.

Defendants initially refused to produce any materials in response to the request above, asserting that the requested documents were, among other things, somehow "irrelevant and immaterial."  Ex. 4 at 16.  Defendants subsequently offered to produce documents Pega shared with the SEC that are dated **on or before** October 18, 2022, only **if** Plaintiffs agreed this would satisfy Defendants' obligation to produce documents in response to this request.  Ex. 8 at 6; Ex. 12 at 4.  Defendants unreasonably chose October 18, 2022 as a proposed cutoff date because that is the date on which Plaintiffs filed the Amended Complaint.[4]  *See infra* §II.A.1.  Defendants have also asserted that unexplained differences between the scope of the SEC's investigation and Plaintiffs' Requests justify Defendants' position.  *See infra* §II.A.2.  Defendants have not agreed to produce any documents dated after October 18, 2022, or any documents from defendant Trefler, in response to Request No. 5.[5]

Plaintiffs also asked Defendants to produce the privilege logs that were provided to the SEC in connection with the SEC investigation.[6]  Defendants responded they "will not . . . provide Plaintiffs with any privilege logs provided to the SEC."  Ex. 15 at 1.  Defendants also stated they

---

[4]   Defendants indicate that they will retract this "offer" if Plaintiffs "lose" this Motion.  *See* Ex. 12 at 5 ("Should Plaintiffs move to compel a broader production in response to Request No. 5 and lose, Defendants' offer . . . will not apply.").  Plaintiffs asked Defendants in early October 2023 whether Defendants would disclose the approximate number of documents that Defendants provided to the SEC that are dated after October 18, 2022.  Defendants have not shared this information.

[5]   Defendants have not provided any basis for their refusal to agree to produce documents from defendant Trefler in response to this request.

[6]   *See* Ex. 11 at 1-2.

will not provide any logs corresponding to "documents that Pegasystems requested be redacted in Deloitte's productions to the SEC." *Id.*[7]  Defendants offered to "consider" producing the log entries corresponding to documents dated ***on or before*** October 18, 2022 that Pega produced to the SEC, if Plaintiffs agreed to withdraw their request for documents responsive to Request No. 5 that are dated after October 18, 2022.  Ex. 15 at 1.[8]  Plaintiffs have rejected Defendants' unreasonable proposal.  Following further discussions, Plaintiffs confirmed the parties were at impasse over Request No. 5.  Ex. 19.

The SEC's investigation of Pega's "accounting treatment of the [Virginia Action]" overlaps substantially, if not entirely, with the issues in this case.  Given the SEC's focus on the Virginia Action, documents Defendants provided to the SEC in response to the SEC's investigation, as well as the other categories of responsive documents described below, should be produced regardless of whether they are dated before, on, or after October 18, 2022 (*i.e.*, the date Plaintiffs filed the Complaint).  *See infra* §II.A.1.

Accordingly, Plaintiffs seek an order compelling Defendants to search for and produce the following responsive documents, whether dated before, on, or after October 18, 2022: (a) documents and communications provided to the SEC pursuant to the SEC investigation, including

---

[7]   Deloitte & Touche, LLP ("Deloitte"), Pega's external auditor, has produced documents to both Plaintiffs and the SEC.  Ex. 15 at 1.  Defendants have stated they intend to rely on Deloitte in support of their defenses in this matter.  Ex. 9 at 4 (Defendants identifying Deloitte as a "person[] on whom Pegasystems ***presently intends to rely*** in support of its defenses in this matter"); Ex. 3 at 3, 5; ECF 87 at 105 (Defendants' "Reasonable Reliance" defense: "***any alleged misrepresentations or omissions were based on good faith and in reasonable reliance upon information provided by [Deloitte]***").

[8]   As of this date, Defendants have not provided a privilege log listing any of their own documents responsive to the Requests.  On September 29 and November 10, 2023, Defendants provided privilege logs listing redacted documents produced by Deloitte on August 28 and October 27, 2023 (respectively), over which Pega is asserting work product protection.

memoranda, briefs, summaries, testimony, or presentations provided to the SEC pursuant to the

SEC investigation; (b) internal or external Pega communications referring to, discussing, or

evidencing the SEC investigation; and (c) privilege logs provided to the SEC by Pega or Deloitte

in connection with the SEC investigation.

## II.     ARGUMENT

### A.     Defendants Cannot Justify Their Refusal to Produce the Requested SEC Investigation Documents

Courts routinely compel the production of materials produced pursuant to a government

investigation where the subject matter of the investigation overlaps with the issues in the case in

which the documents are sought.  *See, e.g.*, *Courter v. CytoDyn, Inc.*, 2022 WL 621535, at *2, *4

(W.D. Wash. Mar. 3, 2022) (ordering production of documents "Defendants have provided or will

provide to the SEC" and the U.S. Department of Justice ("DOJ") where "the SEC and DOJ

investigations are related to the [alleged] fraud").[9]  Courts also commonly compel the production

of materials generated during the course of such investigations, such as memoranda and

presentations.[10]  Courts also apply the same principle where a party to one case seeks documents

---

[9]    *See also Munoz v. PHH Corp.*, 2013 WL 684388, at *4 (E.D. Cal. Feb. 22, 2013) (ordering production of documents disclosed to government agency where the agency and plaintiffs alleged the same misconduct); *In re New Century*, 2009 WL 9568860, at *4-*5 (C.D. Cal. July 8, 2009) (ordering defendant to produce its productions to the SEC, DOJ, and bankruptcy examiner, where "the SEC and DOJ investigations pertained to the same restatement and accounting errors that are alleged in the Complaint" and the "examiner investigated issues similar to the allegations made in the Complaint"); *Garner v. Amazon.com, Inc.*, 2023 WL 6038011, at *2 (W.D. Wash. Sept. 15, 2023) (compelling production of documents disclosed as part of Federal Trade Commission investigation, explaining "there is no bar to the production of 'cloned discovery'").

[10]   *See, e.g.*, *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir. 1993) (ordering the production of memorandum prepared by counsel and submitted to the SEC on behalf of defendant in related investigation); *Luna v. Marvell Tech. Grp., Ltd.*, 2017 WL 4286325, at *1 (N.D. Cal. Sept. 22, 2017) (ordering production of Marvell's presentation to the SEC regarding Marvell's accounting practices).

produced in a substantially similar case. *See, e.g.*, *Costa v. Wright Med. Tech., Inc.*, 2019 WL 108884, at *2-*3 (D. Mass. Jan. 4, 2019) (ordering production in one case of materials produced, and depositions taken in discovery in a separate case, where the two cases were "substantially similar"); *Town of Westport v. Monsanto Co.*, 2015 WL 13685105, at *3 (D. Mass. Nov. 5, 2015) ("Materials produced . . . in other litigation is generally discoverable upon a showing of substantial similarity between the prior and current actions.").[11]

Here, the SEC investigation and this case both center on the Virginia Action, the same corporate defendant (Pega), the same corporate espionage against Appian, the same 2022 jury verdict and final judgment, and the same subject matter: Defendants' public reporting and accounting treatment of the Virginia Action. *See supra* §I.A.; *Pegasystems*, 2023 WL 4706741, at *1 ("The core of [Plaintiffs'] case is that the Defendants – despite knowingly having engaged in the conduct underlying the Virginia Action – failed to disclose that litigation . . . ."); *id.* at *10 n.10 (upholding allegations that Defendants' conduct dating back to July 2020 violated Item 103 and ASC 450).

Defendants' principal bases for refusing to produce the requested documents are twofold: (1) that documents dated **after** the date on which the Complaint was filed (*i.e.*, October 18, 2022) are somehow not relevant; and (2) that the SEC's requests for information to Defendants are allegedly broader than Plaintiffs' Requests. As explained below, both objections fail to justify Defendants' refusal to produce the responsive materials.

---

[11]   *See also Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017) (compelling production in light of "significant factual and legal overlap" between lawsuits); *Whitman v. State Farm Life Ins. Co.*, 2020 WL 5526684, at *3 (W.D. Wash. Sept. 15, 2020) (same).

4862-6018-0108.v4

### 1. Documents Dated After the Complaint Are Discoverable

Defendants are attempting to withhold relevant documents based on their misplaced assertion that *any* responsive documents that are dated *after* the date on which the Complaint was filed (*i.e.*, October 18, 2022) are not relevant, *even if* those documents concern the Virginia Action.[12]

The filing date of the Complaint does not dictate the scope of discovery.  Nor have Plaintiffs ever agreed that documents dated after the Complaint was filed are somehow shielded from discovery.  Indeed, the Requests expressly seek documents dated through "the date of production."[13]  Although Plaintiffs have agreed as a compromise to Defendants' insistence on limiting searches of electronically stored information ("ESI") to specific time periods, Plaintiffs have consistently taken the position that documents dated after October 18, 2022 regarding the SEC investigation must be produced.[14]

Moreover, courts routinely reject the notion that documents dated after a complaint is filed are necessarily irrelevant.  *See, e.g.*, *Pershing Pac. W., LLC v. MarineMax, Inc.*, 2013 WL 941617, at *5 (S.D. Cal. Mar. 11, 2013) ("the Court rejects MTUDD's objection that documents created

---

[12]   Ex. 4 at 6 ("Unless otherwise stated or agreed, or as the context otherwise dictates, any production by Defendants will cover the time period of May 29, 2020 to October 18, 2022."); Ex. 8 at 6; Ex. 10 at 6 (disputing the assertion "that all documents produced to the SEC dated after October 18, 2022 are necessarily 'irrelevant,' including documents referring to facts or events pre-dating October 18, 2022").

[13]   Ex. 2 at 11.

[14]   *See* Ex. 17 at 8 n.2 (agreeing to an ESI search date range ending on October 26, 2022 "without prejudice to the right to seek documents responsive to specific document requests dated outside of this date range, including without limitation, documents responsive to . . . Request No[]. . . . 5"); Ex. 18 at 15 (explaining the parties' agreement on an ESI search date range through October 26, 2022 "should not be misconstrued as agreement that" documents dated after October 26, 2022 are not discoverable).

after the complaint was filed are irrelevant . . . post-complaint documents may reflect on events or statements that occurred prior to the lawsuit"); *Zaloga v. Borough of Moosic*, 2012 WL 1899665, at *3 (M.D. Pa. May 24, 2012) ("the Court rejected the argument that any documents that were created after litigation commenced are irrelevant"); *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, 2014 WL 11498394, at *2 (D.N.J. Dec. 3, 2014) (ordering production of "[a]ny relevant documents created after the Class Period . . . that refer to information or conduct in the Class Period"), *modified*, 2015 WL 1969368 (D.N.J. Apr. 30, 2015).[15]

Given that the SEC investigation apparently began in March 2023, Defendants' arbitrary refusal to produce any documents dated after the Complaint was filed in October 2022 would necessarily exclude all or many of the materials discussing or evidencing the SEC's 2023 investigation.  For instance, testimony, presentations, or disclosures made to the SEC in 2023 concerning the Virginia Action, Pega's corporate espionage against Appian, and Pega's reporting and accounting treatment of the Virginia Action, are plainly relevant to this case, even if dated after October 18, 2022.  Meanwhile, memoranda or briefs provided to the SEC, or communications or other documents exchanged between Pega and the SEC as part of the investigation and reflecting on events preceding October 18, 2022, should be produced as well.

---

[15]   *See also, e.g.*, *Pershing*, 2013 WL 941617, at *5 ("[Rule 26] does not impose any limitation on discovery of matters that occur after the date the complaint is filed."); *Newton v. Am. Debt Servs., Inc.*, 2014 WL 2452743, at *3 (N.D. Cal. May 13, 2014) (documents dated **24 months beyond class period** discoverable, explaining "[c]ommunications with federal agencies regarding any enforcement or other inquiries occurring after the class period could contain evidence relevant to RMBT or GCS's actions or knowledge during the class period"); *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 1812822, at *5-*6 (S.D. Cal. May 6, 2021) ("[t]here is no rule that discovery be constrained to a particular time period," and "documents created after the alleged fraud was revealed may be relevant to scienter and falsity"); *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 73 (2d Cir. 2001) ("post-class period data may be relevant to determining what a defendant knew or should have known during the class period").

Moreover, responsive documents dated after October 18, 2022 (*i.e.*, after the Complaint was filed) will almost assuredly "reflect on" or "refer to information or conduct" preceding that date.  *See Pershing*, 2013 WL 941617, at *5; *Prudential*, 2014 WL 11498394, at *2.  Even after extensive discussions about this, Defendants have not identified a single document produced to the SEC that is dated after October 18, 2022, that does not refer to or reflect on events preceding that date.[16]

Given the significant, if not complete, overlap between the SEC investigation and this case, Plaintiffs' request for Defendants' production to the SEC is entirely appropriate.

### 2.   Defendants' Objection Regarding the Scope of the SEC's Investigation Is Misplaced

Defendants have asserted without explanation that the "SEC's request for information is broader than Plaintiffs' Requests."  Defendants offer no support for this assertion.[17]  Given the substantial, if not complete, overlap between the SEC investigation and this case, Defendants' productions to and communications with the SEC should be produced to Plaintiffs here.

---

[16]   Moreover, despite months of conferral, Defendants have not attempted to establish how providing Plaintiffs the documents they shared with the SEC, their communications with the SEC, or communications discussing the SEC investigation, would be unduly burdensome.   *See Baillargeon v. CSX Transp., Inc.*, 2022 WL 1104588, at *2  (D. Mass. Apr. 13, 2022) ("'When a party resists the production of evidence, it "bears the burden of establishing lack of relevancy or undue burden."'"); *Munoz*, 2013 WL 684388, at *6 ("Defendants will suffer little if any burden by producing . . . documents [that they] have already . . . produced" to the government); *New Century*, 2009 WL 9568860, at *6 ("there is virtually no burden that will be placed on defendant since the requested documents have already been found, compiled, and indexed").

[17]   *See* Ex. 8 at 6 (asserting, without support, the SEC's requests cover a different "time period" and "topics" from Plaintiffs' Requests); Ex. 5 at 5 (asking Defendants to substantiate their objections to Plaintiffs' request); Ex. 10 at 6 (again asking Defendants to substantiate their position).

Moreover, given the fact Pega agreed to produce to Plaintiffs "documents concerning the Virginia Action" (in response to Request No. 1), as well as copies of "all documents [that Pega] produced in the Virginia Litigation" (in response to Request No. 2), Defendants cannot seriously contend that documents Defendants provided to the SEC concerning the Virginia Action are not relevant.[18]   Indeed, even ***Defendants*** themselves have requested, from Plaintiffs and a number of third parties, "All Documents Concerning the Virginia Litigation" and "All Documents Concerning the allegations in the Virginia Complaints."[19]

In short, because the SEC's investigation is about the same subject matter as this lawsuit, Defendants should produce here all documents and information they have provided to the SEC in connection with that investigation.

## III.    CONCLUSION

Plaintiffs respectfully request that the Court order Defendants to produce the categories of documents listed *supra* at pages 5-6.

DATED:  November 27, 2023          Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP


s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

---

[18]   *See* Ex. 2 at 11-13 (Request Nos. 1-2); Ex. 4 at 6-11 (objections to Request Nos. 1-2); Ex. 13 at 1 ("Pegasystems has agreed to produce in response to [Request No. 2] all documents produced in the Virginia Litigation"); *see also Garner*, 2023 WL 6038011, at *2 (in granting plaintiffs' request to compel the defendants' production made to the government, noting the defendants had previously produced to plaintiffs documents that the defendants had produced in another civil case).

[19]   Ex. 7 at 5-6 (Defendants requesting "All Documents Concerning the Virginia Litigation," "All Documents Concerning the allegations in the Virginia Complaints," and "All Documents concerning Defendants").

DEBRA J. WYMAN (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
LONNIE A. BROWNE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
cstewart@rgrdlaw.com
lbrowne@rgrdlaw.com
mrossi@rgrdlaw.com
ngilliland@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
CHAD JOHNSON (admitted *pro hac vice*)
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SNEHEE KHANDESHI (admitted *pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
skhandeshi@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Liaison Counsel for Lead Plaintiffs

- 12 -

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 27, 2023.

s/ Christopher D. Stewart

CHRISTOPHER D. STEWART