# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>PEGASYSTEMS INC., ALAN TREFLER, and KENNETH STILLWELL,<br><br>    Defendants, | Case No.: 1:22-cv-11220-WGY |

### DEFENDANTS' INITIAL DISCLOSURE STATEMENT

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Pegasystems Inc. ("Pegasystems"), Alan Trefler, and Kenneth Stillwell ("Individual Defendants," and together with Pegasystems, "Defendants") hereby make these initial disclosures. The information contained in this initial disclosure statement is based on information that is currently reasonably available to Defendants. Defendants have not included information or documents that are not in their possession and that might be in the custody, possession, or control of any third parties except as noted. Defendants' search for additional documents and information that may support their claims or defenses is ongoing, and therefore Defendants do not represent that they have identified every witness, document, or thing they ultimately may use to support their claims or defenses and expressly reserve the right to supplement, amend, or clarify these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure in light of further discovery and investigation.

Defendants' initial disclosures are made without waiver of or prejudice to: (1) any objections they may have to the production of documents or individuals for examination, answers to interrogatories, or any other form of discovery or evidence, including on the grounds of

competency, privilege, relevancy, hearsay, or any other proper ground; (2) their right to object to the use of any information disclosed herein for any purpose, in whole or in part, in any proceeding in the above-captioned action (the "Action") or in any other action or proceeding; (3) their right to designate and maintain any information, document, or thing as "Confidential" or "Highly Confidential" pursuant to any stipulated confidentiality agreement and/or protective order entered in this Action; or (4) their right to object on any and all proper grounds to any inspection, demand or discovery request or proceeding involving or relating to the subject matter of these disclosures, even if directed to the subject matter described herein. Moreover, these disclosures do not constitute admissions as to the relevance or admissibility of the information disclosed or a waiver of any applicable attorney-client privilege, work-product protection, or other protection or immunity.

**I.    Rule 26(a)(1)(A)(i)—Individuals Likely to Have Discoverable Information That Defendants May Use to Support Their Claims or Defenses**

Based on information available to Defendants at the present time, Defendants identify the following as individuals who are reasonably likely to have discoverable information that Defendants may use to support their claims or defenses in this Action unless the use would be solely for impeachment.

| Name | Contact Information | Subject Matter |
|---|---|---|
| 30(b)(6) Representative of Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan | c/o Debra J. Wyman<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 231-1058 | • Knowledge of and facts supporting the allegations in the Lead Plaintiffs' Consolidated Amended Complaint for Violations of the Federal Securities Laws (Dkt. 61) (the "Complaint").<br>• Matters relating to class certification. |
| 30(b)(6) Representative of Central Pennsylvania Teamsters Pension Fund | c/o Debra J. Wyman<br>Robbins Geller Rudman & Dowd LLP | • Knowledge of and facts supporting the allegations in the Complaint. |

| Name | Contact Information | Subject Matter |
|---|---|---|
| - Retirement Income Plan 1987 | 655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 231-1058 | • Matters relating to class certification. |
| 30(b)(6) Representative of Construction Industry Laborers Pension Fund | c/o Debra J. Wyman<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 231-1058 | • Knowledge of and facts supporting the allegations in the Complaint.<br>• Matters relating to class certification. |
| Alan Trefler, Chief Executive Officer, Pegasystems | Undersigned counsel. | • Matters relating to Pegasystems' public representations and disclosures, including SEC filings. |
| Kenneth Stillwell, Chief Financial Officer and Chief Operating Officer, Pegasystems | Undersigned counsel. | • Matters relating to Pegasystems' public representations and disclosures, including SEC filings. |
| Efstathios Kouninis, Vice President, Finance, and Chief Accounting Officer, Pegasystems | Undersigned counsel. | • Matters relating to Pegasystems' public representations and disclosures, including SEC filings.<br>• Matters relating to Pegasystems' accounting treatment of the action *Appian Corporation v. Pegasystem Inc., et al.*, Civil Action No. 2020-07216 (Circuit Court of Fairfax County, Virginia), including any appeals of that action (the "Appian Virginia Litigation"). |
| Deloitte & Touche LLP | c/o James J. Farrell<br>Gibson Dunn<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 351-5326 | • Matters relating to Pegasystems' accounting treatment of the Appian Virginia Litigation.<br>• Matters relating to Pegasystems' public representations and disclosures, including SEC filings. |

In addition to the persons identified above, Defendants reserve the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information relevant to their claims and defenses. Defendants reserve the right to

rely on discoverable information from sources identified in the Rule 26(a) disclosures of any of the other parties to this Action.  Defendants further reserve the right to modify the foregoing list and to designate and/or call additional or fewer witnesses.

Defendants do not consent to or authorize communication by Plaintiffs or their attorneys with current or former employees of Pegasystems.

The identification of the foregoing persons does not constitute either an admission that such persons have relevant or admissible information or a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  In making these initial disclosures, Defendants do not waive their right to object, pursuant to the applicable Federal and Local Rules, to the deposition or other testimony of any individual or entity, including those identified above.

## II.   Rule 26(a)(1)(A)(ii)—Documents in Defendants' Possession, Custody, or Control They May Use to Support Their Claims or Defenses

Copies of documents, electronically stored information and tangible things in the possession, custody, or control of some or all of the Defendants that they may use to support their claims or defenses will be provided to Plaintiffs as part of the discovery process in this Action. The documents, electronically stored information, and tangible things listed below are located at the offices of some or all of the Defendants and/or at certain data and document storage facilities within the control of some or all of the Defendants.  To the extent the documents, information or tangible things listed below contain confidential or highly confidential information, they will be produced after a stipulated confidentiality agreement and/or protective order is entered in this Action.

The following are categories of documents, electronically stored information and tangible things (originals or copies), other than expert materials that may be or have been developed (which

will be disclosed pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure), in the possession, custody, or control of some or all the Defendants that Defendants may use to support their claims or defenses, other than solely for impeachment:

1. Documents concerning the Appian Virginia Litigation;

2. Documents constituting or concerning Pegasystems' public representations and disclosures, including SEC filings, press releases, transcripts of earnings calls, transcripts of investor conferences, and analyst reports;

3. Documents concerning Pegasystems' accounting treatment of the Appian Virginia Litigation, including documents and communications involving Pegasystems' auditor regarding the Appian Virginia Litigation;

4. Documents otherwise relating to the Action.

In addition to the above documents, Defendants may also rely on publicly available documents, documents produced by Plaintiffs, and documents produced by third parties in this Action.

Defendants continue to search for additional documents and information that they may use to support their claims and defenses, and Defendants expressly reserve the right to supplement this disclosure with such additional documents or information.

### III. Rule 26(a)(1)(A)(iii)—Defendants' Computation of Damages

Defendants have not asserted any counterclaims for damages. Defendants reserve the right to claim any and all damages against Plaintiffs for claims which they may at a future date assert in this Action, including but not limited to, reasonable attorneys' fees, costs, and expenses.

### IV. Rule 26(a)(1)(A)(iv)—Any Insurance Agreement Under Which an Insurance Business May Be Liable to Satisfy All or Part of a Possible Judgment

The following insurance agreements are those under which an insurance business may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any judgment:

- Policy Number 01-582-96-20 produced at PEGA_DMASS_00000001.

- Policy Number 652259236 produced at PEGA_DMASS_00000132.

- Policy Number 107312060 produced at PEGA_DMASS_00000147.

- Policy Number 01-585-41-63 produced at PEGA_DMASS_00000188.

Dated:  June 22, 2023

Respectfully submitted,

/s/ Daniel W. Halston
Daniel W. Halston (BBO # 548692)
Michael G. Bongiorno (BBO # 558748)
Robert Kingsley Smith (BBO # 681914)
Erika M. Schutzman (BBO # 696241)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Daniel.Halston@wilmerhale.com
Michael.Bongiorno@wilmerhale.com
Robert.Smith@wilmerhale.com
Erika.Schutzman@wilmerhale.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2023, I caused a true and correct copy of the foregoing Defendants' Initial Disclosure Statement to be served by email in accordance with the parties' agreement and the Federal Rules of Civil Procedure on the following counsel of Record:

| | |
|---|---|
| **ROBBINS GELLAR RUDMAN & DOWD LLP** <br> Debra J. Wyman <br> Christopher D. Stewart <br> Lonnie A. Browne <br> Megan A. Rossi <br> Raphaella Friedman <br> 655 West Broadway, Suite 1900 <br> San Diego, CA 92101 <br> Telephone: (619) 231-1058 <br> debraw@rgrdlaw.com <br> cstewart@rgrdlaw.com <br> lbrowne@rgrdlaw.com <br> mrossi@rgrdlaw.com <br> rfriedman@rgrdlaw.com <br><br> Chad Johnson <br> 420 Lexington Avenue, Suite 1832 <br> New York, NY 10170 <br> Telephone: (212) 432-5100 <br> chadj@rgrdlaw.com <br><br> Snehee Khandeshi <br> Post Montgomery Center <br> One Montgomery Street, Suite 1800 <br> San Francisco, CA 94104 <br> Telephone: (415) 288-4545 <br> skhandeshi@rgrdlaw.com <br><br> *Lead Counsel for Lead Plaintiff* | **HUTCHINGS BARSAMIAN MANDELCORN, LLP** <br> Theodore M. Hess-Mahan, BBO #557109 <br> 110 Cedar Street, Suite 250 <br> Wellesley Hills, MA 02481 <br> Telephone: (781) 431-2231 <br> thess-mahan@hutchingsbarsamian.com <br><br> *Liaison Counsel for Lead Plaintiffs* |

                                               */s/ Erika M. Schutzman*
                                               Erika M. Schutzman