# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No.:  1:22-cv-11220-WGY |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PEGASYSTEMS INC., ALAN TREFLER, and KENNETH STILLWELL, | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Pegasystems Inc. ("Pegasystems"), Alan Trefler, and Kenneth Stillwell ("Individual Defendants," and together with Pegasystems, "Defendants"), by and through their undersigned counsel, hereby respond and object to Plaintiffs' First Set of Requests for Production of Documents to Defendants (the "Requests," and, each individually, a "Request").  Defendants agree herein to respond only in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the District of Massachusetts (the "Local Rules"), and nothing herein should be construed as an agreement to respond beyond or outside of those Rules. Where Defendants have stated that they will produce documents, they will produce documents within Pegasystems' possession, custody, or control on a rolling basis on or before the date on which fact discovery ends.[1]

---

[1] Defendants Trefler and Stillwell state that documents and communications responsive to these Requests, if any, are primarily within the possession, custody, or control of Pegasystems.  Accordingly, Defendants Trefler and Stillwell offer to meet and confer with Plaintiffs following any production of documents or communications by Pegasystems to ascertain whether Plaintiffs have any reasonable further need for additional searches by Defendants Trefler or Stillwell.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Defendants object to the Requests as premature on the grounds that they were served in advance of the parties' initial disclosures.  *See* D. Mass. Civil Local Rule 26.2(a) ("Except as provided in Fed. R. Civ. P. 26(d)(2), and unless otherwise ordered by the judicial officer, a party must provide to other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1) before that party may initiate discovery.").

2.      Defendants object to the definition of the term "Deloitte" as overbroad, unduly burdensome, and not proportional the needs of the case to the extent it includes any of Deloitte's predecessors, successors, parents, subsidiaries, divisions, partnerships, and branches; its international, foreign, national, regional, and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants, and all other persons acting or purporting to act on its behalf.  Defendants further object to the definition of "Deloitte" to the extent that the inclusion of the terms "employees," "agents," "attorneys," and "advisors" seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  To the extent possible, Defendants will construe the term "Deloitte" to mean Deloitte and Touche LLP.

3.      Defendants object to the definition of "ESI" to the extent that term differs from the meaning that will be agreed upon by the Parties in a stipulated ESI protocol ("ESI Stipulation"). Defendants will construe the term "ESI" consistent with how that term will be defined in the ESI Stipulation.

4.      Defendants object to the definition of "Employee" as overbroad, unduly burdensome, and not proportional the needs of the case to the extent it includes any person who at any time acted or purported to act on Defendants' behalf or under Defendants' supervision,

direction or control.  Defendants further object to the definition of "Employee" as vague and ambiguous to the extent it includes the phrase "similar persons or entities," which is insufficiently precise to put Defendants on notice of the persons or entities intended.  Defendants further object to the definition of "Employee" to the extent that the inclusion of the terms "advisors," "representatives," and "agents" seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. To the extent possible, Defendant will construe the term "Employee" to mean employees of Pegasystems Inc.

5.      Defendants object to the definition of the terms "Pegasystems" and the "Company" as overbroad, unduly burdensome, and not proportional the needs of the case to the extent it includes any of Pegasystems' direct or indirect subsidiaries, divisions or affiliates (foreign and domestic), predecessors, successors, present and former officers, directors, employees, agents, accountants and advisors, and all other persons acting or purporting to act on its behalf.  Defendants further object to the definition of "Pegasystems" and "Company" to the extent that the inclusion of the terms "employees," "agents," "advisors," and "all other persons" seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  To the extent possible, Defendants will construe the terms "Pegasystems" and the "Company" to mean Pegasystems Inc.

6.      Defendants object to the definition of "Policy" and "Policies" as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include within the meaning of the terms information that is "informal," "unwritten," or "unrecorded," and to the extent it purports to include information that is "recognized or followed, explicitly or implicitly." Defendants further object to the definition of "Policy" and "Policies" as vague and ambiguous to

the extent the definition includes the terms "rule," "procedure," "practice," "course of conduct," "formal," and "informal," which are undefined.  To the extent possible, Defendants will construe the terms "Policy" and "Policies" to mean written policies applicable to employees and/or directors of Pegasystems.

7.      Defendants object to the definition of "Senior Management" as overbroad, unduly burdensome, not proportional the needs of the case, and seeking information not relevant to any party's claims or defenses to the extent it purports to include individuals with no connection to or knowledge of the allegations in the Complaint.  To the extent possible, Defendants will construe the term "Senior Management" to mean Alan Trefler (Founder and CEO) and Ken Stillwell (Chief Operating Officer and Chief Financial Officer).

8.      Defendants object to Instructions 1 through 8 of the Requests to the extent they seek to impose any obligation on the Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules.  Defendants further object to Instructions 1 through 8 to the extent they purport to impose a duty on Defendants to seek documents or information through something other than a reasonable, diligent, good faith search of Defendants' centrally located and reasonably accessible records where potentially responsive materials or information reasonably would be expected to be found.  Any representation by Defendants herein that they will produce responsive documents means that they will make a reasonable, diligent, good faith effort to locate responsive documents in Defendants' centrally located and reasonably accessible records where potentially responsive materials or information reasonably would be expected to be found, and that they will produce any responsive, non-privileged documents found.  Such representations do not mean that any such documents exist, or that any existing documents can be collected through reasonable efforts.  Defendants further object to Instructions 1 through 8 to the extent they

call for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

9.      Defendants further object to Instruction 3 to the extent it seeks to impose any continuing duty to supplement or provide further responses, or otherwise seeks to impose any obligation on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules.

10.     Defendants further object to Instruction 4 to the extent it seeks to impose any obligation on the Defendants to provide information concerning documents no longer in Pegasystems' possession, custody, or control, which goes beyond the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules.  Defendants have no obligation to provide the requested information and will not undertake to do so.

11.     Defendants further object to Instruction 5 to the extent it purports to require Defendants to provide nine categories of information for each document over which a privilege is claimed, including the names of people to whom documents were "intended to be sent" and a statement concerning "whom each identified person represented or purported to represent at all relevant times," which goes beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules and is unduly burdensome.  To the extent that documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity are withheld in full or in part from any production of documents made by Defendants in response to these Requests, Defendants will follow the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules.

12.     Defendants object to the "Production of Hard-Copy Documents – Format" Instructions and the "Production of ESI" Instructions to the extent they conflict with and will be

superseded by the ESI Stipulation.  Defendants further object to the "Production of Hard-Copy Documents – Format" and "Production of ESI" Instructions to the extent they exceed the scope of permissible discovery set forth in the Federal Rules of Civil Procedure or the Local Rules. In producing documents in response to these Requests, Defendants will follow any ESI Stipulation to be agreed upon by the parties.

13.    Defendants object to the "Relevant Period" Instruction, which defines the "Relevant Period" as "January 1, 2020 to the date of production," as overbroad, unduly burdensome, not proportional the needs of the case, and seeking information not relevant to any party's claims or defenses to the extent it exceeds the time period at issue in the Complaint. January 1, 2020 is approximately five months prior to the filing of the May 29, 2020 Appian Complaint.  The undefined "date of production" post-dates the filing of the Complaint by at least nine months.  Defendants further object to the "Relevant Period" Instruction to the extent it seeks to impose any obligation on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules.  Unless otherwise stated or agreed, or as the context otherwise dictates, any production by Defendants will cover the time period of May 29, 2020 to October 18, 2022.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to, and without waiving, the foregoing objections, Defendants respond to the Requests as follows:

## REQUEST FOR PRODUCTION NO. 1:

All documents concerning the Virginia Action, including all documents concerning any evaluation, analysis, inquiry, or assessment:

(a)    of the claims, defenses, or allegations in the Virginia Action;

(b)    of any damages or request for relief alleged by Appian in the Appian

Complaints;

    (c)    of any loss or liability that Pegasystems could incur as a result of the Virginia Action;

    (d)    of whether to publicly disclose or discuss the Virginia Action or conduct alleged in the Virginia Action;

    (e)    of the probability of an unfavorable outcome to Pegasystems from the Virginia Action;

    (f)    of the assessment whether or not the Virginia Action originated outside the ordinary course of business;

    (g)    of the actual or potential impact of the Virginia Action on the sale, use, or licensing of Pegasystems' software, services, or platform;

    (h)    of whether to record an accrual in connection with the Virginia Action; and

    (i)    of how a jury might rule in the Virginia Action.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 1 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 1 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to the definition of "Pegasystems" as used in Request No. 1 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the

foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc.

Defendants object to Request No. 1 as overbroad, unduly burdensome, and not proportional to the needs of the case, as well as duplicative of Request Nos. 1–14, 17–18, 22–23, and 31, to the extent it seeks "[a]ll documents concerning the Virginia Action," irrespective of whether any particular documents relate to the claims and issues in dispute.  Defendants will construe Request No. 1 to call for documents concerning the Virginia Action dated May 29, 2020 to October 18, 2022.

Defendants object to Request No. 1 to the extent it calls for documents and information not within the Defendants' possession, custody, or control, including documents within the possession of Deloitte and Touche LLP or other non-parties that are equally accessible to Plaintiffs.  Defendants will not construe Request No. 1 to call for documents that are the subject of pending subpoenas to non-parties.

Defendants object to Request No. 1 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs.  Defendants will not construe Request No. 1 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 1 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and that can be located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 2:**

All documents produced in fact and expert discovery in the Virginia Action, including, but not limited to, all:

(a)     documents produced in response to requests for production of documents, interrogatories, requests for admission, or document subpoenas;

(b)     written objections and responses to requests for production of documents, interrogatories, requests for admission, or document subpoenas;

(c)     expert reports and the documents relied upon by the expert, including the expert reports of William Easttom, Paul Pinto, Simon Platt, James Malackowski, Richard Marshall, and Eric Cole;

(d)     transcripts (and exhibits) to fact and expert depositions taken in the Virginia Action; and

(e)     privilege logs.

This request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 2 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents produced in fact and expert discovery in the Virginia Action," irrespective of whether any particular documents relate to the claims and issues in dispute.  Defendants will construe Request No. 2 to call for documents produced by Pegasystems in the Virginia Action in response to requests for production of documents,

interrogatories, or requests for admission; the expert reports identified in subpart (c), including materials relied upon by the identified experts, to the extent the experts were designated by Pegasystems; transcripts of fact and expert depositions taken in the Virginia Action, including exhibits; and privilege logs served in the Virginia Action, if any.

Defendants object to Request No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications without regard to a relevant time period. Any production by Defendants will cover the time period of May 29, 2020 to October 18, 2022.

Defendants object to Request No. 2 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 2 to call for documents that are equally available to Plaintiffs, including documents publicly available from the Virginia state courts.

Defendants object to Request No. 2 to the extent it is duplicative of Request No. 1. Defendants will not construe Request No. 2 to call for documents that are duplicative of documents called for by Request No. 1.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 2 as construed herein documents produced by Pegasystems in the Virginia Action in response to requests for production of documents, interrogatories, or requests for admission; the expert reports identified in subpart (c), including materials relied upon by the identified experts, to the extent the experts were designated by Pegasystems; transcripts of fact and expert depositions taken in the Virginia Action, including exhibits; and privilege logs served in the Virginia Action, to the extent any such documents exist, that can be located via a reasonable search of documents within Pegasystems'

possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

**REQUEST FOR PRODUCTION NO. 3:**

All pleadings, transcripts, orders, and other documents filed with, submitted to, or docketed by, courts in the Virginia Action, including, but not limited to, all:

(a)     transcripts of hearings and trial proceedings;

(b)     motions, responses, declarations, exhibits, appendices, and other pleadings filed with the courts in the Virginia Action; and

(c)     trial exhibit lists, trial exhibits, witness lists, and jury instructions.

This request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 3 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 3 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll pleadings, transcripts, orders, and other documents filed with, submitted to, or docketed by, courts in the Virginia Action," irrespective of whether any particular documents relate to the claims and issues in dispute.  Defendants will construe Request No. 3 to call for the documents requested in subpart (a) of Request No. 3.

Defendants object to Request No. 3 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents and communications without regard to a relevant time period.  Any production by Defendants will cover the time period of May 29, 2020 to October 18, 2022.

Defendants object to Request No. 3 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 3 to call for documents that are equally available to Plaintiffs, including documents publicly available from the Virginia state courts.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 3 as construed herein the documents requested in subpart (a) of Request No. 3, to the extent any such documents exist, can be located via a reasonable search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order or any sealing order prohibiting their disclosure in this litigation.

## REQUEST FOR PRODUCTION NO. 4:

All documents, including all drafts thereof, concerning the preparation, content, review process, and submission of Pegasystems' SEC filings during the Relevant Period, including, but not limited to, all documents concerning the ASC 450 and Item 103 assessments made for contingencies or legal proceedings.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 4 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 4 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

12

Defendants object to the definition of "Pegasystems" as used in Request No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc.

Defendants further object to Request No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents, including all drafts thereof, concerning the preparation, content, review process, and submission of Pegasystems' SEC filings during the Relevant Period," irrespective of whether Pegasystems' SEC filings relate to the claims and issues in dispute. Defendants further object to Request No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning the ASC 450 and Item 103 assessments made for contingencies or legal proceedings," irrespective of whether any particular documents relate to the claims and issues in dispute or whether any particular documents concern the actual contingencies or legal proceedings at issue in this Action. Defendants will construe Request No. 4 to call for (i) draft and final disclosures contained in Pegasystems' SEC filings concerning contingencies or legal proceedings dated between May 29, 2020 and October 18, 2022, (ii) final agendas and presentation materials from Disclosure Committee meetings that took place between May 29, 2020 and October 18, 2022, and (iii) final accounting memoranda concerning loss contingencies and the Virginia Action, dated between May 29, 2020 and October 18, 2022.

Defendants object to Request No. 4 to the extent it calls for documents and information not within the Defendants' possession, custody, or control, including documents within the possession of Deloitte and Touche LLP or other non-parties that are equally accessible to Plaintiffs.

Defendants will not construe Request No. 4 to call for documents that are the subject of pending subpoenas to non-parties.

Defendants object to Request No. 4 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 4 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 4 as construed herein responsive, non-privileged (i) draft and final disclosures contained in Pegasystems' SEC filings concerning contingencies or legal proceedings dated between May 29, 2020 and October 18, 2022, (ii) final agendas and presentation materials from Disclosure Committee meetings that took place between May 29, 2020 and October 18, 2022, and (iii) final accounting memoranda concerning loss contingencies and the Virginia Action dated between May 29, 2020 and October 18, 2022, to the extent any such documents exist, can be located via a reasonable search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning your communications with, requests by, or actions of, the SEC or any other governmental agency concerning Pegasystems, including, but not limited to, all documents concerning any request by the SEC for information relating to the Virginia Action or Appian Complaints, including the SEC's request for information as disclosed in Pegasystems' Form 10-Q filed on April 26, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 5 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 5 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 5 as vague and ambiguous to the extent it includes the term "any other governmental agency," which is undefined. Defendants will construe the term "any other governmental agency" to mean the U.S. Securities and Exchange Commission ("SEC"). Defendants further object to the definition of "Pegasystems" as used in Request No. 5 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc.

Defendants object to Request No. 5 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning your communications with, requests by, or actions of, the SEC or any other governmental agency concerning Pegasystems," irrespective of whether any particular documents relate to the claims and issues in dispute.

Defendants further object to Request No. 5 as irrelevant and immaterial to the extent that it seeks cloned discovery requesting all discovery produced during a government investigation, which is irrelevant and immaterial unless the *fact* that particular discovery was produced is relevant to the subject matter of the Action. *See, e.g.*, *King Cty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("Cloned discovery" that "request[s] all documents produced … during other litigation or investigations[] is irrelevant and immaterial unless the fact that particular

documents were produced … by a party is relevant to the subject matter of the subject case" (quotations omitted)); *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) ("'Cloned discovery,' requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the instant case.").

Pursuant to the foregoing objections, Defendants will not produce documents in response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning Pegasystems' accounting and reporting policies and procedures for contingencies or legal proceedings, including policies and procedures with respect to ASC 450 and Item 103, including, but not limited to, all documents concerning Defendants' compliance with or deviation from Pegasystems' accounting and reporting policies and procedures for contingencies or legal proceedings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 6 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants further object to Request No. 6 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 6 as vague and ambiguous to the extent it includes the term "procedures," which is undefined.  Defendants will construe the term "procedures" to mean

written required action applicable to employees and directors of Pegasystems Inc.  Defendants further object to the definitions of "Pegasystems" and "Policies" as used in Request No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case.  Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc. and will construe the term "Policies" to mean written policies applicable to employees and/or directors of Pegasystems.

Defendants object to Request No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning Pegasystems' accounting and reporting policies and procedures for contingencies or legal proceedings" and "[a]ll documents concerning Defendants' compliance with or deviation from Pegasystems' accounting and reporting policies and procedures for contingencies or legal proceedings," irrespective of whether any particular documents relate to the claims and issues in dispute.  Defendants will construe Request No. 6 to call for final agendas and presentation materials from Disclosure Committee meetings that took place between May 29, 2020 and October 18, 2022 and final accounting memoranda concerning loss contingencies and the Virginia Action, dated between May 29, 2020 and October 18, 2022.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 6 as construed herein responsive policies and procedures dated between May 29, 2020 to October 18, 2022, if any, responsive, non-privileged final agendas and presentation materials from Disclosure Committee meetings that took place between May 29, 2020 and October 18, 2022, and final accounting memoranda concerning loss contingencies and the Virginia Action, dated between May 29, 2020 and October 18, 2022, to the extent any such documents exist, can be located via a reasonable

17

search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning your accounting treatment and reporting of the Virginia Action or Appian Complaints, including, but not limited to, all assessments, evaluations, and disclosure considerations conducted under ASC 450 and Item 103.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 7 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 7 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 7 as vague and ambiguous to the extent it includes the terms "accounting treatment" and "reported," which are undefined. Defendants will construe the term "accounting treatment" to mean accounting as required for Pegasystems' SEC filings and the term "reported" to mean reported to the SEC.

Defendants object to Request No. 7 to the extent it calls for documents and information not within the Defendants' possession, custody, or control, including documents within the possession of Deloitte and Touche LLP or other non-parties that are equally accessible to Plaintiffs. Defendants will not construe Request No. 7 to call for documents that are the subject of pending subpoenas to non-parties.

Defendants object to Request No. 7 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs.  Defendants will not construe Request No. 7 to call for documents that are equally available to Plaintiffs.

Defendants object to Request No. 7 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning your accounting treatment and reporting of the Virginia Action or Appian Complaints," irrespective of whether any particular documents relate to the claims and issues in dispute.  Defendants will construe Request No. 7 to call for (i) draft and final disclosures contained in Pegasystems' SEC filings concerning contingencies or legal proceedings dated between May 29, 2020 and October 18, 2022, (ii) final agendas and presentation materials from Disclosure Committee meetings that took place between May 29, 2020 and October 18, 2022, and (iii) final accounting memoranda concerning loss contingencies and the Virginia Action, dated between May 29, 2020 and October 18, 2022. Defendants object to Request No. 7 to the extent it is duplicative of Request No. 4.  Defendants will not construe Request No. 7 to call for documents that are duplicative of documents called for by Request No. 4.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 7 other than the documents Defendants have agreed to produce in response to Request No. 4.

## REQUEST FOR PRODUCTION NO. 8:

All documents and communications relating to any consultation with third parties, regarding Pegasystem's [*sic*] accounting policies and procedures and/or GAAP as it relates to contingencies or legal proceedings, including, but not limited to, the Virginia Action or Appian Complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 8 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 8 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 8 as vague and ambiguous to the extent it includes the terms "procedures" and "third parties" which are undefined. Defendants will construe the term "procedures" to mean written required actions applicable to employees and directors of Pegasystems Inc. Defendants will construe the term "third parties" to mean Deloitte and Touche LLP. Defendants further object to the definitions of "Pegasystems" and "Policies" as used in Request No. 8 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc. and will construe the term "Policies" to mean written policies applicable to employees and/or directors of Pegasystems.

Defendants object to Request No. 8 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents and communications relating to any consultation with third parties, regarding Pegasystem's [*sic*] accounting policies and procedures and/or GAAP as it relates to contingencies or legal proceedings," irrespective of whether any particular documents relate to the claims and issues in dispute. Defendants further object to Request No. 8 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks documents from undefined "third parties," including law firms, whose

communications with Pegasystems are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants will construe Request No. 8 to call for communications with Deloitte concerning the Virginia Action, the Appian Complaints, and Pegasystems' accounting for the Virginia Action.

Defendants object to Request No. 8 to the extent it calls for documents and information not within the Defendants' possession, custody, or control, including documents within the possession of Deloitte and Touche LLP or other non-parties that are equally accessible to Plaintiffs and/or have already been sought by Plaintiffs through subpoenas.  Defendants will not construe Request No. 8 to call for documents that are the subject of pending subpoenas to non-parties.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 8 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and that can be located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning communications with Deloitte, including, but not limited to, all:

(a)     documents concerning any audit or review by Deloitte of Pegasystems' financial statements or public disclosures; and

(b)     documents provided to, or received from, Deloitte concerning the Virginia Action, the Appian Complaints, Pegasystems' accounting for contingencies or legal proceedings, or Pegasystems' reporting of contingencies or legal proceedings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 9 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 9 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to the definitions of "Pegasystems" and "Deloitte" as used in Request No. 9 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc. and will construe the term "Deloitte" to mean Deloitte and Touche LLP.

Defendants object to Request No. 9 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents concerning communications with Deloitte" and "Pegasystems' accounting for contingencies or legal proceedings," irrespective of whether any particular documents relate to the claims and issues in dispute. Defendants further object to Request No. 9 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning any audit or review by Deloitte of Pegasystems' financial statements or public disclosures" and "Pegasystems' accounting for contingencies or legal proceedings" irrespective of whether any particular documents relate to the claims and issues in dispute. Defendants will construe Request No. 9 to call for communications with Deloitte concerning the Virginia Action, the Appian Complaints, and Pegasystems' accounting for the Virginia Action.

Defendants object to Request No. 9 to the extent it calls for documents and information not within the Defendants' possession, custody, or control, including documents within the possession of Deloitte and Touche LLP or other non-parties that are equally accessible to Plaintiffs. Defendants will not construe Request No. 9 to call for documents that are the subject of pending subpoenas to non-parties.

Defendants object to Request No. 9 to the extent it is duplicative of Request No. 8. Defendants will not construe Request No. 9 to call for documents that are duplicative of documents called for by Request No. 8.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 9 other than the documents Defendants have agreed to produce in response to Request No. 8.

**REQUEST FOR PRODUCTION NO. 10:**

All documents you reviewed, considered, generated, or relied upon each time you determined not to publicly disclose or discuss the Virginia Action prior to February 16, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 10 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants further object to Request No. 10 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 10 as vague, ambiguous, and unduly burdensome to the extent it calls for documents relating to "determin[ations] not to publicly disclose or discuss" the

23

Virginia Action. Defendants will construe Request 10 to call for documents concerning Pegasystems' quarterly disclosures to the SEC regarding legal proceedings or loss contingencies dated between May 29, 2020 and October 18, 2022.

Defendants object to Request No. 10 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents you reviewed, considered, generated, or relied upon each time you determined not to publicly disclose or discuss the Virginia Action," irrespective of whether any particular documents relate to the claims and issues in dispute.

Defendants object to Request No. 10 to the extent it calls for documents and information not within the Defendants' possession, custody, or control, including documents within the possession of Deloitte and Touche LLP or other non-parties that are equally accessible to Plaintiffs. Defendants will not construe Request No. 10 to call for documents that are the subject of pending subpoenas to non-parties.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 10 as construed herein (i) responsive, non-privileged final agendas and presentation materials from Disclosure Committee meetings that took place between May 29, 2020 and October 18, 2022, to the extent any such documents exist, can be located via a reasonable search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and (ii) the May 29, 2020 Complaint and the October 21, 2021 First Amended Complaint filed by Appian in the Virginia Action.

Defendants will further produce in response to Request No. 10 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are

not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and that can be located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 11:**

All documents you relied upon in making, or documents concerning, your statements on February 16, 2022 that:

(a)      "the claims brought by Appian against the Company are without merit";

(b)      "the Company has strong defenses to these claims";

(c)      "any alleged damages claimed by Appian are not supported by the necessary legal standard of proximate cause"; and

(d)      "[t]he Company is unable to reasonably estimate possible damages or a range of possible damages given the Company's belief that the damages claimed by Appian fail to satisfy the required legal standard and due to the uncertainty as to how a jury may rule."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 11 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants further object to Request No. 11 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 11 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents you relied upon in

making, or documents concerning" statements made on February 16, 2022, irrespective of whether any particular documents relate to the claims and issues in dispute.

Defendants object to Request No. 11 to the extent it is duplicative of Request No. 10. Defendants will not construe Request No. 11 to call for documents that are duplicative of documents called for by Request No. 10.

Subject to and without waiving the foregoing objections, Defendants will produce in response to Request No. 11 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and that can be located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist.

## REQUEST FOR PRODUCTION NO. 12:

All documents concerning any communications, conference calls, presentations, or meetings with Pegasystems' shareholders, financial or securities analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers concerning Pegasystems' financial reporting, accounting, the Virginia Action, or the Appian Complaints.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 12 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants further object to Request No. 12 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 12 as vague and ambiguous to the extent it includes the terms "financial or securities analysts," "financial publications," "news reporters," and "journalists," which are undefined.  Defendants will construe the term "financial or securities analyst" to refer to those analysts identified by Pegasystems on its Investors Relations webpage, https://www.pega.com/about/investors.   Defendants will construe the term "financial publications" to refer to printed publications of the financial press, including the *Financial Times*, *Wall Street Journal*, and *The Economist*.  Defendants will construe the terms "news reporters" and "journalists" to mean representatives of print media publications.  Defendants further object to the definition of "Pegasystems" as used in Request No. 12 as overbroad, unduly burdensome, and not proportional to the needs of the case.  Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc.

Defendants object to Request No. 12 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning any communications, conference calls, presentations, or meetings" with a number of individuals and entities "concerning Pegasystems' financial reporting, [and] accounting," irrespective of whether any particular documents relate to the claims and issues in dispute.  Defendants will construe Request No. 12 to call for any communications with shareholders (including any institutional investors), analysts, or representatives of print media publications concerning Pegasystems' financial reporting, accounting, the Virginia Action, or the Appian Complaints.

Defendants object to Request No. 12 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs.  Defendants will not construe Request No. 12 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 12 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and that can be located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning any media or analyst coverage of Pegasystems, the Virginia Action, or the Appian Complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 13 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 13 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 13 as vague and ambiguous to the extent the terms "media" and "analyst" are undefined. Defendants will construe the term "media" to refer to print media. Defendants will construe the term "analyst" to refer to those analysts identified by Pegasystems on its Investors Relations webpage, https://www.pega.com/about/investors. Defendants further object to the definition of "Pegasystems" as used in Request No. 13 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the

28

foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc.

Defendants object to Request No. 13 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning any media or analyst coverage of Pegasystems," irrespective of whether any particular document relates to the claims and issues in dispute.  Defendants will construe Request No. 13 to call for documents concerning: (1) any print media coverage of the Virginia Action or the Appian Complaints, or the impact of the Virginia Action and Appian Complaints on Pegasystems; and (2) analyst reports concerning Pegasystems dated between May 29, 2020 and October 18, 2022.

Defendants object to Request No. 13 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs.  Defendants will not construe Request No. 13 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 13 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation concerning (1) any print media coverage of the Virginia Action or the Appian Complaints, or the impact of the Virginia Action and Appian Complaints on Pegasystems located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist, and (2) analyst reports concerning Pegasystems dated between May 29, 2020 and October 18, 2022, to the extent any such documents exist and can be located via a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

All documents concerning any statements made by Defendants or members of Senior Management to the media, investors, analysts, or public relations firms concerning the Virginia Action or the Appian Complaints, including, but not limited to, defendant Kenneth Stillwell's public statements concerning the Virginia Action made on May 12, 2022, May 18, 2022, and May 23, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 14 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants further object to Request No. 14 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 14 as vague and ambiguous to the extent the terms "media" and "analyst" are undefined.  Defendants will construe the term "media" to refer to print media.  Defendants will construe the term "analyst" to refer to those analysts identified by Pegasystems on its Investors Relations webpage, https://www.pega.com/about/investors.  Defendants further object to the definition of "Senior Management" as used in Request No. 14 as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses.  Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Senior Management" to mean Defendant Trefler and Defendant Stillwell.

Defendants object to Request No. 14 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 14 to call for documents that are equally available to Plaintiffs.

Defendants object to Request No. 14 to the extent it is duplicative of Request No. 13. Defendants will not construe Request No. 14 to call for documents that are duplicative of documents called for by Request No. 13.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 14 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and that can be located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 15:**

A copy of any media, social media, or corporate disclosure policies or procedures in place at Pegasystems during the Relevant Period, and all documents and communications concerning compliance with or violations of any of those policies or procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 15 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 15 to the

31

extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 15 as vague and ambiguous to the extent it includes the term "procedures," which is undefined. Defendants will construe the term "procedures" to mean written required actions applicable to employees and directors of Pegasystems Inc. Defendants further object to the definitions of "Pegasystems" and "Policies" as used in Request No. 15 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc. and will construe the term "Policies" to mean written policies applicable to employees and/or directors of Pegasystems.

Defendants object to Request No. 15 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "any media, social media, or corporate disclosure policies or procedures in place at Pegasystems during the Relevant Period" and "all documents and communications concerning compliance with or violations of any of those policies or procedures," irrespective of whether any particular documents relate to the claims and issues in dispute. Defendants will construe Request No. 15 to call for media, social media, or corporate disclosure policies or procedures in effect between May 29, 2020 and October 18, 2022.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 15 as construed herein responsive media, social media, or corporate disclosure policies or procedures in effect between May 29, 2020 and October 18, 2022, to the extent any such documents exist, can be located via a reasonable search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

**REQUEST FOR PRODUCTION NO. 16:**

Copies of Pegasystems' Code of Conduct in place throughout the Relevant Period, all documents concerning any proposed or actual changes to the Code of Conduct during the Relevant Period, and all documents concerning any violations or suspected violations of Pegasystems' Code of Conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 16 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 16 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 16 as vague and ambiguous to the extent the terms "proposed or actual changes" and "suspected violations" are undefined. Defendants will construe the term "proposed or actual changes" to mean changes proposed and rejected and will construe "suspected violations" to mean any confirmed violations of Pegasystems' Code of Conduct. Defendants further object to the definition of "Pegasystems" as used in Request No. 16 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc.

Defendants object to Request No. 16 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning any proposed or actual changes to the Code of Conduct during the Relevant Period" and "all documents

33

concerning any violations or suspected violations of Pegasystems' Code of Conduct," irrespective of whether any particular documents relate to the claims and issues in dispute and the time period at issue in the Complaint.

Defendants will construe Request No. 16 to call for Pegasystems' Code of Conduct in effect between May 29, 2020 and October 18, 2022 and confirmed violations of Pegasystems' Code of Conduct between May 29, 2020 and October 18, 2022, if any.

Defendants object to Request No. 16 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 16 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 16 as construed herein Pegasystems' Code of Conduct in effect between May 29, 2020 and October 18, 2022, to the extent any such documents exist, can be located via a reasonable search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning any concerns, complaints, or issues raised with Pegasystems' audit committee, internal audit department, members of a disclosure committee (including, without limitation, the "Disclosure Committee" referenced in the Code of Conduct), Senior Management, or other divisions or individuals responsible for fielding, processing, or responding to employee concerns or complaints, regarding:

(a)     the Virginia Action;

(b)     the Appian Complaints or conduct alleged therein; and

34

(c)      Pegasystems' financial reporting or disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 17 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants further object to Request No. 17 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 17 as vague and ambiguous on the grounds that it refers to "concerns, complaints, or issues," "a disclosure committee," and "employee concerns or complaints" without defining such terms.  Defendants will construe the terms "concerns, complaints, or issues" and "employee concerns or complaints" to mean formal complaints. Defendants will construe the phrase "a disclosure committee" to mean the "Disclosure Committee" referenced in Pegasystems' Code of Conduct and will construe Request No. 17 to seek documents concerning formal complaints submitted by Pegasystems employees.  Defendants further object to the definitions of "Pegasystems," "Employee" and "Senior Management" as used in Request No. 17 as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses.  Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc., will construe the term "Employee" to mean employees of Pegasystems Inc., and will construe the term "Senior Management" to mean Defendant Trefler and Defendant Stillwell.

Defendants object to Request No. 17 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning any concerns, complaints, or issues raised" with a number of individuals and entities regarding "Pegasystems' financial reporting or disclosures," irrespective of whether any particular documents relate to the claims and issues in dispute.  Defendants will construe Request No. 17 to call for documents concerning formal complaints submitted by Pegasystems employees regarding the Virginia Action, Appian Complaints (including allegations therein), or Pegasystems' disclosures or accrual decisions concerning the Virginia Action.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 17 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and that can be located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning any actual, potential, or contemplated steps to raise money in connection with the Virginia Action, including, without limitation, in order to pay all or part of a judgment in the Virginia Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 18 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other

36

applicable privilege, protection, or immunity.  Defendants further object to Request No. 18 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants further object to Request No. 18 to the extent it seeks information that is not relevant to any party's claims or defenses.

Pursuant to the foregoing objections, Defendants will not produce documents in response to Request No. 18.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning Pegasystems' share price, market capitalization, number of shareholders, volume of shares traded and/or the value of options, or any other Pegasystems security.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 19 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants further object to Request No. 19 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 19 as vague and ambiguous to the extent it includes the phrases "share," "options" and "any other Pegasystems security," which are undefined. Defendants will construe the term "share" to mean Pegasystems common stock and the term "option" to mean put or call options on Pegasystems common stock.  Defendants will construe the phrase "any other Pegasystems security" to mean common stock in Pegasystems Inc.  Defendants

further object to the definition of "Pegasystems" as used in Request No. 19 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc.

Defendants object to Request No. 19 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 19 to call for documents that are equally available to Plaintiffs.

Pursuant to the foregoing objections, Defendants will not produce documents in response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning price movements in Pegasystems common stock on the following dates, including all documents concerning the possible or actual factors or reasons that led to any change in the price of Pegasystems common stock on the following dates:

(a)     February 17, 2022;

(b)     May 10, 2022;

(c)     May 11, 2022;

(d)     September 16, 2022; and

(e)     September 19, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 20 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 20 to the

38

extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to the definition of "Pegasystems" as used in Request No. 20 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc.

Defendants object to Request No. 20 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 20 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 20 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and that can be located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 21:**

All documents concerning all compensation that each defendant received or was eligible to receive from Pegasystems, including:

(a)     all components of the individual's compensation, including non-monetary compensation and stock grants;

(b)     any changes in compensation;

(c)     any attempts to reduce or claw back their compensation;

(d)     all bonuses and/or other compensation policies, terms, and agreements;

(e)     all performance reviews;

(f)     the benchmarking of salaries against peer groups;

(g)     all payments, loans, or taxable benefits received from Pegasystems;

(h)     any severance package, termination agreement, or parachute payments; and

(i)     payments made pursuant to §280g of the Internal Revenue Code, 26 U.S.C. §280g.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 21 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 21 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to the definitions of "Pegasystems" and "Policies" as used in Request No. 21 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc. and will construe the term "Policies" to mean written policies applicable to employees and/or directors of Pegasystems.

Defendants object to Request No. 21 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning all compensation that each defendant received or was eligible to receive from Pegasystems," irrespective of whether any particular documents relate to the claims and issues in dispute.

Defendants further object to Request No. 21 to the extent it seeks information that is not relevant to any party's claims or defenses.

Defendants object to Request No. 21 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 21 to call for documents that are equally available to Plaintiffs.

Pursuant to the foregoing objections, Defendants will not produce documents in response to Request No. 21.

## REQUEST FOR PRODUCTION NO. 22:

All documents concerning any Pegasystems Board of Directors meeting (whether formal or informal and including committee meetings of the Boards of Directors) and any committee or subcommittee thereof (e.g., audit committee, compliance committee, disclosure committee, etc.), including board packages, meeting minutes, exhibits, agendas, memoranda, resolutions, notes, reports, and presentations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 22 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 22 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to the definition of "Pegasystems" as used in Request No. 22 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the

foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc.

Defendants object to Request No. 22 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning any Pegasystems Board of Directors meeting" and "any committee or subcommittee thereof," irrespective of whether any particular documents relate to the claims and issues in dispute. Defendants will construe Request No. 22 to call for final minutes, agendas, and formal presentation materials from meetings of the Pegasystems Board of Directors or of Pegasystems' Audit Committee that took place between May 29, 2020 to October 18, 2022 concerning the Virginia Action, the disclosure of the Virginia Action, or an accrual for the Virginia Action.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 22 as construed herein responsive, non-privileged final minutes, agendas, and formal presentation materials from meetings of the Pegasystems Board of Directors or of Pegasystems' Audit Committee, that took place between May 29, 2020 to October 18, 2022 concerning the Virginia Action, the disclosure of the Virginia Action, or an accrual for the Virginia Action, to the extent any such documents exist, can be located via a reasonable search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning meetings of any disclosure group or disclosure committee (including, without limitation, the "Disclosure Committee" referenced in the Code of Conduct), including agendas, minutes, notes, reports, and presentations, and documents sufficient to identify

the members of any disclosure group or disclosure committee in place during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 23 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 23 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 23 as vague and ambiguous to the extent the terms "disclosure group" and "disclosure committee" are undefined. Defendants will construe the terms "disclosure group" and "disclosure committee" to mean the "Disclosure Committee" referenced in Pegasystems' Code of Conduct.

Defendants object to Request No. 23 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents concerning" meetings of disclosure committees or groups irrespective of whether any particular document relates to the claims and issues in dispute. Defendants will construe Request No. 23 to call for documents concerning meetings of the Disclosure Committee referenced in Pegasystems' Code of Conduct that took place between May 29, 2020 and October 18, 2022.

Defendants object to Request No. 23 to the extent it is duplicative of Request Nos. 17 and 22. Defendants will not construe Request No. 23 to call for documents that are duplicative of documents called for by Request Nos. 17 and 22.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 23 as construed herein responsive, non-privileged documents within Pegasystems' possession, custody, or control that are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation and that can be located via a reasonable search of documents pursuant to reasonable and proportional search terms and custodians agreed upon by the Parties, to the extent any such documents exist, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

**REQUEST FOR PRODUCTION NO. 24:**

All documents identified in your Rule 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 24 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 24 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 24 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 24 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendants will produce in response to Request No. 24 as construed herein all documents on which they intend to rely at summary judgment or trial.

44

**REQUEST FOR PRODUCTION NO. 25:**

All documents supporting or concerning any affirmative defenses asserted by you in any answer to the Complaint and any other defenses or factual arguments you have asserted or intend to assert in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 25 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 25 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Subject to and without waiving the foregoing objections, Defendants will produce in response to Request No. 25 as construed herein all documents on which they intend to rely at summary judgment or trial.

**REQUEST FOR PRODUCTION NO. 26:**

All documents constituting any insurance policies, indemnification agreements, hold harmless agreements, director and officer policies, errors and omissions policies, general liability policies, or by-laws under which any defendant may claim coverage to satisfy part or all of any possible liabilities as a result of claims in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 26 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs. Defendants will not construe Request No. 26 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Pegasystems' bylaws, which contain indemnification provisions, are publicly available. Pegasystems has already produced relevant insurance policies. *See* Bates Nos. PEGA_DMASS_00000001 through PEGA_DMASS_00000209.

## REQUEST FOR PRODUCTION NO. 27:

Pegasystems' document retention policies and documents concerning the preservation, search for, collection, maintenance, destruction, or alteration of documents and ESI concerning Pegasystems.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 27 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Defendants further object to Request No. 27 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to the definition of "Pegasystems" and "Policies" as used in Request No. 27 as overbroad, unduly burdensome, and not proportional to the needs of the case. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc. and will construe the term "Policies" to mean written policies applicable to employees and/or directors of Pegasystems.

Defendants object to Request No. 27 as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent it seeks "Pegasystems' document retention policies" and "documents concerning the preservation, search for, collection, maintenance, destruction, or alteration of documents and ESI," irrespective of whether any particular documents relate to the claims and issues in dispute.

Pursuant to the foregoing objections, Defendants will not produce documents in response to Request No. 27.

**REQUEST FOR PRODUCTION NO. 28:**

Directories, organizational charts, or other documents sufficient to identify:

(a)     Pegasystems' Senior Management structure;

(b)     Pegasystems' accounting and financial reporting structure; and

(c)     all direct reports to the Individual Defendants, Pegasystems' Senior Management identified in the Complaint, and each Pegasystems' employee identified in your Rule 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to the definitions of "Pegasystems," "Employee," and "Senior Management" as used in Request No. 28 as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses. Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc., will construe the term "Employee" to mean employees of Pegasystems Inc., and will construe the term "Senior Management" to mean Defendant Trefler and Defendant Stillwell.

Defendants object to Request No. 28 as seeking information not relevant to any party's claims or defenses to the extent it seeks documents related to individuals with no connection to and no knowledge of the allegations in the Complaint, the Virginia Action, or Pegasystems' disclosure or accounting decisions concerning the Virginia Action.  Defendants will construe Request No. 28 as seeking information concerning those individuals reporting to Efstathios Kouninis, who is Pegasystems' Chief Accounting Officer, and the direct reports for the Individual Defendants, Pegasystems' Senior Management, and the Pegasystems employees identified in Defendants' Rule 26(a)(1) disclosures.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 28 as construed herein responsive organizational charts dated between May 29, 2020 and October 18, 2022 sufficient to identify those individuals reporting to Efstathios Kouninis, who is Pegasystems' Chief Accounting Officer, and the direct reports for the Individual Defendants, and the Pegasystems employees identified in Defendants' Rule 26(a)(1) disclosures, to the extent any such documents exist, can be located via a reasonable search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

## REQUEST FOR PRODUCTION NO. 29:

Documents sufficient to identify all personal and business phone numbers, email addresses, aliases, and secretaries/personal assistants for each of the Individual Defendants, Pegasystems' Senior Management identified in the Complaint, and each Pegasystems' employee identified in your Rule 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to the definitions of "Pegasystems" and "Senior Management" as used in Request No. 29 as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information not relevant to any party's claims or defenses.  Consistent with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc. and will construe the term "Senior Management" to mean Defendant Trefler and Defendant Stillwell.

Defendants object to Request No. 29 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all personal . . . phone numbers, email addresses, aliases, and secretaries/personal assistants" of a number of individuals, irrespective of whether this information relates to the claims and issues in dispute.  Defendants further object to Request No. 29 to the extent it seeks information that is not relevant to any party's claims or defenses.

Defendants object to Request No. 29 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs.  Defendants will not construe Request No. 29 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendants respond to Request No. 29 as construed herein as follows:  Each of the Individual Defendants, current Pegasystems employees, and former Pegasystems employees that are not otherwise represented may be contacted via the undersigned counsel at WilmerHale.  Defendants anticipate that forthcoming productions by Pegasystems will contain information concerning phone numbers and email addresses sought by Request No. 29.  If Plaintiffs believe, after reviewing the documents produced,

49

that phone numbers or email addresses for any particular individual are lacking, Defendants agree to meet and confer regarding Request No. 29.

**REQUEST FOR PRODUCTION NO. 30:**

All documents regarding Pegasystems' compliance with the Sarbanes-Oxley Act of 2002 ("SOX"), including, but not limited to, all:

(a)     documents describing Pegasystems' policies, procedures, and controls for compliance with SOX;

(b)     SOX certifications and sub-certifications executed by Pegasystems' employees; and

(c)     documents purporting to summarize or reflect the substance of executed SOX certifications or sub-certifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 30 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants further object to Request No. 30 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 30 as vague and ambiguous to the extent it includes the term "procedures," which is undefined.  Defendants will construe the term "procedures" to mean written required actions applicable to employees and directors of Pegasystems Inc.  Defendants further object to the definitions of "Pegasystems," "Employee," and "Policies" as used in Request No. 30 as overbroad, unduly burdensome, and not proportional to the needs of the case.  Consistent

with the foregoing Objections to Definitions and Instructions, Defendants will construe the term "Pegasystems" to mean Pegasystems Inc., will construe the term "Employee" to mean employees of Pegasystems Inc., and will construe the term "Policies" to mean written policies applicable to employees and/or directors of Pegasystems.

Defendants object to Request No. 30 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll documents regarding Pegasystems' compliance with the Sarbanes-Oxley Act of 2002," irrespective of whether any particular documents relate to the claims and issues in dispute. Defendants will construe Request No. 30 to call for policies and procedures for SOX compliance and SOX certifications and sub-certifications for persons with responsibility for loss contingency disclosures and loss contingency accruals, dated between May 29, 2020 and October 18, 2022.

Subject to and without waiving the foregoing objections, and following entry of a Protective Order, Defendants will produce in response to Request No. 30 as construed herein policies and procedures for SOX compliance and SOX certifications and sub-certifications for persons with responsibility for loss contingency disclosures and loss contingency accruals, dated between May 29, 2020 and October 18, 2022, to the extent any such documents exist, can be located via a reasonable search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

**REQUEST FOR PRODUCTION NO. 31:**

To the extent not captured by the above requests, all documents or communications relevant to this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants incorporate by reference their Objections to Definitions and Instructions set forth above.

Defendants object to Request No. 31 to the extent it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Defendants further object to Request No. 31 to the extent it calls for documents that are subject to a protective and/or confidentiality order preventing their disclosure in this litigation.

Defendants object to Request No. 31 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents or communications relevant to this Action" without limitation.  Not every document "relevant to this Action" is proportional to the needs of the case.

Defendants object to Request No. 31 to the extent it seeks documents and communications that are publicly available and equally accessible to Plaintiffs.  Defendants will not construe Request No. 31 to call for documents that are equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, Defendants will not produce any documents in response to Request No. 31 other than the documents Defendants have agreed to produce in response to Request Nos. 1 through 30.

Dated: July 14, 2023

Respectfully submitted,

*/s/ Daniel W. Halston*
Daniel W. Halston (BBO # 548692)
Michael G. Bongiorno (BBO # 558748)
Robert Kingsley Smith (BBO # 681914)
Erika M. Schutzman (BBO # 696241)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Daniel.Halston@wilmerhale.com
Michael.Bongiorno@wilmerhale.com
Robert.Smith@wilmerhale.com
Erika.Schutzman@wilmerhale.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2023, I caused a true and correct copy of the foregoing

Defendants' Responses and Objections to Plaintiffs' First Request for Production of Documents

to be served by email in accordance with the parties' agreement and the Federal Rules of Civil

Procedure on the following counsel of Record:

**ROBBINS GELLAR RUDMAN
   & DOWD LLP**
Debra J. Wyman
Christopher D. Stewart
Lonnie A. Browne
Megan A. Rossi
Raphaella Friedman
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
debraw@rgrdlaw.com
cstewart@rgrdlaw.com
lbrowne@rgrdlaw.com
mrossi@rgrdlaw.com
rfriedman@rgrdlaw.com

Chad Johnson
420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone: (212) 432-5100
chadj@rgrdlaw.com

Snehee Khandeshi
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
skhandeshi@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

**HUTCHINGS BARSAMIAN
MANDELCORN, LLP**
Theodore M. Hess-Mahan, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
thess-mahan@hutchingsbarsamian.com

*Liaison Counsel for Lead Plaintiffs*

/s/ Erika M. Schutzman
Erika M. Schutzman