# EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re PEGASYSTEMS INC. SECURITIES LITIGATION | ) ) ) ) | Case No.: 1:22-cv-11220-WGY |

**DEFENDANTS' FIRST REQUESTS TO LEAD PLAINTIFF
CONSTRUCTION INDUSTRY LABORERS PENSION FUND FOR
<u>PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Massachusetts, Defendants Pegasystems Inc. ("Pega") and Alan Trefler ("Individual Defendant," and together with Pega, "Defendants"), by and through undersigned counsel, request Lead Plaintiff Construction Industry Laborers Pension Fund to furnish for inspection and copying the documents, electronically stored information, and tangible things responsive to the following Requests for Production at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 or pursuant to alternative arrangements upon which the parties shall agree.

**DEFINITIONS**

1. "Action" means the above-captioned action.

2. "Agent" or "Agents" means past and present employees, directors, trustees, officers, commissioners, supervisors, consultants, Investment Advisors, Investment Managers, attorneys, independent contractors, paralegals, secretaries, accountants, representatives, and any other person acting or purporting to act on behalf of a particular Person or entity.

3. "All," "any," and "each" shall each be construed as encompassing any and all.

4. "Amended Complaint" means Plaintiffs' Consolidated Amended Complaint filed in this Action on October 18, 2022 (Dkt. No. 61).

1

5. "Business Process Management Industry" refers to the meaning of that term as it is used in the Amended Complaint.

6. "Communication" has the meaning defined by Local Rule 26.5(c)(1).

7. "Concerning" has the meaning defined by Local Rule 26.5(c)(7).

8. "Defendants" refers to Pegasystems and the Individual Defendant.

9. "Document" has the meaning defined by Local Rule 26.5(c)(2).

10. "Expert Witness" refers to the meaning of that term as it is used in Federal Rule of Civil Procedure 26.

11. "Identify" has the meaning defined by Local Rules 26.5(c)(3) and (4).

12. "Including" means including but not limited to, and including without limitation.

13. "Individual Defendant" means Alan Trefler.

14. "Investment Advisor" mean any Person who suggests or renders investment services or advice.

15. "Investment Manager" means any Person who manages client assets, including but not limited to investment, financial, and insurance products, in order to meet clients' investment objectives.

16. "Pegasystems" or "Pega" means Defendant Pegasystems Inc.

17. "Pega Securities" means any common or preferred stock issued by Pega, any put or call options for Pega common or preferred stock, any debt issued by Pega, or any other security issued by Pega as the term "security" is defined in 15 U.S. Code § 78c(a)(10).

18. "Person" has the meaning defined by Local Rule 26.5(c)(6).

19. "Plaintiffs" means Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan

1987, and Construction Industry Laborers Pension Fund and includes their heirs, executors, administrators, estates, predecessors, successors, representatives, trustees, assigns and transferees, present and former officers, directors, employees, and Agents, and all persons and entities acting for or on behalf of or claiming under them.

20. "Plaintiffs' Initial Disclosures" means the disclosures that Plaintiffs served on Defendants on June 22, 2023 pursuant to Federal Rule of Civil Procedure 26(a)(1).

21. "Transaction" shall mean a sale (including a short sale), purchase, acquisition, trade, transfer, tender, or exchange of Pega Securities, including the exercise of an option to purchase Pega securities.

22. "Virginia Complaints" refers to the Complaint, filed May 29, 2020, the First Amended Complaint, filed October 21, 2021, and the Second Amended Complaint, filed February 11, 2022, in the Virginia Litigation.

23. "Virginia Litigation" refers to the action entitled *Appian Corp. v. Pegasystems Inc., et al.*, Civ. No. 2020-07216 (Cir. Ct. Fairfax Cnty., Va.) and the appellate action *Pegasystems Inc. v. Appian Corp.*, No. 1399-22-4 (Va. Ct. App.).

24. "You" and "Your" means the Person(s) responding to these Requests and includes Plaintiffs and any other Persons acting on Plaintiffs' behalf, including Plaintiffs' Agents.

## INSTRUCTIONS

1. Respond to each Request separately and fully in accordance with Local Rule 34.1 and Federal Rules of Civil Procedure 11 and 34.

2. All terms defined above shall have the meanings set forth therein, whether capitalized in these Requests or not.

3. Any reference to an entity in these Requests includes any of its parents, predecessors, successors, subsidiaries, affiliates, associates, assigns, officers, directors, principals, owners, shareholders, former shareholders, beneficiaries, employees, Agents, representatives, and attorneys known to Plaintiffs.

4. If Plaintiffs claim that any Document responsive to any of these Requests is privileged or otherwise protected from discovery, then for each such Document, provide the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and the Parties' forthcoming Stipulated ESI Protocol Regarding Production Specifications.

5. These Requests require the production of all responsive Documents in Plaintiffs' possession, custody, and control and include Documents that Plaintiffs have the legal right, authority, or practical ability to obtain upon demand from their Agents.

6. If Plaintiffs claim that any Request is premature, then produce in response to that Request all responsive Documents that are, or have been, in Plaintiffs' possession, custody, or control, subject to Plaintiffs' obligation to supplement their responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and Local Rule 116.7.

7. These Requests shall be considered continuing. If additional Documents responsive to these Requests come into Plaintiffs' possession, custody, and control at any time during the pendency of this Action, Plaintiffs must supplement their responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and Local Rule 116.7.

8. If any portion of a Document is responsive to any portion of these Requests, then produce the entire Document, subject to any claims of privilege.

9. In the event multiple copies of a Document exist, produce every non-identical copy, including any copy that includes any notations or markings of any sort that do not appear on any other copy.

10. If Plaintiffs claim that any Request is objectionable, then identify the portion of such Request that is claimed to be objectionable and state the nature and basis of the objection in sufficient fashion to permit the Court to rule on the validity of the objection. Plaintiffs must produce all Documents responsive to the portions of any such Request that they do not claim are objectionable.

11. All use of language in these Requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words used in their singular form include the plural form, and vice versa. The present tense of a verb shall be construed to include the past tense, and vice versa. Any masculine, feminine, or gender-neutral pronoun shall be construed to include all genders.

12. If no Documents exist that are responsive to a particular Request, state that no Documents exist.

13. If Plaintiffs find the meaning of any term in these Requests to be unclear, then assume a reasonable meaning, state what that assumed meaning is, and answer the Request based upon that assumed meaning.

14. Unless otherwise stated, these Requests pertain to the period from May 29, 2020 through October 18, 2022.

## DOCUMENT REQUESTS

1. All Documents Concerning the Virginia Litigation.

2. All Documents Concerning the allegations in the Virginia Complaints.

3. All Documents concerning Defendants.

4. All Documents reflecting or Concerning any Communications between any Plaintiff and any Defendant.

5. All Documents and Communications Concerning Plaintiffs' investment in Pega Securities, including by its Agents, Investment Manager(s), or Investment Advisor(s), or any other Person, including Your decision to purchase shares of Pega stock or upon which You relied in so deciding, including but not limited to magazine, newspaper, blog, Internet, newsletter, or articles of any sort from any Agent, broker-dealer, Investment Advisor, Investment Manager, or any other Person.

6. All Documents Concerning any Transaction by Plaintiffs, including all Communications, brokerage account statements, trading records, tax forms or filings, and Transaction confirmation slips referencing or Concerning any such Transaction.

7. All Documents and Communications Concerning any potential Transaction by Plaintiffs, including all Communications between Plaintiffs and any potential purchaser of Pega Securities owned by Plaintiffs.

8. All Documents Concerning any trading strategy, plan, policy, method, or pattern that any Plaintiff (or any Plaintiff's Agent) used, employed, or relied upon, in whole or in part, in executing any Transaction.

9. All Documents Plaintiffs considered in connection with any Transaction.

10. All Documents on which Plaintiffs relied, or Concerning information or Communications on which Plaintiffs relied, in connection with any Transaction.

11. All Documents Concerning any financial losses or gains that Plaintiffs incurred as a result of any Transaction.

12. Documents sufficient to identify the Plaintiffs' directors, officers, or employees with responsibility for investment strategy, investment management, or investment decision-making.

13. All Documents and Communications Concerning this Action, the allegations and basis for the allegations in the Amended Complaint, and Plaintiffs' decision to pursue the claims in this Action.

14. All Documents identified in Plaintiffs' Initial Disclosures.

15. All Documents Plaintiffs intend to rely upon to support their claims in this Action.

16. All Documents provided to Plaintiffs by (i) any witness or potential witness in this Action; (ii) Persons identified in Plaintiffs' Initial Disclosures; (iii) Persons identified in the Amended Complaint; and (iv) any representative, agent, or other Person acting on behalf of any Person identified in the foregoing sections (i) through (iii).

17. All Documents received by Plaintiffs in response to any subpoena issued to a third party by Plaintiffs in this Action.

18. All Documents that have been disclosed or provided to any individual or entity from whom Plaintiffs anticipate offering any declaration, affidavit, or testimony in any trial, hearing, court submission, or deposition in this Action.

19. All Documents provided to, received from, considered by, or otherwise Concerning any Expert Witness, including Documents Concerning the Expert Witness's qualifications, experience, and prior testimony and the terms of engagement of the Expert Witness.

20. A curriculum vitae for any witness from whom Plaintiffs may seek testimony at any trial, hearing, court submission, or deposition in this Action.

21. Documents sufficient to show any civil action, case, matter, or administrative proceeding in which Plaintiffs have been a party, affiant, deponent, declarant, or trial witness and any transcripts of testimony (including at trial or deposition), affidavits, or other written statements made by You in connection with any such action, case, matter, or administrative proceeding.

22. All Documents concerning any sanction imposed or finding of misconduct made against You by any court, regulatory agency, professional association, or judicial body or in any criminal proceedings involving You.

23. All Documents Concerning the class action allegations in the Amended Complaint.

24. All Documents and Communications, including Documents published or authored by You, Concerning the Business Process Management Industry.

25. All Documents and Communications Concerning the members or potential members of the alleged class that You purport to represent in this Action.

26. All Documents and Communications identifying the members or potential members of the alleged class that You purport to represent in this Action.

27. All Communications between You and the members or potential members of the alleged class that You purport to represent in this Action Concerning this Action, the value of Pega, or the allegations in the Amended Complaint.

28. All Documents and Communications Concerning Your decision to become a class representative in this Action.

29. All Documents and Communications You relied upon in preparing Your responses to these Requests and to any interrogatories in this Action, including any Documents referenced in Your responses to any interrogatories.

30. All Documents and Communications concerning Your claims for damages, or upon which You will rely to support Your claim for damages.

31. All Documents and Communications concerning any benefits, monetary or otherwise, that You have received or expect that You might receive, directly or indirectly, in connection with this Action.

| | |
|---|---|
| Dated: August 10, 2023 | Respectfully submitted,<br><br>FOR DEFENDANTS PEGASYSTEMS INC. AND ALAN TREFLER<br><br>By their counsel,<br><br>*/s/ Daniel W. Halston*<br>Daniel W. Halston (BBO # 548692)<br>Michael G. Bongiorno (BBO # 558748)<br>Robert Kingsley Smith (BBO # 681914)<br>Erika M. Schutzman (BBO # 696241)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000<br>Daniel.Halston@wilmerhale.com<br>Michael.Bongiorno@wilmerhale.com<br>Robert.Smith@wilmerhale.com<br>Erika.Schutzman@wilmerhale.com |

# CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023, I caused a true and correct copy of the foregoing First Requests for Production of Documents to be served by email in accordance with the parties' agreement and the Federal Rules of Civil Procedure on the following counsel of Record:

**ROBBINS GELLAR RUDMAN & DOWD LLP**
Debra J. Wyman
Christopher D. Stewart
Lonnie A. Browne
Megan A. Rossi
Raphaella Friedman
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
debraw@rgrdlaw.com
cstewart@rgrdlaw.com
lbrowne@rgrdlaw.com
mrossi@rgrdlaw.com
rfriedman@rgrdlaw.com

Chad Johnson
420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone: (212) 432-5100
chadj@rgrdlaw.com

Snehee Khandeshi
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
skhandeshi@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

**HUTCHINGS BARSAMIAN MANDELCORN, LLP**
Theodore M. Hess-Mahan, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
thess-mahan@hutchingsbarsamian.com

*Liaison Counsel for Lead Plaintiffs*

 

                                               */s/ Erika M. Schutzman*
                                               Erika M. Schutzman