# EXHIBIT 8

**WILMERHALE**

August 21, 2023

**Robert Kingsley Smith**

+1 617 526 6759 (t)
+1 617 526 5000 (f)
robert.smith@wilmerhale.com

**BY EMAIL**

Christopher D. Stewart
Robbins Gellar Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
cstewart@rgrdlaw.com

Re:  *In re Pegasystems Securities Litigation*, No. 22-cv-11220-WGY (D. Mass.)

Counsel:

We write on behalf of Defendants Pegasystems Inc. ("Pegasystems") and Alan Trefler (together with Pegasystems, "Defendants") in response to Plaintiffs' correspondence dated July 27, 2023 purporting to memorialize the parties' meet and confer held on July 21, 2023 regarding Defendants' Responses and Objections to Plaintiffs' first set of requests for production ("Responses and Objections").

I.   **Individual Defendants**

Plaintiffs inquired whether Defendant Alan Trefler and former defendant Ken Stillwell had completed searches of their personal electronic devices and email accounts for information responsive to these Requests. Pursuant to Court's July 24, 2023 order and opinion on Defendants' motion to dismiss, the Court dismissed Ken Stillwell as a defendant in this matter. Accordingly, Defendants respond only as to Mr. Trefler.

As Defendants explained during the meet and confer, our understanding is that Mr. Trefler did not use personal devices or personal email for business purposes. Nevertheless, Plaintiffs have since proceeded to propound unnecessarily broad and invasive discovery requests on Mr. Trefler, including a request seeking "All documents concerning … ASCIIzero@gmail.com," which would amount to all of Mr. Trefler's personal emails without any limitation within an *eleven year* time-period.

While we continue to understand that Mr. Trefler has no responsive documents on his personal electronic devices or in his personal email beyond what was already produced in the Virginia Action – and which Defendants have already agreed to reproduce in this Action – Mr. Trefler will search his electronic devices and email accounts for responsive information subject to the Responses and Objections and any further agreement reached by the parties on search terms and custodians.

Christopher Stewart
Page 2

WILMERHALE

## II. Objections to Definitions

***Pegasystems/the Company***. Plaintiffs defined "Pegasystems" expansively to include a number of entities and persons beyond the company itself. Defendants objected to this definition as overbroad, unduly burdensome, and not proportional to the needs of the case as well as seeking privileged information. In order to respond to the Requests despite the broad definition of "Pegasystems" proposed by Plaintiffs, Defendants construed the term "Pegasystems" to mean Pegasystems Inc. References to Pegasystems by Defendants are not intended to exclude any particular division or subsidiary of Pegasystems Inc.

***Employees***. Plaintiffs similarly defined "Employees" expansively to include "any person who at any time acted or purported to act on your (defined below) behalf or under your supervision, direction or control." Defendants objected to this definition as overbroad, unduly burdensome, and not proportional to the needs of the case as well as vague and ambiguous and seeking privileged information. In an effort to respond to the Requests despite the broad and confusing definition of "Employee" proposed by Plaintiffs, Defendants construed the term "Employees" to mean employees of Pegasystems Inc., which would include employees based outside of the United States. As noted above, references to Pegasystems by Defendants are not intended to exclude any particular division or subsidiary of Pegasystems Inc. This definition does not include current and former members of the Board of Directors to the extent any Board members are not employed by Pegasystems.[1] If there is a certain Request impacted by the definition of "Employee" that Plaintiffs would like to discuss, Defendants are available to meet and confer.

***Senior Management***. Plaintiffs defined "Senior Management" to mean "any person who is of the level of vice president or higher at Pegasystems." Defendants objected to this definition as overbroad, unduly burdensome, not proportional to the needs of the case and seeking irrelevant information to the extent it purported to include individuals with no connection to or knowledge of allegations in the Amended Complaint. On the meet and confer, Defendants agreed to produce documents sufficient to identify the direct reports of Alan Trefler, Ken Stillwell, and Efstathios Kouninis. Defendants produced this material on August 18. Defendants also agreed to propose definitions of "Senior Management" for individual requests. Proposed definitions are set out below for Request Nos. 14 and 17:

- **Request No. 14**: All documents concerning any statements made by Defendants or members of Senior Management to the media, investors, analysts, or public relations firms concerning the Virginia Action or the Appian Complaints, including, but not limited to, defendant Kenneth Stillwell's public statements concerning the Virginia Action made on May 12, 2022, May 18, 2022, and May 23, 2022.

---

[1] Other Requests, such as Request No. 22, call for materials from the Board of Directors and are not impacted by the definition of "Employee."

- o **Proposal**: For purposes of Request No. 14, Defendants will construe "Senior Management" to refer to: Mr. Trefler (CEO and Founder), Mr. Stillwell (COO and CFO), Lisa Pintchman Rogers (VP, Corporate Communications), and Peter Welburn (VP, Corporate Development & Investor Relations).

- **Request No. 17**: All documents concerning any concerns, complaints, or issues raised with Pegasystems' audit committee, internal audit department, members of a disclosure committee (including, without limitation, the "Disclosure Committee" referenced in the Code of Conduct), Senior Management, or other divisions or individuals responsible for fielding, processing, or responding to employee concerns or complaints, regarding: (a) the Virginia Action; (b) the Appian Complaints or conduct alleged therein; and (c) Pegasystems' financial reporting or disclosures.

  - o **Proposal**: For purposes of Request No. 17, Defendants will construe "Senior Management" to refer to: Mr. Trefler (CEO and Founder), Mr. Stillwell (COO and CFO), Efstathios Kouninis (VP, Finance and Chief Accounting Officer), and Matt Cushing (General Counsel and Chief Compliance Officer).

### III. Repeated Objections to RFPs

***Duplicative of Subpoena Request***.  Defendants continue to find certain of the Requests objectionable to the extent that they purport to call for documents and information within the possession, custody, or control of non-parties that Plaintiffs have served with document subpoenas. Nevertheless, to the extent Defendants encounter in their review documents that are in Defendants' possession, custody, or control that may also be called for by a third-party subpoena, Defendants agree to not withhold such documents on that ground even though the production of such documents would be duplicative and unreasonably cumulative.

***Privilege***.  In light of privilege objections asserted in the Responses and Objections, Plaintiffs requested that Defendants inform them if Defendants intend to rely on an advice of counsel defense in this case.  Defendants explained that they do not presently intend to assert an advice of counsel defense and readily agreed to inform Plaintiffs if Defendants determine that the defense would be asserted such that Plaintiffs would have time to seek discovery related to that defense before the fact discovery cutoff.  Nevertheless, Plaintiffs assert that it would be "highly prejudicial" for Defendants to "wait until later in fact discovery" to assert an advice of counsel defense because of the need to reopen depositions and review large volumes of documents. Plaintiffs further demand that Defendants inform them "now" whether they intend to rely on an advice of counsel defense so that material produced in connection with that defense can be explored during fact depositions.

Plaintiffs' arguments concerning potential prejudice are without merit.  The Parties are at the earliest stages of discovery.  The deadline for completing fact discovery and the last day for depositions is currently scheduled for March 15, 2024—over seven months from now.  Trial is

scheduled for October 2024—over a year from now. Cases routinely hold that parties must disclose an advice of counsel defense prior to asserting it at trial, but there is no deadline for when the defense must be asserted. *See United States v. Liberty*, 2020 U.S. Dist. LEXIS 202243, at *8–9 (D. Me. Oct. 30, 2020) (permitting assertion of advice of counsel defense during discovery period and setting deadline for disclosure at approximately seven months before trial); *LG Philips LCD Co. v. Tatung Co.*, 243 F.R.D. 133, 138–39 (D. Del. 2007) (similar and setting deadline for disclosure at approximately four months before trial). *In re Buspirone Patent & Antitrust Litig.*, on which Plaintiffs rely, is not to the contrary. *See* 210 F.R.D. 43, 54-55 (S.D.N.Y. 2002) (acknowledging there exists no set deadline to disclose an advice of counsel defense but setting a disclosure deadline before close of fact discovery).

The other cases on which Plaintiffs rely do not counsel a different outcome. For example, in *United States ex rel. Emanuelle v. Medicor Assocs.*, 2014 U.S. Dist. LEXIS 192168, at *23 (W.D. Pa. June 16, 2014), although the Special Master ordered that the defendants provide an interrogatory response bearing on the advice of counsel defense within a certain number of days, Plaintiffs ignore that the discovery period had already elapsed as of the date of the order. In another case cited for the proposition that disclosure of an advice of counsel defense must happen within a matter of days, *Genentech, Inc. v. Insmed Inc.*, 442 F. Supp. 2d 838, 839 (N.D. Cal. 2006), Plaintiffs ignore that the court had set a deadline for disclosure pursuant to Northern District of California Local Patent Rule 3-8, which sets a time period for an advice of counsel disclosure.[2] That Local Rule clearly is not relevant here.

Accordingly, if and when Defendants intend to assert an advice of counsel defense, they agree to inform Plaintiffs and to permit Plaintiffs time to seek discovery related to that defense.

### IV. Objections to Individual RFPs

Below, Defendants respond to Plaintiffs' statements concerning specific Requests for purposes of correcting any inadvertent misstatements or responding to questions concerning the agreed-upon scope of the Request. Defendants also respond to Plaintiffs' specific inquiries. Where Defendants state agreement to produce documents below, any such agreement is subject to and does not waive the specific objections set forth in Defendants' Responses and Objections.

---

[2] Under N.D. Cal. Patent Local Rule 3-8 in effect at the time of the *Genentech* decision, if a party to a patent case intended to rely on opinion of counsel as part of a defense to a claim of willful infringement, that party had 50 days after service of the Court's Claim Construction ruling to produce the opinion of counsel and related documents. Order at 1, *Genentech*, No. 4:04-cv-05429-CW (N.D. Cal. Nov. 23, 2005), ECF No. 258. The Court in *Genentech* denied a request to move the disclosure of an opinion of counsel defense ahead of the Claim Construction ruling, but set a deadline of 15 days after the Claim Construction ruling, rather than the full 50 allowed by the Local Rules. *Id.* at 3. In the District of Massachusetts, parties relying on an opinion of counsel defense in a patent case have 28 days from the Claim Construction ruling to produce opinions and any other documentation relating to the opinion. *See* L. Rules, D. Mass. 16.6(f)(1). Of course, that courts contemplate a specific deadline for disclosure of an advice of counsel defense for only patent cases demonstrates that no such deadline exists for other cases.

***RFP No. 2***.  Request No. 2 seeks documents produced in fact and expert discovery in the Virginia Litigation.  Defendants have agreed to produce documents produced by Pegasystems in the Virginia Litigation to the extent they are not subject to restrictions of the protective order in the Virginia Litigation.  Plaintiffs' characterization of what Defendants agreed to produce is missing an important caveat: Defendants do not intend to produce to Plaintiffs documents designated "Confidential" by Appian because of the restrictions the protective order in the Virginia Litigation places on those documents.  In fact, WilmerHale does not yet have access to all of the documents that Pegasystems produced in the Virginia Litigation or all deposition transcripts, exhibits, or expert reports because of confidentiality designations by Appian.  Plaintiffs indicated that they would endeavor to obtain a blanket consent from Appian for WilmerHale to access and produce material designated "Confidential" by Appian.  Plaintiffs reiterated that position on the parties August 14, 2023 meet and confer.  Please advise on the status of Plaintiffs' discussions with Appian concerning a blanket consent.

To facilitate the meet and confer process, Defendants offered to prepare a list of deponents in the Virginia Litigation and a list of which transcripts were designated "Confidential" in the Virginia Litigation by persons other than Pegasystems.  A list of deponents is appended to this letter as Appendix A.  Deponents marked with an asterisk indicate that the transcripts was marked "Confidential" by Appian.  We understand that parties other than Pega or Appian did not designate deposition transcripts in the Virginia Litigation.

In addition to the documents Defendants have already agreed to produce, Defendants agree to produce written discovery served by Pegasystems in the Virginia Litigation, including responses, to the extent any such documents exist, can be located via a reasonable search of documents within Pegasystems' possession, custody, or control, and are not subject to a protective and/or confidentiality order prohibiting their disclosure in this litigation.

***RFP No. 3***.  Request No. 3 seeks pleadings, transcripts, and other documents filed in the Virginia Litigation.  Defendants have already produced to Plaintiffs transcripts of hearings and trial proceedings.  After consideration, Defendants further agree to produce final trial exhibit lists, final trial exhibits to the extent they are not sealed, and final trial witness lists from the plea in bar and merits trials.  Defendants do not agree to produce all "motions, responses, declarations, exhibits, appendices, and other pleadings filed with the courts in the Virginia Action."  Plaintiffs have repeatedly demonstrated their access to, and deep familiarity with, documents filed on the docket in the Virginia Litigation, including the trial exhibits which are cited throughout the Amended Complaint.  It would be unnecessarily burdensome and costly for Defendants to expend time and resources obtaining the full docket, reviewing the material for confidentiality designations or other grounds for withholding, processing that production request, and ultimately producing hundreds of documents that Plaintiffs seemingly already have available to them and indeed have regularly cited in their filings in this case.  In addition, although Plaintiffs hypothesize that they need copies of discovery motions to identify instances where Pegasystems won a motion to compel dispute and withheld documents from production on that basis, we understand from trial counsel that motions to compel by Appian resulted in additional disclosure by Pegasystems.  If

Christopher Stewart			WilmerHale
Page 6

there are certain documents on the docket that Plaintiffs do not currently have in their possession and that they believe are relevant to discovery in this case, Defendants agree to consider such requests on a case-by-case basis.

***RFP No. 5***.   Request No. 5 seeks documents concerning requests by the SEC for information relating to the Virginia Litigation or Appian Complaints.   As disclosed by Pegasystems earlier this year, the SEC requested information in March 2023 relating to "among other things, the accounting treatment of the Company's … litigation with Appian Corporation." Pegasystems Form 10-Q (Apr. 26, 2023).

As indicated on the July 27 call, Defendants do not intend to withhold any documents that Pegasystems has produced to the SEC that are otherwise responsive to Plaintiffs' Requests in this matter.  As we have explained, and as is evident from the description of the SEC's request for information in Pegasystems's April 26, 203 Form 10-Q, the SEC's request for information is broader than Plaintiffs' Requests.  That includes the time period from which documents are sought, which extends months beyond what is relevant for this Action asserting a class period that ends on May 9, 2022, and the topics identified by the SEC.  Nevertheless, in the interest of cooperation, Defendants are prepared to consider producing to Plaintiffs the documents produced by Pegasystems to the SEC dated on or before October 18, 2022, even though the production would contain materials that are irrelevant, duplicative, and/or unnecessarily cumulative, provided that Plaintiffs agree that such production will satisfy this Request.  Please let us know if you agree that a production of these materials would satisfy Request No. 5.

			Sincerely,

			*/s/ Robert Kingsley Smith/*

			Robert Kingsley Smith


cc:	Daniel W. Halston
	Erika Schutzman

Christopher Stewart
Page 7

**WilmerHale**

**Appendix A – Depositions in Virginia Litigation**

*The deposition transcript for deponents marked with an asterisk were designated "Confidential" by Appian.*

| Deponent Name |
| --- |
| Jason Adolf |
| Kerim Akgonul |
| Richard Baldwin |
| Ben Baril |
| Shawn Bearden |
| Peter Bessman |
| Stephen Bixby |
| John Bovatsek |
| Matthew Calkins* |
| Michael Caton* |
| Jennifer Cirrito |
| Eric Cole* |
| Andrew Cunje* |
| Dave Dantus* |
| Eric Davis |
| Ben Dudley* |
| William Easttom* |
| Ahmed Elmorsy* |
| Elizabeth Epstein* |
| Michael Fine |
| Agya Garg |
| Christopher Geyer |
| Benjamin Hoffman |
| Edward Hughes* |
| Leon Kappelman* |
| Adam Kenney |
| Douglas Kim |
| Nguyen-Anh Le |
| Stephanie Louis |
| Nicholas Maddalena* |
| Paul Maguire |
| James Malackowski* |
| Richard Marshall* |
| Philip Marvin* |
| Richard Middlebrook* |
| Thomas Oleksiak |

Christopher Stewart
Page 8

WilmerHale

| Deponent Name |
| --- |
| Anand Padmanaban |
| Pegasystems (by corporate representative Don Schuerman) |
| John Petronio* |
| Paul Pinto* |
| Simon Platt* |
| Vijay Krishna Potluri |
| Malcom Ross* |
| Arun Sarada |
| Don Schuerman |
| Cathryn Siemer |
| Ken Stillwell |
| Leon Trefler |
| Alan Trefler |
| Vijay Vaddem |
| Jacqueline Van Wees |
| Youyoung Zou |