# EXHIBIT 9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re PEGASYSTEMS INC. SECURITIES     )
LITIGATION                            )   Case No.: 1:22-cv-11220-WGY
                                      )

**DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Defendants Pegasystems Inc. ("Pegasystems") and Alan Trefler (collectively, "Defendants"),[1] by and through their undersigned counsel, hereby supplement their August 10, 2023 response to Plaintiffs' First Set of Interrogatories to Defendants ("August 10 Response") as follows.

**INTRODUCTION, OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Defendants incorporate by reference the introduction and the Objections to Definitions and Instructions set forth in Defendants' August 10 Response, except as supplemented below.

1.    Defendants object to the definition of "Professional Advisor(s)" as vague and ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional the needs of the case to the extent it includes "persons who provide advice, counsel, or recommendations on … other matters" which could include friends, family members, or other individuals who do not provide professional services. Defendants further object to the definition of "Professional Advisor(s)" to the extent that the inclusion of the terms "legal counsel (whether in-house or outside)," "law firms," "legal advisors," and "advisors" seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. To the extent possible, Defendants will construe the term

---

[1] These Responses and Objections are provided on behalf of Defendants Pegasystems Inc. and Alan Trefler. The claims against Kenneth Stillwell have been dismissed. *See* Memorandum and Order at 3, Dkt. No. 92.

1

"Professional Advisor(s)" to mean organizations or individuals engaged or employed by a Defendant for the provision of professional services.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

For each Defendant who may rely on Professional Advisors, Third Parties, or other persons in support of his/its defenses in this Action (including without limitation Defendants' 13th Affirmative Defense), separately identify every Professional Advisor, Third Party, or other person upon whom each Defendant may rely and the subject matter(s) of each Defendant's reliance on that Professional Advisor, Third Party, or other person.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendants incorporate by reference their Objections to the Definitions and Instructions set forth above.

Defendants object to Interrogatory No. 1 on the grounds that it calls for the disclosure of information or materials that are protected by the work product doctrine.

Defendants object to Interrogatory No. 1 as vague and ambiguous to the extent it includes the term "other persons" which is undefined. Defendants will construe the term "other persons" to mean witnesses who may provide testimony in the above-captioned action.

Defendants object to Interrogatory No. 1 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding every Professional Advisor, Third Party, or other person upon whom each Defendant "may rely" and the subject matter(s) of each Defendant's reliance on that Professional Advisor, Third Party, or other person. Defendants further object to Interrogatory No. 1 as vague and ambiguous on the grounds that it includes the terms "rely" and "reliance," which are undefined. For the avoidance of doubt,

Defendants will not provide information regarding Pegasystems employees who may have been consulted in connection with the Virginia Litigation.

Defendants object to Interrogatory No. 1 as premature on the grounds that it seeks disclosure of experts and proposed subjects of expert testimony. Defendants expressly reserve the right to supplement, clarify, revise, or correct their responses to this Interrogatory, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court. Pursuant to the Stipulation and Case Management Order issued on July 24, 2023 (Dkt. No. 93), expert discovery is scheduled to occur between March 22, 2024 and June 7, 2024. Defendants further object to Interrogatory No. 1 as premature on the grounds that it purports to require Defendants to disclose any particular defense this early in fact discovery. As noted in its Answer, Pegasystems may rely on Deloitte and Touche LLP, its independent auditors, and the services they provided as outside independent auditors, in support of its defenses in this Action. Defendants further object to the Interrogatory No. 1 as premature on the grounds it purports to request from Defendants a witness list prior to the close of fact discovery and more than one year before trial. Defendants will provide a witness list pursuant to the appropriate court order requiring such disclosure.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Defendants incorporate by reference their Objections to the Definitions and Instructions set forth in Defendants' August 10 Response. Defendants further incorporate the specific objections to Interrogatory No. 1 in Defendants' August 10 Response except to the extent those objections are inconsistent with the objections or responses herein.

Defendants additionally object to Interrogatory No. 1 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding every

Professional Advisor, Third Party, or other person upon whom each Defendant "may rely" and the subject matter(s) of each Defendant's reliance on that Professional Advisor, Third Party, or other person. Defendants further object to Interrogatory No. 1 as vague and ambiguous on the grounds that it includes the terms "rely" and "reliance," which are undefined. Read literally, Interrogatory No. 1 could be construed to call for Defendants to identify every single person they have, may, or will consult regarding in connection with the defense of this case. Defendants will not construe Interrogatory No. 1 to call for information regarding any persons or entities that Defendants have, may, or will consult in connection with the defense of this case, other than those called for disclosure by Federal Rule of Civil Procedure 26(a)(1)(A)(i).

Defendants additionally specifically object to Interrogatory No. 1 as overbroad, burdensome, and an unnecessary waste of time given it calls for information disclosed by Defendants in their June 22, 2023 disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A)(i).

Subject to and without waiving the foregoing objections, Pegasystems responds as follows: The persons on whom Pegasystems presently intends to rely in support of its defenses in this matter, including Professional Advisors as construed herein, are set forth in Defendants' June 22, 2023 initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i).

Subject to and without waiving the foregoing objections, Mr. Trefler responds as follows: The persons on whom Mr. Trefler presently intends to rely in support of his defenses in this matter, including Professional Advisors as construed herein, are set forth in Defendants' June 22, 2023 initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i).

Dated: August 25, 2023 /s/ *Robert Kingsley Smith*
Daniel W. Halston (BBO # 548692)
Michael G. Bongiorno (BBO # 558748)
Robert Kingsley Smith (BBO # 681914)
Erika M. Schutzman (BBO # 696241)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Daniel.Halston@wilmerhale.com
Michael.Bongiorno@wilmerhale.com
Robert.Smith@wilmerhale.com
Erika.Schutzman@wilmerhale.com

*Counsel for Defendants*

## **VERIFICATION OF ALAN TREFLER**

      I am a Defendant in the above-captioned matter. I verify that I have read the foregoing response to Interrogatory No. 1 contained in Defendants' Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants. The statement on my behalf contained therein is true and correct to the best of my knowledge. This Response is based on information currently available to me.

      I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

      Executed this __20__ day of August, 2023 in __Brookline__, Massachusetts.

_____
Alan Trefler

## VERIFICATION OF PEGASYSTEMS

I, Efstathios Kouninis, am the Vice President, Finance and Chief Accounting Officer at Pegasystems. I am authorized to verify the response contained in Defendants' Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants on behalf of Pegasystems.

I verify that I have read the foregoing response to Interrogatory No. 1 contained in Defendants' Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants. I have been informed that the statement on Pegasystems' behalf contained therein is based on facts compiled from individuals with personal knowledge. On that basis, I am informed and believe that the response is true and correct based on information currently available to Pegasystems.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 25 day of August, 2023 in Hampton, NH.

_____
Efstathios Kouninis
Vice President, Finance and Chief Accounting Officer
Pegasystems Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, I caused a true and correct copy of the foregoing Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants to be served by email in accordance with the parties' agreement and the Federal Rules of Civil Procedure on the following counsel of Record:

**ROBBINS GELLAR RUDMAN & DOWD LLP**
Debra J. Wyman
Christopher D. Stewart
Lonnie A. Browne
Megan A. Rossi
Raphaella Friedman
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
debraw@rgrdlaw.com
cstewart@rgrdlaw.com
lbrowne@rgrdlaw.com
mrossi@rgrdlaw.com
rfriedman@rgrdlaw.com

Chad Johnson
420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone: (212) 432-5100
chadj@rgrdlaw.com

Snehee Khandeshi
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
skhandeshi@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

**HUTCHINGS BARSAMIAN MANDELCORN, LLP**
Theodore M. Hess-Mahan, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
thess-mahan@hutchingsbarsamian.com

*Liaison Counsel for Lead Plaintiffs*

*/s/ Erika M. Schutzman*
Erika M. Schutzman