# EXHIBIT 17

Robbins Geller Rudman & Dowd LLP

Chicago | Melville | Nashville | San Diego | Wilmington
Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C.

Christopher D. Stewart
cstewart@rgrdlaw.com

September 22, 2023

VIA EMAIL

Robert Kingsley Smith
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109

Re: *In re Pegasystems Inc. Securities Litigation,*
No. 1:22-cv-11220-WGY (D. Mass.)

Dear Counsel:

On June 29, 2023, Plaintiffs sent Defendants a draft ESI protocol, which included proposed language regarding the crafting of search terms, exchange of search terms, the provision of (and characteristics of) search term hit reports, and procedures for resolving disputes over search terms.

Defendants rejected Plaintiffs' proposed framework for negotiating search terms, and during a call on July 31, 2023, informed Plaintiffs that Defendants intended to propose a "discovery plan" to Plaintiffs, which Defendants stated would include a comprehensive proposal regarding search terms, search time periods, proposed custodians, and sources that are to be searched.

On August 4, 2023, Plaintiffs sent Defendants further revisions to the draft ESI protocol from June 29, 2023, and asked Defendants to "[p]lease let us know when we can expect the discovery plan to which you referred during the July 31 call."

As of September 4, 2023 Defendants had not provided their "discovery plan," or further edits to the revised ESI protocol Plaintiffs sent to Defendants on August 4, 2023.

On September 5, 2023, Plaintiffs again wrote to Defendants, having still not received the "discovery plan" Defendants had first mentioned on July 31, asking Defendants to "[p]lease advise by September 6 when you plan to provide it."

On September 7, 2023, Defendants responded they "are aiming to get you a draft next week" (the week of September 11).



655 West Broadway, Suite 1900 San Diego, CA 92101 Tel 619-231-1058 Fax 619-231-7423 rgrdlaw.com

Robbins Geller
Rudman & Dowd LLP



As of September 14, 2023 Defendants had not provided their "discovery plan," or further edits to the revised ESI protocol.

On September 15, 2023, Defendants informed Plaintiffs that Defendants "will not be in a position to provide to you today our response to your August 7 letter or the draft discovery plan. We currently expect to provide you with both our response and the discovery plan by EOD Tuesday . . . ."

It has been nearly three months since Plaintiffs first provided a framework to identify and collect Defendants' electronically stored documents, which Defendants rejected out of hand. While Plaintiffs were amenable to reviewing Defendants' "discovery plan" based on the representations that it was a comprehensive approach that would streamline the parties discussions concerning appropriate search terms, custodians, and ESI discovery, the "discovery plan" Defendants sent on September 19, 2023 omits a significant number of custodians, including, but not limited to: (i) various Pegasystems officers, executives, and other employees that directly orchestrated or participated in Project Crush and/or Pegasystems' 2019 "teardown"; (ii) various members of Pegasystems' Disclosure Committee during the Class Period, identified in Defendants' recent responses to Plaintiffs' interrogatories; and (iii) various percipient witnesses to Pegasystems' corporate espionage and the ensuing litigation, that sat for deposition(s) or testified before jurors in the Virginia Action.

Defendants also omit a host of search terms that directly target highly relevant information regarding the claims, allegations, and defenses in this case, including, but not limited to, the name and email address of Pegasystems' "spy" and co-defendant in the Virginia Action, Youyong Zou, the fake names, aliases, and corporate fronts used by Pegasystems in connection with its 2019 "teardown" of Appian's software, and other specific terms and nomenclature appearing in documents evidencing the corporate espionage and concerning the ensuing litigation between Appian and Pegasystems.

Accordingly, we are, therefore, providing Plaintiffs' set of proposed search terms and custodians, in addition to the terms and custodians Defendants proposed on September 19. Plaintiffs' proposed searches, which are based on a DTsearch syntax, have been listed below in a manner that would permit hit reports to quantify hits on a term-by-term basis, similar to the hit reports Pegasystems provided to Appian in the Virginia Action.

We request Defendants provide a search term hit list or hit report after global de-duplication (including the number of documents that hit on each term, the number of unique documents that hit on each term (documents that hit on a particular term and no other term on the list), and the total number of documents that would be returned by using the proposed search term list, with and without families).

As we have previously communicated, the sources of ESI that we expect Defendants to collect and search for responsive documents include, without limitation:

1. E-mails;

2. Centrally stored files;

3. Short message format communications (*e.g.*, text messages, WhatsApp, Slack, Teams, G-Chat);

4. Other sources of ESI used by Pegasystems for storing and sharing communications and documents (*e.g.*, "Box," SalesHub, Webex, and SharePoint); and

5. Laptops and other devices.

Given Defendants have not identified the sources of ESI containing potentially responsive information Defendants have searched and/or intend to search, we reiterate our request that Defendants provide that information.

Further, we received this afternoon Defendants' edits to the draft ESI protocol we sent seven weeks ago, on August 4, 2023. We are reviewing Defendants' edits and intend to share our further proposed modifications to the protocol by no later than Tuesday, September 26, 2023. As we mentioned on September 21, we wish to submit a proposed ESI protocol to the Court soon, and hope that the parties can promptly reach an agreement on its language, or at least narrow the scope of any disputes that remain over the protocol.

Please let us know when you are available early next week to meet and confer regarding the parties' collective list of search terms and custodians set forth below, in order to determine whether we may promptly reach an agreement on the search terms and custodians listed below.

Plaintiffs reserve all rights.

Very truly yours,

CHRISTOPHER D. STEWART

CDS:

Robbins Geller Rudman & Dowd LLP



**A. Custodians for Plaintiffs' Document Requests**

**1. Plaintiffs' proposed custodians**[1]

| Custodian | Brief Description of Custodian |
|---|---|
| Akgonul, Kerim | Pegasystems' Chief Product Officer, reporting directly to defendant Trefler. Identified by name in Appian's May 2020 complaint against Pegasystems. Deposed on multiple occasions by counsel for Appian in the Virginia Action. Testified during the plea in bar and merits trials in the Virginia Action. Identified in the Complaint and documents for his involvement in Project Crush and the 2019 "teardown" of Appian by Pegasystems' executives. Personally created screenshots of Appian's platform during his interactions with Youyong Zou. Identified by name in the Court's July 24, 2023 order. |
| Albon, Danielle | Pegasystems' Senior Director and Revenue Controller, reporting to the Chief Accounting Officer ("CAO"), and indirectly to the Chief Financial Officer ("CFO") and Chief Executive Officer ("CEO"). Identified by Pegasystems as a member of Pegasystems' Disclosure Committee from Q4 2020 through Q3 2021. |
| Arsenault (Foti), Marissa | Identified by Pegasystems as its Revenue Manager and a member of Pegasystems' Disclosure Committee from Q2 2020 through Q3 2020. |
| Balaguer, Cris Morera | Identified by Pegasystems as Senior Director, Tax, and a member of Pegasystems' Disclosure Committee from Q4 2020 through Q3 2021. |
| Balboni, Crystal | Identified by Pegasystems as a Senior Executive Assistant to the CFO and Chief Operating Officer ("COO"). |
| Baril, Benjamin | Director, Office of the Chief Technology Officer ("CTO"), reporting to Don Schuerman. Deposed twice by counsel for Appian in the Virginia Action. Deposition testimony presented to the jury during the merits trial in the Virginia Action. Identified in the Complaint and documents for his intimate involvement in Project Crush and the 2019 "teardown" of Appian by Pegasystems' executives, including with respect to his communications with defendant Trefler regarding the teardown, and his |

[1] Plaintiffs' list of custodians, which are proposed in addition to those Defendants identify in their September 19 document, is based on information presently known to Plaintiffs. While we have made an effort to be as comprehensive, and non-duplicative, as possible, there may be additional custodians that are identified as discovery progresses. Plaintiffs agree to the custodians Defendants identify in their September 19 document and have excluded them from the list below as a result.

Robbins Geller Rudman & Dowd LLP



| | |
|---|---|
| | use of fake names ("Andrew Powers" and "Emily Gold") and a fake consulting firm ("Andrew Powers Consulting") to access Appian's platform for Pegasystems. Identified by name in the Court's July 24, 2023 order. |
| Bixby, Steve | Vice President of Product Management at Pegasystems, reporting to Akgonul. Identified by name in Appian's May 2020 complaint against Pegasystems. Deposed twice in the Virginia Action. Testified during the merits trial in the Virginia Action. Identified in the Complaint and documents for his involvement in Project Crush and the 2019 "teardown" of Appian by Pegasystems' executives. Identified by name in the Court's July 24, 2023 order. |
| Collier, Nick | Identified by Pegasystems as Director of Finance, and a member of Pegasystems' Disclosure Committee from Q2 2020 through Q3 2021. Received access to Pegasystems' documentation of its 2019 "teardown" of Appian's platform. |
| Curfman, Andi | Identified by Pegasystems as Executive Coordinator for Corporate Development, reporting directly to defendant Trefler. Identified as the Personal Assistant to defendant Trefler. |
| Fuentes, Carlos | Pegasystems' Chief Security Officer, reporting directly to the CFO and COO. Identified by Pegasystems as a member of the Disclosure Committee from Q1 2021 through Q4 2022. Identified as having assisted with the preparation of Pegasystems' 30(b)(6) deposition witness in the Virginia Action. |
| Geraghty, Jack | Identified by Pegasystems as VP, Financial Planning & Analysis, and a member of the Disclosure Committee from Q2 2020 through Q3 2021. |
| Hale, Ryan | Identified by Pegasystems as Senior Director, Business Operations, reporting directly to the CFO and COO. Received access to Pegasystems' documentation of its 2019 "teardown" of Appian's platform. |
| Jones, Katie | Pegasystems' Senior Project Specialist, Corporate Development and Investors Relations, reporting to Peter Welburn. |
| Lancaster, Donald | Identified by Pegasystems as Senior Corporate Counsel at Pegasystems, and a member of the Disclosure Committee from Q2 2020 through Q3 2021. |
| Nash, Daniel | Identified by Pegasystems as a Vice President of Finance, Vice President of Corporate Strategy, and a member of the Disclosure Committee from Q3 2021 through Q4 2022. |
| O'Keefe, Kevin | Associate in-house counsel at Pegasystems. Verified Pegasystems' |

Robbins Geller Rudman & Dowd LLP



| | |
|---|---|
| | responses to interrogatories propounded by Appian seeking the identities of Pegasystems' employees that accessed Appian's platform. On correspondence regarding the impact of the Virginia Action verdict on Pegasystems' business. |
| Pyle, Mike | Identified by Pegasystems as its Chief Technology Strategist, reported directly to defendant Trefler. |
| Roche, Chris | In-house counsel at Pegasystems. Participated in a conference call with Stathi Kouninis and Deloitte on July 1, 2020 to discuss additional information concerning the Appian complaint filed in the Virginia Action in May 2020. |
| Schuerman, Don | Pegasystems' CTO and Vice President, Marketing and Technology Strategy. Identified by name in Appian's May 2020 complaint against Pegasystems. Deposed four times by counsel for Appian in the Virginia Action, including in his role as the corporate designee of Pegasystems. Testified on multiple days during the merits trial in the Virginia Action. Identified in the Complaint and documents for his intimate involvement in Project Crush and the 2019 "teardown" of Appian by Pegasystems' executives, including with respect to questions about the "legality of using [Appian's] system." Identified by name in the Court's July 24, 2023 order. |
| Stafford, Hayden | Identified by Pegasystems as President of Global Client Engagement, reported directly to defendant Trefler. |
| Suarez, Norma | Identified as Pegasystems' Director of Competitive Intelligence. Worked on competitive intelligence with Baril and others during the 2019 "teardown" of Appian. Received access to Pegasystems' documentation of its 2019 "teardown" of Appian's platform. |
| Taylor, Jeff | Identified by Pegasystems as Chief Strategy and Growth Officer, reported directly to defendant Trefler. |
| Trefler, Leon | Pegasystems' Chief of Clients and Markets, reported directly to his brother, defendant Trefler. Deposed in the Virginia Action. Identified in the Complaint and documents for his close involvement in Project Crush and the 2019 "teardown" of Appian by Pegasystems' executives. Identified by name in the Court's July 24, 2023 order. |

**2. <u>Defendants' proposed custodians from September 19, 2023</u>**

| Custodian | Brief Description of Custodian |
|---|---|
| Benveniti, Phil | Proposed by Defendants on September 19, 2023. Identified by |

Robbins Geller Rudman & Dowd LLP



| | |
|---|---|
| | Pegasystems as Senior Director of Internal Audit. |
| Cushing, Matthew | Proposed by Defendants on September 19, 2023. Identified by Pegasystems as VP, Chief Commercial Officer & General Counsel. |
| Kenneally, John | Proposed by Defendants on September 19, 2023. Identified by Pegasystems as Senior Director, Finance and Treasury. |
| Kouninis, Efstathios | Proposed by Defendants on September 19, 2023. Identified by Pegasystems as CAO and VP, Finance. |
| Pintchman Rogers, Lisa | Proposed by Defendants on September 19, 2023. Identified by Pegasystems as VP, Corporate Communications. |
| Sorrentino, Tom | Proposed by Defendants on September 19, 2023. Identified by Pegasystems as Senior Director and Corporate Controller. |
| Stillwell, Kenneth | Proposed by Defendants on September 19, 2023. Deposed in the Virginia Action. Identified by Pegasystems as COO and CFO. |
| Trefler, Alan | Proposed by Defendants on September 19, 2023. Deposed in the Virginia Action. Identified by Pegasystems as Founder and CEO. |
| Welburn, Peter | Proposed by Defendants on September 19, 2023. Identified by Pegasystems as VP, Investor Relations and Corporate Development. |
| PegaCompliance@pega.com | Proposed by Defendants on September 19, 2023. Identified by Pegasystems as General Compliance Email. |

**B. Search Terms for Plaintiffs' Document Requests**

For the custodians identified above, unless otherwise agreed upon by the parties or ordered by the Court, or unless specifically indicated below, the date range of ESI documents to be searched using the below terms is May 29, 2020 through October 26, 2022.[2]

**1. <u>Plaintiffs' proposed terms</u>**[3]

1. Youyong
2. Youyoung
3. zouyyong@yahoo.com

---

[2] Plaintiffs propose this date range without prejudice to the right to seek documents responsive to specific document requests dated outside of this date range, including without limitation, documents responsive to Plaintiffs' Request Nos. 2-3, 5, and 32-44.

[3] Plaintiffs' terms are proposed in addition to the terms Defendants propose in their September 19 document.

Robbins Geller Rudman & Dowd LLP



4. Zou
5. "Project Crush"
6. "understanding appian"
7. "Appian consultant"
8. "going to call him matt"
9. "the other matt"
10. "illegal or questionable means to acquire"
11. "misrepresenting your identify in hopes of obtaining"
12. "the Company has strong defenses to these claims"
13. "we should never lose against Appian"
14. "can I ping about legality of using"
15. ("Code of conduct") AND (Appian OR APPN)
16. ("Code of conduct") AND (violat* OR investigat*)
17. ("Code of conduct") AND (Baril* OR Bessman* OR Nguyen* OR Sarada* OR Bhowmick* OR Potluri* OR Vaddem* OR Kamaraju* OR Davis* OR Zhang*)
18. *apowerconsulting.com
19. bbaril@palenciabusinesscenter.com
20. (Andrew* w/3 Power*)
21. (Emily* w/3 Gold*)
22. (Appian OR APPN) AND (Eric w/3 Cole)
23. (Appian OR APPN) AND (Simon w/3 Platt)
24. (Appian OR APPN) AND (Richard w/3 Marshall)
25. (Appian OR APPN) AND (Paul w/3 Pinto)
26. (Appian OR APPN) AND (William w/3 Easttom)
27. (Appian OR APPN) AND (James w/3 Malackowski)
28. (Appian OR APPN) AND ((Judge OR Daniel) w/3 Ortiz)
29. (Appian OR APPN) AND ((Judge OR Richard) w/3 Gardiner)
30. (Appian OR APPN) AND "pending litigation"
31. (Appian OR APPN) AND "legal proceedings"
32. (Appian OR APPN) AND "A. Ewe"
33. (Appian OR APPN) AND "A Ewe"
34. (Appian OR APPN) AND (Paul* w/3 Foon*)
35. (Appian OR APPN) AND "Item 103"
36. (Appian OR APPN) AND "ordinary routine litigation"
37. (Appian OR APPN) AND ((topic OR subtopic OR FASB OR ASC) w/10 (450* OR "contingencies"))
38. (Appian OR APPN) AND "Disclosure Committee"
39. (Appian OR APPN) AND *deloitte*

Robbins Geller Rudman & Dowd LLP



40. (Appian OR APPN) AND ("Organic Living and Wellness" OR *@organiclivingandwellness.com)
41. (Appian OR APPN) AND ("Palencia Business Center" or *@palenciabusinesscenter.com)
42. (Appian OR APPN) AND (Albert w/3 Scii)
43. (Appian OR APPN) AND (Albert w/3 Skii)
44. (Appian OR APPN) AND ("A Skii")
45. (Appian OR APPN) AND (proceedings w/3 "ordinary course")
46. (Appian OR APPN) AND (spy or spies)
47. (Appian OR APPN) AND "Virginia Computer Crimes Act"
48. (Appian OR APPN) AND "Virginia Uniform Trade Secrets Act"
49. (Appian OR APPN) AND VCCA
50. (Appian OR APPN) AND VUTSA
51. (Appian OR APPN) AND Venugopal.sarada@edumithra.co.in
52. (Appian OR APPN) AND vishal.sarada@capgemini.com
53. (Appian OR APPN) w/35 "12 challenges"
54. (Appian OR APPN) w/35 "12challenges"
55. (Appian OR APPN) w/35 "ad damnum"
56. (Appian OR APPN) w/35 "burden of proof"
57. (Appian OR APPN) w/35 "free trial"
58. (Appian OR APPN) w/35 "tear down"
59. (Appian OR APPN) w/35 "trade secret"
60. (Appian OR APPN) w/35 "trade secrets"
61. (Appian OR APPN) w/35 "unjust enrichment"
62. (Appian OR APPN) w/35 "attack plan"
63. (Appian OR APPN) w/35 "battle card"
64. (Appian OR APPN) w/35 "CI brief"
65. (Appian OR APPN) w/35 "CI content"
66. (Appian OR APPN) w/35 "CI Project"
67. (Appian OR APPN) w/35 "CI space"
68. (Appian OR APPN) w/35 "competitive brief"
69. (Appian OR APPN) w/35 "competitive briefing"
70. (Appian OR APPN) w/35 "competitive intelligence"
71. (Appian OR APPN) w/35 "confidential"
72. (Appian OR APPN) w/35 "CRM proposal"
73. (Appian OR APPN) w/35 "damning attack"
74. (Appian OR APPN) w/35 "deep dive"
75. (Appian OR APPN) w/35 "license agreement"
76. (Appian OR APPN) w/35 "license agreements"
77. (Appian OR APPN) w/35 "request for admission"

Robbins Geller
Rudman & Dowd LLP



78. (Appian OR APPN) w/35 "technical brief"
79. (Appian OR APPN) w/35 "technical business brief"
80. (Appian OR APPN) w/35 "technical CI"
81. (Appian OR APPN) w/35 "terms of use"
82. (Appian OR APPN) w/35 "trial terms and conditions"
83. (Appian OR APPN) w/35 action*
84. (Appian OR APPN) w/35 appeal*
85. (Appian OR APPN) w/35 appellate
86. (Appian OR APPN) w/35 battlecard*
87. (Appian OR APPN) w/35 BP3
88. (Appian OR APPN) w/35 camtasia*
89. (Appian OR APPN) w/35 case*
90. (Appian OR APPN) w/35 claim*
91. (Appian OR APPN) w/35 complaint*
92. (Appian OR APPN) w/35 consultant*
93. (Appian OR APPN) w/35 contractor*
94. (Appian OR APPN) w/35 court*
95. (Appian OR APPN) w/35 damage*
96. (Appian OR APPN) w/35 defense*
97. (Appian OR APPN) w/35 demurrer*
98. (Appian OR APPN) w/35 depos*
99. (Appian OR APPN) w/35 discovery
100. (Appian OR APPN) w/35 documentation
101. (Appian OR APPN) w/35 enjoin*
102. (Appian OR APPN) w/35 exhibit*
103. (Appian OR APPN) w/35 hearing*
104. (Appian OR APPN) w/35 injunct*
105. (Appian OR APPN) w/35 interrog*
106. (Appian OR APPN) w/35 judgment*
107. (Appian OR APPN) w/35 juries
108. (Appian OR APPN) w/35 juror*
109. (Appian OR APPN) w/35 jury
110. (Appian OR APPN) w/35 (Kforce* OR "K-Force")
111. (Appian OR APPN) w/35 lawsuit*
112. (Appian OR APPN) w/35 litigat*
113. (Appian OR APPN) w/35 merit*
114. (Appian OR APPN) w/35 misappropriat*
115. (Appian OR APPN) w/35 motion*
116. (Appian OR APPN) w/35 proceeding*

117. (Appian OR APPN) w/35 relief
118. (Appian OR APPN) w/35 teardown*
119. (Appian OR APPN) w/35 testif*
120. (Appian OR APPN) w/35 testimony
121. (Appian OR APPN) w/35 transcript*
122. (Appian OR APPN) w/35 trial*
123. (Appian OR APPN) w/35 verdict*
124. (Appian OR APPN) w/35 settle*
125. (Appian OR APPN) w/35 mediat*
126. (stock* OR share* OR securities) w/10 (price OR fall* OR decreas* OR declin* OR drop* OR plummet* OR crash* OR mov* OR valu* OR market cap OR “market capitalization”)[4]
127. (quarter* OR annual* OR investor* OR earning* OR Q1* OR Q2* OR Q3* OR Q4* OR FY*) w/10 (conference* OR call* OR update* OR announc*)
128. (script* OR prep* OR remark*) w/10 (conference* OR earning* OR call*)
129. (Appian OR APPN) w/35 (MBO)[5]
130. (Appian OR APPN) w/35 (“management based objective” OR “management based objectives” OR “management-based objective” OR “management-based objectives”)
131. (Salesforce OR SFDC OR ServiceNow OR IBM) w/35 (MBO)
132. (Salesforce OR SFDC OR ServiceNow OR IBM) w/35 (“management based objective” OR “management based objectives” OR “management-based objective” OR “management-based objectives”)
133. (Rand* w/3 Dillon) w/35 (Salesforce OR SFDC)
134. (David w/3 Watson) w/35 (Lombardi OR IBM)

**2. <u>Defendants’ proposed terms from September 19, 2023</u>**

1. Appian w/10 (complaint* OR defense* OR trial* OR depos* OR damage* OR jury OR appeal* OR litigation*)
2. Appian w/10 (“ASC 450” OR “Item 103” OR “reasonably possible” OR remote OR probable OR contingen* OR accrual* OR verdict)
3. (10-K or 10-Q or 8-K) w/10 (“ASC 450” OR “Item 103” OR “reasonably possible” OR remote OR probable OR contingen* OR accrual*)

---

[4] Term No. 126 only to be run across documents dated after February 15, 2022.

[5] Term Nos. 129-134 also to be run across the documents collected by Pegasystems for discovery in the Virginia Action that are dated prior to May 29, 2020.

Robbins Geller Rudman & Dowd LLP



4. (“Earnings Call” or script) w/10 (“ASC 450” OR “Item 103” OR “reasonably possible” OR remote OR probable OR contingen* OR accrual*)
5. (To/From/Cc *@deloitte) AND (Appian w/10 (complaint* OR defense* OR trial* OR depos* OR damage* OR jury OR appeal* OR litigation* OR expen*))
6. (To/From/Cc *@deloitte) AND (Appian w/10 (“ASC 450” OR “Item 103” OR “reasonably possible” OR remote OR probable OR contingen* OR accrual* OR verdict))
7. (To/From/Cc *@deloitte) AND (“without merit” OR (Pega* w/5 competitive w/5 market*) OR (notice! w/5 misappropriat!) OR “strong defenses” OR “code of conduct”)
8. ((Board or “Audit Committee”) w/10 (agenda* OR minutes OR presentation* OR materials*)) AND (Appian w/10 (complaint* OR defense* OR trial* OR depos* OR damage* OR jury OR appeal* OR litigation* OR expen*))
9. ((Board or “Audit Committee”) w/10 (agenda* OR minutes OR presentation*)) AND (“without merit” OR (Pega* w/5 competitive w/5 market*) OR (notice! w/5 misappropriat!) OR “strong defenses” OR “code of conduct”)
10. Appian w/10 (media or journalist* or investor* or shareholder* or bank* or analyst* or (public w/2 relation*) or FT or “Financial Times” or WSJ or “Wall Street Journal” or “The Economist” or “Washington Post” or NYT or “New York Times” or Newsweek)
11. Appian w/10 (Barclays or “Benchmark Company” or Canaccord or “CFRA Research” or Citigroup or “Credit Suisse” or “D.A. Davidson” or Goldman or “JMP Securities” or “J.P. Morgan” or KeyBanc or “Loop Capital” or Macquarie or Morningstar or “Needham & Company” or Oppenheimer or “RBC Capital” or “Rosenblatt Securities” or SMBC or Truist or Wedbush or “William Blair”)
12. “code of conduct” w/10 (“ethical conduct” OR “confidential information” OR “illegal or questionable means” OR reporting OR deviation OR “prompt action” OR “disciplinary action”)
13. “code of conduct” w/10 (revise OR update)
14. (Complaint or report) AND (Appian w/10 (complaint* OR defense* OR trial* OR depos* OR damage* OR jury OR appeal* or litigation*))
15. (Complaint or report) AND (Appian w/10 (“ASC 450” OR “Item 103” OR “reasonably possible” OR remote OR probable OR contingen* OR accrual* OR verdict))
16. (Complaint or report) AND ((“without merit” OR (Pega* w/5 competitive /5 market*) OR (notice! w/5 misappropriat!) OR “strong defenses” OR “code of conduct”))
17. “disclosure committee” w/10 (meeting* OR agenda* OR presentation* OR material*)