# EXHIBIT 3

## Robbins Geller Rudman & Dowd LLP

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Christopher D. Stewart
cstewart@rgrdlaw.com

August 4, 2023

<u>VIA EMAIL</u>

Daniel W. Halston
Michael G. Bongiorno
Robert Kingsley Smith
Erika M. Schutzman
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109

Re:    *Re: City of Fort Lauderdale Police and Firefighters' Retirement System v.
       Pegasystems Inc.*, No. 1:22-cv-11220-WGY (D. Mass.)

Dear Counsel:

Attached please find plaintiffs' edits to the draft ESI protocol, in response to defendants' July 20, 2023 edits to plaintiffs' June 29, 2023 draft.

Defendants informed plaintiffs on July 31, 2023 that defendants intend to propose a "discovery plan" to plaintiffs, which defendants stated will include a proposal regarding search terms, search time periods, proposed custodians, and sources that are to be searched. We will await receipt of your discovery plan while reserving the right to make additional revisions to the ESI protocol following our review of your proposed plan.

We asked defendants on July 31 to front-load their document production to include the organizational charts that are responsive to Request No. 28 of plaintiffs' June 2, 2023 document requests, including organizational charts reflecting Pegasystems' finance, accounting, investor relations, and in-house counsel departments from the relevant time period. We have not received any such charts to date, and we expect (and defendants indicated their agreement that) the information set forth in Pegasystems' organizational charts will prove important in our discussions regarding ESI custodians. Defendants further indicated that in connection with providing their discovery plan, they would be willing to provide information about proposed custodians such as the positions or titles held by these individuals throughout the relevant time period.

Please let us know when we can expect Pegasystems' organizational charts.

4889-9811-2117.v1

655 West Broadway, Suite 1900   San Diego, CA  92101   Tel 619-231-1058   Fax 619-231-7423   rgrdlaw.com

**Robbins Geller**
**Rudman & Dowd** LLP

Counsel
August 4, 2023
Page 2

As reflected in defendants' July 20 edits, defendants deleted from plaintiffs' June 29 draft most of the language plaintiffs had proposed in §§I.A.-E.[1]  As we understand your position from the July 31 call, defendants believed that §§I.A.-E, of plaintiffs' June 29 draft included much more detail than was necessary to include in a court order.  We further understand from our July 31 call that defendants' deletion of language from §§I.A.-E of plaintiffs' June 29 draft did not necessarily reflect an unwillingness on defendants' part to meet-and-confer on the issues addressed in those sections.

For instance, although defendants deleted from plaintiffs' June 29 draft language providing that "[t]he parties agree to discuss policies or practices likely to impact the existence, accessibility, or ability to collect responsive documents or electronically stored information" – we understand from the July 31 call that defendants are willing to discuss such policies or practices and likely sources of relevant information as part of the parties' conferral.  In addition, although defendants deleted from plaintiffs' June 29 draft the entire §I.C. ("Easily Segregable Documents"), we understand from our July 31 call that defendants will not withhold from their production a particular document solely because the document does not "hit" on an agreed-upon search term, that defendants will disclose which categories and sources of information they intend to use search terms to identify, and that defendants will not refuse to search for documents in known locations or locations that are "knowable upon reasonable inquiry of those with knowledge about a party's document management."

Defendants also deleted from plaintiffs' June 29 draft the entire §I.D. ("Search Terms"), including language plaintiffs had proposed addressing the crafting of search terms, exchange of search terms, the provision of (and characteristics of) search term hit reports, and procedures for resolving disputes over search terms.  Based on our understanding from the July 31 call that defendants plan to address search terms in their discovery plan, rather than re-insert into this version the proposal we made on June 29, we will plan to await your counter-proposal in your upcoming discovery plan before we determine whether further revisions to the ESI protocol's language regarding search terms is necessary.  We are open to further discussion once we receive the discovery plan, but the parties may have a disagreement regarding the need for search term hit reports.  As discussed, plaintiffs intend to seek search term hit reports that include all search terms and not only a subset of disputed terms.  We find this information important in coming to a mutually agreeable list of search terms.

---

[1]    Sections titled "Custodians," "Sources," "Easily Segregable Documents," "Search Terms," and "Technology-Assisted Review."

**Robbins Geller**
**Rudman & Dowd** LLP

Counsel
August 4, 2023
Page 3

     With respect to the section of the ESI protocol regarding privilege logs, given that the July 31 call ended before we could discuss that particular section, we have revised that section to reflect our proposed language.[2]  While we are happy to discuss the issue with defendants, we do disagree with defendants' July 20 proposal that the parties need not describe the basis for their assertions of privilege, work product, or other recognized protections over documents or information, or that redacted documents need not be logged at all, all of which is inconsistent with the requirements of Federal Rule of Civil Procedure 26(b)(5).  Defendants' July 20 draft also appeared to suggest that documents could be withheld on the basis of privilege, work product, or other recognized protections without being logged, which would also be inappropriate.[3]

     Very truly yours,

     Christopher D. Stewart

CDS:lls
Enclosure

---

[2]    Plaintiffs have also re-inserted the originally proposed language regarding hyperlinks for discussion on our next call.

[3]    We note that, similar to what plaintiffs have proposed, Pegasystems insisted in the Virginia Action that Appian Corporation identify on a privilege log each document as to which Appian asserted the attorney-client privilege or work product protection, including by identifying "the name of the attorney, the name of the client, and the date of the document . . . the author and all recipients of the document . . . the subject(s) addressed in the document . . . and [a] descri[ption of] the circumstances surrounding the communication as to which the privilege is being asserted." Pegasystems also provided Appian with detailed search term hit reports, with "hit" numbers broken out by individual terms and individual custodians.