# EXHIBIT 4

# Robbins Geller Rudman & Dowd LLP

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Christopher D. Stewart
cstewart@rgrdlaw.com

August 16, 2023

<u>VIA EMAIL</u>

Daniel W. Halston
Michael G. Bongiorno
Robert Kingsley Smith
Erika M. Schutzman
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109

Re:    *In re Pegasystems Inc. Securities Litigation*
        No. 1:22-cv-11220-WGY (D. Mass.)

Dear Counsel:

We write following Plaintiffs' and Defendants' call on August 14, 2023 regarding Plaintiffs' First Set of Interrogatories to Defendants (the "Interrogatories") and Defendants' August 10, 2023 responses and objections to the Interrogatories (the "August 10 Response").

Interrogatory No. 1 reads:

> For each Defendant who may rely on Professional Advisors, Third Parties, or other persons in support of his/its defenses in this Action (***including without limitation Defendants' 13th Affirmative Defense***), separately identify every Professional Advisor, Third Party, or other person upon whom each Defendant may rely and the subject matter(s) of each Defendant's reliance on that Professional Advisor, Third Party, or other person.[1]

As Plaintiffs explained during the August 14 call, one of the purposes of Interrogatory No. 1 is to discover the facts supporting Defendants' affirmative defenses asserted in Defendants' Answer to Lead Plaintiffs' Consolidated Amended Complaint (ECF 87) (the "Answer"), including their

---

[1]    Emphasis is added throughout unless otherwise stated.

4859-9400-1526.v1

655 West Broadway, Suite 1900    San Diego, CA  92101    Tel 619-231-1058    Fax 619-231-7423    rgrdlaw.com

**Robbins Geller
Rudman & Dowd LLP**

Counsel
August 16, 2023
Page 2


Thirteenth Affirmative Defense, which states: "Plaintiffs' claims are barred, in whole or in part, to the extent any alleged misrepresentations or omissions were based on *good faith and in reasonable reliance upon information provided by advisers upon whom Defendants were entitled to rely*, *including, but not limited to*, Pega's independent auditors."[2]

It is evident the parties have a fundamental disagreement over whether Defendants' August 10 Response complies with the spirit of Federal Rule of Civil Procedure 33 and the Local Rules.

> **A.      Defendants Must Provide Full, Complete, Non-Evasive Responses to Interrogatory No. 1**

The parties disagree over which persons (and categories of persons) should be disclosed in response to Interrogatory No. 1.

Defendants' August 10 Response states that Defendants excluded the names of "Pegasystems employees," such as Pegasystems' in-house counsel, from Defendants' response to Interrogatory No. 1.[3]  Defendants confirmed on August 14 that they adhered to this objection in responding to the Interrogatories.   In addition, notwithstanding the fact the Interrogatories defined "Professional Advisor(s)" to include "in-house" counsel, Defendants confirmed on August 14 that they object to including – and thus excluded – Pegasystems' "in-house" counsel from the definition of "Professional Advisor(s)" that Defendants applied in responding to the Interrogatories.[4]

As explained on August 14, Defendants' exclusion of "Pegasystems employees" from Defendants' response is entirely groundless, and serves no purpose other than to conceal discoverable facts from Plaintiffs regarding Defendants' defenses, including whether Defendants may rely upon

---

[2]     Answer at 105.  Excluding the names of parties (and Kenneth Stillwell), Defendants' Federal Rule of Civil Procedure 26 initial disclosures identify just two persons "likely to have discoverable information" that Defendants may use to support their defenses.

[3]     August 10 Response at 5 ("*Defendants will not provide information regarding Pegasystems employees who may have been consulted in connection with the Virginia Litigation*.").

[4]     The Interrogatories define "Professional Advisor(s)" as "persons who provide advice, counsel, or recommendations on legal, business, accounting, financial, or other matters.  'Professional Advisor(s)' includes, without limitation, *legal counsel (whether in-house or outside)*, law firms, legal advisors, financial advisors, accounting firms, consulting firms, investment banking firms, public relations firms, or 'advisers' (*see* Defendants' 13th Affirmative Defense)."  Defendants' August 10 Response purports to re-write Plaintiffs' definition of "Professional Advisor(s)" to *instead* mean "organizations or individuals engaged by a Defendant for the provision of professional services," which we understand from the August 14 call means persons with whom Pegasystems would have executed an "engagement agreement."

4859-9400-1526.v1

**Robbins Geller
Rudman & Dowd LLP**

Counsel
August 16, 2023
Page 3

Pegasystems' in-house counsel as part of Defendants' defenses.  Defendants could not articulate a legitimate basis for their refusal to include "Pegasystems employees" in Defendants' August 10 Response.

Defendants' exclusion of Pegasystems' in-house counsel from Defendants' August 10 Response is particularly baseless in light of Defendants' statement on August 14 that they included Pegasystems' *outside* counsel (including outside legal advisors and law firms) within the scope of their response.  If Defendants "may rely" on Pegasystems' in-house counsel (or any other Pegasystems employees, for that matter) as part of their defense, Defendants must identify those persons in a verified response to the Interrogatories.[5]

Defendants' refusal to provide discoverable information in response to Interrogatory No. 1, based on their contention that the interrogatory seeks "a witness list prior to the close of fact discovery and more than one year before trial," is also groundless.  August 10 Responses at 5-6.  Indeed, Pegasystems' disclosure of at least *one* person in response to Interrogatory No. 1 belies their unfounded objection that disclosing the information sought by the interrogatory would be "premature."  Plaintiffs are entitled to discover the factual predicate for Defendants' affirmative defenses, including their defense that they reasonably relied "upon information" provided by others. Defendants cannot hide discoverable information regarding whom they may rely on as part of their defenses, only to ambush Plaintiffs with that information down the road.

The parties also discussed the issue of whether Defendants will rely on the advice or involvement of counsel as part of their defense in this case.[6]  As Plaintiffs have explained, it would be highly prejudicial for Defendants to wait until later in fact discovery, at summary judgment, or at trial, to assert such a defense for the first time.  Defendants' present refusal to even disclose the names of "Pegasystems employees" in response to a straightforward interrogatory amplifies Plaintiffs' concerns on this issue.

---

[5]   *Adams v. Corr. Officer Justin Taylor*, 2023 U.S. Dist. LEXIS 92887, at *55 (W.D.N.Y. May 26, 2023) ("Plaintiff's interrogatory requests for identification of witnesses and documents defendant may rely on in support of those affirmative defenses mirror a party's legal obligations under Rule 26(a)(1)(A) and must also be answered."); *FTC v. Dutchman Enters., LLC*, 2010 U.S. Dist. LEXIS 78118, at *9 (D.N.J. Aug. 2, 2010) ("It is not Plaintiff's responsibility to review documents produced by the Defendants and conjecture what information, subjects and persons Defendants may rely upon in building their defenses . . . .").

[6]   Plaintiffs raised this issue with Defendants during a meet and confer call on July 21, 2023, as referenced in Plaintiffs' letter to Defendants dated July 27, 2023 at 8-9.  Defendants have yet to provide a substantive written response to that letter.

4859-9400-1526.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Counsel
August 16, 2023
Page 4

Further, as Plaintiffs noted during the August 14 call, testimony from Defendant Trefler in the Virginia Action strongly suggests that Defendants may attempt to rely on the advice or involvement of counsel as part of their defense in this case. According to Defendant Trefler, Pegasystems conducted an "investigation" into Appian's allegations that Pegasystems had misappropriated Appian's trade secrets and confidential information, and into whether Pegasystems' employees had accessed Appian's trade secrets or confidential information in violation of Pegasystems' Code of Conduct. According to Trefler, "the first thing we did is determine whether, in our view, they had accessed any trade secrets or confidential information because that is explicitly called out in the Code of Conduct."[7]

According to Trefler, both he and Pegasystems concluded that Pegasystems had not accessed Appian's trade secrets or confidential information based on this "investigation":

[Pegasystems' Counsel:] What was it about the fact that free trials were publicly available that affected your assessment – or your calibration of the punishment that you thought was appropriate?

[Trefler:] The calibration of the punishment was affected by *my understanding and our understanding that there were no trade secrets or confidential* . . . .[8]

Trefler's testimony that he purportedly relied on an "investigation" involving Pegasystems' legal team provides a clear illustration as to why: (i) Defendants' exclusion of "Pegasystems employees" and in-house counsel from Defendants' response to the Interrogatories is entirely evasive

---

[7]    PEGA_DMASS_00012132. According to Pegasystems, its correspondence to Appian dated December 21 and 28, 2021 indicated that Pegasystems' "investigations" were ongoing, and Defendant Trefler testified that Pegasystems' "investigation" was completed in early March 2022. The aforementioned correspondence from December 21 and 28, 2021, as well as documents concerning Pegasystems' purported "investigations" into Appian's claims, and Pegasystems' employees' compliance with the Code of Conduct, are responsive to, *inter alia*, Request Nos. 1, 15, 16, 17, and 25 of Plaintiffs' First Request for Production of Documents to Defendants ("1st RFPs"). Additionally, Defendant Trefler testified that as a result of the investigation, Pegasystems' employees received direct written reprimands that were included in their employee files, Pegasystems' employees were required to participate in additional training regarding confidentiality, Pegasystems required that their legal team meet quarterly with the competitive intelligence teams, and Pegasystems implemented a hard technical block to prevent further attempts at misconduct. Documents concerning these measures taken by Pegasystems as part of and following the investigation are responsive to, *inter alia*, Request Nos. 1, 5, 16, 17, and 25 of Plaintiffs' 1st RFPs.

[8]    PEGA_DMASS_00012134.

4859-9400-1526.v1

**Robbins Geller
Rudman & Dowd LLP**

Counsel
August 16, 2023
Page 5

and inappropriate; and (ii) Defendants should promptly disclose to Plaintiffs whether Defendants will or will not rely on the advice or involvement of counsel as a defense in this case.

Defendants' objection that it will construe the term "other persons" to *only* include "witnesses who *may provide testimony* in this case" is similarly evasive and improper. August 10 Response at 5. Whether a person testifies in this case is entirely distinct from the issue of whether Defendants may attempt to rely on that person as part of their defense.[9]

### B.    Defendant Trefler Must Provide Responsive Information to Interrogatory No. 1

Although Defendants' August 10 Response is littered with boilerplate objections made on behalf of "Defendants," only one Defendant – Pegasystems – actually purports to provide responsive information to the Interrogatory: "*Pegasystems* may rely on Deloitte and Touche LLP."[10] Defendant Trefler does not purport to identify any persons on whom *he* may rely upon in *his* defense.

To the extent Defendant Trefler may rely on persons to support his defenses, he must provide that information in a verified response.

### C.    Defendants Must Provide Verified Responses

"[A]nswers to interrogatories must be verified and must be signed by the person answering the interrogatory." *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010); Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.").

Neither Pegasystems nor Trefler verified the August 10 Response. The August 10 Response is, therefore, deficient under Rule 33. *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, 2014 U.S. Dist. LEXIS 203788, at *17 (D. Mass. May 16, 2014) ("answers shall be verified").

\*    \*    \*

---

[9]    The Interrogatories define "person" or "persons" to mean "any natural person or any business, legal, or governmental entity or association."

[10]    August 10 Response at 5 ("*Defendants* further object to Interrogatory No. 1 as premature . . . . *Pegasystems* may rely on Deloitte and Touche LLP, its independent auditors, and the services they provided as outside independent auditors, in support of its defenses in this Action. *Defendants* further object . . . .").

4859-9400-1526.v1

**Robbins Geller
Rudman & Dowd** LLP

Counsel
August 16, 2023
Page 6

As noted during the August 14 call, unless the parties can promptly reach an agreement on these issues, Plaintiffs intend to seek relief from the Court, including, but not limited to, an order compelling Defendants to provide full, complete, non-evasive, verified responses to Interrogatory No. 1, and an order precluding Defendants from relying (at summary judgment or trial) on persons that are not disclosed in response to Interrogatory No. 1.

Defendants stated on the August 14 call they would confer with their clients over these matters and get back to Plaintiffs.  Please confirm by August 21, 2023 that Defendants will provide full, complete, non-evasive, verified answers to Interrogatory No. 1 by no later than August 25, 2023.

Please also confirm by August 21, 2023 that Defendants will disclose in writing by September 22, 2023, whether Defendants will or will not rely on the advice or involvement of counsel as part of their defense in this case.

Very truly yours,

CHRISTOPHER D. STEWART

CDS:lls

4859-9400-1526.v1