# EXHIBIT 16

| | |
|---|---|
| **From:** | Schutzman, Erika |
| **To:** | Christopher Stewart |
| **Cc:** | Debra Wyman; Lonnie Browne; Megan Rossi; Chad Johnson; Snehee Khandeshi; Nicole Gilliland; Halston, Daniel; Smith, Robert Kingsley; Lea Bays; Christine Milliron |
| **Subject:** | RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.) |
| **Date:** | Sunday, January 7, 2024 6:38:46 AM |

EXTERNAL SENDER

Chris,

Our letter dated January 5, 2024 addressed these issues.

With regard to your first, second, third, and fourth points, Defendants have agreed to provide hit reports for the discovery plan as written and hit reports for the discovery plan applying all search terms to all agreed-upon custodians, which should assist the parties with identifying the delta between the two proposals. Jan. 5, 2023 Ltr. at 6 ("Defendants will provide the requested hit reports when available, which include hit reports for the discovery plan as written and hit reports for the discovery plan applying all search terms to all custodians."). We also explained in the letter that we are in the process of completing the recollection of data using PST format, that we will be able to provide hit reports as data is ingested, and that the process of ingestion and deduplication is presently ongoing but expected to be completed soon. *Id.* at 2 ("As PST files are ingested, Defendants will be able to provide hit reports for agreed-upon custodians. … Additional hit reports will be provided as data is ingested into the database and deduplicated. That process is ongoing but is expected to be completed soon."). In the interim, and as a show of good faith, Defendants have begun providing and will provide hit reports as they become available for individual custodians or sets of custodians reflecting the terms in the current discovery plan. *Id.* The custodians for whom we have not yet provided hit reports are the custodians whose data is currently being ingested and deduplicated.

With regard to your fifth point, Defendants have not agreed to include Mr. Roche or Mr. O'Keefe in hit reports because we have not agreed to include them as custodians. *Id.* at 5 ("Defendants do not agree to include documents from Mr. Roche or Mr. O'Keefe in any hit report, as they are not agreed-upon custodians.").

With regard to your sixth point, Defendants have agreed to provide the requested hit reports for Term 146 and will do so when the data ingestion process is complete for all custodians. *Id.* at 5 ("To assist the parties with assessing proportionality, Defendants will provide the requested hit reports to allow the parties to assess the impact of the date ranges proposed. As noted above, Defendants are presently collecting and processing data in PST format from Pegasystems. That process is anticipated to be complete soon, at which time Defendants will be able to run hit reports reflecting all agreed-upon custodians.").

With regard to your seventh point, we will take Plaintiffs' request regarding the format of hit reports into consideration as we prepare the remaining hit reports.

Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Saturday, January 6, 2024 7:14 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Lea Bays <LBays@rgrdlaw.com>; Christine Milliron <CMilliron@rgrdlaw.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

<mark>EXTERNAL SENDER</mark>

Counsel,

I write requesting information missing from the hit reports provided on January 5, 2024.

First, Defendants have still not disclosed "the difference (or 'delta') in volume between the number of documents yielded by Plaintiffs' proposed terms and custodians, and the number of documents yielded by Defendants' proposed terms and custodians." Dec. 22, 2023 letter at 2. We have repeatedly sought this information from Defendants.

**Please provide this information ahead of our January 8 call.**

Second, Defendants did not provide a "global" hit report for the 24 Agreed Custodians plus Roche and O'Keefe, or even for the 24 Agreed Custodians. Instead, each report you provided on Friday is limited to just 1-2 custodians.

We requested "global" hit reports on multiple occasions, including in our November 22, 2023 letter at page 2:

> "[H]it reports reflecting each of the 149 agreed-upon terms, with one report reflecting the hit counts from running the agreed-upon terms as Defendants proposed to run them in their November 17 letter (*i.e.*, based on the limitations set forth in the table titled "Custodians" on pages 1-3 of Appendix A, §I to Defendants' November 17 letter), and another report reflecting the hit counts from running all of the agreed-upon terms across the custodial files of all of the agreed-upon custodians and the two proposed custodians remaining in dispute (Christopher Roche and Kevin O'Keefe)."

**Please provide these "global" hit reports ahead of our January 8 call.**

Third, Defendants did not provide hit reports or hit counts for the following Agreed Custodians:

1. Arsenault, Marissa (Foti)
2. Baril, Benjamin
3. Bixby, Steve
4. Collier, Nick
5. Cushing, Matt
6. Geraghty, Jack
7. Lancaster, Donald

**Please provide reports for these Agreed Custodians, reflecting hits for all of the Agreed Terms, ahead of our January 8 call.**

Fourth, the reports you provided on Friday only reflect hits for the Agreed Terms that **Defendants** propose to run.  For instance, instead of listing all of the Agreed Terms, the "*Benvenuti*" report lists just 10 Agreed Terms, the "*Albon, Balaguer*" report lists just 21 Agreed Terms, and so on.  With the exception of the "*Stillwell, A. Trefler*" report, the reports list only a portion of the Agreed Terms.

**Please provide, ahead of our January 8 call, corrected reports that reflect hits for all of the Agreed Terms, not just the Agreed Terms that *Defendants* propose to run.**

Fifth, you did not provide hit reports for Roche and O'Keefe.

**Please provide these reports, reflecting hits for all of the Agreed Terms,  ahead of our January 8 call.**

Sixth, Defendants first proposed on November 17 limiting Term No. 146 ("Zou" but not "Zhou") to a three-month period, while running terms for Mr. Zou's first name (Term Nos. 3 and 4) and email address (Term No. 5) across a 29-month period.  Accordingly, we asked Defendants on November 22, 2023 (letter at 4) to substantiate their burden objection:

> Requesting "a hit report reflecting the number of documents that hit on Term No. 146 ("Zou" but not "Zhou") applying the time period May 29, 2020 through October 26, 2022, and the second hit report reflecting the number of documents that hit on Term No. 146 applying the two date ranges proposed in Defendants' November 17 letter . . . Although Defendants propose running Term No. 146 across eight custodians, please

share the hit counts on Term No. 146 using all of the agreed-upon and two remaining proposed custodians (Messrs. Roche and O'Keefe)"

Defendants have not provided these hit reports.

**Please provide them ahead of our January 8 call.**

Finally, as requested in our September 22, 2023 letter, please include in the requested reports "the number of unique documents that hit on each term (documents that hit on a particular term and no other term on the list)."  The reports from yesterday omitted this information.

Best,
Chris

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Thursday, January 4, 2024 4:58 PM
**To:** 'Schutzman, Erika' <Erika.Schutzman@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Lea Bays <LBays@rgrdlaw.com>; Christine Milliron <CMilliron@rgrdlaw.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

Thanks, Monday January 8 at 12-1 pm ET (9-10 am PT) works.  We can use this dial in:

Dial-in: (267) 930-4000
Participant Code: 627-522-230

- Chris

---

**From:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Sent:** Thursday, January 4, 2024 3:36 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Lea

Bays <LBays@rgrdlaw.com>; Christine Milliron <CMilliron@rgrdlaw.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Chris,

We will provide responses to the November 17 and November 22 letters by tomorrow.  Our response will also address points raised in your December 6 letter and your December 22 email and follow up on our conversations on December 8, December 15, and December 20.  With our response, we will provide the hit reports that we currently have available based on the collection of PST files.

We would like to set up a call to understand what relief Plaintiffs intend to seek from the court, which is not addressed in your email below.  We think it makes sense to schedule the call for Monday, after you have had a chance to review the correspondence.

We are available on Monday at 12-1pm ET.  If that time does not work for you, please suggest an alternate time.

Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Wednesday, January 3, 2024 8:03 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Lea Bays <LBays@rgrdlaw.com>; Christine Milliron <CMilliron@rgrdlaw.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

**EXTERNAL SENDER**

Counsel,

We intend to file a motion to compel regarding the parties' outstanding ESI discovery disputes concerning the application of the negotiated search terms and custodians, the two custodians remaining in dispute (Christopher Roche and Kevin O'Keefe), and the hyperlinked attachments/ESI issues first disclosed

to us on December 15, 2023.

With respect to the first two issues, we have not received a written response to our November 17 and 22 letters, and believe court relief is necessary on this dispute, including relief providing for the expeditious production of the requested ESI.

With respect to the third issue above, we have not received a written response to our December 22 email containing steps for an automated process of linking modern attachments.  Given defendants' indications on December 15 and 18 that they do not plan to collect hyperlinked documents due to "undue burden," and lack of response to our December 22 email, we take it defendants are standing on their position and believe court relief is necessary.

We are available for a call tomorrow or Friday, January 4 or 5, if you wish to discuss the relief we intend to seek.

Best,

Chris

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, December 22, 2023 11:56 AM
**To:** 'Schutzman, Erika' <Erika.Schutzman@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Lea Bays <LBays@rgrdlaw.com>; Christine Milliron <CMilliron@rgrdlaw.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

Counsel,

During the parties' meet confer call on December 20, 2023, defendants asked plaintiffs whether plaintiffs' outside ESI vendor is aware of an automated process of linking modern attachments using the eDiscovery Premium Loose Files and PSTs export format.

Please find below our outside ESI vendor's response.

Best,
Chris

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In order for Defendants to link cloud attachments to the appropriate email or Teams parent using the **Loose Files and PSTs** export format, their vendor will need to create a script that uses the logic below to populate a custom GroupID column that associates the family members below into a family unit.

=====

1. Cloud attachments can be identified in the Purview "Export_Loadfile_1of*n*.csv" load file for records where **ModernAttachment_ParentID** is not null.
2. Take the value in the **ModernAttachment_ParentID** field and query the CSV file for a match in the **Immutable_ID** column.
3. If the result from #2 above has a **File_class** value of "Email" then the parent item is an email message that can be found in the **Compound_path** field where the value identifies the PST location where the parent email can be found. The custodian PST container can be found by cross-referencing the **Export_native_path** value for that record.
   1. For example, the value might look like "[Custodian email address]/Top of Information Store/Inbox/[Subject line]".
   2. The cloud attachment file from #1 and the matching email parent will comprise a family unit. Assign them the same GroupID.
   3. Cloud attachment records that cross-reference the same **ModernAttachment_ParentID** value belong in the same family unit. It means that multiple cloud documents were attached to that same email message. Assign them the same GroupID.
4. If the **Immutable_ID** value points to a CSV record that is **File_class** = "Conversation", then the cloud attachment parent is a Teams chat instead of an email. The **Export_native_path** value will identify the corresponding HTML chat transcript that was automatically created by Purview.
   1. For example, the value might look like "Conversations\[Custodian email address]\[GUID].HTML"
   2. The cloud attachment file from #1 and the matching chat parent will comprise a family unit. Assign them the same GroupID.
   3. Cloud attachment records that cross-reference the same **ModernAttachment_ParentID** value belong in the same family unit. It means that multiple cloud documents were attached to that same chat transcript. Assign them the same GroupID.

**Jerry Bui**
Managing Director **| F T I Consulting Technology LLC |** 214.397.1708 office **|** 940.205.0898 mobile

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Tuesday, December 19, 2023 1:40 PM
**To:** 'Schutzman, Erika' <Erika.Schutzman@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel

<Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Lea Bays <LBays@rgrdlaw.com>; Christine Milliron <CMilliron@rgrdlaw.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

4 ET / 1 PT on Wednesday Dec 20 works for the call.

Below are some questions we would like to discuss tomorrow – some of these we asked on Friday but wished to reiterate ahead of tomorrow's call.

1. Did you Index/OCR everything before searching for the CDS exports?

2. Did you export all "partially indexed items" upon export?

3. Did Consilio run the search and export, or did Pegasystems' IT?

4. Can you confirm with Consilio how many load files would be subject to the 13-15 hour deduplication fix?

5. Please explain the deduplication issue in more detail. For example, why do you consider MD5 hash duplicates "**potential** duplicates" and not duplicates that can be suppressed? Why would future collections require a "**manual** process of deduplication" and have "a high risk of error"?

6. Our understanding is that there are two ways to export data from M365 that include modern attachments: Condensed directory structure and "Loose files and PST." You have said that your recollection of full mailboxes in PST format does not include modern attachments.  Please explain why you are not using the "Loose files and PST" export option that does includes modern attachments (eDiscovery Premium)?

7. We reiterate our request for the search parameters that were used for each of the two CDS exports (the initial collection and the supplemental collection referenced in your December 15 email).  Will you provide that information?

8. Are you able to deduplicate the PST export defendants are currently proposing against the CDS exports they already have already collected?  If the answer is yes, are you performing this deduplication?

9. Of the documents that were collected using the CDS format, approximately:

   a. how many were collected in total?

   b. how many have been reviewed?

   c. how many have been reviewed and designated for production, but have not yet

been produced to plaintiffs?

d. how many have not been reviewed?

10. How many of the documents produced by Defendants to date consist of documents that:

   a. were produced by Appian in the Virginia Action?

   b. were produced by Pega in the Virginia Action?

   c. were produced in the Virginia Action by someone other than Appian or Pega?

   d. were not produced in any prior litigation between Pega and Appian?

We can use this dial in for the call:

Dial-in: (267) 930-4000
Participant Code: 627-522-230

Best,
Chris

---

**From:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Sent:** Monday, December 18, 2023 1:41 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Lea Bays <LBays@rgrdlaw.com>; Christine Milliron <CMilliron@rgrdlaw.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Chris,

Following up on timing, we had some things change on our end and now can speak 4-5pm ET on Wednesday.

Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Schutzman, Erika
**Sent:** Monday, December 18, 2023 1:57 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Lea Bays <LBays@rgrdlaw.com>; Christine Milliron <CMilliron@rgrdlaw.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

Chris,

I hope you had a nice weekend.  Within the windows you proposed, we are available on Wednesday at 3:30-4:30pm ET.  We do not agree that adding a team from our vendor to the call will be productive.

Defendants remain available to answer questions you may have about the challenges posed by CDS format.  However, as we noted on Friday, Defendants have begun collecting and processing data in PST format in light of the current case deadlines and Defendants' assessment that linked documents (i.e. modern attachments) cannot be collected in an automated manner without imposing an undue burden on Defendants.

Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, December 15, 2023 5:23 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Lea Bays <LBays@rgrdlaw.com>; Christine Milliron <CMilliron@rgrdlaw.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

**EXTERNAL SENDER**

Counsel,

As stated earlier today, we would like to schedule a call for early next week to continue our discussion from today.  We are available on Tuesday December 19 after 10 am PT, and Wednesday December 20 after 11 am PT.  Please let us know if there are times during those windows that work on your end.

We repeat our request that you include your vendor (Consilio) on this next call, to facilitate our discussion of the issues raised in your December 15 email.

Dial-in: (267) 930-4000
Participant Code: 627-522-230

Best,
Chris

---

**From:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Sent:** Friday, December 15, 2023 6:02 AM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Chris and team,

In advance of our call, below please find information concerning our collection of "modern attachments" (also referred to as point-in-time linked documents) and challenges we have faced processing this data.

We initially collected documents from Pegasystems using a condensed directory structure ("CDS") delivery format that allowed for collection of the current version of modern attachments.  Collection using a CDS delivery format was new for our team and unusual for our vendor.  Our understanding was, and continues to be, that the CDS delivery format must be used to collect modern attachments.  Search terms were used at the point of collection in part due to the significant file sizes associated with collecting documents using a CDS delivery format as compared to the more common Personal Storage Table ("PST") format.  The search terms and custodians used for purposes of an initial collection were limited to certain custodians and general terms.  Defendants began

reviewing this population for production.  At the time, the parties had not agreed upon a discovery plan.

Later, after the parties had engaged in substantial negotiations concerning the discovery plan, Defendants conducted a supplemental collection of documents from Pegasystems, again using a CDS delivery format, reflecting certain agreed-upon custodians and search terms that were broader than the initial collection.  Due to the file size, which was necessitated by the CDS delivery format, individual load files took significantly longer than expected to collect and transfer to our vendor.  We then requested that the files be deduplicated against the initial collection.  At that time, we were advised that deduplication was not possible because the documents had been collected using a CDS delivery format.  We learned at the same time that when the earlier collection had been ingested into the database any deduplication that was attempted was ineffective because deduplication is not supported as part of the standard data mapping process for data received in a "load ready" format like the CDS data.

We immediately worked to identify (1) whether data currently in the database could be deduplicated and (2) whether the more recently collected data could be deduplicated against itself and/or against the data in the database:

1. As to the data in the database, our e-discovery vendor developed a custom solution to deduplicate the data.  The process involved processing all natives delivered in the CDS format in a Nuix database to generate Consilio-standard MD5 Hash values that would enable the documents to be treated in the same manner as other documents that were ingested in Nuix. This is a very manual process that is still underway and under review by our team.  The Consilio-standard MD5 Hash values have been generated and documents have been tagged as potential duplicates, but our team will need to work with Consilio to determine whether those tagged duplicates should be left in the review population, moved to a near-line database, or removed.  For purposes of production, we sought to screen out duplicates, but it is possible that duplicates may have been produced already.

2. As to the data that was collected in the follow-on collection or in future follow-on collections (such as once the parties complete negotiation of the discovery plan), our e-discovery vendor advised after significant research and analysis that only a manual process of deduplication would be possible for data provided in a CDS delivery format and that deduplicating new data provided in the same format would take an estimated 13-15 hours per load file to complete. However, our vendor could not satisfactorily provide assurance to our team that the deduplication process would be successful and cautioned that there was a high risk of error in proceeding this way in part due to the expected quantity of data.

As a result of our investigation and discussions with our vendor, we have concluded that the process of collecting documents in a format that would allow for modern attachments to be collected as part of document families is unduly burdensome and impractical given the current discovery deadlines. We will need, and indeed already have begun, to pivot to collecting email in a PST format instead and would like to discuss that with you consistent with the Stipulated ESI Protocol (Dkt. 97).  Should there be specific modern attachments you are interested in, we remain willing to investigate a

reasonable number of requests on a case-by-case basis as set forth in the ESI protocol.  Defendants are not currently aware of an automated manner in which all such documents can be collected that is not unduly burdensome.

Finally, as we previewed on our call last week, our attempt to collect documents in such a way that would allow for modern attachments to be preserved has also impacted our ability to provide comprehensive hit reports.  Hit reports must be generated through our e-discovery vendor given the number of terms, complexity of the searches, and document duplication. It is not feasible for our client's IT personnel to generate hit reports—let alone deduplicated hit reports—for 149 terms across 24 custodians tailored to specific date ranges.  The output of the hit reports is necessarily limited to the content in the database to which our e-discovery vendor has access.  At this time, any hit report run would be both under- and over-inclusive and thus inaccurate due to the duplication issues caused by collection of modern attachments:

1. Any hit report would be under-inclusive because the documents collected did not reflect all search terms in the discovery plan.  As noted above, because of the collection method used to accommodate modern attachments, the database currently contains documents that were collected using specific search terms, rather than full mailboxes.  If the collection search terms are not inclusive of a term on the discovery plan, the hit report returned will be inaccurate.  For example, documents collected using the term "Appian" are unlikely to include all documents also hitting on the term "Project Crush."  A collection specific to the term "Project Crush" is necessary in order to generate a hit report that is accurate for that term.

2. Any hit report would be over-inclusive because the documents collected and ingested include duplicates.  As noted, we are working to identify and ultimately suppress duplicates, but that process is not yet complete.  We cannot assure you that any hit report prepared would accurately reflect unique documents only.

We are prepared to discuss these issues further with you on our call today.

Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Monday, December 11, 2023 11:43 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER

Let's plan to talk on Fri 12/15 at 2 ET (11 PT) – we can use the below dial in. Are you willing to include your vendor on the call?

Separately:

1. We sent Defendants a letter and email on December 6, regarding RFP 16 and 17 and requesting a meet and confer, but never received a response. Will you be prepared to discuss the matters in the December 6 letter during the call this Friday?

2. Can you please confirm you will provide this week Defendants' response to Plaintiffs' Nov 22 letter regarding search terms and custodians?

3. Please see the attached correspondence following our call on December 8.

Best,
Chris

Dial-in: (267) 930-4000
Participant Code: 627-522-230

---

**From:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Sent:** Friday, December 8, 2023 5:18 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Chris,

As I mentioned on the call, we are investigating this issue with our vendor.  We propose the following times for a call with Plaintiffs to discuss:
- December 14, 4-5pm ET
- December 15, 2-3pm ET

Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, December 8, 2023 6:27 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

**EXTERNAL SENDER**

Counsel,

Please propose times and dates you are available early next week to discuss the "point in time" issue that you raised during today's call.  To the extent you are willing to share, ahead of next week's call, any information regarding the "point in time" issue that you raised today, and regarding why Defendants contend this issue has precluded Defendants from sharing any hit reports with plaintiffs to date, please provide that information ahead of our call to facilitate our discussion.

Best,
Chris

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>

**Sent:** Wednesday, December 6, 2023 9:39 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Cc:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Debra Wyman
<DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi
<MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi
<SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland
<NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** Re: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

Thanks Erika.

We are surprised that Defendants will not acknowledge our inquiry about hit reports in our emails
from 12/4 and 12/5.  Is there a particular reason for this?

As you know, Plaintiffs have been seeking hit reports from Defendants for months.  While we look
forward to our call on Friday, given the circumstances and Plaintiffs' undisputed diligence in seeking
this information from Defendants, in the event the parties are unable to come to an agreement on
ESI searches, Plaintiffs are reserving the right to seek the production of all documents hitting on
Plaintiffs' proposed search methods.

Best,
Chris

> On Dec 6, 2023, at 4:20 PM, Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
> wrote:
>
>  EXTERNAL SENDER
> Thanks Chris.  We will talk to you on Friday.
>
> We are working on a response to your November 22 letter and are aiming to provide
> that response next week.
>
> Best,
> Erika
>
> **Erika Schutzman | WilmerHale**
> +1 617 526 6590
>
> _____
>
> **From:** Christopher Stewart <CStewart@rgrdlaw.com>
> **Sent:** Tuesday, December 5, 2023 5:56 PM
> **To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>; Smith, Robert Kingsley
> <Robert.Smith@wilmerhale.com>; Debra Wyman <DebraW@rgrdlaw.com>; Lonnie
> Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad
> Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>;

Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland
<NGilliland@rgrdlaw.com>
**Cc:** Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D.
Mass.)

EXTERNAL SENDER

Thank you, Friday, 12/8 at 1-2 ET / 10-11 PT works for a call.  We can
use the below dial in.

With respect to the materials referenced in the 12/4 email below –
defendants' response to plaintiffs' November 22, 2023 letter
regarding search terms and custodians, and hit reports – when do
defendants expect to provide those materials?

Best,
Chris

Dial-in: (267) 930-4000
Participant Code: 627-522-230

---

**From:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Sent:** Tuesday, December 5, 2023 6:00 AM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Smith, Robert Kingsley
<Robert.Smith@wilmerhale.com>; Debra Wyman <DebraW@rgrdlaw.com>; Lonnie
Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad
Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>;
Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland
<NGilliland@rgrdlaw.com>
**Cc:** Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D.
Mass.)

EXTERNAL SENDER
Chris,

Proposed times for a discussion this week are below:
    1.  Thursday, 4-5pm ET
    2.  Friday, 1-2pm ET

Please let us know if either of these times work for you.

Thanks,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Monday, December 4, 2023 2:39 PM
**To:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>
**Cc:** Halston, Daniel <Daniel.Halston@wilmerhale.com>; Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

**EXTERNAL SENDER**

Counsel,

Thank you for your 502(d) proposal from December 1.  Please propose times and dates you are available this week to discuss.

While we may have additional questions during our call, to facilitate our discussion, please find below some questions to which we wish to hear Defendants' responses during the call:

1. In addition to agreeing to withdraw their redactions over Deloitte's documents, do Defendants also agree not to redact or withhold – on privilege, work product, or other immunity grounds – their own documents and communications that were shared with Deloitte (*i.e.* those documents that are in Defendants' possession, custody or control), such as, for example:
    1. Emails, letters, or other communications between Pega (or Pega's lawyers) and Deloitte;
    2. Documents that were shared with Deloitte that are in Defendants' possession, custody or control?
    3. Documents that were shared with Deloitte that are in the possession, custody or control of subpoenaed third parties?
2. Do Defendants agree not to object or issue instructions to any witnesses – on

privilege, work product, or other immunity grounds – to questioning (at deposition, trial, or otherwise) about the redacted information?

    1. For example, if a witness were asked a question regarding the redacted information, do Defendants agree not to object or issue instructions to the witness – on privilege, work product, or other immunity grounds – to questions about the redacted information?

3. The stipulation states at ¶3 that "Plaintiffs further agree not to use the disclosure described in Paragraph 1 against Pegasystems or any other party or non-party in any future dispute over claims of protection from disclosure."  We wish to confirm that:

    1. Defendants agree that nothing in the 502(d) agreement would prevent any party from:

        1. challenging any assertion of privilege, protection or immunity over a document produced pursuant to the 502(d) agreement; or

        2. arguing that Defendants have effected a subject matter waiver in connection with actions taken (or documents produced) outside of the scope of the 502(d) agreement.

    2. Defendants agree that a challenging party shall be permitted to use any document that is a subject to the 502(d) agreement to challenge any assertion of privilege, protection or immunity over that document.

4. Do Defendants have access to unredacted versions of the redacted documents?

5. Have Defendants obtained Deloitte's confirmation that Deloitte will produce unredacted versions of the documents subject to the 502(d) agreement if and once an agreement is signed by the parties?

6. Have Defendants confirmed that none of Deloitte's redacted documents are subject to assertions of privilege, work product, or other protections by Deloitte?

Separately, we have not received from defendants a response to Plaintiffs' November 22, 2023 letter regarding search terms and custodians, or any hit reports (including the reports referenced in Plaintiffs' November 22 letter).  Please advise when Defendants expect to provide those materials.

Best,

Chris

---

**From:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Sent:** Friday, December 1, 2023 3:51 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi

<SKhandeshi@rgrdlaw.com>; Danielle Myers <DaniM@rgrdlaw.com>; triciam@rgrdlaw.com; Kirsten McCormack <KMcCormack@rgrdlaw.com>
**Cc:** Halston, Daniel <Daniel.Halston@wilmerhale.com>; Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Subject:** In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Counsel,

As previously suggested, attached is a proposed Rule 502(d) order pursuant to which Defendants would agree to the reproduction by Deloitte without redaction of documents currently redacted to protect work product.  Neither this email nor the attached proposed Rule 502(d) order is intended or should be construed to be a waiver of any claim of work product over the redacted information in Deloitte's production.

Please let us know if Plaintiffs will agree.

Best,

Rob

**Robert Kingsley Smith | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6759 (t)
+1 617 526 5000 (f)
robert.smith@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.