# Exhibit F

| | |
|---|---|
| **From:** | Schutzman, Erika |
| **To:** | Christopher Stewart |
| **Cc:** | Debra Wyman; Lonnie Browne; Megan Rossi; Chad Johnson; Snehee Khandeshi; Nicole Gilliland; Halston, Daniel; Smith, Robert Kingsley |
| **Subject:** | RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.) |
| **Date:** | Friday, December 15, 2023 9:02:14 AM |

Chris and team,

In advance of our call, below please find information concerning our collection of "modern attachments" (also referred to as point-in-time linked documents) and challenges we have faced processing this data.

We initially collected documents from Pegasystems using a condensed directory structure ("CDS") delivery format that allowed for collection of the current version of modern attachments. Collection using a CDS delivery format was new for our team and unusual for our vendor. Our understanding was, and continues to be, that the CDS delivery format must be used to collect modern attachments. Search terms were used at the point of collection in part due to the significant file sizes associated with collecting documents using a CDS delivery format as compared to the more common Personal Storage Table ("PST") format. The search terms and custodians used for purposes of an initial collection were limited to certain custodians and general terms. Defendants began reviewing this population for production. At the time, the parties had not agreed upon a discovery plan.

Later, after the parties had engaged in substantial negotiations concerning the discovery plan, Defendants conducted a supplemental collection of documents from Pegasystems, again using a CDS delivery format, reflecting certain agreed-upon custodians and search terms that were broader than the initial collection. Due to the file size, which was necessitated by the CDS delivery format, individual load files took significantly longer than expected to collect and transfer to our vendor. We then requested that the files be deduplicated against the initial collection. At that time, we were advised that deduplication was not possible because the documents had been collected using a CDS delivery format. We learned at the same time that when the earlier collection had been ingested into the database any deduplication that was attempted was ineffective because deduplication is not supported as part of the standard data mapping process for data received in a "load ready" format like the CDS data.

We immediately worked to identify (1) whether data currently in the database could be deduplicated and (2) whether the more recently collected data could be deduplicated against itself and/or against the data in the database:

1. As to the data in the database, our e-discovery vendor developed a custom solution to deduplicate the data. The process involved processing all natives delivered in the CDS format in a Nuix database to generate Consilio-standard MD5 Hash values that would enable the documents to be treated in the same manner as other documents that were ingested in Nuix. This is a very manual process that is still underway and under review by our team. The Consilio-standard MD5 Hash values have been generated and documents have been tagged as potential duplicates, but our team will need to work with Consilio to determine whether

those tagged duplicates should be left in the review population, moved to a near-line database, or removed.  For purposes of production, we sought to screen out duplicates, but it is possible that duplicates may have been produced already.

2. As to the data that was collected in the follow-on collection or in future follow-on collections (such as once the parties complete negotiation of the discovery plan), our e-discovery vendor advised after significant research and analysis that only a manual process of deduplication would be possible for data provided in a CDS delivery format and that deduplicating new data provided in the same format would take an estimated 13-15 hours per load file to complete. However, our vendor could not satisfactorily provide assurance to our team that the deduplication process would be successful and cautioned that there was a high risk of error in proceeding this way in part due to the expected quantity of data.

As a result of our investigation and discussions with our vendor, we have concluded that the process of collecting documents in a format that would allow for modern attachments to be collected as part of document families is unduly burdensome and impractical given the current discovery deadlines.  We will need, and indeed already have begun, to pivot to collecting email in a PST format instead and would like to discuss that with you consistent with the Stipulated ESI Protocol (Dkt. 97).  Should there be specific modern attachments you are interested in, we remain willing to investigate a reasonable number of requests on a case-by-case basis as set forth in the ESI protocol.  Defendants are not currently aware of an automated manner in which all such documents can be collected that is not unduly burdensome.

Finally, as we previewed on our call last week, our attempt to collect documents in such a way that would allow for modern attachments to be preserved has also impacted our ability to provide comprehensive hit reports.  Hit reports must be generated through our e-discovery vendor given the number of terms, complexity of the searches, and document duplication. It is not feasible for our client's IT personnel to generate hit reports—let alone deduplicated hit reports—for 149 terms across 24 custodians tailored to specific date ranges.  The output of the hit reports is necessarily limited to the content in the database to which our e-discovery vendor has access.  At this time, any hit report run would be both under- and over-inclusive and thus inaccurate due to the duplication issues caused by collection of modern attachments:

1. Any hit report would be under-inclusive because the documents collected did not reflect all search terms in the discovery plan.  As noted above, because of the collection method used to accommodate modern attachments, the database currently contains documents that were collected using specific search terms, rather than full mailboxes.  If the collection search terms are not inclusive of a term on the discovery plan, the hit report returned will be inaccurate. For example, documents collected using the term "Appian" are unlikely to include all documents also hitting on the term "Project Crush."  A collection specific to the term "Project Crush" is necessary in order to generate a hit report that is accurate for that term.

2. Any hit report would be over-inclusive because the documents collected and ingested include duplicates.  As noted, we are working to identify and ultimately suppress duplicates, but that process is not yet complete.  We cannot assure you that any hit report prepared would

accurately reflect unique documents only.

We are prepared to discuss these issues further with you on our call today.

Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Monday, December 11, 2023 11:43 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

**EXTERNAL SENDER**

Let's plan to talk on Fri 12/15 at 2 ET (11 PT) – we can use the below dial in. Are you willing to include your vendor on the call?

Separately:

1. We sent Defendants a letter and email on December 6, regarding RFP 16 and 17 and requesting a meet and confer, but never received a response. Will you be prepared to discuss the matters in the December 6 letter during the call this Friday?

2. Can you please confirm you will provide this week Defendants' response to Plaintiffs' Nov 22 letter regarding search terms and custodians?

3. Please see the attached correspondence following our call on December 8.

Best,

Chris


Dial-in: (267) 930-4000

Participant Code: 627-522-230

---

**From:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Sent:** Friday, December 8, 2023 5:18 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Chris,

As I mentioned on the call, we are investigating this issue with our vendor.  We propose the following times for a call with Plaintiffs to discuss:

- December 14, 4-5pm ET
- December 15, 2-3pm ET


Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Friday, December 8, 2023 6:27 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Cc:** Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)


EXTERNAL SENDER

Counsel,

Please propose times and dates you are available early next week to discuss the "point in time" issue that you raised during today's call.  To the extent you are willing to share, ahead of next week's call, any information regarding the "point in time" issue that you raised today, and regarding why Defendants contend this issue has precluded Defendants from sharing any hit reports with plaintiffs to date, please provide that information ahead of our call to facilitate our discussion.

Best,
Chris

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Wednesday, December 6, 2023 9:39 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Cc:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** Re: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

Thanks Erika.

We are surprised that Defendants will not acknowledge our inquiry about hit reports in our emails from 12/4 and 12/5.  Is there a particular reason for this?

As you know, Plaintiffs have been seeking hit reports from Defendants for months.  While we look forward to our call on Friday, given the circumstances and Plaintiffs' undisputed diligence in seeking this information from Defendants, in the event the parties are unable to come to an agreement on ESI searches, Plaintiffs are reserving the right to seek the production of all documents hitting on Plaintiffs' proposed search methods.

Best,
Chris

> On Dec 6, 2023, at 4:20 PM, Schutzman, Erika <Erika.Schutzman@wilmerhale.com> wrote:

EXTERNAL SENDER

Thanks Chris.  We will talk to you on Friday.

We are working on a response to your November 22 letter and are aiming to provide that response next week.

Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Tuesday, December 5, 2023 5:56 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>
**Cc:** Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

**EXTERNAL SENDER**

Thank you, Friday, 12/8 at 1-2 ET / 10-11 PT works for a call.  We can use the below dial in.

With respect to the materials referenced in the 12/4 email below – defendants' response to plaintiffs' November 22, 2023 letter regarding search terms and custodians, and hit reports – when do defendants expect to provide those materials?

Best,
Chris

Dial-in: (267) 930-4000
Participant Code: 627-522-230

**From:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Sent:** Tuesday, December 5, 2023 6:00 AM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>
**Cc:** Halston, Daniel <Daniel.Halston@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Chris,

Proposed times for a discussion this week are below:
1. Thursday, 4-5pm ET
2. Friday, 1-2pm ET

Please let us know if either of these times work for you.

Thanks,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Monday, December 4, 2023 2:39 PM
**To:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Kirsten McCormack <KMcCormack@rgrdlaw.com>; Nicole Gilliland <NGilliland@rgrdlaw.com>
**Cc:** Halston, Daniel <Daniel.Halston@wilmerhale.com>; Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

**EXTERNAL SENDER**

Counsel,

Thank you for your 502(d) proposal from December 1.  Please propose times and dates

you are available this week to discuss.

While we may have additional questions during our call, to facilitate our discussion, please find below some questions to which we wish to hear Defendants' responses during the call:

1. In addition to agreeing to withdraw their redactions over Deloitte's documents, do Defendants also agree not to redact or withhold – on privilege, work product, or other immunity grounds – their own documents and communications that were shared with Deloitte (*i.e.* those documents that are in Defendants' possession, custody or control), such as, for example:
    1. Emails, letters, or other communications between Pega (or Pega's lawyers) and Deloitte;
    2. Documents that were shared with Deloitte that are in Defendants' possession, custody or control?
    3. Documents that were shared with Deloitte that are in the possession, custody or control of subpoenaed third parties?
2. Do Defendants agree not to object or issue instructions to any witnesses – on privilege, work product, or other immunity grounds – to questioning (at deposition, trial, or otherwise) about the redacted information?
    1. For example, if a witness were asked a question regarding the redacted information, do Defendants agree not to object or issue instructions to the witness – on privilege, work product, or other immunity grounds – to questions about the redacted information?
3. The stipulation states at ¶3 that "Plaintiffs further agree not to use the disclosure described in Paragraph 1 against Pegasystems or any other party or non-party in any future dispute over claims of protection from disclosure." We wish to confirm that:
    1. Defendants agree that nothing in the 502(d) agreement would prevent any party from:
        1. challenging any assertion of privilege, protection or immunity over a document produced pursuant to the 502(d) agreement; or

        2. arguing that Defendants have effected a subject matter waiver in connection with actions taken (or documents produced) outside of the scope of the 502(d) agreement.
    2. Defendants agree that a challenging party shall be permitted to use any document that is a subject to the 502(d) agreement to challenge any assertion of privilege, protection or immunity over that document.
4. Do Defendants have access to unredacted versions of the redacted documents?
5. Have Defendants obtained Deloitte's confirmation that Deloitte will produce unredacted versions of the documents subject to the 502(d) agreement if and once an agreement is signed by the parties?
6. Have Defendants confirmed that none of Deloitte's redacted documents are subject to assertions of privilege, work product, or other protections by

Deloitte?

Separately, we have not received from defendants a response to Plaintiffs' November 22, 2023 letter regarding search terms and custodians, or any hit reports (including the reports referenced in Plaintiffs' November 22 letter).  Please advise when Defendants expect to provide those materials.

Best,

Chris

---

**From:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>
**Sent:** Friday, December 1, 2023 3:51 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>; Lonnie Browne <LBrowne@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Chad Johnson <ChadJ@rgrdlaw.com>; Snehee Khandeshi <SKhandeshi@rgrdlaw.com>; Danielle Myers <DaniM@rgrdlaw.com>; triciam@rgrdlaw.com; Kirsten McCormack <KMcCormack@rgrdlaw.com>
**Cc:** Halston, Daniel <Daniel.Halston@wilmerhale.com>; Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Subject:** In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Counsel,

As previously suggested, attached is a proposed Rule 502(d) order pursuant to which Defendants would agree to the reproduction by Deloitte without redaction of documents currently redacted to protect work product.  Neither this email nor the attached proposed Rule 502(d) order is intended or should be construed to be a waiver of any claim of work product over the redacted information in Deloitte's production.

Please let us know if Plaintiffs will agree.

Best,

Rob

**Robert Kingsley Smith | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6759 (t)
+1 617 526 5000 (f)
robert.smith@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**