# Exhibit 3

| | |
|---|---|
| **From:** | Christopher Stewart |
| **To:** | Schutzman, Erika; Debra Wyman |
| **Cc:** | Smith, Robert Kingsley; Halston, Daniel; Simpson, Chelsea |
| **Subject:** | RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.) |
| **Date:** | Thursday, January 11, 2024 11:06:08 PM |

**EXTERNAL SENDER**

Erika,

Plaintiffs are not sharing the documents – each of which you either have **already reviewed** and **intentionally designated** as confidential, or already have in your possession – we are seeking to impound prior to filing the motion.  It is wholly unnecessary for you to review the documents in order to decide whether to oppose Plaintiffs' motion – a motion necessitated by your client's confidentiality designation and one that Plaintiffs are obligated to file under the Protective Order.  If the Court has questions or concerns about why Defendants' documents should be sealed – it is your client's obligation to address and defend those designations.  Plaintiffs' responsibility is to seek to seal documents that your client has deliberately designated as confidential (presumably done so in good faith).  It is not Plaintiffs' responsibility to defend or explain the basis for your client's determination that the documents should be kept confidential.  Under the protective order, Defendants' designations "constitute a representation to the Court, made in good faith, that the Discovery Information so designated constitutes Confidential Information."  We take you at your word on January 8 that you stand by these representations.  As you know, Local Rule 7.2(c) states "[m]otions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded."  Accordingly, the documents we are seeking to impound will not be submitted to the Court until the Court rules on the motion to impound, and so you will have the opportunity to explain why your confidentially representations are supported.

Best,
Chris

**From:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Sent:** Thursday, January 11, 2024 5:48 AM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>
**Cc:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Simpson, Chelsea <Chelsea.Simpson@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Chris,

You raised for the first time on our January 8, 2024 meet and confer that you would be filing a motion to impound documents designated "Confidential" by Defendants.  We said we needed to consider that request.  You noted that Judge Young had added an annotation to the Parties' proposed protective order when he entered the protective order, and you specifically asked that

Defendants consider that annotation when considering your request.

As explained in my January 8, 2024 email following our meet and confer, we considered Judge Young's annotation to the protective order. It states: "Nothing shall be filed in Court pursuant to this order and it shall not be cited as a ground for sealing." In other words, that documents are designated "Confidential" is not alone a ground for filing the documents under seal. Therefore, as I also explained, it is important for us to understand what documents are to be filed with the Court so that we can determine whether there is a ground other than their designation as "Confidential" for filing the document under seal. Not only is it common to share materials that are the subject of a motion to impound in advance of filing the motion, but here doing so is eminently practical because it may obviate the need for burdening the Court with the motion altogether.

If you have a different reading of Judge Young's annotation that you specifically asked that we consider, please share that reading.

Best,
Erika

**Erika Schutzman | WilmerHale**
+1 617 526 6590

---

**From:** Christopher Stewart <CStewart@rgrdlaw.com>
**Sent:** Wednesday, January 10, 2024 12:48 PM
**To:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>; Debra Wyman <DebraW@rgrdlaw.com>
**Cc:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Simpson, Chelsea <Chelsea.Simpson@wilmerhale.com>
**Subject:** RE: In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

**EXTERNAL SENDER**

Counsel,

We offered on January 3 to discuss on January 4 or 5 the relief we intended to seek. Defendants asked to speak on January 8. We then asked you on January 8 whether Defendants would oppose Plaintiffs' request to file under seal documents that Defendants had designated as "Confidential" under the protective order. Defendants, surprisingly, could not provide a position. We asked you on January 8 whether Defendants had designated as "Confidential" any information that did not constitute "Confidential" information, and your answer was they had not. We asked whether there were any documents that Defendants had designated as "Confidential" but now wished to de-designate,

and you were aware of none.  Neither our briefing nor the set of exhibits we expect to submit is finalized, however, we do expect that the materials we will seek to have sealed will include internal emails, memoranda, or other documents that Defendants have designated as "Confidential" under the protective order. It is wholly unnecessary for Defendants to inspect "all materials covered by the motion," as well as a definitive list of all of the documents Plaintiffs may seek permission to file under seal, to determine whether Defendants oppose Plaintiffs' motion to file documents that Defendants have designated as "Confidential," and that the operative Protective Order requires, be submitted under seal.  Indeed, Deloitte has informed us that it does not oppose Plaintiffs' request to file Deloitte's documents under seal without need of inspecting the particular documents. Please let us know if Defendants will oppose Plaintiffs' request to file information Defendants designated "Confidential" under seal.

Best,
Chris

**From:** Schutzman, Erika <Erika.Schutzman@wilmerhale.com>
**Sent:** Monday, January 8, 2024 5:57 PM
**To:** Christopher Stewart <CStewart@rgrdlaw.com>; Debra Wyman <DebraW@rgrdlaw.com>
**Cc:** Smith, Robert Kingsley <Robert.Smith@wilmerhale.com>; Halston, Daniel <Daniel.Halston@wilmerhale.com>; Simpson, Chelsea <Chelsea.Simpson@wilmerhale.com>
**Subject:** In re Pegasystems Inc. Securities Litigation, No. 1:22-cv-11220-WGY (D. Mass.)

EXTERNAL SENDER
Chris and Deb,

You asked on our call earlier today whether Defendants would consent to Plaintiffs' forthcoming motion to impound pursuant to Local Rule 7.2.  This was the first we had heard of a planned motion to impound.  As we explained, it is challenging for us to evaluate your request—let alone for the parties to effectively confer as required by Local Rule 7.1—without further information concerning the scope of the motion to impound, which you were not willing to provide on the call.

Please provide copies of the materials covered by the forthcoming motion to impound or, for any documents with Bates numbers, a list of the relevant Bates numbers.  In view of Judge Young's annotation to the Protective Order, it is important for us to review the materials at issue to evaluate whether Defendants would consent to the public filing of any documents properly designated as Confidential under the Protective Order without the need for a motion to impound.  We will endeavor to respond to your request for consent to the motion to impound within 24 hours of

receiving all materials covered by the motion.

Best,
Erika

**Erika M. Schutzman | WilmerHale**

60 State Street

Boston, MA 02109 USA

+1 617 526 6590 (t)

+1 617 526 5000 (f)

erika.schutzman@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**