UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re PEGASYSTEMS INC. SECURITIES LITIGATION | ) ) ) ) | No. 1:22-cv-11220-WGY<br><br>JOINT STIPULATION AND RULE 502(d) ORDER |

4890-1769-8723.v1

Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund (collectively, "Plaintiffs"), and defendants Pegasystems Inc. ("Pegasystems") and Alan Trefler (collectively, "Defendants," and with Plaintiffs, the "Parties"), by and through their undersigned counsel, stipulate to the following:

WHEREAS, Plaintiffs have sought discovery from Defendants of information communicated to or from Pegasystems' independent auditor, Deloitte & Touche LLP ("Deloitte"), that Pegasystems asserts is protected from disclosure as attorney work product;

WHEREAS, Plaintiffs issued a document subpoena to Deloitte seeking discovery of information communicated to or from Deloitte that Pegasystems asserts is protected from disclosure as attorney work product;

WHEREAS, Plaintiffs have sought discovery from third parties, other than Deloitte, which may include information communicated to or from Deloitte that Pegasystems asserts is protected from disclosure as attorney work product;

WHEREAS, Plaintiffs have challenged Pegasystems' assertion of the work product doctrine over information communicated to or from Deloitte; and

WHEREAS, the Parties, working collaboratively, have reached a compromise, in accordance with Federal Rule of Evidence 502(d), pursuant to which Pegasystems would agree, subject to and following entry of this Order, to the disclosure to Plaintiffs of information communicated to or from Deloitte that Pegasystems asserts is protected as attorney work product.

The Parties submit the following Joint Stipulation and Proposed Rule 502(d) Order:

- 1 -

4890-1769-8723.v1

1.      Subject to the terms of this Order, Pegasystems agrees to the disclosure to Plaintiffs of information communicated to or from Deloitte concerning the Virginia Litigation,[1] which Pegasystems asserts is protected from disclosure by the work product doctrine.

2.      For each document that is produced to Plaintiffs pursuant to this Order, Defendants shall separately identify, contemporaneously with the production of the document, the Bates number of the document produced pursuant to Paragraph 1 of this Order.

3.      Pegasystems shall not object, on privilege, work product, or other immunity grounds, to questions (at deposition, trial, or otherwise) regarding the information disclosed pursuant to Paragraph 1 of this Order.

4.      Pegasystems shall not instruct witnesses not to answer, on privilege, work product, or other immunity grounds (at deposition, trial, or otherwise), questions regarding the information disclosed pursuant to Paragraph 1 of this Order.

5.      The Parties agree that the disclosure specified in Paragraph 1 above shall be governed by Rule 502(d). The disclosure shall be without prejudice to, and shall not be deemed a waiver of, or estoppel as to: (a) any claim of protection from disclosure by either Pegasystems or any other party or non-party asserting in this or any other proceeding any claim of protection from disclosure regarding the information disclosed pursuant to Paragraph 1 above, including, but not limited to, the attorney-client privilege, the work product doctrine, or any other discovery immunity that would otherwise apply; or (b) any argument by Plaintiffs as to any defenses asserted by Defendants in this action.

---

[1]      The "Virginia Litigation" refers to the action *Appian Corporation v. Pegasystems Inc., et al.*, Civil Action No. 2020-07216 (Circuit Court of Fairfax County, Virginia) and the appellate action *Pegasystems Inc. v. Appian Corporation*, No. 1399-22-4 (Va. Ct. App.).

4890-1769-8723.v1

6.    Plaintiffs agree not to use the fact of the existence of this Order or the information disclosed pursuant to Paragraph 1 of this Order against Pegasystems or any other party or non-party in any future dispute over claims of protection from disclosure, including, but not limited to, the attorney-client privilege, the work product doctrine, or any other discovery immunity that would otherwise apply.

7.    Defendants further agree not to rely upon or seek to admit in this action information disclosed pursuant to Paragraph 1 above unless and until Plaintiffs have relied upon in support of any motion or introduced as an exhibit at a deposition, at a hearing, or at trial information disclosed pursuant to Paragraph 1 above.  Such reliance or admission by Plaintiffs or Defendants shall not be deemed a waiver of, or estoppel as to, any claim of protection from disclosure by either Pegasystems or any other party or non-party asserting in this or any other proceeding any claim of protection from disclosure regarding the information disclosed pursuant to Paragraph 1 above.

8.    Unless expressly stated herein, this Order shall impose no restrictions on a party's use of information subject to this Order, including, but not limited to, in depositions, law and motion practice, hearings, or at trial in this matter.

9.    The disclosure of information pursuant to Paragraph 1 of this Order shall be made as soon as practicable after the entry of this Order.

10.    Notwithstanding Paragraph 9 above, prior to entry of this Order, Pegasystems may, at its sole discretion, disclose (or permit the disclosure of) the information required in Paragraph 1 of this Order, in which case the Parties shall treat that information as if it had been disclosed following entry of this Order.

IT IS SO STIPULATED.

4890-1769-8723.v1

DATED: February 20, 2024

ROBBINS GELLER RUDMAN
   & DOWD LLP
DEBRA J. WYMAN (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
LONNIE A. BROWNE (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)


        s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
cstewart@rgrdlaw.com
lbrowne@rgrdlaw.com
mrossi@rgrdlaw.com
ngilliland@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
CHAD JOHNSON (admitted *pro hac vice*)
420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone: 212/432-5100
chadj@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
SNEHEE KHANDESHI (admitted *pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
skhandeshi@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

- 4 -

4890-1769-8723.v1

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: 781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Liaison Counsel for Lead Plaintiffs

DATED: February 20, 2024

WILMER CUTLER PICKERING HALE
  AND DORR LLP
DANIEL W. HALSTON, BBO #548692
MICHAEL G. BONGIORNO, BBO #558748
ROBERT KINGSLEY SMITH, BBO #681914
ERIKA M. SCHUTZMAN, BBO #69624


_____s/ Daniel W. Halston_____
DANIEL W. HALSTON

60 State Street
Boston, MA 02109
Telephone: 617/526-6000
617/526-5000 (fax)
daniel.halston@wilmerhale.com
michael.bongiorno@wilmerhale.com
robert.smith@wilmerhale.com
erika.schutzman@wilmerhale.com

Counsel for Defendants Pegasystems Inc. and Alan
Trefler

\*     \*     \*

## ORDER

IT IS SO ORDERED.

DATED: February 22, 2024

_William A. Young_
THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 20, 2024.

s/ Christopher D. Stewart
CHRISTOPHER D. STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  cstewart@rgrdlaw.com

4890-1769-8723.v1