# EXHIBIT A-1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re PEGASYSTEMS INC. SECURITIES LITIGATION | ) ) ) | No. 1:22-cv-11220-WGY<br><br>NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |

TO:    **ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF PEGASYSTEMS INC. ("PEGA" OR THE "COMPANY") BETWEEN JUNE 16, 2020 AND MAY 9, 2022, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2024**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been prepared and is being made available to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court").  The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund ("Lead Plaintiffs") and Defendants Pegasystems Inc. and Alan Trefler ("Individual Defendant" and, collectively, "Defendants"); (ii) the proposed $35 million settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated April 23, 2024 (the "Stipulation"), by and between Lead Plaintiffs and Defendants (the "Settling Parties").  This Notice describes what steps you may take in relation to the Settlement and this Litigation.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.PegasystemsSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before _____, 2024.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Defendants' Released Persons about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2024.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before _____, 2024. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2024** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2024.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $35 million settlement fund has been established. Based on Lead Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per Pega common share under the Plan of Allocation is approximately $2.07, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that these are only estimates**. A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class

Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Pega common stock was allegedly artificially inflated (if at all) during the relevant period; (4) the amount, if any, by which the price of Pega common stock was allegedly artificially inflated (if at all) during the relevant period; (5) the effect of various market forces on the price of Pega common stock at various times during the relevant period; (6) the extent to which external factors influenced the price of Pega common stock at various times during the relevant period; (7) the extent to which the matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Pega common stock at various times during the relevant period; (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of Pega common stock at various times during the relevant period; and (9) whether the case should be certified as a class action pursuant to Federal Rule of Civil Procedure 23.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Lead Plaintiffs' Counsel for an award of attorneys' fees not to exceed 33% of the Settlement Amount, plus expenses not to exceed $450,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Pega common share will be approximately $0.71. In addition, Lead Plaintiffs may seek payment for their time and expenses incurred in representing the Settlement Class.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at _____, or visit the website www.PegasystemsSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.

4876-3761-2210.v2

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the burden, expense, and uncertainty of further litigation and the length of continued proceeding necessary to defend the Litigation through trial and any appeals. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | **Why did I get this Notice package?** |
|---|---|

This Notice was prepared and is being made available to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Pega common stock during the period between June 16, 2020 and May 9, 2022, inclusive (the "Settlement Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Massachusetts, and the case is known as *In re Pegasystems Inc. Securities Litigation*, No. 1:22-cv-11220-WGY. The case has been assigned to the Honorable William G. Young. The entities representing the Settlement Class are the "Lead Plaintiffs," and the individual and entity they sued and who have now settled are called the Defendants.

| 2. | **What is this lawsuit about?** |
|---|---|

The initial complaint in the Litigation was filed on May 19, 2022 in the United States District Court for the Eastern District of Virginia. On July 6, 2022, Defendants filed a motion to transfer the case to the District of Massachusetts. On July 27, 2022, Defendants' motion was granted and the Litigation was transferred to Judge Young in the District of Massachusetts. On August 9, 2022, the Court appointed Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund as Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On October 18, 2022, Lead Plaintiffs filed the Consolidated Amended Complaint for Violations of the Federal Securities Laws ("Complaint") alleging violations of §§10(b) and 20(a) of

- 4 -

the Securities Exchange Act of 1934 (the "Exchange Act") alleging that throughout the Settlement Class Period (between June 16, 2020 and May 9, 2022, inclusive), Defendants made materially false and misleading positive statements and omissions concerning a lawsuit in Virginia state court brought against Pega by Appian Corporation ("Appian") that was tried to a verdict but is presently on appeal. The lawsuit alleged misappropriation of Appian's trade secrets (the "Appian Lawsuit"), Pega's competitive advantage in the marketplace and the code of conduct in place which Pega's employees, including its senior officers, abided while conducting the Company's business. The Complaint further alleges that the intended purpose and effect of Defendants' false and misleading statements and omissions was to artificially inflate Pega's common stock price throughout the Settlement Class Period. The Complaint alleges that Pega disclosed the existence of the Appian Lawsuit on February 16, 2022 in the Company's Form 10-K, but made further false and misleading statements that the Appian Lawsuit was "without merit," the Company had "strong defenses" to the alleged claims, and that Appian's alleged damages were "not supported." On May 9, 2022, Pega disclosed that a trial in the Appian Lawsuit resulted in a verdict against Pega exceeding $2 billion. On September 16, 2022, Pega disclosed that the Virginia state court entered judgment in the Appian Lawsuit, which included $23.6 million in attorney's fees, and pre-judgment interest on the $2 billion jury verdict at 6% per year, or approximately $122 million annually. The Complaint alleges that, as a result of the February, May, and September 2022 disclosures, the price of Pega's stock dropped precipitously, resulting in millions of dollars in investor losses.

On December 19, 2022, Defendants moved to dismiss the Complaint. Following full briefing and oral argument, on July 24, 2023, the Court granted in part and denied in part the motion to dismiss, dismissing the allegations against named defendant Kenneth Stillwell.

On December 12, 2023, Lead Plaintiffs moved to certify a class. Defendants filed their opposition on February 28, 2024. Lead Plaintiffs filed their reply on March 3, 2024. The motion was pending when this proposed Settlement was reached.

The parties conducted extensive fact and class certification-related expert discovery and litigated a number of discovery disputes. In all, Defendants and third parties produced more than 1.6 million pages of documents.

Lead Plaintiffs and Defendants participated in a voluntary confidential mediation session with John Van Winkle, of Van Winkle Baten Dispute Resolution, an experienced mediator, on February 27, 2024. The mediation session was preceded by submission of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations but did not reach a settlement at the mediation session. Following the receipt of a mediator's proposal, on March 4, 2024, the parties agreed to settle the Litigation in return for a cash payment of $35 million to be paid by Defendants and/or their insurers on behalf of Defendants, for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiffs in the Litigation. Defendants contend that they did not make any materially false or misleading statements or omissions, that they did not engage in a fraudulent scheme, that they disclosed all material information required by the federal securities laws, and that they at all times

- 5 -

acted in good faith. Defendants also contend that any losses allegedly suffered by Members of the Settlement Class were not caused by any allegedly fraudulent scheme, or false or misleading statements by them and/or were caused by intervening events. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of Defendants or of the Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons and entities who purchased or otherwise acquired Pega common stock between June 16, 2020 and May 9, 2022, inclusive, and experienced loss (the "Settlement Class"). Excluded from the Settlement Class are Defendants and the Dismissed Defendant and their immediate families, the Company's officers and directors at all relevant times, as well as their immediate families, Defendants' and the Dismissed Defendant's legal representatives, heirs, successors or assigns, and any entity in which Defendants or the Dismissed Defendant have or had a controlling interest. Also excluded from the Settlement Class is any Person or entity who validly and timely requests exclusion therefrom. To the extent any Pega employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Settlement Class by definition.

**Please Note**: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2024.

| 5. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim form to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $35 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses,

- 6 -

and approved fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| | |
|---|---|
| **7.** | **How much will my payment be?** |

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below, and the amount of administrative costs, including the costs of notice, and the amount of the approved attorneys' fees and expenses.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| | |
|---|---|
| **8.** | **How can I get a payment?** |

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form.  A Proof of Claim form may be downloaded at www.PegasystemsSecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than _____, 2024**.   The Proof of Claim form may be submitted online at www.PegasystemsSecuritiesSettlement.com.

| | |
|---|---|
| **9.** | **When would I get my payment?** |

**The Court will hold a Settlement Hearing on _____, 2024, at _____ \_.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| | |
|---|---|
| **10.** | **What am I giving up to get a payment or to stay in the Settlement Class?** |

Unless you timely and validly exclude yourself in connection with this Settlement, you are in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Claims" means, to the fullest extent permitted by law or equity, any and all claims, rights, controversies, duties, obligations, demands, allegations, arguments, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages, liabilities, and causes of action of every nature and description, whether known or unknown, contingent or non-contingent, matured or unmatured, foreseen or

4876-3761-2210.v2

unforeseen, disclosed or undisclosed, suspected or unsuspected, discoverable or undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether direct, representative, class or individual in nature, whether arising under federal, state, or local statutory or common law or any other law, rule or regulation, ordinance or administrative provision, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in this Litigation or any other action or in any other forum, against any or all of Defendants' Released Persons that arise from or out of or are in connection with or are based upon or relate in any way to both (a) the facts, matters, events, transactions, acts, failure to act, occurrences, statements, representations, misrepresentations, disclosures, claims, allegations, breaches of duty, and/or omissions which were or could have been alleged in this Litigation, and (b) purchases or acquisitions by any Settlement Class Member of Pega common stock during the Settlement Class Period or the settlement or resolution of the Litigation, provided however that "Released Claims" does not release any claim by Defendants for insurance coverage and does not include claims to enforce the Settlement, or any derivative or ERISA claims, or the claims of any Person who submits a request for exclusion in connection with this Settlement that is accepted by the Court.  "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiffs, Lead Plaintiffs' Counsel, or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and the Dismissed Defendant, and/or any or all of their related parties, including, without limitation, any and all of their past, present, or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers, coinsurers, reinsurers in their capacities as such, as well as each of the Individual Defendant's and Dismissed Defendant's immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants or Dismissed Defendant is the settlor or which is for the benefit of any of the Defendants or Dismissed Defendant and/or member(s) of his family, and any person, partnership, firm, trust, corporation, limited liability corporation, officer, director or other individual or entity in which any of the Defendants or Dismissed

- 8 -

Defendant has a controlling interest or which is related to or affiliated with any of the Defendants or Dismissed Defendant.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiffs Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiffs Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiffs Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiffs Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiffs Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiffs Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now

- 9 -

exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiffs Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Defendants' Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. Also, Defendants may terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Settlement Class who collectively purchased a certain number of shares of Pega common stock exclude themselves from the Settlement Class.

| 11. | How do I get out of the Settlement Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Pegasystems Securities Settlement*." Your letter must include your purchases, sales, or other acquisitions of Pega common stock during the Settlement Class Period, including the dates and number of shares of Pega common stock purchased, acquired, or sold, and price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2024** to:

*Pegasystems Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
EXCLUSIONS
[ENTER ADDRESS]

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement, unless you timely revoke your request for exclusion in writing.  If you ask to be excluded and do not timely revoke your request for exclusion in writing, you will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Defendants' Released Persons about the Released Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Defendants' Released Persons for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Defendants' Released Persons for any and all Released Claims.  If you have a pending lawsuit against the Defendants' Released Persons, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2024.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No.  If you exclude yourself and do not timely revoke your request for exclusion in writing, you should not send in a Proof of Claim to ask for any money.

| 14. | Can I revoke my request for exclusion? |
|---|---|

Yes.  If you request exclusion from the Settlement Class, you may thereafter send a letter by First-Class Mail stating that you "revoke your request for exclusion from the Settlement Class in the *Pegasystems Securities Settlement*."  Your letter must be signed under penalty of perjury.  In addition, you must include your name, address, email address, telephone number, and your signature.  You must send your written revocation to each of the following addresses so that it is **postmarked no later than _____, 2024**:

| CLAIMS ADMINISTRATOR | LEAD COUNSEL |
|---|---|
| *Pegasystems Securities Settlement*<br>Claims Administrator<br>c/o Gilardi & Co. LLC<br>EXCLUSIONS<br>**[ADDRESS]** | ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>Pegasystems Securities Settlement<br>Attn: Ellen Gusikoff Stewart<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101 |

If you timely revoke your request for exclusion in writing, you will not be excluded from the Settlement Class and may be eligible to receive payment from the Settlement and to object to the

- 11 -

Settlement. If you timely revoke your request for exclusion in writing, you will be legally bound by anything that happens in this lawsuit and you will not be permitted to sue the Defendants and the other Defendants' Released Persons about the Released Claims in the future.

If you timely revoke your request for exclusion in writing, you may send in a Proof of Claim to ask for money from the Settlement. Both your revocation of your request for exclusion and your Proof of Claim must be timely submitted for you to be eligible to receive payment from the Settlement.

## THE LAWYERS REPRESENTING YOU

| **15.** | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **16.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 33% of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $450,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiffs may seek up to $20,000 in the aggregate for their time and expenses incurred in representing the Settlement Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **17.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Plaintiffs' Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Pegasystems Securities Settlement*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares purchased, acquired, or sold of Pega common stock during the Settlement Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, the objector must identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected, including the name, address, email address, and telephone number of all counsel who represent or who have represented the Settlement Class Member in connection with the objection. You must also include

copies of documents demonstrating your purchases, other acquisitions, and/or sales of Pega common stock during the Settlement Class Period. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received* no later than _____, 2024:**

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS John Joseph Moakley U.S. Courthouse 1 Courthouse Way Boston, MA 02210 | ROBBINS GELLER RUDMAN & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA 92101 | WILMER CUTLER PICKERING HALE AND DORR LLP Attn: Daniel W. Halston 60 State Street Boston, MA 02109 |

---

**18.    What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the Released Defendant Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

---

**19.    When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a Settlement Hearing at **\_\_\_ \_.m., on _____, 2024**, in the Courtroom of the Honorable William G. Young, at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Settlement Class Members.

- 13 -

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video conference, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.PegasystemsSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.PegasystemsSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website, www.PegasystemsSecuritiesSettlement.com.** If you want to attend the hearing, either in person or remotely, if permitted, you should check with Lead Counsel or the Settlement website, www.PegasystemsSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 20. | Do I have to come to the hearing? |
|---|---|

No.  Lead Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you are a Settlement Class Member and send an objection, you do not have to come to Court to talk about it.  As long as you are a Settlement Class Member and mailed your complete written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 21. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 17 above) a statement saying that it is your "Notice of Intention to Appear in the *Pegasystems Securities Settlement*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Plaintiffs' Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may seek to call to testify copies of and exhibits they intend to introduce into evidence at the Settlement Hearing.  Your notice of intention to appear must be ***received* no later than _____, 2024**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 17.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

| 22. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement.  In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the Released Defendant Parties about the Released Claims in this case.

**GETTING MORE INFORMATION**

| 23. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at_____.  Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.PegasystemsSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of Massachusetts, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

**THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

| 24. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $35 million in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Settlement Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.PegasystemsSecuritiesSettlement.com.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS**

1. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

4876-3761-2210.v2

2.      In this case, Lead Plaintiffs allege that Defendants made materially false and misleading statements and omissions during the Settlement Class Period, which had the effect of artificially inflating the trading price of Pegasystems stock.  Lead Plaintiffs allege that corrective information allegedly impacting the price of Pegasystems stock and determined to result in potentially recoverable damages (the "corrective disclosure") was released to the market on February 16, 2022 (after the close of trading), May 9, 2022 (after the close of trading), and September 16, 2022.  The Plan of Allocation is intended to compensate investors who purchased or otherwise acquired Pegasystems stock during the Settlement Class Period, held through the issuance of at least one corrective disclosure, and have a "Recognized Loss Amount" as described below.[2]

3.      The Plan of Allocation is not a formal damage analysis.  The Recognized Loss Amount is not intended to estimate the amount a Settlement Class Member may have been able to recover after a trial, nor to estimate the amount the Settlement Class Member will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  The allocation below is based on the following inflation per share amounts for Settlement Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $34.43 per share of Pegasystems stock.[3]

4.      The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert.  In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the price of Pegasystems stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions the Court previously found to be actionable.  In calculating the estimated impact allegedly caused by those misrepresentations and omissions, Lead Plaintiffs' damages expert considered the price changes in Pegasystems stock in reaction to the public disclosures that allegedly corrected the alleged misrepresentation or omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud-related Company-specific information.

5.      In order to have recoverable damages under the federal securities laws, disclosures relating to the alleged misrepresentations and/or omissions must be a cause of the decline in the price of the security.

---

[2]      Any transactions in Pegasystems stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

[3]      "In any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with §28(D)(e)(1) of the Securities Exchange Act of 1934, Recognized Loss Amounts for Pegasystems stock are reduced to an appropriate extent by taking into account the closing prices of Pegasystems stock during the 90-day look-back period.  The mean (average) closing price for Pegasystems stock during this 90-day look-back period was $34.43 per share as shown in Table 2.

6.      Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Pegasystems stock during the Settlement Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero. A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of their Recognized Loss Amounts.

7.      For each share of Pegasystems publicly traded common stock purchased or otherwise acquired from June 16, 2020 through May 9, 2022, inclusive, and:

(a)      sold prior to February 17, 2022, the Recognized Loss Amount will be $0.00;

(b)      sold from February 17, 2022 through September 16, 2022, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)      sold from September 19, 2022 through and including the close of trading on December 16, 2022, the Recognized Loss Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between September 19, 2022 and the date of sale as stated in Table 2 below;

(d)      held as of the close of trading on December 16, 2022, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $34.43, the average closing price for Pegasystems stock between September 19, 2022 and December 16, 2022 (the last entry in Table 2 below).

8.      For Settlement Class Members who held Pegasystems stock at the beginning of the Settlement Class Period or made multiple purchases, acquisitions or sales during the Settlement Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim. Under the FIFO method, sales of Pegasystems stock during the Settlement Class Period will be matched, in chronological order, first against Pegasystems stock held at the beginning of the Settlement Class Period. The remaining sales of Pegasystems stock during the Settlement Class Period will then be matched, in chronological order, against Pegasystems stock purchased or acquired during the Settlement Class Period.

9.      A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net overall loss, after all profits from transactions in all Pegasystems stock described above during the Settlement Class Period are subtracted from all losses. However, the proceeds from sales of Pegasystems stock that have been matched against Pegasystems stock held at the beginning of the Settlement Class Period will not be used in the calculation of such net loss. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

10.    If a claimant suffered an overall market loss with respect to their overall transactions in Pegasystems stock during the Settlement Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of Pegasystems stock during the Settlement Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]

11.    A purchase, acquisition or sale of Pegasystems stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Pegasystems stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Pegasystems stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of Pegasystems stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Pegasystems stock.

12.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Pegasystems stock. The date of a "short sale" is deemed to be the date of sale of Pegasystems stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Pegasystems stock, their earliest Settlement Class Period purchases or acquisitions of Pegasystems stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

13.    Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed

---

[4]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Pegasystems stock purchased or otherwise acquired during the Settlement Class Period.

[5]    The Claims Administrator will match any sales of Pegasystems stock from the start of the Settlement Class Period through and including the close of trading on September 16, 2022 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Pegasystems stock sold from the start of the Settlement Class Period through and including the close of trading on September 16, 2022 will be the "Total Sales Proceeds."

[6]    The Claims Administrator will ascribe a "Holding Value" equal to $35.58 for each share of Pegasystems stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on September 16, 2022.

4876-3761-2210.v2

checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

14.    Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

15.    The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

16.    Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## TABLE 1

### Decline in Inflation Per Share by Date of Purchase and Date of Sale

| Purchase Date | Sale Date | | | | | |
|---|---|---|---|---|---|---|
| | 6/16/2020-2/16/2022 | 2/17/2022-5/9/2022 | 5/10/2022 | 5/11/2022-9/15/2022 | 9/16/2022 | Sold on or Retained Beyond 9/19/2022 |
| 6/16/2020-2/16/2022 | $0.00 | $0.47 | $14.86 | $17.10 | $18.73 | $21.16 |
| 2/17/2022-5/9/2022 | | $0.00 | $14.39 | $16.63 | $18.26 | $20.69 |
| Purchased on or Beyond 5/10/2022 | | | $0.00 | $0.00 | $0.00 | $0.00 |

4876-3761-2210.v2

**TABLE 2**

**Pegasystems Stock Closing Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between September 19, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between September 19, 2022 and Date Shown |
|---|---|---|---|---|---|
| 9/19/2022 | $35.58 | $35.58 | 11/2/2022 | $33.90 | $33.05 |
| 9/20/2022 | $34.26 | $34.92 | 11/3/2022 | $33.16 | $33.05 |
| 9/21/2022 | $34.10 | $34.65 | 11/4/2022 | $31.89 | $33.02 |
| 9/22/2022 | $32.92 | $34.21 | 11/7/2022 | $32.40 | $33.00 |
| 9/23/2022 | $32.27 | $33.83 | 11/8/2022 | $32.80 | $32.99 |
| 9/26/2022 | $31.89 | $33.50 | 11/9/2022 | $31.45 | $32.95 |
| 9/27/2022 | $32.17 | $33.31 | 11/10/2022 | $36.31 | $33.04 |
| 9/28/2022 | $33.89 | $33.38 | 11/11/2022 | $38.04 | $33.17 |
| 9/29/2022 | $33.03 | $33.35 | 11/14/2022 | $37.28 | $33.27 |
| 9/30/2022 | $32.14 | $33.22 | 11/15/2022 | $38.17 | $33.38 |
| 10/3/2022 | $32.66 | $33.17 | 11/16/2022 | $37.57 | $33.48 |
| 10/4/2022 | $34.37 | $33.27 | 11/17/2022 | $36.73 | $33.55 |
| 10/5/2022 | $33.85 | $33.32 | 11/18/2022 | $35.54 | $33.60 |
| 10/6/2022 | $33.80 | $33.35 | 11/21/2022 | $35.17 | $33.63 |
| 10/7/2022 | $32.31 | $33.28 | 11/22/2022 | $36.56 | $33.69 |
| 10/10/2022 | $30.96 | $33.14 | 11/23/2022 | $37.49 | $33.77 |
| 10/11/2022 | $30.42 | $32.98 | 11/25/2022 | $37.43 | $33.85 |
| 10/12/2022 | $30.75 | $32.85 | 11/28/2022 | $36.04 | $33.89 |
| 10/13/2022 | $31.20 | $32.77 | 11/29/2022 | $35.90 | $33.93 |
| 10/14/2022 | $31.10 | $32.68 | 11/30/2022 | $36.25 | $33.98 |
| 10/17/2022 | $32.34 | $32.67 | 12/1/2022 | $37.40 | $34.04 |
| 10/18/2022 | $32.38 | $32.65 | 12/2/2022 | $36.98 | $34.09 |
| 10/19/2022 | $30.95 | $32.58 | 12/5/2022 | $35.54 | $34.12 |
| 10/20/2022 | $31.05 | $32.52 | 12/6/2022 | $34.95 | $34.14 |
| 10/21/2022 | $31.39 | $32.47 | 12/7/2022 | $35.01 | $34.15 |
| 10/24/2022 | $31.57 | $32.44 | 12/8/2022 | $35.90 | $34.18 |
| 10/25/2022 | $33.32 | $32.47 | 12/9/2022 | $35.74 | $34.21 |
| 10/26/2022 | $33.24 | $32.50 | 12/12/2022 | $36.55 | $34.25 |
| 10/27/2022 | $36.47 | $32.63 | 12/13/2022 | $38.37 | $34.31 |
| 10/28/2022 | $36.96 | $32.78 | 12/14/2022 | $38.01 | $34.37 |
| 10/31/2022 | $37.21 | $32.92 | 12/15/2022 | $36.49 | $34.41 |
| 11/1/2022 | $36.11 | $33.02 | 12/16/2022 | $35.98 | $34.43 |

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Nominees who purchased or otherwise acquired Pega common stock during the Settlement Class Period for beneficial owners who are Settlement Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the

4876-3761-2210.v2

Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice at notifications@gilardi.com or:

*Pegasystems Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
**[ENTER ADDRESS]**

If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

DATED: _____    _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- 21 -