# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re PEGASYSTEMS INC. SECURITIES LITIGATION | ) ) ) | No. 1:22-cv-11220-WGY<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>EXHIBIT B |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2024, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement, dated April 23, 2024 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, solely for purposes of effectuating the Settlement, a Settlement Class defined as: all Persons and entities who purchased or otherwise acquired the common stock of Pegasystems Inc. ("Pega" or the "Company") between June 16, 2020 and May 9, 2022, inclusive, and experienced loss (the "Settlement Class"). Excluded from the Settlement Class are Defendants and the Dismissed Defendant and their immediate families, the Company's officers and directors at all relevant times, as well as their immediate families, Defendants' and Dismissed Defendant's legal representatives, heirs, successors or assigns, and any entity in which Defendants or the Dismissed Defendant have or had a controlling interest. Also excluded is any Person who properly excluded himself, herself, itself, or themselves by submitting a valid and timely request for exclusion, as reflected in Exhibit 1 hereto. To the extent any Pega

employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Settlement Class by definition.

4. Solely for purposes of the Settlement of this Litigation, the Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) Lead Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interest of Members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Settlement Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel, including mediation under the direction of an experienced mediator, John Van Winkle; and

(d) the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

7. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

8. Upon the Effective Date, and as provided in the Stipulation, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever and permanently barred and enjoined from filing, commencing, instituting, continuing, asserting, intervening in, prosecuting, maintaining, or enforcing any action or other proceeding in any forum (including, but not limited to, any state or federal court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Claims against any and all of the Released Defendant Parties, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim and Release form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

9. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims

(including Unknown Claims) against the Lead Plaintiffs, each and all of the Settlement Class Members, and Lead Plaintiffs' Counsel. Claims to enforce the terms of the Stipulation are not released.

10. The notice of the pendency and proposed Settlement of the Litigation given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances to all Persons entitled to such notice of those proceedings and was reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement as well as the binding effect of the orders and Judgment in this Litigation and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation. Said notice also fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and the requirements of due process. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

11. The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Defendant Party shall have any role in,

responsibility for, interest in, or liability, or obligation whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation, including the Settlement contained therein, nor this Judgment (including any of their respective terms or provisions), nor any of the negotiations, communications, documents, agreements, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Judgment: (a) is, may be deemed to be, may be construed as, or may be used as an admission of, evidence of, presumption, or concession of the truth of any allegations in the Litigation, the validity of any Released Claim, or of any liability, fault, negligence, wrongdoing, or damage whatsoever, or any infirmity in the defenses of the Defendants or Defendants' Released Persons, or (b) is, or shall be deemed to be, or shall be used as an admission, presumption, or concession of any fault, misrepresentation, scheme, or omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made, or (c) is, may be deemed to be, may be construed as, or may be used as an admission of, or evidence of, presumption, or concession of any liability, fault, negligence, wrongdoing, damage, or omission of any of the Defendants or Defendants' Released Persons in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or the Released Defendant Parties may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support injunctive relief or a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement,

judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.

14. The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid the Settlement Amount to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. The Court's orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of March 4, 2024, as provided in the Stipulation.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses this Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or to the extent provided in the Stipulation or herein.

21. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE