UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re PEGASYSTEMS INC. SECURITIES LITIGATION | ) | No. 1:22-cv-11220-WGY |
| _____ | ) ) ) | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, an action is pending before this Court entitled *In re Pegasystems Inc. Securities Litigation*, No. 1:22-cv-11220-WGY (D. Mass.) (the "Litigation");

WHEREAS, the parties having made application, pursuant to <u>Federal Rule of Civil Procedure 23(e)</u>, for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated April 23, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the proposed Settlement Class.

3.      The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

4.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons and entities who purchased or otherwise acquired the common stock of Pegasystems Inc. ("Pega" or the "Company") between June 16, 2020 and May 9, 2022, inclusive, and experienced loss (the "Settlement Class").  Excluded from the Settlement Class are Defendants and the Dismissed Defendant and their immediate families, the Company's officers and directors at all relevant times,

- 1 -

as well as their immediate families, Defendants' and the Dismissed Defendant's legal representatives, heirs, successors or assigns, and any entity in which Defendants or the Dismissed Defendant have or had a controlling interest.  Also excluded is any Person who properly excludes himself, herself, itself, or themselves by submitting a valid and timely request for exclusion.  To the extent any Pega employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Settlement Class by definition.

5.     The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Lead Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund are preliminarily certified as Settlement Class Representatives and Robbins Geller Rudman & Dowd LLP is preliminarily certified as Settlement Class Counsel.

7.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations between experienced

counsel, including mediation under the direction of an experienced mediator, John Van Winkle; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) sufficiently fair, reasonable, and adequate warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Settlement Hearing described below.

8.     A hearing (the "Settlement Hearing") shall be held before this Court on  September 19 2024, at 2:00  p.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA  02210, to determine: (a) whether to certify, for settlement purposes only, the Settlement Class; (b) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (c) whether a Judgment, as provided in ¶1.12 of the Stipulation, should be entered; (d) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (e) the amount of fees and expenses that should be awarded to Lead Counsel and Lead Plaintiffs; and (f) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

9.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and

the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶11 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process. The Court further finds that said notice is the best notice practicable under the circumstances, is reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement as well as the binding effect of the orders and Judgment in this Litigation and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, and shall constitute due and sufficient notice to all Persons entitled thereto.

10. Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by Defendants, all fees, costs, and expenses incurred in identifying and notifying potential Settlement Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiffs Parties bear any responsibility, obligation, or liability for such fees, costs, or expenses.

11. The firm of Gilardi & Co. LLC ("Gilardi" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a) Not later than _June 5_____, 2024 (the "Notice Date") (a date twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by

First-Class Mail (where an email is unavailable) to all potential Settlement Class Members who can be identified with reasonable effort and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.PegasystemsSecuritiesSettlement.com.  For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(b)    Not later than June 12 , 2024 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(c)    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12.    Nominees who purchased or otherwise acquired Pega common stock during the Settlement Class Period for beneficial owners who are Settlement Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with these instructions,

including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

13.    Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

14.    Settlement Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than ___October 7___, 2024 (a date one hundred-twenty (120) calendar days from the Notice Date). Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead

- 6 -

Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No person shall have any claim against any Lead Plaintiff, Lead Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

15.    Any Settlement Class Member may enter an appearance in the Litigation, at his, her, their, or its own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

16.    Any Member of the Settlement Class who wishes to exclude himself, herself, itself, or themselves from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than   August 29   , 2024 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must provide: (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of shares of Pega common stock purchased or otherwise acquired or sold during the Settlement Class Period and price paid for each such purchase or acquisition and received for each such sale; and (iii) a statement that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Pega common stock during the Settlement Class Period who fails to timely request exclusion from the Settlement Class in compliance with each of the

provisions in this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class.

17.     Any Person who submits a Request for Exclusion may thereafter submit to the Claims Administrator and to Lead Counsel a written revocation signed under penalty of perjury of that Request for Exclusion, provided that it is postmarked no later than fourteen (14) calendar days before the Settlement Hearing, in which event that Person will be included in the Settlement Class. Lead Counsel shall provide or cause to be provided to counsel for Defendants copies of any revocations of Requests for Exclusion, as expeditiously as possible, but in no event later than one (1) calendar day from receipt thereof and at least ten (10) calendar days before the Settlement Hearing.

18.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, no later than three (3) calendar days from receipt thereof and not less than fourteen (14) calendar days prior to the Settlement Hearing.

19.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class or who or which has requested exclusion from the Settlement Class but has provided a timely revocation thereof may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Plaintiffs' Counsel or to any Lead Plaintiff, provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of

any papers and briefs such that they are received, not simply postmarked, on or before  August 29 ,

2024 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Robbins

Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San

Diego, CA 92101; and Wilmer Cutler Pickering Hale and Dorr LLP, Attn: Daniel W. Halston, 60

State Street, Boston, MA 02109; and filed said objections, papers, and briefs with the Clerk of the

United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA

02210, on or before  August 29 , 2024 (a date that is twenty-one (21) calendar days prior to the

Settlement Hearing).  Any Settlement Class Member who does not make his, her, or its objection in

the manner provided herein and in the Notice shall be deemed to have waived such objection and

shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed

Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees

and expenses to Lead Plaintiffs' Counsel or expenses of any Lead Plaintiff, unless otherwise ordered

by the Court and shall also be foreclosed from appealing from any judgment or order entered in this

Litigation.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be

heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the award

of attorneys' fees and expenses to Lead Plaintiffs' Counsel are required to include in or with their

written objection: (i) a statement of their intention to appear at the Settlement Hearing, (ii) the

identity of any witnesses they may seek to call for testimony at the Settlement Hearing, and

(iii) copies of exhibits they intend to introduce at the Settlement Hearing.  Settlement Class Members

do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect

of the Settlement.

20.    Any objections, filings, and other submissions by an objecting Settlement Class

Member must: (i) state the name, address, email address, and telephone number of the Person

objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) state the name, address, email address, and telephone number of all counsel who represent or who have represented the Settlement Class Member in connection with the objection; (iii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, other acquisitions, and sales of Pega common stock during the Settlement Class Period, including the dates and the number of shares purchased, acquired, or sold, and the price paid or received for each such purchase, acquisition, or sale; and (v) identify all class action settlements to which the objector and his, her, or its counsel have previously objected.

21.    Any Settlement Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

22.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by   August 15   , 2024 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing).  Replies to any objections shall be filed and served by   September 12   , 2024 (a date that is seven (7) calendar days prior to the Settlement Hearing).

24.    Neither the Released Defendant Parties nor Defendants' Counsel shall have any role in, responsibility for, interest in, liability, or obligation whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs' Counsel or expenses of any Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

25.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses.

26.    All reasonable expenses incurred in identifying and notifying potential Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

- 11 -

27.     This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, communications, documents, agreements, or proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, (i) may not be construed as or used as an admission of, evidence of, presumption, or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, the validity of any Released Claims, or of any liability, fault, negligence, wrongdoing, or damage of any kind, (ii) may not be construed as or used as an admission, presumption, or concession, of any fault, misrepresentation, scheme, or omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made, or (iii) may not be offered or received in evidence (or used by any Person in the Litigation or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, arbitration, or other tribunal), except in connection with any proceedings to enforce the terms of the Stipulation or this Order.  The Defendants, Released Defendant Parties, Lead Plaintiffs, Settlement Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support injunctive relief or a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or to effectuate any liability protection under any applicable insurance policy.

28.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the

Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of March 4, 2024.

29.     Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED:  May 15, 2024                    /s/ William G. Young

THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

