UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re PEGASYSTEMS INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | No. 1:22-cv-11220-WGY<br><br>LEAD PLAINTIFF'S DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

I, Patrick Pryor, declare as follows:

1.      I am the Chairman of Construction Industry Laborers Pension Fund (the "Pension Fund").  On August 9, 2022, the Court appointed the Pension Fund as Lead Plaintiff in this Action along with the Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan and the Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987.  The Pension Fund is a multiemployer defined benefit pension plan that, at the time it was appointed Lead Plaintiff, held over $900 million in assets under management for the benefit of approximately 12,000 participants and their beneficiaries.

2.      I respectfully submit this Declaration in support of final approval of the Settlement of $35 million in cash (the "Settlement"), the Plan of Allocation, Lead Counsel's fee and expense requests, and the Pension Fund's request for an award pursuant to 15 U.S.C. §78u-4(a)(4) relating to its representation of the Class.  I have personal knowledge of the matters related to the Pension Fund's request, and of the other matters set forth in this Declaration, and if called upon, I could and would competently testify thereto.

3.      The Pension Fund understands that the Private Securities Litigation Reform Act of 1995 encourages institutional investors to oversee securities class actions.  The Pension Fund is an institutional investor that committed itself to prosecuting this litigation on the Class' behalf.  In seeking appointment as Lead Plaintiff and Class Representative in this Action, the Pension Fund understood its fiduciary duties to serve in the interests of the Class by participating in the management and prosecution of the Action.

4.      Since the Pension Fund was appointed as Lead Plaintiff on August 9, 2022, the Pension Fund has, among other things: (i) conferred with Lead Counsel on the overall strategy for prosecuting the Action; (ii) responded to Defendants' demands for document requests, responded to

- 1 -

Defendants' interrogatories, and collected and provided documents and information for discovery; (iii) kept informed regarding the status of this Action; (iv) reviewed pleadings and documents filed in this Action; (v) provided input regarding litigation and settlement strategy; (vi) supervised and remained informed about mediation and settlement negotiations; and (vii) considered and ultimately approved the proposed Settlement. In addition to the Pension Fund responding to and producing documents and information in discovery, the Pension Fund's non-party investment managers/advisors also received, and provided documents in response to, subpoenas issued by Defendants.

5.      In serving as a primary point of contact between the Pension Fund and Lead Counsel (Robbins Geller Rudman & Dowd LLP) in connection with this Action, I monitored the litigation, communicated with Lead Counsel on major developments in the case, including Lead Counsel's negotiation of the Settlement.

6.      After seriously considering the grounds for the Settlement, as well as the risks and uncertainties associated with continued litigation, trial and appeals, the Pension Fund agreed to accept the mediator's recommendation to settle this Action for $35,000,000. Based on its involvement during the prosecution and resolution of the Action, the Pension Fund believes that the Settlement represents a recovery that would not have been possible without the vigorous efforts of Lead Counsel. In agreeing to the Settlement, the Pension Fund considered the real possibility that Lead Plaintiff's claims might not ultimately succeed or that a jury could significantly limit the Class's damages. The Pension Fund also understood that even if Lead Plaintiff prevailed at trial, the Defendants would likely appeal that decision and that the appeal process would, at a minimum, substantially delay any recovery by the Class. Weighing these substantial risks against the

immediacy and amount of the recovery, the Pension Fund believes that the $35,000,000 Settlement is an excellent result for the Class.

7. The Pension Fund supports Lead Counsel's request for a 30% attorneys' fee award plus $419,618.39 of expenses incurred by Lead Counsel in litigating this Action, and believes that Lead Counsel's request is fair and reasonable in light of the Settlement obtained on behalf of Lead Plaintiff and the Class.

8. The Pension Fund has evaluated Lead Counsel's fee request by considering, among other things: the amount and quality of work performed; the recovery obtained; and the complexities and challenges that counsel faced. The Pension Fund further believes that the litigation expenses requested by Lead Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of this securities action. Based on the foregoing, the Pension Fund supports Lead Counsel's motion for attorneys' fees and litigation expenses.

9. The Pension Fund understands that reimbursement of a lead plaintiff's reasonable costs and expenses, including lost wages, is authorized under 15 U.S.C. §78u-4(a)(4). Since the Pension Fund's involvement in this Action beginning in July 2022, the Pension Fund has spent considerable time and expenses in representing the Class, including with respect to the actions described in ¶¶4-5, which would otherwise have been focused on daily business activities of the Pension Fund. For that time, the Pension Fund requests $2,000. Additionally, the Pension Fund paid $9,947.30 in legal fees to the Pension Fund's regular outside counsel, Bradley J. Sollars, Esq. of Arnold, Newbold, Sollars & Hollins, P.C. ("Pension Fund Counsel") for Pension Fund Counsel's work in connection with the Action. These fees were based on Pension Fund Counsel's normal hourly rate and actual hours devoted to tasks in connection with this Action, including conferring with Lead Counsel and advising the Pension Fund regarding this litigation and the settlement of this

litigation. Based upon the time that the Pension Fund has spent acting for the benefit of the Class, and the legal fees paid to Pension Fund Counsel in connection with the Action, I believe the Pension Fund's request for reimbursement in the total amount of $11,947.30 is appropriate and reasonable.

10.    In light of the foregoing, the Pension Fund respectfully requests that the Court grant final approval of the Settlement, Lead Counsel's attorneys' fee and expense application, and the Pension Fund's application for an award in the total amount of $11,947.30 in consideration of the Pension Fund's time and expenses incurred in representing the Class.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of August, 2024, in _____Wentzville, MO_____.

_____
PATRICK PRYOR

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 15, 2024.

*/s/ Chad Johnson*
CHAD JOHNSON