UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re PEGASYSTEMS INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:22-cv-11220-WGY<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

4854-1028-5282.v1

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund, on behalf of the proposed Settlement Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of: (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (ii) Lead Counsel's Motion for an Award Attorneys' Fees and Expenses and Awards to Lead Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4).[1]

## I.    PRELIMINARY STATEMENT

In accordance with the Court's Order Preliminarily Approving Settlement and Providing for Notice (ECF 147) (the "Preliminary Approval Order"), the Court-approved Claims Administrator for the Settlement, Gilardi & Co. LLC ("Gilardi"), conducted an extensive notice program, including mailing or emailing over 27,700 Postcard Notices to potential Settlement Class Members and their nominees.[2]  The Postcard Notice directed Settlement Class Members to the settlement website and the long form Notice which informed recipients of, among other things, the essential terms of the $35,000,000 Settlement, the Plan of Allocation, and Lead Counsel's intention to apply to the Court for attorneys' fees in an amount not to exceed 33% of the Settlement Amount and payment of litigation expenses, costs and charges in an amount not to exceed $450,000, plus interest on both amounts.  In addition, the Notice and Proof of Claim and Release form, along with the papers in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's Fee and

---

[1]    All capitalized terms not defined herein have the same meanings set forth in the Stipulation of Settlement filed April 23, 2024 (ECF 143) ("Stipulation").

[2]    *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date, dated September 11, 2024 ("Supp. Mailing Decl."), submitted herewith.

4854-1028-5282.v1

Expense Application, were made available on the website established for the Litigation, www.PegasystemsSecuritiesSettlement.com. The Summary Notice was published in the national edition of *The Wall Street Journal* and transmitted over *Business Wire* on June 12, 2024. *See* ECF 155, ¶12. The deadline to file objections to any aspect of the Settlement or for persons to request exclusion from the Settlement Class (August 29, 2024) has now passed.

Lead Plaintiffs and Lead Counsel are pleased to advise the Court that they have ***not received a single objection*** to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees and expenses, charges, or costs, or awards to Lead Plaintiffs. A total of 25 requests for exclusion from the Settlement Class were received. *See* Supp. Mailing Decl., ¶¶5-6. As discussed in Lead Plaintiffs' opening papers, the Lead Plaintiffs appointed by the Court to prosecute, monitor, and oversee this securities fraud class action endorse both the Settlement and Lead Counsel's requested attorneys' fees and expenses in sworn declarations (*see* ECF 153, ¶¶6-8; ECF 154, ¶¶6-8). Lead Plaintiffs' support and the total absence of objections are testaments to the fairness, adequacy, and reasonableness of the Settlement, the Plan of Allocation, and the Fee and Expense Application. Therefore, and for all the reasons set forth in the briefs and declarations filed in support, the Court is requested to approve the Settlement, Plan of Allocation, and attorneys' fees, expenses, and costs.

## II.    ARGUMENT

### A.    The Settlement Class' Reaction Strongly Supports Approval of the Settlement and the Plan of Allocation

Lead Plaintiffs and Lead Counsel respectfully submit that the opening papers in support of the motion for final approval of the proposed $35,000,000 Settlement and Plan of Allocation amply demonstrate that the motion should be granted. Now that the time for submitting objections has passed, the Settlement Class' reaction also supports approval.

4854-1028-5282.v1

Courts recognize that the "'favorable reaction of [the] class to settlement, albeit not dispositive, constitutes strong evidence of fairness of proposed settlement and supports judicial approval.'"[3] *Hill v. State St. Corp.*, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015); *see also Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) ("The number of requests for exclusion from the settlement, as well as the number and substance of objections filed . . . . constitutes strong evidence of fairness of proposed settlement and supports judicial approval."). Following the extensive notice program undertaken in accordance with the Court's Preliminary Approval Order, the fact that there was *not a single* objection strongly supports approval of the Settlement.

Similarly, there have been no objections to the Plan of Allocation. As discussed in Lead Plaintiffs' opening papers, like the Settlement as a whole, the Plan of Allocation must be fair and reasonable. *See Hill*, 2015 WL 127728, at *11 ("A plan for allocating settlement proceeds, like the settlement itself, should be approved if it is fair, reasonable and adequate."). Here, Lead Counsel believes that the Plan of Allocation, which was developed after careful consideration and analysis and in consultation with a damages expert, is fair and reasonable. The Settlement Class' reaction provides additional strong support for approving the Plan of Allocation.

### B. The Settlement Class' Reaction Also Strongly Supports Approval of Lead Counsel's Fee and Expense Application

As is true with the Settlement, not a single Settlement Class Member has objected to Lead Counsel's motion for an award of attorneys' fees of 30% of the Settlement Fund, payment of litigation expenses, costs, and charges of $420,336.79, and payment of $2,000 to each of the two Lead Plaintiffs and an additional $9,947.30 to Lead Plaintiff Construction Industry Laborers Pension

---

[3] Citations are omitted and emphasis added throughout unless otherwise indicated.

4854-1028-5282.v1

Fund to reimburse it for out-of-pocket expenses incurred in connection with their representation of the Settlement Class.  The fact that there are no objections is strong evidence that the requested amount of fees and expenses is reasonable.  *See, e.g.*, *id.*, at *19 ("[T]he favorable reaction of the class . . . support[s] approval of the requested fees."); *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 351 (D. Mass. 2015) (finding "overwhelmingly positive" reaction of class to settlement and "quite low number of opt-outs" weighed in favor of requested fee), *aff'd*, 809 F.3d 78 (1st Cir. 2015).

## III.    CONCLUSION

For the foregoing reasons and for the reasons detailed in Lead Plaintiffs' and Lead Counsel's opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve:  (i) the Settlement; (ii) the Plan of Allocation; and (iii) Lead Counsel's request for attorneys' fees and litigation expenses, including awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4). Proposed orders are submitted herewith.

DATED:  September 12, 2024          Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
CHAD JOHNSON (admitted *pro hac vice*)


                                    s/ *Chad Johnson*
                                CHAD JOHNSON

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com

- 4 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (admitted *pro hac vice*)
ELLEN GUSIKOFF STEWART (admitted *pro hac vice*)
CHRISTOPHER D. STEWART (admitted *pro hac vice*)
MEGAN A. ROSSI (admitted *pro hac vice*)
NICOLE Q. GILLILAND (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
elleng@rgrdlaw.com
cstewart@rgrdlaw.com
mrossi@rgrdlaw.com
ngilliland@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SNEHEE KHANDESHI (admitted *pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
skhandeshi@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Liaison Counsel for Lead Plaintiffs

- 5 -

4854-1028-5282.v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 12, 2024.

*/s/ Chad Johnson*
CHAD JOHNSON